1  BRADFORD G. HUGHES (SBN 247141)
   bhughes@selmanlaw.com
2  TIFFANY HUNTER (SBN 306382)
   thunter@selmanlaw.com
3  SELMAN BREITMAN LLP
4  11766 Wilshire Blvd., Sixth Floor
   Los Angeles, CA 90025-6538
5  Telephone: 310.445.0800
   Facsimile: 310.473.2525
6

7  Alex B. Kaufman (SBN GA 136097)
   Matthew D. Treco (SBN GA 802181)
8  Kaufman & Forman, P.C.
   8215 Roswell Rd., Building 800
9  Atlanta, Arizona 30350-6445
   Telephone: 770.390.9200
10 Facsimile: 770.395.6720
11 abk@kauflaw.net
   mdt@kauflaw.net
12 (***Pro Hac Vice* Application pending**)

13 Attorneys for Defendants DANIEL P. GALVANONI; DPG
14 INVESTMENTS, LLC; DPG GOLDEN EAGLE, LLC;
   SPRING TREE LENDING, LLC; SPRING TREE
15 HOLDINGS, LLC; SPRING TREE FINANCIAL, LLC;
   SKIBO HOLDINGS, LLC; GERALD T. HUDSPETH;
16 JEROME J. JOSEP; AND WILLIAM J. BROOKSBANK

17           UNITED STATES DISTRICT COURT

18           EASTERN DISTRICT OF CALIFORNIA

19

20 JOHN MARSHALL, an individual,        | Case No. 2:17-CV-00820-KJM-CKD

21           Plaintiffs,                | **REDACTED DOCUMENT NO. 9
                                        | DEFENDANT WILLIAM J.
22      v.                              | BROOKSBANK'S NOTICE OF
                                        | MOTION AND MOTION TO DISMIS
23 DANIEL P. GALVANONI, an              | FOR LACK OF PERSONAL
24 individual; DPG INVESTMENTS,         | JURISDICTON; DECLARATION OF
   LLC, a foreign limited liability     | BRADFORD G. HUGHES, ESQ.**
25 company; DPG GOLDEN EAGLE,
   LLC; a foreign limited liability     | Date:      July 14, 2017
26 company; SPRING TREE LENDING,        | Time:      10:00 a.m.
   LLC, a foreign limited liability     | Judge:     Hon. Kimberly J. Mueller
27 company; SPRING TREE HOLDINGS,
28 LLC, a foreign limited liability     |

                                    1

747223.1 100.41906

Selman Breitman LLP
ATTORNEYS AT LAW

1 | company; SPRING TREE
2 | FINANCIAL, LLC, a foreign limited
   | liability company; SKIBO HOLDINGS,
3 | LLC. a foreign limited liability
   | company; GERALD T. HUDSPETH.
4 | an individual; JEROME J. JOSEPH, an
   | individual; WILLIAM J.
5 | BROOKSBANK, an
6 | individual; and DOES l-100, inclusive,

7 |                    Defendants.

8

9 TO THE COURT, PLAINTIFF, AND THEIR COUNSEL OF RECORD:

10         PLEASE TAKE NOTICE that on July 14, 2017, at 10:00 a.m., or as soon

11 thereafter as counsel may be heard, defendant WILLIAM J. BROOKSBANK

12 ("Brooksbank") will specially appear to move this Court pursuant to Rule 12(b)(2)

13 of the Federal Rules of Civil Procedure for an order dismissing Brooksbank from

14 this action on the grounds that this Court lacks personal jurisdiction over him.

15         The grounds for this motion are:

16         1.    The Court does not have general jurisdiction over Brooksbank.

17         2.    The Court does not have specific jurisdiction over Brooksbank.

18         This motion is based on this Notice of Motion and Motion, the

19 accompanying Memorandum of Points and Authorities, the pleadings and papers

20 filed in this action, and such further argument and matters as may be offered at the

21 time of the hearing on this motion.

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

Selman Breitman LLP
ATTORNEYS AT LAW

REDACTED DOC 9 - DEFENDANT BROOKSBANK'S MOTION TO DISMISS (FRCP 12 (B)(2))
2:17-CV-00820-KJM-CKD

742223.1 100.41906

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  May 17, 2017

BRADFORD G. HUGHES
TIFFANY HUNTER
SELMAN BREITMAN LLP


By: _____
BRADFORD G. HUGHES
TIFFANY HUNTER
Attorneys for Defendants DANIEL P.
GALVANONI; DPG INVESTMENTS,
LLC; DPG GOLDEN EAGLE, LLC;
SPRING TREE LENDING, LLC;
SPRING TREE HOLDINGS, LLC;
SPRING TREE FINANCIAL, LLC;
SKIBO HOLDINGS, LLC; GERALD T.
HUDSPETH; JEROME J. JOSEP; AND
WILLIAM J. BROOKSBANK

REDACTED DOC 9 - DEFENDANT BROOKSBANK'S MOTION TO DISMISS (FRCP 12 (B)(2))
2:17-CV-00820-KJM-CKD

747223.1 100.41906

**Selman Breitman** LLP
ATTORNEYS AT LAW

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff John Marshall has turned a rather straight forward breach of contract action into something more complicated than is necessary from a practical standpoint and more complicated than should be permitted from a legal standpoint. While on its face, this lawsuit purports to bring claims against various corporate entities and individuals, a close reading of the allegations reveals that the number of players is far fewer.  For purposes of this motion, this close reading reveals that the actionable conduct upon which the claims are based can be traced to a single individual—Dan Galvanoni.  The other individuals drawn in to this dispute (i.e., Hudspeth, Joseph, and Brooksbank) were, at best, incidental actors that did nothing to inform or otherwise move Plaintiff John Marshall to action.  In light of this, the naming of these individuals as parties appears to be nothing more than the casting of a wide net designed to gain leverage in these proceedings.  No matter, the law trumps motivations—sincere or insincere, proper or improper—and, here, the law, as applied, leads to the inexorable conclusion that the Court lacks personal jurisdiction over Brooksbank.  As a result, he must be dismissed from this action.

## II.    FACTUAL BACKGROUND

On March 9, 2017, plaintiff filed a complaint ("Complaint") asserting claims for (1) fraud-intentional misrepresentation, (2) negligent misrepresentation, (3) fraud-false promise, (4) fraud-omissions, (5) violation of California Corporations Code section 25401, (6) violation of California Corporations Code section 25504, (7) violation of California Corporations Code section 25504.1, (8) breach of fiduciary duty, (9) professional negligence, (10) breach of oral contract, (11) breach of the implied covenant of good faith and fair dealing, (12) rescission, (13) money had and received, and (14) money lent.  On or about March 22, 2017, Plaintiff served Brooksbank with the Complaint.

///

Selman Breitman LLP
ATTORNEYS AT LAW

747223.1 100.41906

Selman Breitman LLP
ATTORNEYS AT LAW

1    Brooksbank is a resident of the State of Arizona and has resided in the State

2    of Arizona continuously since 2003. (*Declaration of William Brooksbank*, Ex. 1 at

3    1, ¶ 3.) Since 2012, Brooksbank's primary residence has been located at

4    ˙                    Scottsdale, Arizona 85255. (*Id.*) Additionally, Brooksbank holds a

5    valid Arizona driver's license and is registered to vote in the State of Arizona. (*Id.*

6    at ¶ 4.)

7    Brooksbank intends to remain in the State of Arizona indefinitely. (*Id.* at ¶

8    5.)

9    Indeed, he is not a resident of California and does not consider himself a citizen of

10   California. (*Id.* at ¶ 6.) Further, Brooksbank does not own any real property in

11   California, nor does he have an office or other presence in the State of California.

12   (*Id.* at ¶ 7.) Brooksbank has made brief business trips to California to meet with

13   clients and prospective clients, but none of these trips involved any meetings with

14   plaintiff John Marshall ("Marshall"). (*Id.*) Importantly, Brooksbank has never

15   consented to the jurisdiction of the State of California nor does he consent to its

16   jurisdiction now. (*Id.* at 2, ¶ 8.)

17   Brooksbank met Marshall only once, in August of 2015 in Atlanta, Georgia.

18   (*Id.* at ¶ 9.) All other communications between Brooksbank and Marshall were

19   either indirect (e.g., participating on a telephone conference call with others) or

20   involved transmitting documents to Marshall on behalf of Dan Galvanoni. (*Id.* at ¶

21   10.) Brooksbank is not an employee of DPG Investments, LLC. His company,

22   Tramoor Group, LLC, provides consulting services to DPG Investments, LLC.

23   And any and all payments from DPG Investments, LLC are made to Tramoor

24   Group, LLC—not Brooksbank, in his individual capacity. (*Id.* at ¶ 11.) Tramoor

25   Group, LLC holds warrants of less than 0.5% in one of the defendant corporate

26   entities, but these warrants are subject to dilution and have not been exercised or

27   otherwise converted. (*Id.* at ¶ 12.)

28   ///

REDACTED DOC 9 - DEFENDANT BROOKSBANK'S MOTION TO DISMISS (FRCP 12 (B)(2))
2:17-CV-00820-KJM-CKD

747223.1 100.41906

## III.   LEGAL STANDARD

Pursuant to "Rule 12(b)(2) of the Federal Rules of Civil Procedure[,]" "a party may move to dismiss a complaint for lack of personal jurisdiction." *World Skate Boarding Federation, Inc. v. International Skateboarding Federation, et al.*, No. 2:16-cv-02065-KJM-GGH, 2017 WL 1153120, at *3 (E.D. Cal. Mar. 27, 2017). Once the defendant has moved the court on this basis, it becomes "the plaintiff's burden to establish the court's personal jurisdiction." *Id.* To carry this burden "the plaintiff must convince the court the defendants' conduct and connection with [California] is such that the defendants should reasonably anticipate being haled into court there." *Trinchitella v. American Realty Partners, LLC, et al.*, No. 2:15-cv-02365-KJM-EFB, 2016 WL 4041319, at *4 (E.D. Cal. Jul. 27, 2016) (Mueller, J.) (internal quotations omitted). To that end, "[t]he court is not required . . . to accept conclusory claims or legal conclusions." *Id.* (internal quotations omitted). And, "the plaintiff cannot establish jurisdiction by alleging bare facts without providing some evidence of their existence, by affidavit or otherwise." *World Skate Boarding Federation*, 2017 WL 1153120, at *3 (internal quotations omitted).

Because Plaintiff's conclusory and scant averments as to Brooksbank's contacts with the State of California are insufficient for purposes of establishing personal jurisdiction over Brooksbank and likewise for defeating Brooksbank's Motion, the Court should dismiss him from the Complaint.

## IV.   PERSONAL JURISDICTION OVER BROOKSBANK IS LACKING

The Court should dismiss Brooksbank from the Complaint because it does not have personal jurisdiction over him. "When no federal statute governing personal jurisdiction applies, the district court applies the law of the state in which it sits." *California Brewing Company v. 3 Daughters Brewing, LLC, et al.*, No. 2:15-cv-02278-KJM-CMK, 2016 WL 1573399, at *2 (E.D. Cal. Apr. 19, 2016) (Mueller, J.). The reach of California's long-arm statute is coextensive with the

Selman Breitman LLP
ATTORNEYS AT LAW

747223.1 100.41906

1    U.S. Constitution and, thus, the "inquiry centers on whether exercising jurisdiction
2    comports with due process." *Id.* Resolving this inquiry turns on whether there are
3    "minimum contacts between the defendant and the relevant forum so that the
4    court's exercise of personal jurisdiction does not offend traditional notions of fair
5    play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S.
6    310, 316 (1945) (internal quotations omitted)). Personal jurisdiction may take two
7    forms: general and specific. *California Brewing Company*, 2016 WL 1573399, at
8    *3.

9          Because the Court does not have general or specific jurisdiction over
10   Brooksbank, the Court should dismiss Brooksbank from the Complaint.

11        **A.    The Court Does Not Have General Jurisdiction Over Brooksbank**
12         Because Brooksbank does not have continuous and systematic contacts with
13   the State of California, the Court does not have general jurisdiction over him.
14   Generally, "the paradigm forum for the exercise of general jurisdiction is the
15   individual's domicile." *In re JPMorgan Chase Derivative Litig.*, No. 2:13-cv-
16   02414-KJM, 2014 WL 5430487, at *3 (E.D. Cal. Oct. 24, 2014) (Mueller, J.)
17   (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014)). If, however, a
18   putative forum is not the individual defendant's domicile, the plaintiff must allege
19   facts sufficient to show that "the defendant . . . engage[d] in 'continuous and
20   systematic general business contacts that approximate physical presence in" for a
21   California court to exercise general jurisdiction over the individual. *Winters v.*
22   *Jordan*, Case No. 2:09-cv-00522-JAM, 2011 WL 2470683, at *5 (E.D. Cal. Jun.
23   20, 2011).

24         The Complaint is devoid of any facts showing that Brooksbank has
25   continuous and systematic contacts with the State of California and is thus
26   insufficient to establish general personal jurisdiction over Brooksbank. Indeed,
27   Brooksbank himself is not domiciled in California, and, therefore, Marshall must
28   make the required showing described above—Marshall has not. Brooksbank is a

Selman Breitman LLP
ATTORNEYS AT LAW

1  resident of the State of Arizona.  (Ex. 1 at 1, ¶ 3.)  He holds a valid Arizona

2  driver's license and is registered to vote in the State of Arizona.  (*Id*. at ¶ 4.)

3  Brooksbank has not engaged in continuous and systematic business contacts that

4  even approximate physical presence in California.  (*Id*. at ¶¶ 9–11.)  Nor has

5  Marshall alleged such contacts.  (*See e.g.*, Complaint.)  As a result, California

6  courts, including this Court, do not have general jurisdiction over Brooksbank.

**B.      California Courts Do Not Have Specific Jurisdiction Over**
**Brooksbank As It Relates to Marshall's Claims**

9       California Courts do not have specific jurisdiction over Brooksbank because

10  he did not purposefully direct his activities at Plaintiff and his scant contact with

11  the State of California was unrelated to Plaintiff's claims.  "A court may exercise

12  specific personal jurisdiction over a non-resident defendant whose 'minimum

13  contacts' with [California] are 'sufficient' in that they relate to the claims made in

14  the case."  *World Skateboarding Federation, Inc.*, 2017 WL 1153120, at *4 (citing

15  *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)).  To determine whether

16  these minimum contacts exist, the Court performs a three-pronged analysis

17  "identified in shorthand . . . as: (1) purposeful availment and direction, (2) forum-

18  related conduct, and (3) reasonableness.  *Id*.

19       As to the first prong, Courts employ a purposeful direction analysis (as

20  opposed to availment) when claims sound in tort.  *California Brewing Company*,

21  2016 WL 1573399, at *3.  Here, Marshall generally alleges claims that sound in

22  both contract and tort; however, those claims directed at Brooksbank sound in tort

23  only (*e.g.,* Count III for fraud, Count VIII for breach of fiduciary duty).

24  Consequently, a purposeful direction analysis is appropriate.

**1.      Brooksbank Did Not Purposefully Direct His Activities at**
**Marshall, a California Resident**

27       Plaintiff cannot demonstrate that Brooksbank intentionally committed acts

28  aimed at the State of California with the knowledge that Marshall would suffer

8

Selman Breitman LLP
ATTORNEYS AT LAW

747223.1 100.41906

Selman Breitman LLP
ATTORNEYS AT LAW

1  harm in California.  To satisfy this first prong, Marshall must show that

2  Brooksbank "purposefully directed his activities or consummate[d] some

3  transaction with the forum or resident thereof." *World Skateboarding Federation,*

4  *Inc.*, 2017 WL 1153120, at *4 (citing *Picot v. Weston*, 780 F.3d 1206, 1211 (9th

5  Cir. 2015)).  Analysis under this prong begets its own three pronged analysis,

6  "which requires [Marshall] to show [Brooksbank] (1) committed an intentional act,

7  (2) expressly aimed at the forum state, (3) causing harm that the defendant knows

8  is likely to be suffered in [California]." *Schwarzenegger v. Fred Martin Motor*

9  *Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

10      As to intentionality, "intent means an intent to perform an actual, physical

11  act in the real world, rather than an intent to accomplish a result or consequence of

12  that act." *Schwarzenegger*, 374 F.3d at 806.  Other than alleging certain facts

13  about Brooksbank's purported management role and responsibilities, which are

14  incorrect, (Complaint, ¶ 24-25.), Marshall generally alleges only that "[i]n May

15  and June of 2015, Brooksbank sent multiple iterations of a draft agreement . . .

16  which purported to memorialize the terms of [Marshall's] investment" and that he

17  "did not sign any of those drafts."  (Complaint, ¶ 34.)  That is the extent of any

18  specific allegation regarding Brooksbank's conduct—that of an intermediary

19  passing on documents. In more conclusory fashion, Marshall goes on to allege, on

20  information and belief, no less, that "D. Galvanoni, Hudspeth, Brooksbank, and

21  Joseph solicited and/or effected the securities transactions" alleged by Marshall.

22  (Complaint at ¶ 51.)  Importantly, this conclusory claim, and arguably legal

23  conclusion, need not be accepted as true by the Court in deciding this motion.

24  *Trinchitella*, 2016 WL 4041319 at *4.

25      The foregoing conclusory allegations are belied, however, by Marshall's

26  own conflicting allegations found elsewhere in the Complaint.  These conflicting

27  allegations show that it was Galvanoni, and Galvanoni alone, who solicited these

28  funds and on whose representations Marshall allegedly relied. (*See e.g. id.* at ¶¶

747223.1  100.41906

1  28) ("D. Galvanoni solicited Plaintiff to make the first of the investments at issue

2  herein"); 39 ("D. Galvanoni convinced Plaintiff to stay invested and to invest

3  additional monies"); 40 (Marshall "agreed . . . to invest an additional $100,000.00

4  into DPG/DPG-GE, based on the representations and assurances from D.

5  Galvanoni and other personnel employed by Defendants"). And so, in spite of the

6  convoluted pleading style employed by Marshall, when everything is parsed, it is

7  clear that Marshall has alleged little, if any, conduct on the part of Brooksbank at

8  all. And that which is alleged is so vague, non-specific, and conclusory as to

9  preclude the Court from evaluating any intention on Brooksbank's part. For that

10  reason, Marshall cannot make the requisite showing here.

11      If, however, the Court finds that Brooksbank did act intentionally, Marshall

12  must also show that Brooksbank's acts were expressly aimed at Marshall, a

13  California resident. Marshall cannot make this showing. "Conduct is 'expressly

14  aimed' at the forum if the conduct 'directly targets' the forum." *Abrahamson v.*

15  *Berkley*, 1:16-cv-0348-AWI-BAM, 2016 WL 8673060, at *4 (E.D. Cal. Sept. 2,

16  2016) (citing *Brayton Purcell, LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129

17  (9th Cir. 2010)). As with the foregoing prong, Marshall's Complaint does not

18  provide allegations—beyond those that are vague and conclusory—sufficient to

19  establish that Brooksbank's conduct was expressly aimed at Marshall, a California.

20  Indeed, there are zero such allegations.

21      And, while Marshall's California residence was known and, therefore, it is

22  not disputed that it might be reasonably foreseeable that the effects of any harm to

23  Marshall would be felt in California, this is not legally sufficient. The case law

24  does not stand for the "broad proposition that a foreign act with foreseeable effects

25  in the forum state always gives rise to specific jurisdiction." *CytoSport, Inc. v.*

26  *Monster Muscle, Inc.*, Case No. 2:11-cv-1147-WBS-DAD, 2013 WL 268742, at *4

27  (E.D. Cal. Jan. 23, 2013). More importantly, however, Marshall's inability to

28  make a sufficient showing as to the intentional and express aiming prongs is fatal

10

1 to Marshall's ability to show purposeful direction. That, in turn, is fatal to

2 Marshall's greater burden to show that the Court has specific jurisdiction over

3 Brooksbank.

4      **2.      Brooksbank's Conduct Alleged in The Complaint is Not the**

5           **"But For" Cause of Marshall's Claims and, Therefore, the**

6           **Conduct is Not Forum-Related Conduct**

7      Even if Marshall can demonstrate "purposeful direction," he cannot show

8 that his claims against Brooksbank arise out of Brooksbank's forum-related

9 activities. This, too, is fatal to Marshall establishing that the Court has specific

10 jurisdiction over Brooksbank. To succeed here, Marshall "must show the claim

11 would not have arisen 'but for' the [Brooksbank's] contacts with the forum state."

12 *World Skateboarding Federation, Inc.*, 2017 WL 1153120, at *5 (citing *Ballard v.*

13 *Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995)). The allegations in Marshall's

14 complaint—more specifically, the dearth of allegations—foreclose on the

15 possibility that Marshall can establish this "but for" causal nexus.

16      Marshall alleges that "in the spring of 2015, D. Galvanoni [(Defendant Dan

17 Galvanoni)] solicited [him] to make the first of the investments at issue herein."

18 (Complaint, ¶ 28.) Marshall further alleges that "D. Galvanoni told [him] that if he

19 invested monies into the Skibo (sic) companies, he would earn substantial interest,

20 and there would be enough collateral to repay him in full if the loans defaulted."

21 (Complaint, ¶ 29.) Marshall goes on to allege numerous other representations on

22 which he purports to have based his decision to provide various tranches of

23 funding. (*See* Complaint, ¶¶ 30–33, 35–37, 43.) Each of these decisions are

24 underpinned by alleged representations by Galvanoni—not Brooksbank's. (*See*

25 *id.*) In fact, Marshall describes this very "but for" causal link in concise fashion

26 when he alleges that he "never would have agreed to invest any monies with or

27 through D. Galvanoni and/or [the various entities] . . . had it not been for D.

28 ///

REDACTED DOC 9 - DEFENDANT BROOKSBANK'S MOTION TO DISMISS (FRCP 12 (B)(2))
2:17-CV-00820-KJM-CKD

Selman Breitman LLP
ATTORNEYS AT LAW

747223.1 100.41906

1   Galvanoni's representations and assurances.  (Complaint, ¶ 35.)  Again, there is no

2   mention of Brooksbank in these allegations.

3        The limited and ancillary conduct of Brooksbank that Marshall does allege

4   in other parts of the Complaint is vague, non-specific, and altogether insufficient to

5   show that Brooksbank's conduct was the "but for" cause of Marshall's claims;

6   particularly, in light of the foregoing allegations regarding Marshall's sole reliance

7   on Galvanoni's representations.  As described above, Marshall does allege that

8   "[i]n May and June of 2015, Brooksbank sent multiple iterations of a draft

9   agreement . . . which purported to memorialize the terms of [Marshall's]

10  investment."  (Complaint at ¶ 34.)  However, Marshall "did not sign any of those

11  drafts."  (*Id.*)  Furthermore, and of utmost importance here, Marshall's own

12  allegations, set about above, establish that, in fact, his decision to provide funds

13  was not based upon this single alleged act of Brooksbank, but, instead, based upon

14  Galvanoni's representations.  (*See e.g.*, Complaint at ¶¶ 28, 39, 40.)  And for

15  purposes of this motion, the Court is not required to accept as true any of the other

16  conclusory allegations by Marshall directed at Brooksbank.  *Trinchitella*, 2016 WL

17  4041319 at *4.  As such, Marshall has failed to make a proper showing that

18  Brooksbank's conduct was the "but for" cause of the claims made against him and,

19  in so doing, Marshall has failed to carry his burden to establish the Court's specific

20  jurisdiction over Brooksbank.

21        **3.   Because Marshall Cannot Make the Foregoing Showings,**

22        **the Exercise of Jurisdiction Over Brooksbank Would Not**

23        **Be Reasonable**

24        Because Brooksbank lacks purposeful contacts with the State of California,

25  the exercise of personal jurisdiction over him would be unreasonable.  Marshall

26  cannot show that Brooksbank purposefully directed his activities at Marshall, a

27  California resident, and he cannot show the "but for" causal nexus between

28  Brooksbank's conduct and the causes of action he has specifically brought against

12

Selman Breitman LLP
ATTORNEYS AT LAW

747223.1  100.41906

1   Brooksbank.  As such, it would be unreasonable for the Court to exercise its

2   specific jurisdiction over Brooksbank.

3   **V.      CONCLUSION**

4          Based upon the foregoing, Marshall has failed to carry his burden and show

5   the Court that it can exercise personal jurisdiction over Brooksbank—either

6   generally or specifically.  Marshall has failed to show that Brooksbank had

7   continuous and systematic general business contacts that approximated physical

8   presence in California; failed to show that Brooksbank purposefully directed his

9   activities at Marshall, a California resident; and failed to show that Brooksbank's

10  conduct—the very little that was alleged—was the "but for" cause of Marshall's

11  claims.  Brooksbank, therefore, respectfully requests that the Court dismiss him

12  from this action as it lacks personal jurisdiction over him.

13

14  DATED:  May 17, 2017              SELMAN BREITMAN LLP

15

16                          By:     _____
                                     BRADFORD G. HUGHES
17                                   TIFFANY HUNTER
                                     Attorneys for Defendants DANIEL P.
18                                   GALVANONI; DPG INVESTMENTS,
                                     LLC; DPG GOLDEN EAGLE, LLC;
19                                   SPRING TREE LENDING, LLC;
                                     SPRING TREE HOLDINGS, LLC;
20                                   SPRING TREE FINANCIAL, LLC;
                                     SKIBO HOLDINGS, LLC; GERALD T.
21                                   HUDSPETH; JEROME J. JOSEPH; and
                                     WILLIAM J. BROOKSBANK

22

23

24

25

26

27

28

*Selman Breitman LLP*
ATTORNEYS AT LAW

13

REDACTED DOC 9 - DEFENDANT BROOKSBANK'S MOTION TO DISMISS (FRCP 12 (B)(2))
2:17-CV-00820-KJM-CKD

747223.1 100.41906

## DECLARATION OF BRADFORD G. HUGHES

I, Bradford G. Hughes, declare as follows:

1.      I am a partner at the law firm of Selman Breitman LLP, counsel of record for defendants Daniel P. Galvanoni, DPG Investments, LLC, DPG Golden Eagle, LLC, Spring Tree Lending, LLC, Spring Tree Holdings, LLC, Spring Tree Financial, LLC, SkiBo Holdings, LLC, Gerald T. Hudspeth, Jerome J. Joseph, and William J. Brooksbank herein.  I am a member in good standing of the State Bar of California.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would completely testify to such facts under oath.

2.      I offer this Declaration in support of Gerald T. Hudspeth, Jerome J. Joseph, and William J. Brooksbank's respective Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction as required by the Court's Standing Order.

3.      After removing this matter to this Court, I informed counsel for plaintiff that defendants, Gerald T. Hudspeth, Jerome J. Joseph, and William J. Brooksbank, intended on filing a motion to dismiss on the grounds that the United States District Court for the Eastern District of California lacks personal jurisdiction over these defendants.

4.      On May 11, 2017, I provided meet and confer correspondence to counsel for plaintiff wherein I reiterated that Mr. Hudspeth, Mr. Joseph, and Mr. Brooksbank intended on filing a motion to dismiss for lack of personal jurisdiction, indicating that they each do not have sufficient minimum contracts with California, which is necessary in order for the Court to exercise personal jurisdiction.

5.      Despite our efforts, counsel for plaintiff indicated that they believed sufficient contacts had been established with the state of California and therefore, refused to dismiss Mr. Hudspeth, Mr. Joseph, and Mr. Brooksbank as requested.

///

///

Selman Breitman LLP
ATTORNEYS AT LAW

14

747223.1 100.41906

1    I declare under the penalty of perjury under the laws of the United States

2  that the foregoing is true and correct.

3    Executed on May 17, 2017, at Los Angeles, California.

4

5

6    _____

    BRADFORD G. HUGHES

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REDACTED DOC 9 - DEFENDANT BROOKSBANK'S MOTION TO DISMISS (FRCP 12 (B)(2))
2:17-CV-00820-KJM-CKD

Selman Breitman LLP
ATTORNEYS AT LAW

747223.1_100.41906

# EXHIBIT 1

## DECLARATION OF WILLIAM J. BROOKSBANK

I, William J. Brooksbank, declare as follows:

1.      I am an individual, over 18 years of age, of sound mind, and a named defendant in the matter of *John Marshall v. Daniel P. Galvanoni, et al.*, initially filed the Superior Court of California, County of Sacramento, on March 9, 2017, as Case No. 34-2017-00209091 and later timely removed on April 18, 2017 to the United States District Court for the Eastern District of California bearing Case No. 2:17-cv-00820-KJM-CKD.

2.      I submit this declaration in support of the Motion to Dismiss Defendant William J. Brooksbank For Lack of Personal Jurisdiction.  I have personal knowledge of the facts stated herein, and could and would testify competently thereto if called as a witness in this matter.

3.      I am a resident of the State of Arizona. I have resided in the State of Arizona continuously since 1996. Since 2001, my primary residence has been
, Scottsdale, Arizona 85255.

4.      I hold an Arizona driver's license. I am registered to vote in the State of Arizona. *See* "William J. Brooksbank Driver's License" a true and accurate copy of which is attached hereto as Exhibit "A"; *and* "William J. Brooksbank Voter Registration Card" a true and accurate copy of which is attached hereto as Exhibit "B."

5.      I intend to remain in the State of Arizona indefinitely.

6.      I am not a resident of California. I do not consider myself a citizen of California.

7.      I do not own any real property or have an office or other presence in the State of California. I have never lived in California. In the past, I have made brief business trips to California to meet with clients and prospective clients. These business trips did not involve meetings with Plaintiff John Marshall ("Marshall").

1

8.     I have never consented to nor do I consent to jurisdiction in the State of California.

9.     I met Marshall only once, in August of 2015 in Atlanta, Georgia.

10.     All other communications with Marshall were either indirect (e.g., participating on a telephone conference call with others) or involved transmitting documents to Marshall on behalf of Dan Galvanoni.

11.     I am not an employee of DPG Investments, LLC. My company, Tramoor Group, LLC provides consulting services to DPG Investments, LLC. Any and all payments from DPG Investments, LLC are made to Tramoor Group, LLC—not me, personally.

12.     Tramoor Group, LLC holds warrants equal to 0.25% of SkiBo Holdings.  My understanding is that these warrants will become warrants in DPG Golden Eagle, LLC and will be increased to 0.3% of DPG Golden Eagle, LLC. These warrants are subject to dilution and have not been exercised.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 15, 2017, at Scottsdale, Arizona.

_William J. Brooksbank_
William J. Brooksbank

2

# EXHIBIT 1-A





**VOTER IDENTIFICATION CARD**
Maricopa County, Arizona
Helen Purcell, Recorder

Issue Date: 5/27/12

ID:                 Party: REP            DOR: 01/03/1997

WILLIAM JOSEPH BROOKSBANK JR

SCOTTSDALE AZ 85255

PRC: 59          BRONCO
CITY: SC    CON: 6      LEG: 23      SUP: 2      JP: 25
ELEM SCHOOL DIST: 69        HIGH SCHOOL DIST: 69

1

**Certificate of Service**
*John Marshall V. Daniel P. Galvanoni, et al.*

2

U.S. District Court – Eastern District, Case No. 2:17-cv-00820-KJM-CKD

3

I, SHARLEN D. CAMPBELL, certify and declare as follows:

4

  1. I am over the age of 18 years and not a party to this action.  My business address is 11766 Wilshire Blvd., Sixth Floor, Los Angeles, CA 90025,

5

which is located in the city, county and state where the mailing described below took place.

6

  2. On May 17, 2017, I served the following document(s) via electronic

7

service described as:  **REDACTED DOCUMENT NO. 9 DEFENDANT WILLIAM J. BROOKSBANK'S NOTICE OF MOTION AND MOTION TO**

8

**DISMIS FOR LACK OF PERSONAL JURISDICTON; DECLARATION OF BRADFORD G. HUGHES, ESQ.**

9

by transmitting a copy of the foregoing document(s) via internet/electronic mail to

10

CM/ECF for service on all parties in this case via their e-mail addresses., a copy of which is attached hereto, addressed as follows:

11

Melinda Jane Steuer, Esq.

12

Law Offices of Melinda Jane Steuer
928 Second Street, Ste. 302

13

Sacramento, CA 95814
Telephone:  (916) 930-0045

14

Facsimile:  (916) 314-4100

15

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

16

Executed on May 17, 2017, at Los Angeles, California.

17

18

*/s/ SdCampbell*

19

SHARLEN D. CAMPBELL

20

21

22

23

24

25

26

27

28

REDACTED DOC 9 - DEFENDANT BROOKSBANK'S MOTION TO DISMISS (FRCP 12 (B)(2))
2:17-CV-00820-KJM-CKD

Selman Breitman LLP
ATTORNEYS AT LAW

747223.1 100 41906