UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARSHALL,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIEL P. GALVANONI, et al.,<br><br>    Defendants. | No. 2:17-cv-00820-KJM-CKD<br><br><br>ORDER |

Plaintiff John Marshall alleges he was fraudulently induced on three occasions to invest a total of $300,000 in the defendants' subprime automobile loan businesses. Among other defendants, plaintiff sued American Credit Acceptance (ACA) here, alleging it wrongfully took possession and noticed foreclosure of the loan collateral in which Marshall held a first priority security interest. *See* Second Am. Compl. (SAC), ECF No. 47. ACA moves to dismiss all claims against it. Mot., ECF No. 53-1. Marshall opposes. Opp'n, ECF No. 55. In its reply brief, ACA argued for the first time that Marshall's claims against it violate the automatic bankruptcy stay arising from defendant Spring Tree Lending's Chapter 11 bankruptcy proceedings. *See* Reply, ECF No. 56 at 5-8; *see also* ECF No. 51 (staying case against Spring Tree Lending in light of involuntary bankruptcy proceedings). At the court's invitation, Marshall filed a supplemental brief in which he agreed that his claims against ACA should be stayed until the bankruptcy court determines in the first instance whether the stay applies and, if so, whether it should be lifted as to

1

Marshall's claims against ACA. Marshall Supp'l Br., ECF No. 60. For the following reasons, the court STAYS Marshall's claims against ACA and holds ACA's motion to dismiss in abeyance.

I. LEGAL STANDARD

The filing of a petition for bankruptcy, voluntary or otherwise, automatically stays "any act to create, perfect, or enforce any lien against property of the estate" and "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the [bankruptcy] case . . . ." 11 U.S.C. § 362(a)(4), (5). Because the automatic stay exists to protect debtors, actions against third parties, including the debtors' codebtors and sureties, are stayed only if "the assets of the bankrupt estate are at stake." *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 (9th Cir. 1993) (citations omitted). Accordingly, an action against a third party is stayed under § 362 where there is "such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor," or where "extending the stay against codefendants contributes to the debtor's efforts of rehabilitation." *Id.* at 1491 n.3 (citations and internal quotation marks omitted).

II. DISCUSSION

Marshall raises four claims against ACA: (1) intentional interference with a contractual relationship, SAC ¶¶ 190-96; (2) conversion, *id.* ¶¶ 197-202; (3) unjust enrichment,[1] *id.* ¶¶ 203-09; and (4) declaratory relief, *id.* ¶¶ 210-13. Each of these claims arises from Marshall's allegations that he has a first-position security interest in an automobile loan portfolio in which ACA also claims a first position security interest. *See id.* ¶¶ 46, 51. Marshall contends his first position interest is enforceable through an equitable lien on the portfolio. *See* Opp'n.

Both Marshall's and ACA's claims to the portfolio at issue involve a long, complex history of transactions among multiple defendants, and most of that complex history

---

[1] Although the parties dispute whether unjust enrichment may survive as an independent cause of action, the court need not and does not resolve that dispute here.

does not control the court's analysis here. *See generally* SAC. Rather, the court's analysis turns on ACA's repeated representations that each of Marshall's claims against ACA concern only Spring Tree Lending's loan portfolio. *See* Reply at 2 ("But the collateral at issue is the loan portfolio of Spring Tree Lending."); *id.* ("[O]nly Spring Tree Lending represented that it had an interest in the Portfolio and only Spring Tree Lending granted [ACA] a security interest in the Portfolio."); *id.* at 3 (identifying the "Receivables" at issue as "Spring Tree Lending's Porfolio. . . . It is undisputed that the Portfolio is the only collateral at issue"). ACA therefore contends that "Marshall's claims ask the Court to create a lien in his favor against the Portfolio, which is property of Spring Tree Lending's bankruptcy estate," and thus violates the bankruptcy stay. *Id.* at 6; *see* Req. for Jud. Not., ECF No. 57, Ex. F at 10 (Spring Tree Lending's April 18, 2018 bankruptcy form identifying ACA as Spring Tree Lending's secured creditor with a lien on "Automobile Contracts" and indicating no other creditor has an interest in the collateral).

Marshall notes that, at this juncture and without the benefit of discovery, he is unable to confirm whether and when the portfolio at issue was transferred or who its current owner may be. Marshall Supp'l Br. at 3. Nonetheless, after consulting with bankruptcy counsel, Marshall "believe[s] that it is appropriate to have the bankruptcy court presiding over the [Spring Tree Lending] bankruptcy determine whether any or all of plaintiff's claims against ACA fall within the jurisdiction of the [Spring Tree Lending] bankruptcy proceeding, and/or whether relief from the stay for plaintiff to pursue his claims against ACA in this court is warranted . . . ." Marshall Supp'l Br. at 5; Stauer Decl., ECF No. 60-1 ¶¶ 7-8. The court agrees.

Marshall asks this court to impose a constructive trust over the portfolio at issue. *See* SAC at 64 ¶ 6 (prayer for relief). He further requests that this court enjoin any party from conveying title to the portfolio, *id.* ¶ 7, seeks restitution of the portfolio, *id.* ¶ 9, and seeks a judicial determination of his security interest in the portfolio, *id.* ¶ 10. Based on ACA's representations that the collateral at issue here comprises solely property in Spring Tree Lending's bankruptcy estate, Marshall's claims here may well seek to "create, perfect, or enforce a[] lien against property of the estate" or "create, perfect, or enforce against property of the debtor any lien . . . [to] secure[] a claim that arose before commencement of the [bankruptcy action]."

3

*See* 11 U.S.C. § 362(a)(4)-(5). Any success on Marshall's part may therefore function as "a judgment or finding against the debtor," while "extending the stay [to ACA may] contribute[] to [Spring Tree Lending's] efforts of rehabilitation." *See Dos Cabezas Corp.*, 995 F.2d at 1491 n.3 (citations omitted). The bankruptcy court is best positioned to make that determination. *See, e.g.*, *Flores v. Emerich & Fike*, 385 F. App'x 728, 730 (9th Cir. 2010) (affirming district court order imposing limited stay "to afford the bankruptcy trustee a limited time to investigate the nature of the claims against the [] Defendants") (citations and internal alterations omitted).

The court STAYS Marshall's claims against ACA and holds ACA's motion to dismiss in abeyance while the parties seek clarity from the bankruptcy court regarding whether the stay applies to Marshall's claims. Marshall is ORDERED to file status reports every 90 days notifying the court of the continuing applicability of the stay and, in any event, must notify the court promptly when the bankruptcy court lifts the stay or determines it is inapplicable here.

IT IS SO ORDERED.

DATED: September 12, 2018.

_____
UNITED STATES DISTRICT JUDGE

4