UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARSHALL, | No. 2:17-cv-00820-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| DAN P. GALVANONI, et al., | |
| Defendants. | |

On January 16, 2019 defendants filed *in camera* a second notice of request to file documents in support of their motion to stay proceedings under seal, ECF No. 75, accompanied by a memorandum more fully explaining the bases for the request. Defendants' original request, ECF No. 72, was stricken because it was not in compliance with Local Rule 141(b), ECF No. 73. Defendants have now renewed their request to seal 21 pages in total, including defendants' notice of motion and motion to stay, a supporting declaration and a proposed order.

I.     <u>LEGAL STANDARD</u>

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978) (footnotes omitted). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

When a party moves to seal a record, the court looks to the underlying motion and determines whether it is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir.), *cert. denied*, 137 S. Ct. 38 (2016). If the motion is more than tangentially related to the merits of the case, a party seeking to seal the record must satisfy the "stringent" compelling reasons standard. *Id.* at 1096. Applying this standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture,'" and finds this reason outweighs the public's interest and the presumption of public access. *Id.* at 1096–97 (alteration in original) (quoting *Kamakana*, 447 F.3d at 1179).

When a motion is unrelated or only tangentially related to the merits of the case, the good cause standard, which is an "exception" to the "presumptive" compelling reasons standard, applies. *Id.* at 1097–98. To establish good cause, a party must show "specific prejudice or harm will result" absent sealing, *Foltz*, 331 F.3d at 1130, which may include the need "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting Fed. R. Civ. P. 26(c)).

II. <u>DISCUSSION</u>

The motion to stay at issue here is a non-dispositive motion, and so the "good cause" standard applies. *Evolutionary Intelligence, Inc. v. Facebook Inc.*, No. C 13-04202 SI, 2013 WL 12144122, at *1 (N.D. Cal. Dec. 10, 2013) (motion to stay action was non-dispositive so "good cause" standard applied); *Provide Commerce, Inc. v. Hartford Fire Ins. Co.*, No. 12cv0516 AJB (WVG), 2014 WL 1877438, at *2 (S.D. Cal. May 9, 2014) (same).

    A.    <u>Previous Public Disclosure</u>

As an initial matter, the court notes that defendants previously filed an ex parte application for a stay on the public docket, disclosing the following information, among other details: (1) "Defendants recently learned that the SEC is investigating all of the entity defendants in order to determine whether defendants violated federal securities laws pertaining to investments made by Plaintiff (and possibly others) between 2015 and the present," Ex Parte Application, ECF No. 65 at 7–8; (2) "The SEC has subpoenaed Mr. Galvanoni to testify in

connection with its securities fraud investigation, and correspondence from the SEC in that quasi-criminal investigation demonstrates that the investigation is not limited to solely DPG Investments, LLC but also to all of the entity defendants named in the civil matter," *id.* at 8; and (3) "The pending SEC investigation involves the same nucleus of facts [asserted here] . . . . In fact, the SEC requested from defendants the identity of any person who invested in the entity defendants between January 2015 and the present," *id.* at 10. The court denied defendants' request as in improper ex parte application but provided that "[d]efendants may file a properly noticed motion on the court's civil law and motion calendar." ECF No. 68.

Defendants now contend that good cause exists to file their motion to stay and supporting documents under seal because the documents contain "references which must remain confidential under federal mandate." Mem. P. & A. at 4. Defendants rely principally on 17 C.F.R. § 203.5, which provides, "Unless otherwise ordered by the [SEC], all formal investigative proceedings shall be non-public." The "references" defendants contend must be sealed, however, are largely the same references disclosed in defendants' prior ex parte application, reviewed above. Defendants occasionally provide more detail in the new document they request be sealed and also provide an exhibit not previously submitted to the court. Despite the prior ex parte application's disclosure of most of the same details, defendants do not request that the court retroactively seal that application in addition to sealing the renewed motion to stay. To the extent defendants have previously disclosed the information they now claim as confidential, they have eviscerated their case that good cause exists for sealing the motion itself. The court thus considers defendants' request only with respect to the new exhibit not previously provided.

B. <u>Applicability of 17 C.F.R. § 203.5</u>

Defendants do not provide any authority interpreting 17 C.F.R. § 203.5 or addressing its applicability here, and the court has found none. Title 17 C.F.R. § 203.2 does provide: "Information or documents obtained by the Commission in the course of any investigation or examination, unless made a matter of public record, shall be deemed non-public . . . ." 17 C.F.R. § 203.2; *see S.E.C. v. Shanahan*, No. 4:06-MC-546 CAS, 2006 WL 3330972, at *2 (E.D. Mo. Nov. 15, 2006) (noting in subpoena enforcement proceedings, "the SEC asserts that

while information and documents it gains during a private investigation is generally deemed non-public, an exception exists where the information is made a matter of public record as has occurred here").

The Second Circuit has provided some guidance regarding the application of 17 C.F.R. § 203.2 in *LaMorte v. Mansfield*, 438 F.2d 448 (2d Cir. 1971). In *LaMorte*, the court discussed SEC regulations providing for secrecy in SEC investigations, including 17 C.F.R. § 203.2; it explained that such regulations, with specific reference to the very similarly worded § 240.0-4,[1] are "an articulation of the discretion possessed by the [SEC] in determining whether to disclose information acquired in the course of certain investigatory proceedings." *LaMorte*, 438 F.2d at 450. The Second Circuit concluded, "To the extent that a privilege [to maintain the confidentiality of testimony before the SEC] exists, it is the agency's, not the witness'. The agency is free to withdraw the veil of secrecy . . . ." *Id.* at 451. Other courts have cited *LaMorte* with approval and reached similar conclusions. *See In re Penn Central Commercial Paper Litig.*, 61 F.R.D. 453, 462 n. 20 (S.D.N.Y. 1973) (rejecting defendant's reliance on SEC regulations that insure privacy in non-public SEC investigation, observing "these regulations are for the benefit of the [SEC] and not for witnesses who may appear before it") (citation omitted); *see also Maryville Academy v. Loeb Rhoades & Co., Inc.*, 1978 WL 1144 at *2 (N.D. Ill 1978) ("Any privilege attaching to non-public SEC testimony belongs to and is waivable by the Commission.") (citations omitted).

The court is persuaded by these authorities and by the text of the regulations themselves that any privilege to prevent the public's access to investigatory records is held by the

/////

---

[1] "Information or documents obtained by officers or employees of the Commission in the course of any examination or investigation pursuant to section 17(a) (48 Stat. 897, section 4, 49 Stat. 1379; 15 U.S.C. § 78q(a)) or 21(a) (48 Stat. 899; 15 U.S.C. § 78u(a)) shall, unless made a matter of public record, be deemed confidential. Except as provided by 17 CFR § 203.2, officers and employees are hereby prohibited from making such confidential information or documents or any other non-public records of the Commission available to anyone other than a member, officer or employee of the Commission, unless the Commission or the General Counsel, pursuant to delegated authority, authorizes the disclosure of such information or the production of such documents as not being contrary to the public interest. . . ."

SEC, and not by defendants. Defendants thus do not have standing to seek sealing of the one new document they now present.

III. CONCLUSION

The court DENIES the request to seal for the reasons set forth above. The court will arrange for the destruction of the documents filed by defendants *in camera*, consistent with the spirit of Local Rule 141(e)(1).

Defendants may renew their motion to stay, if they wish, by filing it on the public docket and setting it for public hearing on the court's civil law and motion calendar. The hearing currently noticed for March 8, 2019 at 10 a.m. is VACATED.

IT IS SO ORDERED.

DATED: February 21, 2019.

_____
UNITED STATES DISTRICT JUDGE