Melinda Jane Steuer (SBN: 216105)
The Law Offices of Melinda Jane Steuer
928 Second Street, Suite 302
Sacramento, CA 95814
Telephone: (916) 930-0045
Facsimile: (916) 314-4100

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARSHALL, an individual<br><br>                              Plaintiff,<br><br>vs.<br><br>DANIEL P. GALVANONI, an individual;<br>DPG INVESTMENTS, LLC, a foreign limited<br>liability company; DPG GOLDEN EAGLE,<br>LLC, a foreign limited liability company;<br>SPRING TREE LENDING, LLC, a foreign<br>limited liability company; SPRING TREE<br>HOLDINGS, LLC; SPRING TREE<br>FINANCIAL, LLC; SKIBO HOLDINGS,<br>LLC; a foreign limited liability company;<br>GERALD T. HUDSPETH, an individual;<br>JEROME L. JOSEPH, an individual;<br>WILLIAM J. BROOKSBANK, an individual;<br>and DOES 1-100, inclusive,<br><br>                              Defendants. | Case No.: 2:17-cv-00820-KJM-CKD<br><br>**JOINT STATEMENT REGARDING<br>DISCOVERY DISAGREEMENT AS TO<br>PLAINTIFF'S MOTION FOR A<br>PROTECTIVE ORDER REGARDING<br>AND/OR MODIFY THIRD PARTY<br>SUBPOENAS AND/OR SUBPOENAS<br>DUCES TECUM ISSUED TO<br>ARMSTRONG & ASSOCIATES<br>INSURANCE SERVICES, SEAN BOYD,<br>BRIGHAM YOUNG UNIVERSITY,<br>UNIVERSITY OF CALIFORNIA-<br>BERKELEY, DANIEL C. COHEN,<br>VUJADIN JOVIC, SUSAN MARSHALL,<br>CHRISTIAN MORROW & TODD OWEN**<br><br>**Date:    June 5, 2019**<br>**Time:    10:00 A.M.**<br>**Dept:    Courtroom 24, 8th Floor**<br>**Judge:   Hon. Carolyn K. Delaney** |

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order
Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates
Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen,
Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

                                                                                    Page(s)

DISCOVERY DISPUTES   …………………………………………………………………4

I.      ARMSTRONG & ASSOCIATES INSURANCE SERVES   …………………………4

        PLAINTIFF'S ARGUMENTS   …………………………………………………4

        A.      Summary of Grounds for a Protective Order   …..…………………………4

        B.      Summary of the Case and Procedural History   …..………………………5

        C.      Legal Discussion   …………………………………………………………6

                1. The Subpoena to Armstrong Seeks Private and Confidential Information Which
                   is Not Relevant to This Matter   …………………..……………………………6

                2. The Subpoena is Overly Broad   ……………………………………10

                3. Compliance With the Subpoena Would Be Unduly Burdensome   …..……….10

                4. If Any of Plaintiff's Employment Records Were Relevant, They Could Be
                   Obtained Directly from Plaintiff   ……………………………………………10

        DEFENDANTS' ARGUMENTS   ………………………………………………11

II.     SEAN BOYD   ………………………………………………………………16

        PLAINTIFF'S ARGUMENTS   ………………………………………………18

        A.      Summary of Grounds for a Protective Order   …………………………18

        B.      Legal Discussion   ………………………………………………………19

        DEFENDANTS' ARGUMENTS   ………………………………………………21

III.    SUBPOENA DUCES TECUM TO BRIGHAM YOUNG UNIVERSITY AND
        UNIVERSITY OF CALIFORNIA-BERKELEY   …………………………………22

         PLAINTIFF'S ARGUMENTS   ………………………………………………22

        A.      Summary of Grounds for a Protective Order   ……………………………23

        B.      Legal Discussion   ………………………………………………………23

        DEFENDANTS' ARGUMENTS   ………………………………………………24

IV.     SUBPOENA DUCES TECUM TO DANIEL COHEN, M.D.   …………………25

        PLAINTIFF'S ARGUMENTS   ………………………………………………26

        A.      Summary of Grounds for a Protective Order   …………………………..26

        B.      Legal Discussion   ………………………………………………………26

        DEFENDANTS' ARGUMENTS   ………………………………………………27

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order
Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates
Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen,
Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

2

**V.**   **DEPOSITION SUBPOENA TO VUJADIN JOVIC** ……………………………28
   A.   Summary of Grounds for a Protective Order ………………………………...30
   B.   Legal Discussion ………………………………………………………………30
   DEFENDANTS' ARGUMENTS ………………………………………………32

**VI.**   **DEPOSITION SUBPOENA TO SUSAN MARSHALL** ……………………34
   PLAINTIFF'S ARGUMENTS ………………………………………………36
   A.   Summary of Grounds for a Protective Order ………………………………36
   B.   Legal Discussion ………………………………………………………………36
   DEFENDANTS' ARGUMENTS ………………………………………………38

**VII.**   **DEPOSITION SUBPOENA TO CHRISTIAN MORROW** …………………40
   PLAINTIFF'S ARGUMENTS ………………………………………………42
   A.   Summary of Grounds for a Protective Order ………………………………42
   B.   Legal Discussion ………………………………………………………………42
   DEFENDANTS' ARGUMENTS ………………………………………………43

**VIII.**   **DEPOSITION SUBPOENA TO TODD OWEN** ……………………………44
   PLAINTIFF'S ARGUMENTS ………………………………………………46
   A.   Summary of Grounds for a Protective Order ………………………………46
   B.   Legal Discussion ………………………………………………………………46
   DEFENDANTS' ARGUMENTS ………………………………………………47

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order
Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates
Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen,
Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

3

Pursuant to Rule 251 of the Local Rules of the United States District Court for the Eastern District of California, Plaintiff John Marshall ("Plaintiff") and Defendants Daniel P. Galvanoni, DPG Investments, LLC, DPG Golden Eagle, LLC, Spring Tree Lending, LLC, Spring Tree Holdings, LLC, Spring Tree Financial, LLC, and Skibo Holdings, LLC (collectively "Defendants") hereby submit this Joint Statement re Discovery Disagreement.

This discovery dispute arises from Plaintiff's Motion for a Protective Order regarding third-party subpoenas issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow, and Todd Owen.  The motion is scheduled to be heard on June 5, 2019.

## DISCOVERY DISPUTES

## I.   ARMSTRONG & ASSOCIATES INSURANCE SERVICES

The subpoena *duces tecum* to Armstrong & Associates Insurance Services requests the following documents: "All employment, disciplinary, and financial records of or pertaining to John Marshall in your possession, custody, or control."

## PLAINTIFF'S ARGUMENTS

### A.   Summary of Grounds for a Protective Order

Plaintiff seeks a protective order forbidding the subpoena duces tecum issued to his employer, Armstrong & Associates Insurance Services ("Armstrong"), in its entirety, and precluding Defendants from contacting Armstrong.  This order is sought on the grounds that Plaintiff's employment records have no relevance to this investment fraud dispute and are being sought in order to interfere with Plaintiff's employment and cause him to lose his job.

In addition, compliance with this subpoena would impose an undue burden upon Plaintiff and Armstrong.  Armstrong also served timely objections to this subpoena upon similar grounds. (Exhs. 13 & 16 to Declaration of Melinda Jane Steuer ("Steuer Decl."), filed concurrently herewith)

//

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

4

### B.      Summary of the Case and Procedural History

This case arises out of fraud, breaches of fiduciary duty, negligence and breach of contract with respect to investments totaling $300,000.00, which Plaintiff John Marshall made in Defendants' sub-prime automobile loan business between June of 2015 and March of 2016. Plaintiff alleges that Defendant Daniel Galvanoni induced him to make the investments at issue by making false representations and material omissions regarding the use of Plaintiff's monies, the safety of the investments, the background and qualifications of the personnel running the business, the due diligence which was done with respect to the business, and the security for Plaintiff's investments.  Plaintiff also alleges that Defendants breached their promises to fully secure Plaintiff's investments with sub-prime automobile loans.  Plaintiff further alleges that some, if not all, of the monies he invested were withdrawn by Mr. Galvanoni for his own personal use, or used to make payments to Mr. Galvanoni's family members and other insiders of the Defendant entities.  Lastly, Plaintiff alleges that Defendants never repaid any of his principal and did not pay him any of the promised interest.  Plaintiff's allegations are supported by bank statements, numerous emails from Mr. Galvanoni, and the testimony of third-party Westley Anderson, as well as by Plaintiff's testimony.

The subpoenas at issue go far beyond the scope of what is relevant to this investment dispute by demanding all of Plaintiff's employment records, his divorce records from 2003, his medical records, his academic records from over thirty years ago, the entirety of his financial records, and every communication with three other individuals with whom he made investment, with no limitation on time frame or scope.  Plaintiff reasonably believes that these subpoenas are a conscious effort by Defendants to fulfill Mr. Galvanoni's threats that he would seek to cause Plaintiff to lose his job, involve Plaintiff's ex-wife and create dissension with Plaintiff's children, embarrass Plaintiff, and stir up acrimony with other individuals with whom Plaintiff has invested.  (Declaration of John Marshall ("Marshall Decl.") ¶8)

The speciousness of these subpoenas is borne out by the fact that Plaintiff does not allege that he has lost income as a result of the investments at issue, nor that he lacked the financial means to make those investments.  Plaintiff has also produced or agreed to produce extensive

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

5

information about his financial situation and other investments, which goes far beyond the scope and time frame of what is relevant to this case, in an effort to accommodate Defendants. Specifically, Plaintiff has provided Defendants with highly detailed information regarding his income, assets and liabilities, and answered interrogatories seeking the amount of his income during 2013-2015.  (Steuer Decl. ¶ 2)  In addition, moving counsel has agreed to produce Plaintiff's W-2s and 1099s for 2013-2016, Plaintiff's profit and loss statements for 2013-2016; investment contracts between Mr. Marshall and/or Fortam, LLC [an entity owned by Mr. Marshall] and Vujadin Jovic and/or LOA Properties, Inc. [an entity owned by Mr. Jovic]; and Mr. Marshall's brokerage account statements going back to 2008, subject to a protective order. (Steuer Decl. ¶ 2; Exh. 1 to Steuer Decl.)

For these reasons, and as further discussed below, a protective order should be issued as to each and all of the subpoenas at issue that precludes or limits their scope, on the grounds that the subpoenas seek privileged, private and irrelevant information; they are grossly overbroad as to time frame and scope; any relevant information has been acquired or could be acquired from the Plaintiff; and a protective order is warranted to protect Plaintiff from annoyance, embarrassment, oppression and/or undue burden or expense.

C.    **Legal Discussion**

1.    **The Subpoena to Armstrong Seeks Private and Confidential Information Which Is Not Relevant to This Matter**

Pursuant to F.R.C.P. 26(c), the court, for good cause shown, may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense.  A party may move for a protective order regarding a subpoena issued to a non-party.  (*FTC v. AMG Servs.*, 291 F.R.D. 544, 552-553 (D. Nev. 2013); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005).)

Where a party requests information that is not reasonably calculated to lead to the discovery of admissible evidence, the party opposing disclosure may move for a protective order under Rule 26(c).  (*Monte H. Greenawalt Revocable Trust v. Brown,* 2013 U.S. Dist. LEXIS 178802 at * 7 (D. Nev. 2013).)  If the discovery sought is not relevant, the court should restrict

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

6

discovery by issuing a protective order.  (*Id.* at *8.)

In that regard, the courts have consistently held that subpoenas seeking the Plaintiff's personnel and employment records from current employers are protected by a right of privacy, that such records are not relevant, and that subpoenas to a Plaintiff's employer could negatively impact the Plaintiff's employment.  (See e.g. *Scott v. Multicare Health Sys.,* 2019 U.S. Dist. LEXIS 61787 at *5-6 (W.D. Wash. 2019), [holding that the Plaintiff, who alleged wrongful termination and retaliation by a prior employer, had shown good cause for the entry of a protective order restricting Defendants from seeking Plaintiff's personnel records from her current employer because Plaintiff had a privacy interest in such records, the Defendants had not made a specific showing of relevance that outweighed the Plaintiff's privacy interests and the proposed subpoena could have a negative impact on Plaintiff's current employment; *Reed v. Madison City,* 2016 U.S. Dist. LEXIS 189314 at *4-6 (S.D. Miss. 2016), [holding that the Plaintiff's personnel records from her current employer had only attenuated relevance to her claims of wrongful termination, and were not relevant to the issue of the Plaintiff's credibility]; *Blotzer v. L-3 Communs. Corp.,* 287 F.R.D. 507, 509-510 (D. Ariz. 2012), [holding that a protective order barring Plaintiff's personnel file and employment records from her current employer was appropriate and justified because the records were confidential and were not relevant to the Plaintiff's claim that the Defendant had failed to pay him overtime]; *Hendricks v. Total Quality Logistics,* 275 F.R.D. 251, 253-254 (S.D. OH 2011) [holding that Plaintiff's employment records from his current employer had little to no bearing on the ultimate question of whether Plaintiffs were exempt from overtime requirements while employed by Defendant].)

Here, the subpoena to Armstrong seeks the entirety of Plaintiff's personnel and employment records from his current employer.  As the authorities above hold, such records are private and confidential.  Plaintiff's employment records also encompass private and protected trade secret information pertaining to Plaintiff's insurance customers because Plaintiff is an insurance agent who owns his own book of business.  (Marshall Decl. ¶ 12)

Plaintiff is particularly sensitive to Defendants' subpoena to Armstrong because Mr. Galvanoni has threatened to contact Armstrong, cause Plaintiff to lose his job, and ruin Plaintiff

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

7

1   financially, and because Defendants' counsel threatened to contact Plaintiff's customers when

2   some of their information was inadvertently produced by Plaintiff's counsel's office.  (Marshall

3   Decl. ¶ 9; Steuer Decl. ¶ 4; Exh. 2 to Steuer Decl.)  Plaintiff has attested that he believes that

4   requiring Armstrong to comply with the subpoena Defendants served upon it would seriously

5   harm his relationship with his employer and could cause him to lose his job.  (Marshall Decl. ¶

6   11)  Plaintiff has also attested that the subpoena encompasses confidential and trade secret

7   information pertaining to his insurance customers, and that he is concerned that Defendants will

8   seek to interfere with those business relationships if such information is produced.  (Marshall

9   Decl. ¶ 12)

10          Most importantly, the requested documents have no conceivable relevance to this case.

11  As the authorities above hold, employment records from a Plaintiff's current employer are not

12  even deemed to be relevant in employment related cases, where the Plaintiff's job performance

13  and/or income are at issue.  Here, the potential relevance is more remote than in the employment

14  related cases discussed above, because the instant matter is an investment case whereby Plaintiff

15  is seeking rescission and/or damages for his investment losses.  It is not an employment matter.

16  Plaintiff's employment status and job performance are not at issue. Plaintiff is also not seeking to

17  recoup lost income.

18          Defendants' assertion that they need to acquire all of Plaintiff's confidential employment

19  and customer records to show his investment sophistication is without merit.  Plaintiff is a

20  commercial insurance agent who sells property, casualty, and workers compensation insurance.

21  (Marshall Decl. ¶ 2)  His employment status, including the type of insurance he is licensed to

22  sell, is a matter of public record.  (Marshall Decl. ¶ 2; Exh. 1 to Marshall Decl.) As those public

23  records reflect, Plaintiff is not licensed to sell any insurance products which require a securities

24  license.  There is nothing regarding the insurance products which Plaintiff is licensed to sell that

25  would lead to the conclusion that Plaintiff was or is knowledgeable about the automobile sub-

26  prime loan business.  Most importantly, Defendants do not need any, let alone all, of Plaintiff's

27  employment records to support their argument that Plaintiff's job as an commercial insurance

28  agent causes him to be a "sophisticated" investor.

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order
Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates
Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen,
Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen
8

Defendants' assertion that records pertaining to discipline or misuse of Armstrong's resources are relevant or could lead to admissible evidence are equally unmeritorious.  As discussed above, Plaintiff's job performance and employment history are not at issue, as this case is not an employment matter.  Further, such information has no relevance to Plaintiff's communications, interactions and investments with the Defendants.  Lastly, if Plaintiff had been subject to disciplinary action, it would be a matter of public record.  (Exh. 1 to Marshall Decl.)

Defendants also assert that Plaintiff waived all privacy rights with respect to his personnel records and customer information by sending them emails from his Armstrong address.  This assertion is unsupported by any authority and completely lacking in merit. Plaintiff suffers from dyslexia.  (Marshall Decl. ¶ 4)  He has therefore used his Armstrong email address for most purposes over the last several years because it runs through Outlook and is therefore easier for Plaintiff to read than his personal webmail address.  (Marshall Decl. ¶ 6) That does not constitute a waiver of Plaintiff's privacy rights, Plaintiff's and Armstrong's trade secrets, and/or the privacy rights of Plaintiff's customers.  Indeed, Plaintiff is not an officer nor manager of Armstrong.  (Marshall Decl. ¶ 5)  Plaintiff never stated nor indicated that he was acting on behalf of Armstrong in his interactions with the Defendants, except for the limited purpose of looking into potential insurance coverage for the Defendant entities.  (Marshall Decl. ¶ 7)  Further, Defendants have not presented any evidence that Plaintiff "recruited" potential investors in Defendants' subprime automobile loan business, let alone that he did so on behalf of Armstrong.  On the contrary, Plaintiff testified that he did <u>not</u> actively seek out potential investors.  (Exh. 20 to Steuer Decl. at p. 273:14-20)  Most importantly, there is no evidence that Plaintiff disclosed any information from his personnel files to Defendants, or that he intentionally disclosed customer information to the Defendants, or that he waived any privacy or trade secret protections.

Simply put, there is no valid reason why Defendants should be allowed to engage in a fishing expedition through the entirety of Plaintiff's confidential personnel, employment and customer records in order to defend themselves in this investment dispute.

## 2.     The Subpoena Is Overly Broad

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

9

The courts have consistently held that subpoenas which seek the entirety of a Plaintiff's employment and/or personnel records without limitation are overly broad. (*Cones v. Parexel Int'l Corp.,* 2018 U.S. Dist. LEXIS 145565 at *9 (S.D. Cal. 2018); *EEOC v. Tex. Roadhouse, Inc.,* 303 F.R.D. 1, 3-4 (D. Mass. 2014); *Blotzer, supra,* 287 F.R.D. at 510; *Hendricks, supra,* 275 F.R.D. at 254; *Badr v. Liberty Mut. Group, Inc.,* 2007 U.S. Dist. LEXIS 73437 at *7-8 (D. Conn. 2007); *Richards v. Convergys Corp.,* 2007 U.S. Dist. LEXIS 9131 at *14-19 (D. Utah 2007).)

Such is the case here. The subpoena to Armstrong seeks "all employment, disciplinary, and financial records of or pertaining to John Marshall." (Exh. 4 to Steuer Decl.) It is clearly overly broad.

### 3. Compliance With the Subpoena Would Be Unduly Burdensome

As discussed above, a protective order is warranted if compliance with a subpoena would be unduly burdensome. (F.R.C.P. 26c) Such is the case here, because compliance with the subpoena to Armstrong would require many hours of time from Plaintiff and/or Armstrong that would interfere with Plaintiff's and Armstrong's ability to conduct their insurance business. (Marshall Decl. ¶ 11)

### 4. If Any of Plaintiff's Employment Records Were Relevant, They Could Be Obtained Directly from Plaintiff

The courts have recognized that subpoenas directed at litigants' employers should only be used as a last resort because they can be a tool for harassment and have a direct negative effect on litigants' relationships with their employers. (*Scott, supra,* 2019 U.S. Dist. LEXIS 61787 at *5-6; *Reed, supra,* 2016 U.S. Dist. LEXIS 189314 at *9; *Tex. Roadhouse, supra,* 303 F.R.D. at 2; *Warnke v. CVS Corp,* 265 F.R.D. 64, 69 (E.D. N.Y. 2010).) Such is the case here. As Plaintiff has attested, the subpoena to Armstrong has the potential to cause serious harm to his relationship with his employer and his job, and to his relationships with his customers. (Marshall Decl. ¶¶ 11 & 12) It is also apparent, from the threats Mr. Galvanoni made to Plaintiff, that Mr. Galvanoni and his counsel are aware of the negative impact that this subpoena could have, and that it is designed to harm Plaintiff's livelihood. This is especially true because

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

10

none of the records Defendants seek from Armstrong are relevant, and Plaintiff could provide any records that were deemed to be relevant.  Defendants, however, have not requested those records from Plaintiff.  Instead, they have sought to harass and embarrass Plaintiff by subpoenaing those records from his employer.  That should not be allowed.

## DEFENDANTS' ARGUMENTS

### A.      Summary of the Case and Procedural History.

This action pertains to an investment agreement between Plaintiff and Defendants. Plaintiff, a juris doctorate with extensive business and investment experience, including managing a real estate investment portfolio worth tens of millions of dollars, seeks to recover damages for alleged fraudulent investments.  Plaintiff's Second Amended Complaint alleges that Defendants breached various duties owed to Plaintiff arising out of his investments with Defendants.  Defendants' Answer raises various defenses, including the affirmative defense for Sophisticated Investor.  Plaintiff now claims that he suffers from memory difficulty and various learning disabilities that impacted his ability to understand the investment transactions.

On April 25, 2019, Defendants issued subpoenas *duces tecum* to Armstrong & Associates Insurance Services ("Armstrong"), Brigham Young University School of Law ("B.Y.U."), University of California Berkeley ("U.C. Berkeley"), California Department of Insurance, and Dr. Daniel Cohen ("Dr. Cohen") with a production date of May 16, 2019.  [Declaration of Bradford G. Hughes ("Hughes Dec.") ¶11.]   Defendants also issued deposition subpoenas and related requests for production of documents on April 25, 2019 to Sean Boyd C.P.A, Susan Marshall, Todd Owen, Christian Morrow, and Vujadin Jovic.  [Hughes Dec. ¶ 12.]  The depositions of Sean Boyd, Susan Marshall, and Vujadin Jovic were set for May 16, 2019; and the depositions of Christian Morrow and Todd Owen were set for May 17, 2019.  [*Id.*]

On April 29, 2019, Plaintiff provided Defendants with a meet and confer letter, requesting that Defendants withdraw seven of the ten subpoenas in their entirety and limit the remaining subpoenas.  [Hughes Dec. ¶ 14, Ex. C.]  Specifically, Plaintiff requested that the subpoena to Armstrong & Associates in its entirety; limit the scope  of the subpoena to Sean

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

11

Boyd C.P.A. to exclude tax returns and bank records; withdraw the subpoenas to B.Y.U. and U.C. Berkeley in their entirety; withdraw the subpoena to the California Department of Insurance in its entirety; limit the scope of the subpoena to Dr. Cohen to documents pertaining to Plaintiff's memory and/or any impairment thereof; withdraw the deposition subpoenas to Vujadin Jovic, Susan Marshall, and Christian Morrow in their entirety; and limit the scope of the deposition subpoena to Todd Owen to documents and communications pertaining to the sub-prime automobile loan business giving rise to this action.  [*Id*.]

Defendants responded to Plaintiff's meet and confer letter on May 3, 2019.  [Hughes Dec. ¶ 15, Ex. D.]  Defendants agreed to narrow the scope of the subpoena issued to Dr. Cohen to seek ***only*** documents pertaining to Plaintiff's memory and dyslexia.  [*Id*.]  Defendants declined to withdraw the remaining subpoenas, ***although the defendants have limited the scope of the subpoenas***.  [*Id*.]  Defendants did not receive a response to the May 3, 2019 letter.  [*Id*.]

On May 1, 2019, Sean Boyd and Susan Marshall served objections to their subpoenas for depositions and related requests for production of documents.  [Hughes Dec. ¶ 16.]  Defendants had been unable to effectuate service upon these deponents at that time, and have been unable to effectuate service through the present date.  [*Id*.]  On May 2, 2019, Armstrong & Associates served objections to its subpoena *duces tecum*.  [Hughes Dec. ¶ 17.]  On May 7, 2019, Plaintiff filed the instant Motion for Protective Order and Motion to Quash.  [Hughes Dec. ¶ 18.]

The parties conferred telephonically regarding these motions on May 15, 2019.  [Hughes Dec. ¶ 19.]  During the conference, Defendants agreed to:

(1) Withdraw and re-serve the subpoena to Dr. Daniel Cohen to limit the production of documents to those pertaining to Plaintiff's memory condition, dyslexia, and any other learning disability;

(2) Exclude Plaintiff's tax returns from the subpoena to Sean Boyd, Plaintiff's accountant;

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

12

(3) Narrow the subpoena to Susan Marshall to exclude from production divorce records pertaining to child custody matters and instead seek only financial records;

(4) Narrow the subpoena to Armstrong & Associates such that the materials sought did not include any proprietary information of the company, exclude any customer lists or information; and

(5) Limit the subpoena to Todd Owen to exclude any customer information and trade secret information that he could possibly have that is unrelated to this investment.  [Hughes Dec. ¶ 19(a)-(d).]

Plaintiff declined these concessions, and no agreement was reached as to any of the subpoenas.  [Hughes Dec. ¶ 20.]

During the May 15, 2019 telephonic conference, the parties also discussed the objections served by Sean Boyd, Susan Marshall, and Armstrong & Associates.  [Hughes Dec. ¶ 21.]  In this conversation, Plaintiff's counsel stated that she did not prepare the objections served by any of these subpoena-deponents.  [*Id.*]  Plaintiff's counsel, however, stated that she provided Plaintiff with a template for objections.  [*Id.*]  She further stated that she saw text messaged between Plaintiff and Ms. Marshall regarding this matter.  [*Id.*]

**B.     It Is Improper to Grant a Protective Order Precluding a Subpoena When the Moving Party Has Failed to Show Good Cause.**

**1.     The moving party bears the burden to demonstrate good cause for a protective order.**

It is well established that the scope of discovery is broad.  Each party to an action has the right to discover all relevant information pertaining to any claim or defense raised by any party, as well as the overall credibility of any witness and proportional to the needs of the case.  FED. R. CIV. PROC. 26(b)(1).  This includes information that a party may use to support its denial or rebuttal of the claims or defenses of another party.  See ADV. COMM. NOTES TO 2000 AMENDMENT TO FRCP 26(b)(1).

Protective orders may be granted when there exists "good cause" to protect a party of

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

13

person from annoyance, embarrassment, oppression, or undue burden or expense.  FED. R. CIV.
PROC. 26(c)(1).  The party moving for a protective order bears the burden of demonstrating
good cause, and must do so by showing that a specific prejudice or harm will result if no
protective order is granted.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
1210-1211 (9th Cir. 2002); *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th
Cir. 2003).  Broad allegations of harm, unsubstantiated by specific examples or articulated
reasoning, do not satisfy the Rule 26(c) test.  *Foltz*, 331 F.3d at 1130 (internal quotes omitted).
Indeed, the moving party must articulate "specific facts" showing a particular and specific need
for the order.  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

   **2.**  **Plaintiff has failed to demonstrate good cause for a protective order.**

  Plaintiff has failed to meet his burden of demonstrating specific facts to show good cause
for the issuance of a protective order.  In fact, Plaintiff's motion is based solely on broad
allegations, devoid of any facts (specific or otherwise) or legal authorities whatsoever to
demonstrate annoyance, embarrassment, oppression, or undue burden or expense.  Such
unsupported conclusory allegations of harm are insufficient to warrant a protective order.  *Foltz*,
supra, 331 F.3d at 1130.

  In the 3-5 lines of argument Plaintiff affords each Subpoena, Plaintiff cites no law and
states no facts to show how any subpoena causes annoyance, embarrassment, oppression, or
undue burden or expense either to Plaintiff, or to the party to whom the subpoena is issued.  On
their face the statements in the Motion are insufficient and fall grossly short of the particularity
requirement for protective orders.

  Ultimately, Plaintiff is unable to meet his burden because the subpoenas at issue do not
result in the need to protect any party or person from annoyance, embarrassment, oppression, or
undue burden or expense.  Each and every subpoena issued seeks relevant information for a
legitimate purpose, proportionate to the claims at issue, and well within the scope of appropriate
discovery, that will allow Defendants to adequately litigate their position.

   **3.**  **The Armstrong & Associates records are relevant to Plaintiff's claim
that he was an unsophisticated investor.**

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order
Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates
Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen,
Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen
14

The subpoena to Armstrong & Associates is relevant to Plaintiff's claim that he was an unsophisticated investor and is proportional to the issues at stake in the action and the amount in controversy.  Throughout this litigation, wherein Plaintiff seeks hundreds of thousands of dollars in damages arising from eighteen (18) causes of action, Plaintiff has repeatedly characterized himself as merely an active investor in DPG Investments, with little expertise.  [Hughes Dec., Ex. "A, " Deposition of John Marshall ("Marshall Depo." 30:24-31:9, 266:23-267:19.] Nonetheless, he included a "J.D." designation in his signature block and made representations that he was an experienced businessman when recruiting potential investors for DPG and its subsidiaries.  [Hughes Dec., Ex. "A," Marshall Depo. 19:16-20:10, 70:24.]  Plaintiff himself has raised the issue of whether or not he is a sophisticated investor.  Further, Plaintiff utilized his professional e-mail account for nearly every communication with Defendants regarding the investments underlying the his Complaint.  [Hughes Dec., Ex. "A, " Marshall Depo. 70:24-72:7, 207:15-25; 257:23-258:22.]

The subpoena to Plaintiff's employer seeks records of Plaintiff's employment as a licensed commercial insurance broker, including personnel records, disciplinary records, and any records of misuse of company resources.  Such employment records will demonstrate whether or not Plaintiff was truly a sophisticated investor by evidencing the extent of his business, any training or expertise he may have.  Moreover, despite Plaintiff's baseless contention that this subpoena is intended only to annoy, embarrass, harass, or unduly burden, the fact remains that Plaintiff brought his place of employment and potential information therein within the scope of his claim by utilizing his professional e-mail account for nearly all correspondence pertaining to investments, thereby waiving any purported privacy concerns.  Because the information sought is relevant to Plaintiff's own claim that he was an unsophisticated investor, his experience in commercial and financial matters, and his own testimony that he was unaware of the risk he undertook, the Motion for Protective Order should be denied.

**4.    Plaintiff failed to include the required certification of good faith meet and confer.**

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

15

Federal Rules of Civil Procedure Rule 26(c)(1) make clear that a motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Plaintiff's Motion, which is not supported by a Declaration, exhibits, or any evidence whatsoever, is further silent as to any effort regarding a good faith meet and confer.  Simply put, Plaintiff is unable to state he met and conferred in good faith as the basis for the Motion is to inhibit lawful discovery.  The Motion is conspicuously silent as to any offers of limitations made by Defendants, clearly evidencing Plaintiff's bad faith in bringing the instant Motion.

## II.    <u>SEAN BOYD</u>

The subpoena to Sean Boyd, CPA seeks his attendance and testimony at deposition, and the following documents:

Specifically, the subpoena to testify at a deposition issued to Sean Boyd requests the following documents:

"1.    All DOCUMENTS and CORRESPONDENCE regarding, referring, or relating to any and all INVESTMENT opportunities YOU discussed with PLAINTIFF in the last ten (10) years.

2.    All DOCUMENTS and CORRESPONDENCE memorializing any and all INVESTMENT opportunities entered into by PLAINTIFF in the last (10) years, any payments thereof, and any resulting profits or losses.

3.    All DOCUMENTS and CORRESPONDENCE memorializing the financial status of any and all INVESTMENTS entered into by PLAINTIFF in the last ten (10) years, including but not limited to bank statements, income statements, balance sheets, statements of cash flows, and profit and loss statements.

4.    All DOCUMENTS and CORRESPONDENCE memorializing any and all monetary transactions by PLAINTIFF in the last ten (10) years related or pertaining to his INVESTMENTS, including but not limited to transfers of funds, deposits, and withdrawals.

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

16

5.      All DOCUMENTS memorializing any testimony YOU gave in any investigatory, administrative, or legal proceeding, including but not limited to testimony at depositions, hearings, and trials, in the last ten (10) years regarding, referring, or relating to PLAINTIFF.

6.      All DOCUMENTS memorializing any testimony PLAINTIFF gave in any investigatory, administrative, or legal proceeding, including but not limited to testimony at depositions, hearings, and trials, in the last ten (10) years regarding, referring, or relating to YOU.

7.      All DOCUMENTS and CORRESPONDENCE between YOU and the United States Securities and Exchange Commission in the last ten (10) years regarding, referring, or relating to PLAINTIFF, including but not limited to any complaints, investigations, and any investigative reports or findings.

8.      All DOCUMENTS and CORRESPONDENCE between YOU and the United States Securities and Exchange Commission in the last ten (10) years regarding, referring, or relating to any of the following individuals and entities: Daniel Galvanoni; DPG Investments, LLC; DPG Golden Eagle, LLC; Spring Tree Lending, LLC; Sprint Tree Holdings, LLC; Spring Tree Financial, LLC; Skibo Holdings, LLC; and American Credit Acceptance.

9.      All DOCUMENTS and CORRESPONDENCE between YOU and the Federal Bureau of Investigation or any other LAW ENFORCEMENT in the last ten (10) years regarding, referring, or relating to PLAINTIFF, including but not limited to any complaints, investigations, and any investigative reports or findings.

10.      All DOCUMENTS and CORRESPONDENCE between YOU and the Federal Bureau of Investigation or any other LAW ENFORCEMENT in the last ten (10) years regarding, referring, or relating to any of the following individuals and entities: Daniel Galvanoni; DPG Investments, LLC; DPG Golden Eagle, LLC; Spring Tree Lending, LLC; Sprint Tree Holdings, LLC; Spring Tree Financial, LLC; Skibo Holdings, LLC; and American Credit Acceptance.

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

17

11.    All DOCUMENTS and CORRESPONDENCE between YOU and PLAINTIFF in the last ten (10) years regarding, referring, or relating to any of the following individuals and entities, including any employee thereof: Daniel Galvanoni; Wesley Anderson; William Brooksbank; Jerome (Joe) Joseph; Gerald Hudspeth; DPG Investments, LLC; DPG Golden Eagle, LLC; Spring Tree Lending, LLC; Spring Tree Holdings, LLC; Spring Tree Financial, LCC; Skibo Holdings, LLC; and American Credit Acceptance.

12.    All DOCUMENTS and CORRESPONDENCE between YOU and Daniel Galvanoni in the last ten (10) years regarding, referring, or relating to any INVESTMENT opportunities.

13.    All DOCUMENTS and CORRESPONDENCE between YOU and Daniel Galvanoni in the last ten (10) years regarding, referring, or relating to any and all of the following entities: DPG Investments, LLC; DPG Golden Eagle, LLC; Spring Tree Lending, LLC; Spring Tree Holdings, LLC; Spring Tree Financial, LCC; Skibo Holdings, LLC; and American Credit Acceptance.

14.    Any and all CORRESPONDENCE between YOU and any PERSON regarding, referring, or relating to the present litigation, including but not limited to the Law Offices of Melinda Jane Steuer and any employee or agent thereof.

15.    All DOCUMENTS YOU provided to the Law Offices of Melinda Jane Steuer, or any employee or agent thereof regarding, referring, or relating to the present litigation."

## **PLAINTIFF'S ARGUMENTS**

### **A.    Summary of Grounds for a Protective Order**

Plaintiff seeks a protective order limiting the scope of the deposition subpoena to Plaintiff's accountant, Sean Boyd, so as to preclude inquiry into Plaintiff's tax returns and/or bank records, on the grounds that Plaintiff's tax returns and bank records are privileged and confidential under California law, pose an undue burden as such information is not relevant to Plaintiff's claims, and is duplicative of other information and documents already provided by

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

18

Plaintiff.  Mr. Boyd has served objections to the deposition subpoena on similar grounds.  (Exhs. 14 & 16 to Steuer Decl.)

In addition, Plaintiff seeks an order requiring defense counsel to meet and confer with Plaintiff's counsel in good faith regarding the dates and times of depositions prior to issuing subpoenas.  The requested order is necessary because Plaintiff's counsel is a sole practitioner and there is nobody else who can represent Plaintiff at these depositions in her stead, defense counsel failed to meet and confer with Plaintiff's counsel about deposition dates prior to issuing the deposition subpoenas at issue, and defense counsel told Plaintiff's counsel that he was not required to meet and confer with her about deposition dates.  (Steuer Decl. ¶ 7)

**B.    Legal Discussion**

F.R.C.P. Rule 26(c) allows the court to enter parameters with respect to depositions, including timing, location, subject matter and/or cancellation.  (F.R.C.P. Rule 26(c); *Gadbury v. GMRI, Inc.,* 2009 U.S. Dist. LEXIS 68748 at *4 (D. Kan. 2009).)  The court has broad discretion to forbid certain discovery, specify terms and conditions for the conduct of discovery, and limit the scope of disclosure or discovery to certain matters.  (F.R.C.P. Rule 26(c)(1).)

Here, Plaintiff is seeking a minor limit on the scope of Mr. Boyd's deposition to preclude inquiry with respect to Plaintiff's tax returns and bank records, which are privileged under California law.

In diversity cases such as this, questions of privilege are controlled by California state law.  (*In Re California Public Utilities Com'n,* 892 F.2d 778, 781 (9th Cir. 1989); *Otto v. Abott Labs, Inc.*, 2013 U.S. Dist. LEXIS 198045 at *5 (C.D. Cal. 2013).)  Tax returns are privileged under California law.  (*Schnabel v. Superior Court,* 5 Cal.4th 704, 718-721; *Weingarten v. Superior Court*, 102 Cal. App.4th 268, 274 (2002).)  A Plaintiff's claim for damages is insufficient to overcome the tax return privilege.  (*Palacios v. Ameriwood Indus., Inc.,* 2015 U.S. Dist. LEXIS 163837 at *5-8 (N.D. Cal. 2015).)

Further, under California law, bank records are protected by a right to privacy which requires a compelling showing of relevance.  (*Valley Bank of Nevada v. Superior Court,* 15 Cal.3d 652, 656-658 (1975).)

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

19

Here, Defendants' document requests to Mr. Boyd include Plaintiff's tax returns and bank records because the subpoena seeks all financial records pertaining to Plaintiff without limitation, and because Plaintiff's tax returns and/or bank records contain information regarding Plaintiff's investments and the status thereof.  As discussed above, such records, and testimony pertaining to such records, are privileged.  Such testimony is also not relevant or necessary.  As Defendants acknowledge, Plaintiff has testified about his other investments and produced records pertaining to those investments.  Plaintiff has also agreed to produce additional records which will show his other investments and their status, subject to a protective order.  Exh. 2 to Steuer Decl.)  In short, Defendants do not need to ask Plaintiff's CPA about the contents of Plaintiff's tax returns or bank records to ascertain the nature and amount of Plaintiff's other investments. Further, Plaintiff has not alleged that he lacked the financial resources to make the investments at issue, or that he was incapable of evaluating the proposed investments into Defendants sub-prime automobile loan business, but rather that he was misled about them.

Defendants' assertion that they need to ask Mr. Boyd about Plaintiff's tax returns and bank records in order to determine the source of the monies he invested is equally unmeritorious. The source of Plaintiff's monies has no bearing on the Plaintiff's claims that Defendants defrauded him, breached fiduciary duties, and failed and refused to secure his investments or return any of his money, or any of Plaintiff's other claims.  Further, Mr. Boyd can testify about the sources of Plaintiff's assets, to the extent he has such information, without revealing the contents of Plaintiff's tax returns and bank records.

Defendants' waiver argument lacks any valid basis.  Plaintiff did not provide Defendants with his actual tax returns or bank records.  Accordingly, he has not waived any privileges with respect to those documents.

Lastly, Defendants' assertion that they agreed to exclude Plaintiff's tax returns is not accurate.  Defense counsel stated only that they would discuss amongst themselves whether to exclude portions of Plaintiff's tax returns and get back to Plaintiff about that at some unspecified time. (Steuer Decl. ¶ 17)  This motion also remains necessary and appropriate as to Mr. Boyd, in any event, because Defendants have refused to exclude bank records and because Defendants

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

20

have not withdrawn nor modified the subpoena to Mr. Boyd to exclude the tax returns, nor sent moving counsel any writing indicating that they have advised Mr. Boyd of this exclusion. (Steuer Decl. ¶ 17)

## DEFENDANTS' ARGUMENTS

**A.     It Is Improper to Grant a Protective Order Precluding a Subpoena When the Moving Party Has Failed to Show Good Cause.**

**1.     Plaintiff has failed to meet his burden of demonstrating good cause for the protective order, and has further failed to include the required certification of good faith meet and confer.**

Defendants rely on the same legal authorities discussed in arguments pertaining to the subpoena to Armstrong & Associates to support the present argument.

**i.     The documents sought from Sean Boyd pertain to Plaintiff's sophistication as an investor.**

The Motion for Protective Order should be denied because the subpoena to Sean Boyd is , are relevant and proportional to the parties' claims and defenses because the bank records bear on Plaintiff's sophistication as an investor and Plaintiff's source of funds for the alleged subject investments.  This subpoena seeks the production of financial information evidencing Plaintiff's _investment_ history.   The records sought are relevant to Plaintiff's claims that he is an unsophisticated investor because the information will confirm or refute the claims that Plaintiff is not a high-net-worth investor who is considered to have depth of experience and market knowledge of commercial and financial issues.  Plaintiff served discovery responses in which he identified prior investments that he made and he testified as to prior investments and commercial transactions in which he participated.  The nature and scope of his financial affairs are thus relevant to Plaintiff's purported lack of sophistication, as this information bears on whether Plaintiff had sufficient knowledge and experience in commercial transactions to evaluate the risks and merits of his alleged investments.  Moreover, the financial records sought by this subpoena are relevant to establishing the source of several of Plaintiff's investments with

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

21

1   Defendant DPG Investments, which Plaintiff was unable to recall in his deposition.  [Hughes
2   Dec., Ex. "A, " Marshall Depo. 131:8-132:15, 240:10-242:24, 254:3-5.]

3       On balance these documents outweigh any alleged privacy interest Plaintiff may have.
4   Moreover, Plaintiff waived his privacy rights when he disclosed his bank and tax information to
5   Defendants on the Personal Financial Statement he prepared, as well as during the course of this
6   litigation.

7       Plaintiff's position that the subpoena seeks privileged tax returns is wholly improper and
8   in bad faith as to Defendants' agreement in the meet and confer process that they would limit the
9   scope of the subpoena so as to exclude tax returns, in order to address Plaintiff's alleged
10  confidentiality concern.  [Hughes Dec., ¶ 19.]  Plaintiff's bad faith in bringing the instant motion
11  is further evidenced by Plaintiff asserting that the documents sought are irrelevant, but have also
12  already been produced by Plaintiff.  Indeed, Plaintiff concedes the relevance of these documents
13  when he claimed that the documents sought are "duplicative."  [Plaintiff's Motion, 2:8-9.]
14  Because Plaintiff concedes the documents are relevant and not privileged, and inasmuch as
15  Plaintiff has failed to allege any specific harm, the motion should be denied.

16

17  **III.   SUBPOENAS DUCES TECUM TO BRIGHAM YOUNG UNIVERSITY AND
18  UNIVERSITY OF CALIFORNIA-BERKELEY**

19      The subpoena *duces tecum* to Brigham Young University requests the following
20  documents: "All academic and disciplinary records of or relating to John Marshall (J.D., attended
21  from 1986-1989) in your possession, custody, or control."  The subpoena issued to the
22  University of California, Berkeley requests the following documents: "All academic and
23  disciplinary records of or relating to John Marshall (B.A. International Finance, attended from
24  1982-1986) in your possession, custody, or control."

25                          **PLAINTIFF'S ARGUMENTS**

26  **A.    Summary of Grounds for a Protective Order**

27  Plaintiff seeks a protective order limiting the scope of the subpoenas duces tecum issued

28

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order
Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates
Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen,
Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen
22

to the college he attended (University of California-Berkeley) and the law school he attended (Brigham Young University), to limit the scope of the subpoenas to documents sufficient to identify the names of the classes Plaintiff took, on the grounds that the other documents sought by Defendants are privileged and confidential under California law, are not relevant to Plaintiff's claims, and are being sought to embarrass and harass Plaintiff.   In addition, the subpoenas are overly broad.

### B.    Legal Discussion

In *Hendricks, supra,* the court held that a subpoena issued to the Plaintiffs' former colleges and universities for any and all educational records pertaining to Plaintiff sought material which was confidential and irrelevant, and that the subpoenas were overly broad. (*Hendricks, supra,* 275 F.R.D. at at 254-256.)    The same is true here.   Plaintiff's disciplinary and academic records from over thirty years ago have no relevance to this investment dispute pertaining to investments he made in 2015 and 2016.  Defendants' requests for such records are an unwarranted invasion of Plaintiff's privacy rights.   Further, Defendants do not need Plaintiff's academic records to assert Plaintiff's education as a defense to their wrongdoing, because there is no dispute regarding the degrees Plaintiff earned or the dates he earned them.

Plaintiff does not believe that any of his coursework is relevant to this case.  However, as an accommodation to Defendants, moving counsel has proposed modifying the subpoenas to limit their scope to identification of the courses Plaintiff took.  (Steuer Decl. ¶ 18)  Plaintiff's proposed modification is sufficient to show whether Plaintiff took any classes relating to the automobile sub-prime loan business, or any other pertinent topic, when he attended college and law school in the 1980's.

Defendants also assert that the subpoenas for Plaintiff's academic records will prove that Plaintiff is not dyslexic and that he is lying about his learning disability.  That is not the case. These subpoenas will not shed any light on the nature and extent of Plaintiff's learning disability because the institutions have not retained those records.  (Marshall Decl. ¶ 4; Exh. 2 to Marshall Decl.)  Likewise, such records will not show whether Plaintiff was given accommodations in school for his learning disabilities, or how those accommodations impacted his academic

performance.  (Marshall Decl. ¶ 4; Exh. 2 to Marshall Decl.)  Most importantly, the issues in this case relate to Defendants' fraud and misuse of Plaintiff's monies, and their refusal to comply with their agreements to pay Plaintiff back.  Plaintiff's learning disabilities have minimal to no impact on those issues.

In addition, Defendants assert that Plaintiff's fraud claims are based upon the existence of a written loan/investment agreement and that Plaintiff's academic records are relevant to show whether such an agreement existed.  Defendants' assertions are not accurate.  Plaintiff's fraud claims are based upon Defendants' verbal and written representations and omissions, not on a written contract.  Indeed, Plaintiff has not alleged a claim for breach of written contract. Moreover, Plaintiff's academic performance in the 1980's is plainly not relevant to the issue of whether Plaintiff entered into a written agreement with Defendants in 2015 and/or 2016.

Lastly, a protective order is warranted, in any event, because the subpoenas are overly broad on their face.  Specifically, the subpoenas seek all records pertaining to Plaintiff, without any limitation as to time frame or scope.

## DEFENDANTS' ARGUMENTS

**A.      It Is Improper to Grant a Protective Order Precluding a Subpoena When the Moving Party Has Failed to Show Good Cause.**

**1.      Plaintiff has failed to meet his burden of demonstrating good cause for the protective order, and has further failed to include the required certification of good faith meet and confer.**

Defendants rely on the same legal authorities discussed in arguments pertaining to the subpoena to Armstrong & Associates to support the present argument.

**i.      The subpoenas to B.Y.U. and U.C. Berkeley go to Plaintiff's sophistication and credibility.**

The subpoenas of Plaintiff's educational institutions are proper because they seek information directly related to Plaintiff's credibility and his sophistication as an investor. Plaintiff has claimed that he was not a sophisticated investor because he suffers from dyslexia and an unspecified memory condition.  [Hughes Dec., Ex. "A, " Marshall Depo. 72:9-10, 80:19-

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

24

22, 129:8-9, 176:9-11, 208:8-13, 208:25-209:1, 275:22-277:24, 307:12-25.]   Plaintiff stated in his deposition that he has suffered from dyslexia his entire life, including during his undergraduate and law school studies.   [Id.]   Despite these conditions, Plaintiff earned a bachelor's degree from Berkeley and a law degree from B.Y.U.   [Hughes Dec., Ex. "A, " Marshall Depo. 19:3-20:10, 231:15-23, 276:1-22.]   Plaintiff relied on his law degree, and the representation of sophistication, during the course of his professional career and investments by including a "J.D." designation within his professional e-mail signature block.   [Hughes Dec, Ex "A," Marshall Depo 19:16-20:10, 70:24.]

As Plaintiff concedes, the academic records from both BYU Law and UC Berkeley is relevant to establishing the extent of Plaintiff's legal knowledge and, ultimately, whether he was a sophisticated investor with knowledge of securities and/or contract law.   Plaintiff's academic performance in courses pertaining to securities law, business transactions, and tax law is likewise relevant as this is evidence that would refute or support Plaintiff's claim that he lacked sufficient knowledge to weigh potential risks and benefits of investment opportunities.   This information also goes to the overall credibility of Plaintiff's claims about the existence of a written loan/investment agreement with Defendants, which serves the basis for his fraud claims. Plaintiff's motion for protective order to limit the scope of these subpoenas must therefore be denied.

## IV.   **SUBPOENA DUCES TECUM TO DANIEL COHEN, M.D.**

The subpoena *duces tecum* to Dr. Daniel Cohen requests the following documents: "All documents and records pertaining to the care, treatment, and examination of JOHN MARSHALL (DOB: 11/05/1962, SS #: UNKNOWN), including but not limited to, any itemized statement of billing charges, sign-in sheets, inpatient and outpatient charts and records, emergency room and lab reports, pathology reports, prescription and pharmacy records, and any other records pertaining to JOHN MARSHALL, from the first date of treatment to and including the present. Billing records include, but are not limited to, any records/documents that may be stored digitally

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

25

and/or electronically: Charges, explanation of benefits, payments, adjustments, write-offs, balances due, insurance records, and itemized billing charges regarding any and all care, treatment, and/or examination pertaining to JOHN MARSHALL."

## PLAINTIFF'S ARGUMENTS

### A.   Summary of Grounds for a Protective Order

Plaintiff seeks a protective order limiting the scope of the subpoena duces tecum issued to his physician, Daniel C. Cohen, to documents pertaining to his memory and/or any impairment thereof, and/or to his dyslexia, on the grounds that Plaintiff's other medical records are privileged and confidential, have no relevance to any disputed issue in this matter, and are being sought to embarrass and harass Plaintiff.

### B.   Legal Discussion

During meet and confer discussions, defense counsel agreed at one point in the conversation to limit the scope of this subpoena to documents pertaining to Plaintiff's memory and dyslexia.  Moving counsel is agreeable to those proposed limitations.  This motion is not moot, however, because: 1) defense counsel also stated, in this same conversation, that they wished to obtain medical records relating to any depression suffered by Plaintiff and other unspecified medical records relating to Plaintiff's purported "anger" issues; and 2) defense counsel has not withdrawn the existing subpoena, nor issued a new modified subpoena, nor provided moving counsel with any writing indicating that they have informed Dr. Cohen or Kaiser Permanente of the proposed limitations.  (Steuer Decl. ¶ 16)  Further, Defendants' opposition also indicates that they wish to obtain medical records pertaining to other unspecified "issues of cognitive impairment".   Defendants do not indicate what those issues are nor why there is any reason to believe they exist.  Accordingly, an order modifying the subpoena to limit its scope to records pertaining to Plaintiff's memory and dyslexia is necessary and justified because those are the only medical conditions which Plaintiff has put into issue in this case. (*Otto, supra,* 2013 U.S. Dist. LEXIS 198045 at *4-5.)

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order
Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates
Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen,
Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

26

## DEFENDANTS' ARGUMENTS

**A.      It Is Improper to Grant a Protective Order Precluding a Subpoena When the Moving Party Has Failed to Show Good Cause.**

**1.      Plaintiff has failed to meet his burden of demonstrating good cause for the protective order, and has further failed to include the required certification of good faith meet and confer.**

Defendants rely on the same legal authorities discussed in arguments pertaining to the subpoena to Armstrong & Associates to support the present argument.

**i.      The records of Dr. Daniel Cohen are relevant to Plaintiff's credibility and claims of memory issues and dyslexia.**

The records sought from Dr. Daniel Cohen are relevant to Plaintiff's credibility and sophistication as an investor because Plaintiff testified that he suffers from memory issues and dyslexia that prevented him from understanding the nature and risks associated with investment opportunities.

During his deposition, Plaintiff repeatedly stated that he has difficulty reading and writing and with his memory and understanding of business transactions.  [Hughes Dec., Ex. "A," Marshall Depo. 72:9-10, 80:19-22, 129:8-9, 176:9-11, 208:8-13, 208:25-209:1, 213:25-214:15, 275:22-277:24, 304:15-305:15, 307:12-25.]  Plaintiff has alleged that he was merely an active investor with little understanding of the investment agreement he entered into with Defendants, Plaintiff's medical records are relevant to establishing Plaintiff's cognitive ability and ultimately speak to his sophistication as an investor.    Plaintiff's claim regarding privacy is untenable inasmuch as he himself has put his medical history and condition into the stream of litigation and identified Dr. Cohen as the only medical provider with whom he has sought treatment for these conditions.    Moreover, Defendants have repeatedly agreed to limit the scope of this subpoena, in both their written response to Plaintiff's meet and confer letter on May 3, 2019 and in the telephonic conference on May 15, 2019, to include only records pertaining to Plaintiff's memory condition, dyslexia, and issues of cognitive impairment, which is what is sought by this improper

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

27

Motion. [Plaintiff's Motion, 2: 20-21.]  Plaintiff's motion is not brought in good faith, lacks substantial justification, and is moot in light of Defendants' prior agreement to modify.

## V.    DEPOSITION SUBPOENA TO VUJADIN JOVIC

Defendants' deposition subpoena to Vujadin Jovic seeks his attendance and testimony at deposition, and the following documents:

1.      All DOCUMENTS and CORRESPONDENCE regarding, referring, or relating to any and all INVESTMENT opportunities discussed and/or actually entered into between YOU and PLAINTIFF in the last ten (10) years.

2.      All DOCUMENTS and CORRESPONDENCE memorializing any and all INVESTMENT agreements entered into between YOU and PLAINTIFF in the last ten (10) years, any payments thereof, and any resulting profits or losses.

3.      All DOCUMENTS and CORRESPONDENCE memorializing the financial status of any and all INVESTMENTS entered into between YOU and PLAINTIFF in the last ten (10) years, including but not limited to bank statements, income statements, balance sheets, statements of cash flows, and profit and loss statements.

4.      All DOCUMENTS and CORRESPONDENCE memorializing any and all monetary transactions between YOU and PLAINTIFF in the last ten (10) years, including but not limited to transfers of funds, deposits, and withdrawals.

5.      All DOCUMENTS memorializing any testimony YOU gave in any investigatory, administrative, or legal proceeding, including but not limited to testimony at depositions, hearings, and trials, in the last ten (10) years regarding, referring, or relating to PLAINTIFF.

6.      All DOCUMENTS memorializing any testimony PLAINTIFF gave in any investigatory, administrative, or legal proceeding, including but not limited to testimony at depositions, hearings, and trials, in the last ten (10) years regarding, referring, or relating to YOU.

7.      All DOCUMENTS and CORRESPONDENCE between YOU and the United States Securities and Exchange Commission in the last ten (10) years regarding, referring, or

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

28

relating to PLAINTIFF, including but not limited to any complaints, investigations, and any investigative reports or findings.

8.     All DOCUMENTS and CORRESPONDENCE between YOU and the United States Securities and Exchange Commission in the last ten (10) years regarding, referring, or relating to any of the following individuals and entities: Daniel Galvanoni; DPG Investments, LLC; DPG Golden Eagle, LLC; Spring Tree Lending, LLC; Sprint Tree Holdings, LLC; Spring Tree Financial, LLC; Skibo Holdings, LLC; and American Credit Acceptance.

9.     All DOCUMENTS and CORRESPONDENCE between YOU and the Federal Bureau of Investigation or any other LAW ENFORCEMENT in the last ten (10) years regarding, referring, or relating to PLAINTIFF, including but not limited to any complaints, investigations, and any investigative reports or findings.

10.     All DOCUMENTS and CORRESPONDENCE between YOU and the Federal Bureau of Investigation or any other LAW ENFORCEMENT in the last ten (10) years regarding, referring, or relating to any of the following individuals and entities: Daniel Galvanoni; DPG Investments, LLC; DPG Golden Eagle, LLC; Spring Tree Lending, LLC; Sprint Tree Holdings, LLC; Spring Tree Financial, LLC; Skibo Holdings, LLC; and American Credit Acceptance.

11.     All DOCUMENTS and CORRESPONDENCE between YOU and PLAINTIFF in the last ten (10) years regarding, referring, or relating to any of the following individuals and entities, including any employee thereof: Daniel Galvanoni; Wesley Anderson; William Brooksbank; Jerome (Joe) Joseph; Gerald Hudspeth; DPG Investments, LLC; DPG Golden Eagle, LLC; Spring Tree Lending, LLC; Spring Tree Holdings, LLC; Spring Tree Financial, LCC; Skibo Holdings, LLC; and American Credit Acceptance.

12.     All DOCUMENTS and CORRESPONDENCE between YOU and Daniel Galvanoni in the last ten (10) years regarding, referring, or relating to any INVESTMENT opportunities.

13.     All DOCUMENTS and CORRESPONDENCE between YOU and Daniel Galvanoni in the last ten (10) years regarding, referring, or relating to any and all of the following entities: DPG Investments, LLC; DPG Golden Eagle, LLC; Spring Tree Lending,

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

29

LLC; Spring Tree Holdings, LLC; Spring Tree Financial, LCC; Skibo Holdings, LLC; and American Credit Acceptance.

14.     Any and all CORRESPONDENCE between YOU and any PERSON regarding, referring, or relating to the present litigation, including but not limited to the Law Offices of Melinda Jane Steuer and any employee or agent thereof.

15.     All DOCUMENTS YOU provided to the Law Offices of Melinda Jane Steuer, or any employee or agent thereof regarding, referring, or relating to the present litigation.

## PLAINTIFF'S ARGUMENTS

### A.     Summary of Grounds for a Protective Order

Plaintiff seeks a protective order limiting the scope of inquiry as to the deposition subpoena to Vujadin Jovic to the dates, amounts and terms of the investments Plaintiff made through Mr. Jovic, and/or to any information, documents and/or communications between Mr. Jovic and the Defendants herein, and/or related to the investments in Defendants' automobile sub-prime loan business which are at issue in this litigation.   Plaintiff does not believe Mr. Jovic ever communicated with the Defendants or had any involvement in the investments at issue.  Defendants have not presented any evidence that he did.

This order is sought on the grounds that the other documents and information sought by Defendants is privileged and confidential personal financial information of Plaintiff that is not relevant to this matter, and is also protected by the settlement communications and/or mediation privileges.  The subpoena to Mr. Jovic is also overly broad. Plaintiff reasonably believes that Mr. Jovic is being subpoenaed to harass Plaintiff and to stir up animosity between Plaintiff and Mr. Jovic.   (Marshall Decl. ¶ 19)

### B.     Legal Discussion

Where, as here, a subpoena seeks the entirety of a Plaintiff's financial records without limitation, a protective order limiting the scope of the subpoena is appropriate and justified.  (See e.g. *Barkley v. Cal. Corr. Health Care Servs.,* 2017 U.S. Dist. LEXIS 67017 at *5 (E.D. Cal. 2017) [holding that requests in third party subpoenas for any and all communications sent to or received from the Plaintiff were not reasonably limited in scope and were not relevant to the

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christine Morrow & Todd Owen

30

Plaintiff's civil rights claims]; *AMG Servs., supra,* 291 F.R.D. at 553-554 [granting a protective order which limited the scope of the subpoenas to the specific types of loans that were at issue, and the time frame of the subpoenas to one year prior and one year after the loans at issue]; *Moon, supra,* 232 F.R.D. at 637-638 [holding that a subpoena to a third party which sought all documents over a period of ten years or greater relating to the Defendant and the third party regarding pool winter covers was overbroad on its face and exceeded the bounds of fair discovery because they sought information over a ten year or greater period and sought information regarding all pool winter covers, not just those in the region at issue].)

Here, Defendants have subpoenaed all documents, correspondence and financial records between Plaintiff and Mr. Jovic, without any limitation as to scope or time. Plaintiff has already agreed to produce the investment agreements that he and Fortam LLC (an entity owned by Plaintiff) made with Mr. Jovic, subject to a protective order. (Exh. 1 to Steuer Decl.) Those investment agreements are sufficient to show the nature, dates, extent, and amounts of the real estate investments that Plaintiff and/or Fortam LLC made with Mr. Jovic. These documents will also show whether Plaintiff and/or Fortam LLC considered themselves to be lenders or investors, and whether Plaintiff executed written agreements regarding these investments. Plaintiff does not consider such documents to be relevant, but has agreed to produce them in order to reasonably accommodate Defendants.

Likewise, the production of the documents specified above moots any need to take Mr. Jovic's deposition. However, in a further effort to accommodate Defendants, Plaintiff has proposed that the scope of Mr. Jovic's deposition be limited to the dates, amounts, and terms of Plaintiff's investments with Mr. Jovic. (Steuer Decl. ¶ 19) This proposed limitation would provide Defendants with the information they claim is relevant to the extent it is not apparent from the face of the investment agreements. Defendants have refused to agree to any limitation on the scope of Mr. Jovic's deposition. (Steuer Decl. ¶ 19)

A limitation on the scope of Mr. Jovic's deposition is warranted because the scope of the documents Defendants have subpoenaed from him goes far beyond what could conceivably be relevant. Defendants have demanded all documents, correspondence and financial records of

any kind between Plaintiff and Mr. Jovic.  As the authorities above hold, Defendants' blanket demand for all communications between Plaintiff and Mr. Jovic pertaining to investments is plainly overbroad.

That is especially true here, because the investments that Fortam LLC and Plaintiff made with Mr. Jovic are direct investments in commercial buildings and rental properties. Accordingly, the responsive documents and information includes many thousands of documents relating to tenants, building improvements, environmental issues, lawsuits, accountings, construction issues and multiple other issues that are not relevant to this investment fraud dispute.  Responsive information also includes personal financial and bank records of Plaintiff and of third parties who were involved in the same investments as Plaintiff, as well as confidential information pertaining to tenants.  (Marshall Decl. ¶ 19)  Further, since approximately 2017, Mr. Jovic and Plaintiff, often through counsel, have been attempting to unwind their relationship and resolve financial issues pertaining to those investments.  (Marshall Decl. ¶ 19)  Consequently, many of the communications and records Defendants have demanded are covered by the settlement communications privilege, mediation privilege and/or attorney-client privilege.  (Marshall Decl. ¶ 19)  The communications at issue also include other personal information that is unrelated to the terms of the specific investments.  (Marshall Decl. ¶ 19) None of the foregoing information is relevant to any issue in this case.

Compliance with the subpoena to Mr. Jovic would also impose an undue burden upon Plaintiff because he would need to review every page of every document to ascertain whether it contained privileged or confidential information pertaining to himself or third parties.  As discussed above, the responsive documents are many thousands of pages.  The burden of reviewing them all for privileged or confidential information would also be particularly onerous for Plaintiff because he has difficulty reading due to his dyslexia.  (Marshall Decl. ¶ 4)

## DEFENDANTS' ARGUMENTS

**A.      It Is Improper to Grant a Protective Order Precluding a Subpoena When the Moving Party Has Failed to Show Good Cause.**

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

32

**1.     Plaintiff has failed to meet his burden of demonstrating good cause for the protective order, and has further failed to include the required certification of good faith meet and confer.**

Defendants rely on the same legal authorities discussed in arguments pertaining to the subpoena to Armstrong & Associates to support the present argument.

**i.     The testimony of investment partner Vujadin Jovic is relevant to Plaintiff's sophistication as an investor.**

The investment records sought from Vujadin Jovic are relevant and proportional to the parties' claims and defenses because the nature and extent of Plaintiff's prior investments, financial transactions, and business dealings bears on his sophistication as an investor.

Plaintiff admits that he lost money during an investment with Mr. Jovic.  [Hughes Dec., Ex. "A, " Marshall Depo. 298:18-299:24.]  The testimony and documents sought from Mr. Jovic pertaining to their investment relationship, are therefore relevant to establishing the nature and extent of Plaintiff's prior investments, including his involvement in business funding, whether he considered himself a lender or investor, whether he could weigh the risks and benefits of investment opportunities, and whether he executed agreements in those ventures.   This information all goes directly to the weight and credibility of Plaintiff's contentions regarding his lack of sophistication in investments.

Moreover, Plaintiff concedes the relevance of the information sought as he identified his prior investments with Mr. Jovic and stated he would produce such documents. [Hughes Dec., ¶ 13.]  Notwithstanding his representation, Plaintiff has failed to produce any such documents, and now instead seeks to further avoid Defendants' discovery of the information through third party depositions.  Because records and information regarding prior investments pertains to Plaintiff's investing experience and sophistication as an investor, Plaintiff's Motion to quash the Subpoena to Mr. Jovic should be denied.

**VI.     DEPOSITION SUBPOENA TO SUSAN MARSHALL**

Defendants have issued a deposition subpoena to Plaintiff's ex-wife, Susan Marshall,

which also seeks the following documents:

1. All DOCUMENTS and CORRESPONDENCE regarding, referring, or relating to any and all INVESTMENT opportunities discussed and/or actually entered into between YOU and PLAINTIFF.

2. All DOCUMENTS and CORRESPONDENCE memorializing any and all INVESTMENT agreements entered into between YOU and PLAINTIFF, any payments thereof, and any resulting profits or losses.

3. All DOCUMENTS and CORRESPONDENCE memorializing the financial status of any and all INVESTMENTS entered into between YOU and PLAINTIFF, including but not limited to bank statements, income statements, balance sheets, statements of cash flows, and profit and loss statements.

4. All DOCUMENTS and CORRESPONDENCE memorializing any and all monetary transactions related to any INVESTMENTS entered into between YOU and PLAINTIFF, including but not limited to transfers of funds, deposits, and withdrawals.

5. All DOCUMENTS and CORRESPONDENCE memorializing any monetary transfers from bank accounts YOU shared with PLAINTIFF, including bank accounts in the names of YOUR children, to any of the following individuals and entities: PLAINTIFF; Daniel Galvanoni; DPG Investments, LLC; DPG Golden Eagle, LLC; Spring Tree Lending, LLC; Sprint Tree Holdings, LLC; Spring Tree Financial, LLC; Skibo Holdings, LLC; and American Credit Acceptance.

6. All DOCUMENTS memorializing any testimony YOU gave in any investigatory, administrative, or legal proceeding, including but not limited to testimony at depositions, hearings, and trials, regarding, referring, or relating to any of PLAINTIFF'S INVESTMENTS.

7. All DOCUMENTS contained in the court file pertaining to YOUR divorce from PLAINTIFF.

8. All DOCUMENTS and CORRESPONDENCE between YOU and the United States Securities and Exchange Commission regarding, referring, or relating to PLAINTIFF, including but not limited to any complaints, investigations, and investigative reports or findings.

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

34

9.      All DOCUMENTS and CORRESPONDENCE between YOU and the United States Securities and Exchange Commission regarding, referring, or relating to any of the following individuals and entities: Daniel Galvanoni; DPG Investments, LLC; DPG Golden Eagle, LLC; Spring Tree Lending, LLC; Sprint Tree Holdings, LLC; Spring Tree Financial, LLC; Skibo Holdings, LLC; and American Credit Acceptance.

10.     All DOCUMENTS and CORRESPONDENCE between YOU and the Federal Bureau of Investigation or any other LAW ENFORCEMENT regarding, referring, or relating to PLAINTIFF, including but not limited to any complaints, investigations, and investigative reports or findings.

11.     All DOCUMENTS and CORRESPONDENCE between YOU and the Federal Bureau of Investigation or any other LAW ENFORCEMENT regarding, referring, or relating to any of the following individuals and entities: Daniel Galvanoni; DPG Investments, LLC; DPG Golden Eagle, LLC; Spring Tree Lending, LLC; Sprint Tree Holdings, LLC; Spring Tree Financial, LLC; Skibo Holdings, LLC; and American Credit Acceptance.

12.     All DOCUMENTS and CORRESPONDENCE between YOU and PLAINTIFF regarding, referring, or relating to any of the following individuals and entities, including any employee thereof: Daniel Galvanoni; Wesley Anderson; William Brooksbank; Jerome (Joe) Joseph; Gerald Hudspeth; DPG Investments, LLC; DPG Golden Eagle, LLC; Spring Tree Lending, LLC; Spring Tree Holdings, LLC; Spring Tree Financial, LCC; Skibo Holdings, LLC; and American Credit Acceptance.

13.     All DOCUMENTS and CORRESPONDENCE between YOU and Daniel Galvanoni regarding, referring, or relating to any INVESTMENT opportunities.

14.     All DOCUMENTS and CORRESPONDENCE between YOU and Daniel Galvanoni regarding, referring, or relating to any and all of the following entities: DPG Investments, LLC; DPG Golden Eagle, LLC; Spring Tree Lending, LLC; Spring Tree Holdings, LLC; Spring Tree Financial, LCC; Skibo Holdings, LLC; and American Credit Acceptance.

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

35

15.     Any and all CORRESPONDENCE between YOU and any PERSON regarding, referring, or relating to the present litigation, including but not limited to the Law Offices of Melinda Jane Steuer and any employee or agent thereof.

16.     All DOCUMENTS YOU provided to the Law Offices of Melinda Jane Steuer, or any employee or agent thereof regarding, referring, or relating to the present litigation.

## PLAINTIFF'S ARGUMENTS

### A.     Summary of Grounds for a Protective Order

Plaintiff seeks a protective order precluding the deposition of his ex-wife, Susan Marshall in its entirety, in order to protect Plaintiff from embarrassment, annoyance, harassment, and undue burden.  Plaintiff divorced his ex-wife in 2003.  (Marshall Decl. ¶ 14)  The divorce was acrimonious.  (Marshall Decl. ¶ 14)  Mr. Marshall is not on speaking terms with his ex-wife.  (Marshall Decl. ¶ 14)  Ms. Marshall has no relevant information.   (Marshall Decl. ¶ 14; Exh. 15 to Steuer Decl.)   Further, information pertaining to Plaintiff's divorce is privileged and confidential personal financial information of Plaintiff that is not relevant to this matter, and is also protected by the settlement communications and/or mediation privileges.  Susan Marshall has served objections to the subpoena on similar grounds.   (Exhs. 15 & 16 to Steuer Decl.)

### B.     Legal Discussion

As discussed above, the court has the power to preclude a deposition from being taken if the witness in question has no knowledge of relevant information and/or a protective order is warranted to protect a party from embarrassment, annoyance and/or oppression.  (See e.g. *Greenawalt, supra,* 2013 U.S. Dist. LEXIS 178802 at * 10-11 [holding that the Defendant in a breach of contract case was entitled to a protective order barring subpoenas to third parties which sought information about third party accounts and the source of funds that were used to repay a portion of the note, because that information did nothing to show whether Defendants breached their contract with the Plaintiff or owed the Plaintiff additional monies under the note.; *Gadbury v. GMRI, Inc.* 2009 U.S. Dist. LEXIS 68748 at *10 (D. Kan. 2009), [granting a protective order in an employment discrimination case which precluded the deposition of the Plaintiff's co-worker because Plaintiff's counsel had admitted that they had no idea what knowledge that

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

36

individual might have, and any testimony she would provide would be duplicative of other witnesses].)

Here, as in the cases above, a protective order barring the deposition of Plaintiff's ex-wife, Susan Marshall, is warranted because Ms. Marshall has no information of relevance.

Specifically, Plaintiff divorced his Susan Marshall in 2003. (Marshall Decl. ¶ 14)  They divided up all their assets, including their investments, at the time of the divorce.  (Marshall Decl. ¶ 14)  They had an acrimonious divorce.  (Marshall Decl. ¶ 14)  They have not communicated since their divorce unless it is absolutely necessary.  (Marshall Decl. ¶ 14)  Such communications have been minimal.  (Marshall Decl. ¶ 14)  Plaintiff has never communicated with his ex-wife about the Defendants.  (Marshall Decl. ¶ 14)  Plaintiff has not made any investments with his ex-wife since their divorce.  (Marshall Decl. ¶ 14) Ms. Marshall's objections reflect that she has never communicated with any of the Defendants, nor with Plaintiff or any third party about the Defendants.  (Exh. 15 to Steuer Decl.)  In short, there is no valid or reasonable basis to believe that Ms. Marshall has any information of any relevance or any knowledge about the other investments Plaintiff had in 2015, when he made the investments at issue herein.

Further, Plaintiff's financial status and investments as of the time of his divorce, which was twelve years before the first of the investments at issue, is outside the scope of any reasonable time frame.  (See e.g. *Moon, supra,* 232 F.R.D. at 637-638 [holding that a subpoena to a third party which sought all documents over a period of ten years or greater relating to the Defendant and the third party regarding pool winter covers was overbroad on its face and exceeded the bounds of fair discovery because they sought information over a ten year or greater period].)

Defendants' assertion that the Ms. Marshall would have knowledge regarding the source of the monies Plaintiff invested is particularly specious.  First, the source of Plaintiff's investments is not relevant to any disputed issue in this case.  Further, Defendants' argument is based upon the false statement that Plaintiff used his minor daughter's monies to make some of the investments at issue.  Specifically, at Plaintiff's deposition, defense counsel accused Plaintiff

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order
Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates
Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen,
Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen
37

of using his minor daughter's monies to make some of the investments at issue, because two of the wire transfer forms for transfers of $25,000.00 each erroneously identified Plaintiff's daughter, rather than Plaintiff, as the account holder.  (Marshall Decl. ¶ 15; Exh. 20 to Steuer Decl. at pp. 131:20-24, 241:1-12)  In order to dispel those false accusations, Plaintiff obtained a letter from Patelco Credit Union on April 8, 2019, certifying that the wire transfers at issue incorrectly stated that the sender's name was Madison Marshall, when it should have been Plaintiff's name, and confirming that the monies at issue came from Plaintiff's account. (Marshall Decl. ¶ 16; Exh. 3 to Marshall Decl.)  In short, Defendants' assertions that Plaintiff used his daughter's savings to make the investments at issue are false.  Such assertions also have nothing to do with Plaintiff's purported investment sophistication.  On the contrary, it is apparent that the purpose of subpoenaing Susan Marshall is to stir up acrimony between Plaintiff and his ex-wife by causing his ex-wife to believe that Plaintiff used their minor daughter's monies to make investments, when that is clearly not the case.  Most importantly, there is no reason to believe that Susan Marshall has any knowledge regarding the investments at issue.  The exact opposite is true.  (Marshall Decl. ¶ 14; Exh. 15 to Steuer Decl.)

Defendants also assert that Ms. Marshall's testimony is relevant to disprove Plaintiff's assertions that he has an acrimonious relationship with his ex-wife.  Plaintiff's relationship with his ex-wife is not relevant to any issue in this case.   Further, the fact that Ms. Marshall does not want to be involved in this lawsuit, or have divorce records produced, and her assertion of valid objections, does not refute Plaintiff's attestations regarding their relationship.   Lastly, moving counsel did not "review" any text messages between Plaintiff and his ex-wife, nor speak to Plaintiff's ex-wife, concerning this litigation.  (Steuer Decl. ¶¶ 9 & 14)   A text message was simply the medium by which Ms. Marshall appears to have transmitted her objections.  (Steuer Decl. ¶¶ 9 & 14)

## DEFENDANTS' ARGUMENTS

**A.     It Is Improper to Grant a Protective Order Precluding a Subpoena When the Moving Party Has Failed to Show Good Cause.**

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

38

**1.     Plaintiff has failed to meet his burden of demonstrating good cause for the protective order, and has further failed to include the required certification of good faith meet and confer.**

Defendants rely on the same legal authorities discussed in arguments pertaining to the subpoena to Armstrong & Associates to support the present argument.

**i.     The subpoena to depose Susan Marshall seeks information regarding Plaintiff's investing experience and sources of funding.**

The information records sought from Susan Marshall are relevant and proportional to the parties' claims and defenses because Ms. Marshall is expected to have knowledge pertaining to the nature and extent of Plaintiff's prior investments, his sophistication as an investor, and his memory and dyslexia conditions.

Plaintiff has made clear that he is either unwilling or unable to identify the source of at least some of the funds he invested with Defendants.  [Hughes Dec., Ex. "A, " Marshall Depo. 131:8-132:15, 240:10-242:24, 254:3-5.] Plaintiff specifically admitted during his deposition that at least one wire transfer was made from a bank account labeled in his daughter's name, but subsequently stated it was his account.  [Hughes Dec., Ex. "A, " Marshall Depo. 131:8-22, 132:9-12.]  Any notice or communications Susan Marshall had with Plaintiff regarding the use of their daughter's savings funds in Plaintiff's personal business deals is directly relevant to Plaintiff's sophistication as an investor and may further establish whether Plaintiff considered himself a lender or investor with Defendants.

This information further goes to the credibility and weight of Plaintiff's contentions. Plaintiff's claim in the moving papers that he has not spoken to his wife since 2003, yet, Plaintiff's counsel admitted during meet and confer discussions that she provided a template for objections to Plaintiff who subsequently gave and spoke to Ms. Marshall about the objections. [Hughes Dec., ¶ 21.]  Plaintiff's counsel also identified text messages that she reviewed in which Plaintiff spoke to Ms. Marshall about this litigation.  [*Id.*]  The Subpoena to Ms. Marshall is thus relevant to Plaintiff's credibility as a witness because of the inconsistencies between Plaintiff's

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

39

1 testimony, claims, and actions.

2

3        **VII.**   <u>**DEPOSITION SUBPOENA TO CHRISTIAN MORROW**</u>

4      Defendants have issued a deposition subpoena to Christian Morrow which seeks the

5 following documents:

6      1.    All DOCUMENTS and CORRESPONDENCE regarding, referring, or relating to

7 any and all INVESTMENT opportunities discussed and/or actually entered into between YOU

8 and PLAINTIFF in the last ten (10) years.

9      2.    All DOCUMENTS and CORRESPONDENCE memorializing any and all

10 INVESTMENT agreements entered into between YOU and PLAINTIFF in the last ten (10)

11 years, any payments thereof, and any resulting profits or losses.

12      3.    All DOCUMENTS and CORRESPONDENCE memorializing the financial status

13 of any and all INVESTMENTS entered into between YOU and PLAINTIFF in the last ten (10)

14 years, including but not limited to bank statements, income statements, balance sheets,

15 statements of cash flows, and profit and loss statements.

16      4.    All DOCUMENTS and CORRESPONDENCE memorializing any and all

17 monetary transactions between YOU and PLAINTIFF in the last ten (10) years, including but not

18 limited to transfers of funds, deposits, and withdrawals.

19      5.    All DOCUMENTS memorializing any testimony YOU gave in any investigatory,

20 administrative, or legal proceeding, including but not limited to testimony at depositions,

21 hearings, and trials, in the last ten (10) years regarding, referring, or relating to PLAINTIFF.

22      6.    All DOCUMENTS memorializing any testimony PLAINTIFF gave in any

23 investigatory, administrative, or legal proceeding, including but not limited to testimony at

24 depositions, hearings, and trials, in the last ten (10) years regarding, referring, or relating to

25 YOU.

26

27

28

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order
Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates
Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen,
Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen
40

7.      All DOCUMENTS and CORRESPONDENCE between YOU and the United States Securities and Exchange Commission in the last ten (10) years regarding, referring, or relating to PLAINTIFF, including but not limited to any complaints, investigations, and any investigative reports or findings.

8.      All DOCUMENTS and CORRESPONDENCE between YOU and the United States Securities and Exchange Commission in the last ten (10) years regarding, referring, or relating to any of the following individuals and entities: Daniel Galvanoni; DPG Investments, LLC; DPG Golden Eagle, LLC; Spring Tree Lending, LLC; Sprint Tree Holdings, LLC; Spring Tree Financial, LLC; Skibo Holdings, LLC; and American Credit Acceptance.

9.      All DOCUMENTS and CORRESPONDENCE between YOU and the Federal Bureau of Investigation or any other LAW ENFORCEMENT in the last ten (10) years regarding, referring, or relating to PLAINTIFF, including but not limited to any complaints, investigations, and any investigative reports or findings.

10.      All DOCUMENTS and CORRESPONDENCE between YOU and the Federal Bureau of Investigation or any other LAW ENFORCEMENT in the last ten (10) years regarding, referring, or relating to any of the following individuals and entities: Daniel Galvanoni; DPG Investments, LLC; DPG Golden Eagle, LLC; Spring Tree Lending, LLC; Sprint Tree Holdings, LLC; Spring Tree Financial, LLC; Skibo Holdings, LLC; and American Credit Acceptance.

11.      All DOCUMENTS and CORRESPONDENCE between YOU and PLAINTIFF in the last ten (10) years regarding, referring, or relating to any of the following individuals and entities, including any employee thereof: Daniel Galvanoni; Wesley Anderson; William Brooksbank; Jerome (Joe) Joseph; Gerald Hudspeth; DPG Investments, LLC; DPG Golden Eagle, LLC; Spring Tree Lending, LLC; Spring Tree Holdings, LLC; Spring Tree Financial, LCC; Skibo Holdings, LLC; and American Credit Acceptance.

12.      All DOCUMENTS and CORRESPONDENCE between YOU and Daniel Galvanoni in the last ten (10) years regarding, referring, or relating to any INVESTMENT opportunities.

13.      All DOCUMENTS and CORRESPONDENCE between YOU and Daniel

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

41

Galvanoni in the last ten (10) years regarding, referring, or relating to any and all of the following entities: DPG Investments, LLC; DPG Golden Eagle, LLC; Spring Tree Lending, LLC; Spring Tree Holdings, LLC; Spring Tree Financial, LCC; Skibo Holdings, LLC; and American Credit Acceptance.

14.     Any and all CORRESPONDENCE between YOU and any PERSON regarding, referring, or relating to the present litigation, including but not limited to the Law Offices of Melinda Jane Steuer and any employee or agent thereof.

All DOCUMENTS YOU provided to the Law Offices of Melinda Jane Steuer, or any employee or agent thereof regarding, referring, or relating to the present litigation.

## PLAINTIFF'S ARGUMENTS

### A.  Summary of Grounds for a Protective Order

Plaintiff seeks a protective order limiting the scope of the deposition subpoena to Christian Morrow to information, documents and/or communications between Mr. Morrow and the Defendants herein, and/or related to the Costa Rica investment which Plaintiff made with Mr. Morrow and Mr. Galvanoni.  This order is sought on the grounds that the other documents and information sought by Defendants is privileged and confidential personal financial information of Plaintiff that is not relevant to this matter.

### B.  Legal Discussion

In 2007, eight years before he made the investments at issue, Plaintiff made an investment with Defendant Galvanoni in a real estate venture in Costa Rica, with which Mr. Morrow was also involved.   (Marshall Decl. ¶ 20)  Although that investment is not at issue, Plaintiff produced documents sufficient to show the amount, nature, terms and status of that investment.   Plaintiff also does not object to the subpoena to Mr. Morrow insofar as it pertains to that investment.   The issue here, however, is that the subpoena seeks all documents and communications between Plaintiff and Mr. Morrow, without limitation.  Consequently, the subpoena is overly broad and encompasses irrelevant documents, including documents relating to a personal loan that Plaintiff made to Mr. Morrow.  (Marshall Decl. ¶ 20)

Plaintiff's counsel therefore proposed limiting the scope of the deposition subpoena to the

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

42

Costa Rica investment and/or to Mr. Galvanoni.  (Steuer Decl. ¶ 20) Defendants refused to agree to this proposed limitation, or to any other limitation on scope.  (Steuer Decl. ¶ 20)  There is no valid rationale for their refusal to do so.   Indeed, Defendants' only stated reason for this subpoena is to acquire information about the investment Plaintiff made in which Mr. Morrow was involved.

## DEFENDANTS' ARGUMENTS

**A.     It Is Improper to Grant a Protective Order Precluding a Subpoena When the Moving Party Has Failed to Show Good Cause.**

**1.     Plaintiff has failed to meet his burden of demonstrating good cause for the protective order, and has further failed to include the required certification of good faith meet and confer.**

Defendants rely on the same legal authorities discussed in arguments pertaining to the subpoena to Armstrong & Associates to support the present argument.

**i.     The deposition and records of investment partner Chris Morrow go to Plaintiff's sophistication as an investor and financial knowledge.**

The records sought from Chris Morrow are relevant and proportional to the parties' claims and defenses because the information pertains to Plaintiff's sophistication as an investor, understanding of financial and business transactions, and ability to assess the potential risks and benefits of the transactions underlying the Complaint.

As with the subpoena to Vujadin Jovic, discussed above, Plaintiff specifically identified Mr. Morrow at deposition and admits that he lost money in prior investment deals with Mr. Morrow. [Hughes Dec., Ex. "A, " Marshall Depo. 299:25-300:23.]  Plaintiff also claims that he did not report Mr. Morrow to law enforcement, as he did with Defendant Daniel Galvanoni.  [Hughes Dec., Ex. "A, " Marshall Depo. 300:15-23.]  The testimony and documents sought by the subpoena are relevant to establishing the nature and extent of these prior investments, Plaintiff's involvement in those prior investment deals, his involvement in business funding, whether he considered himself a lender or investor, and whether he executed agreements in those ventures. This information speaks to the credibility and weight of Plaintiff's testimony that he was merely

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

43

an inactive investor with little investment expertise.  Because the information sought is relevant to refuting or supporting Plaintiff's claims that he was an unsophisticated investor, the Motion for Protective Order should be denied.

## VIII.   DEPOSITION SUBPOENA TO TODD OWEN

Defendants have issued a deposition subpoena to Todd Owen which seeks the following documents:

1.      All DOCUMENTS and CORRESPONDENCE regarding, referring, or relating to any and all INVESTMENT opportunities discussed and/or actually entered into between YOU and PLAINTIFF in the last ten (10) years.

2.      All DOCUMENTS and CORRESPONDENCE memorializing any and all INVESTMENT agreements entered into between YOU and PLAINTIFF in the last ten (10) years, any payments thereof, and any resulting profits or losses.

3.      All DOCUMENTS and CORRESPONDENCE memorializing the financial status of any and all INVESTMENTS entered into between YOU and PLAINTIFF in the last ten (10) years, including but not limited to bank statements, income statements, balance sheets, statements of cash flows, and profit and loss statements.

4.      All DOCUMENTS and CORRESPONDENCE memorializing any and all monetary transactions between YOU and PLAINTIFF in the last ten (10) years, including but not limited to transfers of funds, deposits, and withdrawals.

5.      All DOCUMENTS memorializing any testimony YOU gave in any investigatory, administrative, or legal proceeding, including but not limited to testimony at depositions, hearings, and trials, in the last ten (10) years regarding, referring, or relating to PLAINTIFF.

6.      All DOCUMENTS memorializing any testimony PLAINTIFF gave in any investigatory, administrative, or legal proceeding, including but not limited to testimony at depositions, hearings, and trials, in the last ten (10) years regarding, referring, or relating to YOU.

7.      All DOCUMENTS and CORRESPONDENCE between YOU and the United

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

44

States Securities and Exchange Commission in the last ten (10) years regarding, referring, or relating to PLAINTIFF, including but not limited to any complaints, investigations, and any investigative reports or findings.

8.      All DOCUMENTS and CORRESPONDENCE between YOU and the United States Securities and Exchange Commission in the last ten (10) years regarding, referring, or relating to any of the following individuals and entities: Daniel Galvanoni; DPG Investments, LLC; DPG Golden Eagle, LLC; Spring Tree Lending, LLC; Sprint Tree Holdings, LLC; Spring Tree Financial, LLC; Skibo Holdings, LLC; and American Credit Acceptance.

9.      All DOCUMENTS and CORRESPONDENCE between YOU and the Federal Bureau of Investigation or any other LAW ENFORCEMENT in the last ten (10) years regarding, referring, or relating to PLAINTIFF, including but not limited to any complaints, investigations, and any investigative reports or findings.

10.     All DOCUMENTS and CORRESPONDENCE between YOU and the Federal Bureau of Investigation or any other LAW ENFORCEMENT in the last ten (10) years regarding, referring, or relating to any of the following individuals and entities: Daniel Galvanoni; DPG Investments, LLC; DPG Golden Eagle, LLC; Spring Tree Lending, LLC; Sprint Tree Holdings, LLC; Spring Tree Financial, LLC; Skibo Holdings, LLC; and American Credit Acceptance.

11.     All DOCUMENTS and CORRESPONDENCE between YOU and PLAINTIFF in the last ten (10) years regarding, referring, or relating to any of the following individuals and entities, including any employee thereof: Daniel Galvanoni; Wesley Anderson; William Brooksbank; Jerome (Joe) Joseph; Gerald Hudspeth; DPG Investments, LLC; DPG Golden

12.     Eagle, LLC; Spring Tree Lending, LLC; Spring Tree Holdings, LLC; Spring Tree Financial, LCC; Skibo Holdings, LLC; and American Credit Acceptance.

13.     All DOCUMENTS and CORRESPONDENCE between YOU and Daniel Galvanoni in the last ten (10) years regarding, referring, or relating to any INVESTMENT opportunities.

14.     All DOCUMENTS and CORRESPONDENCE between YOU and Daniel Galvanoni in the last ten (10) years regarding, referring, or relating to any and all of the

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

45

following entities: DPG Investments, LLC; DPG Golden Eagle, LLC; Spring Tree Lending, LLC; Spring Tree Holdings, LLC; Spring Tree Financial, LCC; Skibo Holdings, LLC; and American Credit Acceptance.

15.     Any and all CORRESPONDENCE between YOU and any PERSON regarding, referring, or relating to the present litigation, including but not limited to the Law Offices of Melinda Jane Steuer and any employee or agent thereof.

16.     All DOCUMENTS YOU provided to the Law Offices of Melinda Jane Steuer, or any employee or agent thereof regarding, referring, or relating to the present litigation.

## PLAINTIFF'S ARGUMENTS

### A.     Summary of Grounds for a Protective Order

Plaintiff seeks a protective order limiting the scope of the deposition subpoena to Todd Owen to information, documents and/or communications between Mr. Owen and the Defendants herein, and/or related to investments which Plaintiff made with Mr. Owen and/or Mr. Galvanoni.  This order is sought on the grounds that the other documents and information sought by Defendants is privileged and confidential personal financial information of Plaintiff that is not relevant to this matter, as well as confidential information pertaining to third parties, customer information and trade secrets, and personal information relating to Plaintiff's divorce.

### B.     Legal Discussion

Todd Owen and Plaintiff were both involved with the investments at issue.  (Marshall Decl. ¶ 21)  Mr. Owen is also the person who introduced Plaintiff to Mr. Galvanoni.  (Marshall Decl. ¶ 21) Accordingly, Plaintiff does not dispute that Mr. Owen has relevant information.  The issue here is that the subpoena to Mr. Owen is so broad that it encompasses information and documents which are not relevant.  Specifically, Mr. Owen and Plaintiff worked together for many years.  (Marshall Decl. ¶ 21) While Plaintiff was going through his divorce, Mr. Owen handled some of his insurance accounts.  (Marshall Decl. ¶ 21) Plaintiff also talked to Mr. Owen about his divorce and custody dispute with his ex-wife.  (Marshall Decl. ¶ 21) In addition, Plaintiff made a personal loan to Mr. Owen.  (Marshall Decl. ¶ 21) The subpoena Defendants issued to Mr. Owen encompasses information and documents relating to Plaintiff's insurance

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

46

customers, his divorce, and the personal loan. Such information is clearly not relevant. Accordingly, moving counsel proposed that the subpoena to Mr. Owen be limited to investments and/or to Mr. Galvanoni. (Steuer Decl. ¶ 21) Defense counsel refused to agree to this proposed limitation or to any other. (Steuer Decl. ¶ 21) There is no valid basis for Defendants' position. Moving counsel is seeking a reasonable limitation on the scope of Mr. Owen's deposition which would provide Defendants with the information regarding any investments Plaintiff made with Mr. Owen that they claim to be seeking, while excluding non-relevant information pertaining to Plaintiff's customers, his divorce, and his personal loan.

**DEFENDANTS' ARGUMENTS**

**A.      It Is Improper to Grant a Protective Order Precluding a Subpoena When the Moving Party Has Failed to Show Good Cause.**

**1.      Plaintiff has failed to meet his burden of demonstrating good cause for the protective order, and has further failed to include the required certification of good faith meet and confer.**

Defendants rely on the same legal authorities discussed in arguments pertaining to the subpoena to Armstrong & Associates to support the present argument.

**i.      The deposition and records of investment partner Todd Owen relate to Plaintiff's sophistication as an investor.**

The investment records sought from Todd Owen are relevant and proportional to the parties' claims and defenses because the nature and extent of Plaintiff's prior investments, financial transactions, and business dealings bears on his sophistication as an investor. As was the case with the prior individuals with whom Plaintiff had investment relationships, Plaintiff specifically identifies Mr. Owen at deposition and admits that he lost money in prior investment deals with Mr. Owen. [Hughes Dec., Ex. "A, " Marshall Depo. 301:18-302:5.] The testimony and documents requested by the deposition subpoena to Mr. Owen are pertinent to Plaintiff's sophistication as an investor and go to his claims that despite his prior investment relationships, he lacked sufficient knowledge to understand the risks and benefits associated with the investments giving rise to his Complaint herein. including the nature and extent of his prior

investments and his involvement therein.  The records and information from Mr. Own thus bear directly on Plaintiff's knowledge and experience in financial and business matters such that he could sufficiently evaluate the risks and benefits of the subject investments.  Plaintiff's claim that these records are protected by his right to privacy is untenable given that he identified prior investments with Mr. Jovic in his verified discovery responses as relevant but excluded these.

All of Plaintiff's investment experience is relevant to the parties' claims and defenses because it is the weight of this experience and knowledge that bears on Plaintiff's sophistication. This information is necessary to establish the credibility and weight of Plaintiff's claim that he was merely an inactive or unsophisticated investor and thus, Plaintiff's Motion for Protective Order should be denied.

Dated:   May 24, 2019                              LAW OFFICES OF MELINDA JANE STEUER


By: _____

Melinda Jane Steuer

Attorney for Plaintiff JOHN MARSHALL


Dated:   May 24, 2019                              CLARK HILL LLP

By: _____

Bradford G. Hughes
Tiffany B. Hunter

Attorneys for Defendants DANIEL P. GALVANONI; DPG INVESTMENTS, LLC; DPG GOLDEN EAGLE, LLC; SPRING TREE LENDING, LLC; SPRING TREE HOLDINGS, LLC; SPRING TREE FINANCIAL, LLC; and SKIBO HOLDINGS, LLC

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen, Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen

48

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joint Statement Regarding Discovery Disagreement as to Plaintiff's Motion For a Protective Order
Regarding and/or Modify Third Party Subpoenas and/or Subpoenas Duces Tecum Issued to Armstrong & Associates
Insurance Services, Sean Boyd, Brigham Young University, University of California-Berkeley, Daniel C. Cohen,
Vujadin Jovic, Susan Marshall, Christian Morrow & Todd Owen
49