CLARK HILL LLP
Bradford G. Hughes (SBN 247141)
bhughes@ClarkHill.com
Tiffany B. Hunter (SBN 306382)
thunter@ClarkHill.com
1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
Telephone:   (213) 891-9100
Facsimile:   (213) 488-1178

KAUFMAN & FORMAN, P.C.
Alex B. Kaufman (SBN GA 136097)
abk@kauflaw.net
Matthew D. Treco (SBN GA 802181)
mdt@kauflaw.net
8215 Roswell Rd., Building 800
Atlanta, Georgia 30350-6445
Telephone: 770.390.9200
Facsimile: 770.395.6720

Attorneys for Defendants DANIEL P. GALVANONI; DPG INVESTMENTS, LLC; DPG GOLDEN EAGLE, LLC; SPRING TREE LENDING, LLC; SPRING TREE HOLDINGS, LLC; SPRING TREE FINANCIAL, LLC; and SKIBO HOLDINGS, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARSHALL, an individual, | Case No. 2:17-CV-00820-KJM-CKD |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER** |
| v. | |
| DANIEL P. GALVANONI, an individual; DPG INVESTMENTS, LLC, a foreign limited liability company; DPG GOLDEN EAGLE, LLC, a foreign limited liability company; SPRING TREE LENDING, LLC, a foreign limited liability company; SPRING TREE HOLDINGS, LLC, a foreign limited liability company; SPRING TREE FINANCIAL, LLC, a foreign limited liability company; SKIBO HOLDINGS, LLC, a foreign limited liability company; GERALD T. HUDSPETH, an individual; JEROME L. JOSEPH, an individual; WILLIAM J. BROOKSBANK, an individual; AND DOES 1-100, inclusive, | **Date:** June 26, 2019<br>**Time:** 10:00 a.m.<br>**Location:** Courtroom 24, 8th Floor<br>**Judge:** Hon. Carolyn K. Delaney |
| Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on June 26, 2019, or as soon thereafter as the matter may be heard by the above-entitled Court, located at Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, California 95814, in the courtroom of the Honorable Carolyn K. Delaney, Defendants Daniel Galvanoni; DPG Investments, LLC; DPG Golden Eagle, LLC; Spring Tree Lending, LLC; Spring Tree Holdings, LLC; Spring Tree Financial, LLC; and Skibo Holdings LLC ("Defendants") will and hereby do move the Court for a protective order forbidding and/or limiting the scope of discovery as to two (2) subpoenas duces tecum issued by plaintiff John Marshall ("Plaintiff") to Wells Fargo Bank and BBVA Compass Bancshares, Inc. with compliance dates of June 7, 2019.

This motion is made is made pursuant to Federal Rule of Civil Procedure 26 and will be based upon this Notice and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Bradford G. Hughes, the pleadings and papers on file herein, and such other and further oral and documentary evidence as may be presented at the time of hearing.

Dated:   June 5, 2019           CLARK HILL LLP

                                By: /s/ Bradford G. Hughes
                                    Bradford G. Hughes
                                    Tiffany B. Hunter

                                Attorneys for defendants DANIEL P.
                                GALVANONI; DPG INVESTMENTS, LLC;
                                DPG GOLDEN EAGLE, LLC; SPRING TREE
                                LENDING, LLC; SPRING TREE HOLDINGS,
                                LLC; SPRING TREE FINANCIAL, LLC; and
                                SKIBO HOLDINGS. LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This discovery dispute concerns the issuance of two subpoenas *duces tecum* by plaintiff John Marshall ("Plaintiff") to Wells Fargo Bank ("Wells Fargo") and BBVA Compass Bancshares, Inc. ("BBVA"). The overbroad and intrusive subpoenas seek the financial information, including all bank statements and all checks written during a fourteen-month period, of defendants Daniel Galvanoni; DPG Investments, LLC; DPG Golden Eagle, LLC; Spring Tree Lending, LLC; Spring Tree Holdings, LLC; Spring Tree Financial, LLC; and Skibo Holdings LLC ("Defendants"). Defendants, therefore, ask the Court to issue a protective order precluding disclosure of Defendants' confidential financial information to the extent that it is irrelevant and disproportionate to the needs of this case.

## II. PROCEDURAL HISTORY

This case arises from an investment agreement between Plaintiff and Defendants. Plaintiff's Second Amended Complaint alleged that Defendants breached various duties owed to Plaintiff arising out of his investments with Defendants. [Declaration of B. Hughes ¶ 4.] The parties have engaged in extensive discovery consisting of written interrogatories, requests for production of documents, depositions, and the issuance of subpoenas. [Declaration of B. Hughes ¶ 5.]

On November 8, 2018, Defendants responded to Plaintiff's first set of written discovery. [Declaration of B. Hughes ¶ 6.] This discovery included a Request for Production of Documents, which included, among other requests, "[e]ach and all of [Defendants'] bank account statements for the period of January 1, 2015 through the present." [*Id.*] Defendants objected to this request as overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case. [*Id.*] Plaintiff made no requests for checks written from Defendant's bank accounts. [*Id.*]

Plaintiff did not respond to Defendants' objections until May 8, 2019, at which time Plaintiff provided a meet and confer letter refusing to narrow the scope of the

1  request.  [Declaration of B. Hughes ¶ 7.]

2  Also on May 8, 2019, the same day Plaintiff provided Defendants with a meet and
3  confer letter regarding the first set of requests for production of documents, Plaintiff
4  issued two subpoenas *duces tecum* to Wells Fargo Bank, National Association ("Wells
5  Fargo") and BBVA Compass Bancshares, Inc. ("BBVA").  [Declaration of B. Hughes ¶¶
6  8-9.]  The subpoena to Wells Fargo seeks "all bank statements for all accounts" of Spring
7  Tree Lending, Spring Tree Holdings, Spring Tree Financial, Skibo Holdings, and Golden
8  Eagle Lending, as well as "all checks of $1,000.00 or more written on any accounts" of
9  these entities from June 1, 2015 through July 31, 2016.  [Declaration of B. Hughes ¶ 8.]
10 The subpoena to BBVA seeks "[c]opies of all checks issued from the account of DPG
11 Golden Eagle, LLC" on eleven dates.  [Declaration of B. Hughes ¶ 9.]  Both subpoenas
12 require production by June 7, 2019.  [Declaration of B. Hughes ¶ 8-9.]

13 On May 22, 2019, Defendants served objections to both subpoenas on the grounds
14 of relevance and privilege and/or confidentiality.  [Declaration of B. Hughes ¶ 10.]
15 Specifically, Defendants objected that the subpoenas seek information that is unrelated to
16 the claims and defenses at issue, and that the information requested is protected by
17 financial privilege.  [*Id.*]

18 On May 28, 2019, counsel for Defendants delivered a meet and confer letter to
19 Plaintiff's counsel, requesting that the subpoenas be withdrawn or, in the alternative,
20 narrowed in scope to include only Plaintiff's financial transactions with the entities
21 referenced in the subpoenas.  [Declaration of B. Hughes ¶ 11.]

22 On June 5, 2019, Plaintiff's counsel responded to the Defendants' objections
23 admitting the subpoena to BBVA was issued to the wrong entity and withdrawing it
24 accordingly, but stating that he would re-issue the same subpoena to the proper entity,
25 BBVA Compass.[1]  Indeed, Plaintiff's correspondence addressed his position regarding
26 the appropriate BBVA entity and concluded stating that Plaintiff would now withdraw or
27
28 _____
[1] In the June 5, 2019 letter, counsel for Plaintiff stated that they "will soon be issuing a subpoena to [the correct entity,] BBVA Compass."

4                                              2:17-CV-00820-KJM-CKD
MOTION FOR PROTECTIVE ORDER
ClarkHill\93764\327708\221728256.v1-6/5/19

modify the subpoena to the appropriate BBVA entity once Plaintiff corrected its error. [Declaration of B. Hughes ¶ 12.]  Plaintiff further refused to withdraw the subpoena to Well Fargo and the instant Motion became necessary. [*Id.*]  As such, and for the purposes of judicial efficiency and based upon Plaintiff's position that he will not withdraw or modify the BBVA subpoena once properly served, the instant Motion seeks a Protective Order as to both improper subpoenas.

### III.  A PROTECTIVE ORDER IS APPROPRIATE TO PREVENT DISCLOSURE OF DEFENDANTS' PROTECTED INFORMATION

Protective orders are proper when there is "good cause" to protect a party of person from annoyance, embarrassment, oppression, or undue burden or expense.  FED. R. CIV. PROC. ("F.R.C.P.") 26(c)(1).  Good cause exists when a specific prejudice or harm will result if no protective order is granted.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002); *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).  Courts routinely grant protective orders when the discovery sought is <u>not relevant</u>, and when the discovery is <u>unduly burdensome or harassing</u>.  See *Travers v. Shalala*, 20 F.3d 993, 999 (9th Cir. 1994) (protective order proper to preclude discovery of irrelevant matters pursuant to F.R.C.P. 26(b)(1)); *Lectroalarm Custom Sys., Inc. v. Pelco Sales, Inc.*, 212 F.R.D. 567, 573 (E.D. Cal. 2002) (issuing protective order where "burdensome and harassing nature of the requests clearly outweighs the minimal need" for information requested by subpoena).

Information is relevant when it relates to the claims and defenses of the parties. F.R.C.P. 26(b)(1).  Privileged information is not relevant.  F.R.C.P. 26(b)(1).  Whether information is protected is determined by state law in federal diversity actions.  *Davis v. Leal*, 43 F. Supp. 2d 1102, 1108 (E.D. Cal. 1999).  In California, financial information, including tax returns, check, and bank statements, is protected by the right to privacy and therefore presumptively privileged.  *Valley Bank of Nevada v. Superior Court*, 15 Cal.3d 652, 657 (1975); *Fortunato v. Superior Court*, 114 Cal. App. 4th 475, 480 (2003). Internal financial information, such as pricing, sales and revenue data, is also protected as

confidential commercial information. See *Miller v. Ghirardelli Chocolate Co.*, No. C 12-4936 LB, 2013 WL 6774072, at *4 (N.D. Cal. Dec. 20, 2013) (granting motion to quash subpoena seeking confidential pricing information); *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 fn. 4 (C.D. Cal. 2007) (finding sales and revenue information is confidential commercial information).

Relevant information must also be proportionate to the needs of the case, taking into consideration the importance of the issues at stake, the amount in controversy, the parties' resources and access to relevant information, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id*; *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) (the court must balance the needs of party requesting discovery against burden imposed by subpoena).

When analyzing the burden imposed by a subpoena, courts take into account such factors as the breadth and particularity of the document request, relevance, and the need of the party for the requested documents. F.R.C.P. 45(d)(3)(iv); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 53 (S.D.N.Y. 1996); *Travelers Indem. Co.*, 228 F.R.D. at 113. In general, litigants must seek discovery from the parties before attempting to burden non-parties with discovery requests by way of a subpoena. *Haworth, Inc. v. Caruthers-Wallace Coutenay, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993); *Alper v. United States*, 190 F.R.D. 281 (D. Mass. 2000); *Richard of Rockford, Inc. v. Pacific Gas & Elec. Co.*, 71 F.R.D. 388, 391 (N.D. Cal. 1993).

**IV. THE SUBPOENAS SEEK INFORMATION THAT IS PROTECTED BY FINANCIAL PRIVILEGE AND NOT RELEVANT OR PROPORTIONAL TO THE NEEDS OF THE CASE**

A protective order is proper because the subpoenas to Wells Fargo and BBVA requires the disclosure of information protected by financial privilege and/or confidentiality, which is not relevant or proportional to the needs of the case, and sought solely for the purposes of harassing Defendants.

### A. The Subpoenas Seek Irrelevant Information That is Disproportionate to the Needs of the Case

Good cause exists for a protective order because the subpoenas to Wells Fargo and BBVA are overbroad on their face and are therefore, not directly relevant to this case. Further, there is no compelling public interest in the subpoenas because the information they request could be obtained from the parties through written discovery.

#### 1. The subpoenas are facially overbroad and does not seek information relevant to the case

As written, the subpoenas seek "*all* bank statements for *all* accounts," "*all* checks of $1,000 or more written on *any* accounts," and "*all* checks issued" during the specified time period (emphasis added). These requests are therefore overbroad on their face, as they are not limited to the disputed transactions between Plaintiff and Defendants. Compliance with the subpoenas as written requires the production of unredacted bank statements and all checks written from Defendants' accounts to any person or entity during the specified time period, essentially disclosing Defendants' entire financial history during a fourteen-month period. Such information is overbroad because it necessarily encompasses information unrelated to the transactions disputed by Plaintiff and therefore has no bearing on the claims or defenses raised by Plaintiff or Defendants. The subpoenas, therefore, are not relevant to this action as they necessarily encompass information that has no bearing on the claims and defenses at issue in the underlying action. A protective order is therefore proper because the subpoenas, as written, seek information that is irrelevant to the instant action.

#### 2. There is no compelling need for the subpoenas because the information requested could be obtained from the parties

Even if the information sought was relevant, which it is not, Plaintiff is further unable to demonstrate a need sufficient to justify the subpoenas because the information could be obtained from Defendants by way of specific and narrowly tailored written request for production of documents. To date, Plaintiff has not requested from

1  Defendants any of the information he seeks by way of the subpoenas ostensibly because
2  he knows that such requests would draw appropriate objections.  Rather, Plaintiff issued
3  only  requests seeking "[e]ach and all of your bank account statements for the period of
4  January 1, 2015 through the present."  No requests were made as to checks written from
5  Defendants' accounts, again, in order to avoid Defendants serving their appropriate and
6  lawful objections.
7       The fact that Plaintiff issued one broad request to Defendants to obtain a category
8  of documents generally overlapping with those sought by the subpoenas does not
9  evidence a compelling need for the subpoenas.  Defendants need not comply with
10 unlawfully overbroad requests, as such requests constitute an abuse of the discovery
11 process.  Moreover, Plaintiff's failure to narrow this request during the meet and confer
12 process demonstrates bad faith.  A party cannot issue overbroad discovery requests to the
13 parties, only to create a manufactured basis for an overbroad subpoena to a third party.
14 The proper vehicle for Plaintiff to obtain Defendants' financial records is still by way of
15 written discovery requests to the Defendants. Indeed, Plaintiff knows this, but does not
16 want to endeavor to establish why such information is relevant, thus why Plaintiff elected
17 NOT to meet and confer regarding Defendants prior discovery responses. The fact that
18 Plaintiff's initial request was overbroad does not preclude Plaintiff from narrowing the
19 request or serving a supplemental request to obtain documents omitted from the initial
20 requests and does not provide a basis for an improper and overbroad subpoena as a work
21 around to their discovery obligations and Defendants' rights.
22      The subpoenas to Wells Fargo and BBVA are therefore improper, and the Court
23 should issue a protective order.
24      **B.   The Subpoenas Require Disclosure of Information Protected by the**
25           **Doctrines of Financial Privilege and Confidential Commercial**
26           **Information**
27      The subpoenas to Wells Fargo and BBVA, even if relevant, require the disclosure
28 of protected financial information.  By their terms, the subpoenas seek all "bank

1  statements" and copies of checks during the time periods requested--information
2  explicitly protected by the California doctrine of financial privilege. *Fortunato v.*
3  *Superior Court*, *supra* at 480. Indeed, as requested the subpoena would also require
4  copies of checks issued to any other individual, employee, or contractor, in contravention
5  of those individuals right to financial privacy. No exception to this privilege applies to
6  the present case, and Defendants have not waived this privilege because they have not
7  previously produced any of the requested records. Moreover, Defendants' bank
8  statements and reproduction of checks issued from their bank accounts constitute
9  confidential commercial information. As with pricing and sales revenue, bank statements
10 and check reproductions necessarily reveal business patterns and practices, which courts
11 have recognized to be confidential information. See *Miller*, *supra*, at *4; *Nutratech*,
12 *supra*, at 555. Disclosure of each defendant-entity's financial records without limitation
13 to the transactions disputed by this action will necessarily reveal confidential information
14 such as customer names, business partners, and the frequency and amount of transactions.
15 Public disclosure of this confidential will significantly undermine Defendants'
16 competitive advantage by making the information public and therefore accessible to any
17 and all of Defendants' competitors. A protective order is therefore necessary to the
18 extent the subpoenas are not limited to Plaintiff's transactions with Defendants.

19     **C.    The Subpoenas Are Unduly Burdensome and Harassing**

20     The nature of the subpoenas to Wells Fargo and BBVA makes clear that the
21 subpoenas are unduly burdensome and harassing. As the language of the
22 subpoenas makes clear, these subpoenas seek information that is both explicitly
23 protected by financial privilege and is irrelevant to the claims and defenses at issue
24 in this action. Inasmuch as the information has no relevance to the instant action,
25 is apparent that Plaintiff's intent is solely to harass, embarrass, and burden
26 Defendants by seeking a comprehensive disclosure of their financial history. This
27 is beyond the permissible scope of discovery, and a protective order is therefore
28 necessary.

## V.   CONCLUSION

Defendants are entitled to a protective order pertaining to the subpoenas issued to Wells Fargo and BBVA to prevent the disclosure of Defendants' privileged and/or confidential information.  Specifically, a limitation to the subpoena duces tecum to Wells Fargo to production of all bank statements for the accounts of the identified defendant-entities, redacted to reflect each entity's transactions with plaintiff John Marshall only, and to production of all checks issued to or from John Marshall during the specified time period.  The subpoena duces tecum issued to BBVA Compass Bancshares shall be limited to production of all checks issued to or from John Marshall only.

Dated:   June 5, 2019                    CLARK HILL LLP

By:  *[signature]*
     Bradford G. Hughes
     Tiffany B. Hunter

Attorneys for defendants DANIEL P. GALVANONI; DPG INVESTMENTS, LLC; DPG GOLDEN EAGLE, LLC; SPRING TREE LENDING, LLC; SPRING TREE HOLDINGS, LLC; SPRING TREE FINANCIAL, LLC; and SKIBO HOLDINGS. LLC

MOTION FOR PROTECTIVE ORDER
ClarkHill\93764\327708\221728256.v1-6/5/19

## DECLARATION OF BRADFORD G. HUGHES

I, Bradford G. Hughes, declare as follows:

1. I am an attorney at law, duly licensed to practice before the courts of the State of California. I am a Partner with the law firm of Clark Hill LLP, attorneys of record for defendants Daniel P. Galvanoni, DPG Investments, LLC, DPG Golden Eagle, LLC, Spring Tree Lending, LLC, Spring Tree Holdings, LLC, Spring Tree Financial, LLC, and SkiBo Holdings, LLC ("Defendants") in the above referenced matter.

2. I submit this Declaration in support of Defendants' Motion for Protective Order regarding subpoenas issued by Plaintiff John Marshall to Wells Fargo Bank and BBVA Compass Bancshares, Inc.

3. I have personal knowledge of the facts set forth herein and if called to testify could and would competently testify thereto.

4. Plaintiff's Second Amended Complaint alleges that Defendants breached various duties owed to Plaintiff arising out of his investments with Defendants.

5. Plaintiff and Defendants have engaged in extensive discovery to date, consisting of written interrogatories, requests for production of documents, depositions, and the issuance of subpoenas.

6. On November 8, 2018, Defendants served responses to Plaintiff's first set of discovery, including a Request for Production of Documents wherein Plaintiff requested, among other things, ""[e]ach and all of [Defendants'] bank account statements for the period of January 1, 2015 through the present." Defendants objected to this request as overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case. Plaintiff made no requests for checks written from Defendant's bank accounts. Attached hereto as Exhibit "A" are true and correct copies of Defendant's Responses to Plaintiff's Requests for Production of Documents, Set One, dated November 8, 2018.

7. Plaintiff did not respond to Defendants' objections until May 8, 2019, at which time Plaintiff provided a meet and confer letter refusing to narrow the scope of the

1  request. Attached hereto as Exhibit "B" is a true and correct copy of Plaintiff's meet an
2  confer letter dated May 8, 2019.

3        8.    On May 8, 2019, my office received a subpoena duces tecum issued by
4  Plaintiff to Wells Fargo Bank, National Association ("Wells Fargo"). The subpoena
5  seeks "all bank statements for all accounts" and "all checked of $1,000.00 or more
6  written on any accounts" of defendants Spring Tree Lending, LLC; Spring Tree
7  Holdings, LLC; Spring Tree Financial, LLC; Skibo Holdings, LLC; and Golden Eagle
8  Lending, LLC from June 1, 2015 through July 31, 2016. The subpoena requires
9  production by June 7, 2019. Attached hereto as Exhibit "C" is a true and correct copy of
10 Plaintiff's Subpoena Duces Tecum to Wells Fargo Bank, National Association, dated
11 May 8, 2019.

12       9.    Also on May 8, 2019, my office received a subpoena duces tecum issued by
13 Plaintiff to BBVA Compass Bancshares, Inc. ("BBVA"). The subpoena seeks "[c]opies
14 of all checks issues from the account of DPG Golden Eagle, LLC" on eleven (11) dates.
15 Production is set for June 7, 2019. Attached hereto as Exhibit "D" is a true and correct
16 copy of Plaintiff's Subpoena Duces Tecum to BBVA Compass Bancshares, Inc., dated
17 May 8, 2019.

18       10.    On May 22, 2019, my office served objections on behalf of Defendants to
19 both subpoenas, based primarily on the grounds of privilege and relevance. Specifically,
20 Defendants argued that the subpoenas seek information unrelated to the claims and
21 defenses at issue in this case and that the requested information is protected by the
22 doctrine of financial privilege. Attached hereto as Exhibit "E" are true and correct copies
23 of Defendants' Objections to Plaintiff's Subpoenas to Produce Documents, Information,
24 or Objects, Served Upon Wells Fargo Bank and BBVA Compass Bancshares, Inc., dated
25 May 22, 2019.

26       11.    On May 28, 2019, my office delivered a meet and confer letter to counsel
27 for Plaintiff, requesting that the subpoenas be withdrawn or, in the alternative, narrowed
28 in scope to include only Plaintiff's financial transactions with the defendant-entities

referenced in the subpoenas.  Attached hereto as Exhibit "F" is a true and correct copy of Defendants' May 28, 2019 meet and confer letter.

12. On June 5, 2019, my office received a letter from Plaintiff's counsel, withdrawing the subpoena to BBVA on the ground that it was issued to the wrong entity, but stating that he would re-issue the subpoena to the proper entity, BBVA Compass and would not be withdrawing or narrowing the scope of the subpoena once issued.  Plaintiff further refused to withdraw the subpoena to Well Fargo.  Attached hereto as Exhibit "G" is a true and correct copy of Plaintiff's June 5, 2019 meet and confer letter.

I declare under the penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed on this 5th day of June, 2019 in Los Angeles, California.

*[signature]*

Bradford G. Hughes