EXHIBIT A

1   CLARK HILL LLP
    Bradford G. Hughes (SBN 247141)
2   bhughes@ClarkHill.com
    Tiffany B. Hunter (SBN 306382)
3   thunter@ClarkHill.com
    1055 West Seventh Street, Suite 2400
4   Los Angeles, CA 90017
    Telephone:  (213) 891-9100
5   Facsimile:  (213) 488-1178

6   KAUFMAN & FORMAN, P.C.
    Alex B. Kaufman (SBN GA 136097)
7   abk@kauflaw.net
    Matthew D. Treco (SBN GA 802181)
8   mdt@kauflaw.net
    8215 Roswell Rd., Building 800
9   Atlanta, Georgia 30350-6445
    Telephone: 770.390.9200
10  Facsimile: 770.395.6720

11  Attorneys for Defendants DANIEL P. GALVANONI;
    DPG INVESTMENTS, LLC; DPG GOLDEN EAGLE,
12  LLC; SPRING TREE LENDING, LLC; SPRING
    TREE HOLDINGS, LLC; SPRING TREE
13  FINANCIAL, LLC; and SKIBO HOLDINGS, LLC

14              UNITED STATES DISTRICT COURT

15              EASTERN DISTRICT OF CALIFORNIA

16  JOHN MARSHALL, an individual,          Case No. 2:17-CV-00820-KJM-CKD

17                       Plaintiff,        **DEFENDANT SKIBO HOLDINGS,**
                                           **LLC'S RESPONSE TO PLAINTIFF'S**
18      v.                                 **FIRST SET OF REQUESTS FOR**
                                           **PRODUCTION OF DOCUMENTS TO**
19  DANIEL P. GALVANONI, an                **DEFENDANT**
    individual; DPG INVESTMENTS, LLC,
20  a foreign limited liability company; DPG
    GOLDEN EAGLE, LLC, a foreign
21  limited liability company; SPRING
    TREE LENDING, LLC, a foreign
22  limited liability company; SPRING
    TREE HOLDINGS, LLC, a foreign
23  limited liability company; SPRING
    TREE FINANCIAL, LLC, a foreign
24  limited liability company; SKIBO
    HOLDINGS, LLC, a foreign limited
25  liability company; GERALD T.
    HUDSPETH, an individual; JEROME L.
26  JOSEPH, an individual; WILLIAM J.
    BROOKSBANK, an individual; AND
27  DOES 1-100, inclusive,

28                       Defendants.

---

220137629                         1              2:17-CV-00820-KJM-CKD

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

1 | PROPOUNDING PARTY:        Plaintiff, JOHN MARSHALL

2 | RESPONDING PARTY:         Defendant, SKIBO HOLDINGS, LLC

3 | SET NUMBER:               ONE

4 | Defendant SKIBO HOLDINGS, LLC ("Responding Party") responds as

5 | follows to First Set of Requests for Production of Documents propounded to it by

6 | Plaintiff JOHN MARSHALL:

7 | **RESPONSES TO REQUESTS FOR PRODUCTION**

8 | **REQUEST FOR PRODUCTION NO. 1:**

9 | All written communications, including, but not limited to, e-mails and/or

10 | text messages, between you, and/or any person acting on your behalf, and Plaintiff,

11 | which relate in any way to any of the Investments At Issue, and/or to the DPG sub-

12 | prime automobile loan portfolio.

13 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

14 | Responding Party objects to this request on the grounds that it is overbroad

15 | as to time and scope, vague and ambiguous, burdensome and oppressive, and not

16 | proportional to the needs of the case.  Further objection is taken to this request on

17 | the grounds that it seeks materials protected from disclosure by the attorney work

18 | product doctrine and attorney client privilege.  Responding Party also objects to

19 | this request on the grounds that it seeks the premature disclosure of expert witness

20 | materials.

21 | Without waiving and subject to the foregoing objections, Responding Party

22 | will produce responsive documents to the extent they exist and do not fall within

23 | one of the above-asserted privileges.

24 | ///

25 | ///

26 | ///

27 |

28 |

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 2:**

All documents evidencing verbal communications between you, and/or any person acting on your behalf, and Plaintiff, which relate in any way to any of the Investments At Issue, and/or to the DPG sub-prime automobile loan portfolio, including, but not limited to, notes, internal memoranda and/or telephone logs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.


**REQUEST FOR PRODUCTION NO. 3:**

All written communications, including, but not limited to, e-mails and/or text messages, between and/or among any of your agents, employees, officers, managing directors, managers and/or members, which relate in any way to Plaintiff and/or any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

1  this request on the grounds that it seeks the premature disclosure of expert witness

2  materials.

3       Without waiving and subject to the foregoing objections, Responding Party

4  will produce responsive documents to the extent they exist and do not fall within

5  one of the above-asserted privileges.

6  **REQUEST FOR PRODUCTION NO. 4:**

7       All documents evidencing any verbal communications between and/or

8  among any of your agents, employees, officers, managing directors, members

9  and/or managers, which relate in any way to Plaintiff and/or any of the Investments

10  At Issue.

11       **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

12       Responding Party objects to this request on the grounds that it is overbroad

13  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

14  proportional to the needs of the case.  Further objection is taken to this request on

15  the grounds that it seeks materials protected from disclosure by the attorney work

16  product doctrine and attorney client privilege.  Responding Party also objects to

17  this request on the grounds that it seeks the premature disclosure of expert witness

18  materials.

19       Without waiving and subject to the foregoing objections, Responding Party

20  will produce responsive documents to the extent they exist and do not fall within

21  one of the above-asserted privileges.

22  **REQUEST FOR PRODUCTION NO. 5:**

23       All written communications, including, but not limited to, e-mails and/or

24  text messages, between you, and/or any person acting on your behalf, and

25  American Credit Acceptance, LLC ("ACA"), and/or any agent, independent

26  contractor, officer, manager and/or employee thereof, which relate in any way to

27  Plaintiff, and/or any of the Investments At Issue, and/or the DPG sub-prime

28  automobile loan portfolio.

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 6:**

All documents evidencing any verbal communications between you, and/or any person acting on your behalf, and ACA and/or any officer, manager, agent, and/or employee thereof, which relate in any way to Plaintiff, and/or any of the Investments At Issue, and/or the DPG sub-prime automobile loan portfolio, including, but not limited to, notes, internal memoranda and/or telephone logs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 7:**

All written communications, including, but not limited to, e-mails and/or text messages, between you, and/or any person acting on your behalf, and any of the former managers, managing directors, and/or employees of the Skibo Companies, including, but not limited to, James Duryea and/or Robert Smith, which relate in any way to Plaintiff, and/or any of the Investments At Issue, and/or the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 8:**

All documents evidencing any verbal communications between you, and/or any person acting on your behalf, and any of the former managers, managing directors, and/or employees of the Skibo Companies, including, but not limited to, James Duryea and/or Robert Smith, which relate in any way to Plaintiff, and/or any of the Investments At Issue, and/or the DPG sub-prime automobile loan portfolio, including, but not limited to, notes, internal memoranda and/or telephone logs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not

1  proportional to the needs of the case.  Further objection is taken to this request on

2  the grounds that it seeks materials protected from disclosure by the attorney work

3  product doctrine and attorney client privilege.  Responding Party also objects to

4  this request on the grounds that it seeks the premature disclosure of expert witness

5  materials.

6       Without waiving and subject to the foregoing objections, Responding Party

7  will produce responsive documents to the extent they exist and do not fall within

8  one of the above-asserted privileges.

9

10  **REQUEST FOR PRODUCTION NO. 9:**

11       All written communications, including, but not limited to, e-mails and/or

12  text messages, between you, and/or any person acting on your behalf, and any of

13  the other DPG Entity Defendants, and/or any employee, agent, member, manager

14  and/or managing director thereof, which relate in any way to Plaintiff and/or any of

15  the Investments At Issue.

16       **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

17       Responding Party objects to this request on the grounds that it is overbroad

18  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

19  proportional to the needs of the case.  Further objection is taken to this request on

20  the grounds that it seeks materials protected from disclosure by the attorney work

21  product doctrine and attorney client privilege.  Responding Party also objects to

22  this request on the grounds that it seeks the premature disclosure of expert witness

23  materials.

24       Without waiving and subject to the foregoing objections, Responding Party

25  will produce responsive documents to the extent they exist and do not fall within

26  one of the above-asserted privileges.

27

28

220137629                                    7                      2:17-CV-00820-KJM-CKD

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 10:**

All documents evidencing any verbal communications between you, and/or any person acting on your behalf, and any of the other DPG Entity Defendants, and/or any employee, agent, member, manager and/or managing director thereof, which relate in any way to Plaintiff and/or any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 11:**

All written communications, including, but not limited to, e-mails and/or text messages, between you, and/or any person acting on your behalf, and any actual or prospective investor in any of the DPG Entity Defendants, which relate in any way to Plaintiff, and/or any of the Investments At Issue, and/or the DPG sub-prime automobile loan portfolio, and which were made at any time between January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on

the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege. Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 12:**

All documents evidencing any verbal communications between you, and/or any person agent acting on your behalf, and any actual or prospective investor in any of the DPG Entity Defendants, which relate in any way to Plaintiff, or to any of the Investments At Issue, and/or to the DPG sub-prime automobile loan portfolio, and which were made at any time between January 1, 2015 - June 30, 2018, including, but not limited to, notes, internal memoranda and/or telephone logs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case. Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege. Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

220137629      9      2:17-CV-00820-KJM-CKD

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 13:**

All written communications, including, but not limited to, e-mails and/or text messages, between you, and/or any person acting on your behalf, and any actual or prospective lender to any of the DPG Entity Defendants, which relate in any way to Plaintiff, or to any of the Investments At Issue, and/or to the DPG sub-prime automobile loan portfolio, and which were made at any time between January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.


**REQUEST FOR PRODUCTION NO. 14:**

All documents evidencing any verbal communications between you, and/or any person acting on your behalf, and any actual or prospective lender to any of the DPG Entity Defendants, which relate in any way to Plaintiff, or to any of the Investments At Issue, and/or to the DPG sub-prime automobile loan portfolio, and which were made at any time between January 1, 2015 - June 30, 2018, including, but not limited to, notes, internal memoranda and/or telephone logs.

220137629                                    10                         2:17-CV-00820-KJM-CKD

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

2        Responding Party objects to this request on the grounds that it is overbroad

3    as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4    proportional to the needs of the case.  Further objection is taken to this request on

5    the grounds that it seeks materials protected from disclosure by the attorney work

6    product doctrine and attorney client privilege.  Responding Party also objects to

7    this request on the grounds that it seeks the premature disclosure of expert witness

8    materials.

9        Without waiving and subject to the foregoing objections, Responding Party

10   will produce responsive documents to the extent they exist and do not fall within

11   one of the above-asserted privileges.

12

13   **REQUEST FOR PRODUCTION NO. 15:**

14       All documents you, and/or any person acting on your behalf, received from

15   Plaintiff at any time between January 1, 2015 - March 31, 2017, which relate to

16   any way to any of the Investments At Issue.

17       **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

18       Responding Party objects to this request on the grounds that it is overbroad

19   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

20   proportional to the needs of the case.  Further objection is taken to this request on

21   the grounds that it seeks materials equally within the possession of plaintiff.

22       Without waiving and subject to the foregoing objections, Responding Party

23   will produce responsive documents to the extent they exist and do not fall within

24   one of the above-asserted privileges.

25   **REQUEST FOR PRODUCTION NO. 16:**

26       All documents you, and/or any person acting on your behalf, provided to

27   Plaintiff at any time between January 1, 2015 - March 31, 2017, which relate to

28   any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case. Further objection is taken to this request on the grounds that it seeks materials equally within the possession of plaintiff.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 17:**

All documents you, and/or any person acting on your behalf, received from Plaintiff at any time between January 1, 2015 - March 31, 2017, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case. Further objection is taken to this request on the grounds that it seeks materials equally within the possession of plaintiff.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 18:**

All documents you, and/or any person acting on your behalf, provided to Plaintiff at any time between January 1, 2015 - March 31, 2017, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

1  proportional to the needs of the case.  Further objection is taken to this request on

2  the grounds that it seeks materials equally within the possession of plaintiff.

3        Without waiving and subject to the foregoing objections, Responding Party

4  will produce responsive documents to the extent they exist and do not fall within

5  one of the above-asserted privileges.

6  **REQUEST FOR PRODUCTION NO. 19:**

7        All documents you, and/or any person acting on your behalf, received from

8  any of the other DPG Entity Defendants and/or any employee or agent thereof

9  (exclusive of attorneys), at any time between January 1, 2015 - June 30, 2018,

10  which relate in any way to any of the  Investments At Issue.

11          **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

12        Responding Party objects to this request on the grounds that it is overbroad

13  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

14  proportional to the needs of the case.  Further objection is taken to this request on

15  the grounds that it seeks materials protected from disclosure by the attorney client

16  privilege and attorney work product doctrine.  Responding Party also objects to

17  this request on the grounds that it seeks the premature disclosure of expert witness

18  materials.

19        Without waiving and subject to the foregoing objections, Responding Party

20  will produce responsive documents to the extent they exist and do not fall within

21  one of the above-asserted privileges.

22

23  **REQUEST FOR PRODUCTION NO. 20:**

24        All documents you, and/or any person acting on your behalf, provided to any

25  of the other DPG Entity Defendants and/or any employee or agent thereof

26  (exclusive of attorneys), at any time between January 1, 2015 - June 30, 2018,

27  which relate in any way to any of the Investments At Issue.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 21:**

All documents you, and/or any person acting on your behalf, received from any of the other DPG Entity Defendants and/or any employee or agent thereof (exclusive of attorneys), at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 22:**

All documents you, and/or any agent acting on your behalf, provided to any of the other DPG Entity Defendants and/or any employee or agent thereof (exclusive of attorneys), at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 23:**

All documents you, and/or any person acting on your behalf, provided to any of the former managers, managing directors, and/or employees of the Skibo Companies, including, but not limited to, James Duryea and/or Robert Smith, at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client

privilege and attorney work product doctrine. Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 24:**

All documents you, and/or any person acting on your behalf, received from any of the former managers, managing directors, and/or employees of the Skibo Companies, including, but not limited to, James Duryea and/or Robert Smith, at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case. Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine. Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 25:**

All documents you, and/or any person acting on your behalf, provided to any of the former managers, managing directors, and/or employees of the Skibo

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

Companies, including, but not limited to, James Duryea and/or Robert Smith, at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.


**REQUEST FOR PRODUCTION NO. 26:**

All documents you, and/or any person acting on your behalf, received from ACA, at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 27:**

All documents you, and/or any person acting on your behalf, provided to ACA, at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 28:**

All documents you, and/or any person acting on your behalf, received from ACA at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 29:**

All documents you, and/or any agent acting on your behalf, provided to ACA at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 30:**

All documents you, and/or any person acting on your behalf, received from any actual or prospective investor in any of the DPG Entity Defendants at any time between January 1, 2015 ¬June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 31:**

All documents you, and/or any person acting on your behalf, provided to any actual or prospective investor in any of the DPG Entity Defendants, at any time

between January 1, 2015 ¬June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 32:**

All documents you, and/or any person acting on your behalf, received from any actual or prospective investor in any of the DPG Entity Defendants, at any time between January 1, 2015 ¬June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

1    Without waiving and subject to the foregoing objections, Responding Party

2    will produce responsive documents to the extent they exist and do not fall within

3    one of the above-asserted privileges.

4

5    **REQUEST FOR PRODUCTION NO. 33:**

6    All documents you, and/or any person acting on your behalf, provided to any

7    actual or prospective investor in any of the DPG Entity Defendants, at any time

8    between January 1, 2015 -June 30, 2018, which relate in any way to the DPG sub-

9    prime automobile loan portfolio.

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

11    Responding Party objects to this request on the grounds that it is overbroad

12    as to time and scope, vague and ambiguous, burdensome and oppressive, and not

13    proportional to the needs of the case.  Further objection is taken to this request on

14    the grounds that it seeks materials protected from disclosure by the attorney client

15    privilege and attorney work product doctrine.  Responding Party also objects to

16    this request on the grounds that it seeks the premature disclosure of expert witness

17    materials.

18    Without waiving and subject to the foregoing objections, Responding Party

19    will produce responsive documents to the extent they exist and do not fall within

20    one of the above-asserted privileges.

21

22    **REQUEST FOR PRODUCTION NO. 34:**

23    All documents you, and/or any person acting on your behalf, received from

24    any actual or prospective lender to any of the DPG Entity Defendants, at any time

25    between January 1, 2015 -June 30, 2018, which relate in any way to any of the

26    Investments At Issue.

27    **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

28

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 35:**

All documents you, and/or any person acting on your behalf, provided to any actual or prospective lender to any of the DPG Entity Defendants, at any time between January 1, 2015 ¬June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.


**REQUEST FOR PRODUCTION NO. 36:**

All documents you, and/or any person acting on your behalf, received from any actual or prospective lender to any of the DPG Entity Defendants, at any time between January 1, 2015 -June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to

1  this request on the grounds that it seeks the premature disclosure of expert witness

2  materials.

3         Without waiving and subject to the foregoing objections, Responding Party

4  will produce responsive documents to the extent they exist and do not fall within

5  one of the above-asserted privileges.

6

7  **REQUEST FOR PRODUCTION NO. 37:**

8         All documents you, and/or any person acting on your behalf, provided to any

9  actual or prospective lender to any of the DPG Entity Defendants, at any time

10  between January 1, 2015 ¬June 30, 2018, which relate in any way to the DPG sub-

11  prime automobile loan portfolio.

12         **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

13         Responding Party objects to this request on the grounds that it is overbroad

14  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

15  proportional to the needs of the case.  Further objection is taken to this request on

16  the grounds that it seeks materials protected from disclosure by the attorney client

17  privilege and attorney work product doctrine.  Responding Party also objects to

18  this request on the grounds that it seeks the premature disclosure of expert witness

19  materials.

20         Without waiving and subject to the foregoing objections, Responding Party

21  will produce responsive documents to the extent they exist and do not fall within

22  one of the above-asserted privileges.

23

24  **REQUEST FOR PRODUCTION NO. 38:**

25         All documents you, and/or any person acting on your behalf, received from

26  any other person not heretofore specifically mentioned at any time between

27  January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments

28

1  At Issue, but exclusive of documents protected by the attorney-client and/or

2  attorney work product privileges.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

4  Responding Party objects to this request on the grounds that it is overbroad

5  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

6  proportional to the needs of the case.  Responding Party also objects to this request

7  on the grounds that it seeks the premature disclosure of expert witness materials.

8  Without waiving and subject to the foregoing objections, Responding Party

9  will produce responsive documents to the extent they exist and do not fall within

10  one of the above-asserted privileges.

11

12  **REQUEST FOR PRODUCTION NO. 39:**

13  All documents you, and/or any person acting on your behalf, provided to any

14  other person not heretofore specifically mentioned at any time between January 1,

15  2015 - June 30, 2018, which relate in any way to any of the Investments At Issue,

16  but exclusive of documents protected by the attorney-client and/or attorney work

17  product privileges.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

19  Responding Party objects to this request on the grounds that it is overbroad

20  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

21  proportional to the needs of the case.  Responding Party also objects to this request

22  on the grounds that it seeks the premature disclosure of expert witness materials.

23  Without waiving and subject to the foregoing objections, Responding Party

24  will produce responsive documents to the extent they exist and do not fall within

25  one of the above-asserted privileges.

26

27

28

**REQUEST FOR PRODUCTION NO. 40:**

All documents you, and/or any person acting on your behalf, received from any other person not heretofore specifically mentioned at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 41:**

All documents you, and/or any person acting on your behalf, provided to any other person not heretofore specifically mentioned at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

1    Without waiving and subject to the foregoing objections, Responding Party

2    will produce responsive documents to the extent they exist and do not fall within

3    one of the above-asserted privileges.

4

5    **REQUEST FOR PRODUCTION NO. 42:**

6    All documents sufficient to identify the names of your investors during the

7    period of January 1, 2015 through the present.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

9    Responding Party objects to this request on the grounds that it is overbroad

10   as to time and scope, burdensome and oppressive, and not proportional to the needs

11   of the case.  Responding Party also objects to this request on the grounds that it

12   seeks the disclosure of materials protected by any investor's right to privacy as

13   protected by the United States and California constitutions.

14   Without waiving and subject to the foregoing objections, Responding Party

15   will produce responsive documents to the extent they exist and do not fall within

16   one of the above-asserted privileges.

17

18   **REQUEST FOR PRODUCTION NO. 43:**

19   All documents sufficient to show the amounts of each investment that was

20   made into your business during the period of January 1, 2015 through the present.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

22   Responding Party objects to this request on the grounds that it is overbroad

23   as to time and scope, burdensome and oppressive, and not proportional to the needs

24   of the case.

25   Without waiving and subject to the foregoing objections, Responding Party

26   will produce responsive documents to the extent they exist.

27

28

220137629                                26                    2:17-CV-00820-KJM-CKD

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 44:**

All documents sufficient to show the dates of each investment that was made into your business during the period of January 1, 2015 through the present.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 44:</u>**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 45:**

All documents sufficient to show the amount of interest that was paid to each investor in your business during the period of January 1, 2015 through the present.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 45:</u>**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 46:**

All documents sufficient to show the amount of principal that was returned to each investor in your business during the period of January 1, 2015 through the present.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

2      Responding Party objects to this request on the grounds that it is overbroad

3  as to time and scope, burdensome and oppressive, and not proportional to the needs

4  of the case.

5      Without waiving and subject to the foregoing objections, Responding Party

6  will produce responsive documents to the extent they exist.

7

8  **REQUEST FOR PRODUCTION NO. 47:**

9      All documents sufficient to show the amount that is currently owed to each

10 person who invested in your business during the period of January 1, 2015 through

11 the present.

12     **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

13     Responding Party objects to this request on the grounds that it is overbroad

14 as to time and scope, burdensome and oppressive, and not proportional to the needs

15 of the case.

16     Without waiving and subject to the foregoing objections, Responding Party

17 will produce responsive documents to the extent they exist.

18 **REQUEST FOR PRODUCTION NO. 48:**

19     All documents sufficient to identify any and all persons who loaned money

20 to you at any time during the period of January 1, 2015 through the present.

21     **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

22     Responding Party objects to this request on the grounds that it is overbroad

23 as to time and scope, burdensome and oppressive, and not proportional to the needs

24 of the case.  Responding Party also objects to this request on the grounds that it

25 seeks the disclosure of materials protected by any investor's right to privacy as

26 protected by the United States and California constitutions.

27     Without waiving and subject to the foregoing objections, Responding Party

28 will produce responsive documents to the extent they exist.

1

2 **<u>REQUEST FOR PRODUCTION NO. 49:</u>**

3     All documents sufficient to show the amounts of each loan that was made

4 into your business during the period of January 1, 2015 through the present.

5     **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 49:</u>**

6     Responding Party objects to this request on the grounds that it is overbroad

7 as to time and scope, burdensome and oppressive, and not proportional to the needs

8 of the case.

9     Without waiving and subject to the foregoing objections, Responding Party

10 will produce responsive documents to the extent they exist.

11

12 **<u>REQUEST FOR PRODUCTION NO. 50:</u>**

13     All documents sufficient to show the dates of each loan that was made into

14 your business during the period of January 1, 2015 through the present.

15     **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 50:</u>**

16     Responding Party objects to this request on the grounds that it is overbroad

17 as to time and scope, burdensome and oppressive, and not proportional to the needs

18 of the case.

19     Without waiving and subject to the foregoing objections, Responding Party

20 will produce responsive documents to the extent they exist.

21

22 **<u>REQUEST FOR PRODUCTION NO. 51:</u>**

23     All documents sufficient to show the amount of interest that was paid to

24 each of your lenders during the period of January 1, 2015 through the present.

25     **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 51:</u>**

26     Responding Party objects to this request on the grounds that it is overbroad

27 as to time and scope, burdensome and oppressive, and not proportional to the needs

28 of the case.

1      Without waiving and subject to the foregoing objections, Responding Party

2 will produce responsive documents to the extent they exist.

3

4 **REQUEST FOR PRODUCTION NO. 52:**

5      All documents sufficient to show the amount of principal that was returned

6 to each of your lenders during the period of January 1, 2015 through the present.

7      **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

8      Responding Party objects to this request on the grounds that it is overbroad

9 as to time and scope, burdensome and oppressive, and not proportional to the needs

10 of the case.

11      Without waiving and subject to the foregoing objections, Responding Party

12 will produce responsive documents to the extent they exist.

13

14 **REQUEST FOR PRODUCTION NO. 53:**

15      All documents sufficient to show the amount that is currently owed to each

16 of your lenders who loaned money to your business during the period of January 1,

17 2015 through the present.

18      **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

19      Responding Party objects to this request on the grounds that it is overbroad

20 as to time and scope, burdensome and oppressive, and not proportional to the needs

21 of the case.

22      Without waiving and subject to the foregoing objections, Responding Party

23 will produce responsive documents to the extent they exist.

24

25 **REQUEST FOR PRODUCTION NO. 54:**

26      All documents sufficient to identify each and all of your members during the

27 period of January 1, 2015 through the present.

28

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

2      Responding Party objects to this request on the grounds that it is overbroad

3 as to time and scope, burdensome and oppressive, and not proportional to the needs

4 of the case.

5      Without waiving and subject to the foregoing objections, Responding Party

6 will produce responsive documents to the extent they exist.

7

8 **REQUEST FOR PRODUCTION NO. 55:**

9      All documents sufficient to identify each and all of your managing members

10 during the period of January 1, 2015 through the present.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

12      Responding Party objects to this request on the grounds that it is overbroad

13 as to time and scope, burdensome and oppressive, and not proportional to the needs

14 of the case.

15      Without waiving and subject to the foregoing objections, Responding Party

16 will produce responsive documents to the extent they exist.

17

18 **REQUEST FOR PRODUCTION NO. 56:**

19      Your complete audited financial statements for fiscal years 2012 through

20 2017.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

22      Responding Party objects to this request on the grounds that it is overbroad

23 as to time and scope, burdensome and oppressive, and not proportional to the needs

24 of the case.

25      Without waiving and subject to the foregoing objections, Responding Party

26 will produce responsive documents to the extent they exist.

27

28

**REQUEST FOR PRODUCTION NO. 57:**

All business plans which relate to the DPG sub-prime automobile loan portfolio that were generated at any time during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 58:**

All documents relating to any liens against you that were created and/or perfected at any time during the period of January 1, 2015 through the present, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 59:**

All documents relating to any liens against the DPG sub-prime automobile loan portfolio that were created and/or perfected at any time during the period of January 1, 2015 through the present, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

2       Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, burdensome and oppressive, and not proportional to the needs

4   of the case.

5       Without waiving and subject to the foregoing objections, Responding Party

6   will produce responsive documents to the extent they exist.

7

8   **REQUEST FOR PRODUCTION NO. 60:**

9       All complaints against you filed at any time during the period of January 1,

10   2000 through the present which allege wrongdoing of any kind in connection with

11   the solicitation and sale of investments and/or the solicitation of loans.

12       **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

13       Responding Party objects to this request on the grounds that it is overbroad

14   as to time and scope, burdensome and oppressive, and not proportional to the needs

15   of the case.

16

17   **REQUEST FOR PRODUCTION NO. 61:**

18       All complaints against you filed at any time during the period of January 1,

19   2000 through the present which allege wrongdoing of any kind in connection with

20   the DPG sub-prime automobile loan portfolio.

21       **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

22       Responding Party objects to this request on the grounds that it is overbroad

23   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

24   proportional to the needs of the case.

25

26   **REQUEST FOR PRODUCTION NO. 62:**

27       All documents reflecting, evidencing and/or memorializing any and all due

28   diligence which you, and/or any person acting on your behalf, conducted with

regard to the Skibo Companies, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 63:**

All documents reflecting, evidencing and/or memorializing any and all due diligence which you, and/or any person acting on your behalf, conducted with regard to the DPG sub-prime automobile loan portfolio, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 64:**

All job descriptions for Daniel Galvanoni generated at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 65:**

All business cards used by Daniel Galvanoni at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 66:**

All job descriptions for Gerald Hudspeth generated at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 67:**

All business cards used by Gerald Hudspeth at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 68:**

All job descriptions for Westley Anderson generated at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 69:**

All business cards used by Westley Anderson at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 70:**

All job descriptions for Philip Galvanoni generated at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 71:**

All business cards used by Philip Galvanoni at any time since January 1, 2015.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

2        Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, burdensome and oppressive, and not proportional to the needs

4   of the case.

5

6   **REQUEST FOR PRODUCTION NO. 72:**

7        All job descriptions for William Brooksbank generated at any time since

8   January 1, 2015.

9        **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

10       Responding Party objects to this request on the grounds that it is overbroad

11  as to time and scope, burdensome and oppressive, and not proportional to the needs

12  of the case.

13

14  **REQUEST FOR PRODUCTION NO. 73:**

15       All business cards used by William Brooksbank at any time since January 1,

16  2015.

17       **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

18       Responding Party objects to this request on the grounds that it is overbroad

19  as to time and scope, burdensome and oppressive, and not proportional to the needs

20  of the case.

21

22  **REQUEST FOR PRODUCTION NO. 74:**

23       All job descriptions for Jerome Joseph generated at any time since January

24  1, 2015.

25       **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

26       Responding Party objects to this request on the grounds that it is overbroad

27  as to time and scope, burdensome and oppressive, and not proportional to the needs

28  of the case.

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

1

2    **REQUEST FOR PRODUCTION NO. 75:**

3         All business cards used by Jerome Joseph at any time since January 1, 2015.

4         **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

5         Responding Party objects to this request on the grounds that it is overbroad

6    as to time and scope, burdensome and oppressive, and not proportional to the needs

7    of the case.

8

9    **REQUEST FOR PRODUCTION NO. 76:**

10        All agreements between you and Plaintiff.

11        **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

12        Responding Party objects to this request on the grounds that it is overbroad

13   as to time and scope, burdensome and oppressive, and not proportional to the needs

14   of the case.

15        Without waiving and subject to the foregoing objections, Responding Party

16   will produce responsive documents to the extent they exist.

17

18   **REQUEST FOR PRODUCTION NO. 77:**

19        All documents signed by Plaintiff, including all documents you claim

20   Plaintiff signed.

21        **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

22        Responding Party objects to this request on the grounds that it is overbroad

23   as to time and scope, burdensome and oppressive, and not proportional to the needs

24   of the case.

25        Without waiving and subject to the foregoing objections, Responding Party

26   will produce responsive documents to the extent they exist.

27

28

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 78:**

All agreements between you and Daniel Galvanoni that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 79:**

All agreements between you and any of the other DPG Entity Defendants that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 80:**

All agreements between you and ACA that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

1

2   **REQUEST FOR PRODUCTION NO. 81:**

3          All agreements between you and any investor of yours that were in effect at

4   any time from January 1, 2015 through the present.

5          **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

6          Responding Party objects to this request on the grounds that it is overbroad

7   as to time and scope, burdensome and oppressive, and not proportional to the needs

8   of the case.

9

10  **REQUEST FOR PRODUCTION NO. 82:**

11         All agreements between you and any lender of yours that were in effect at

12  any time from January 1, 2015 through the present.

13         **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

14         Responding Party objects to this request on the grounds that it is overbroad

15  as to time and scope, burdensome and oppressive, and not proportional to the needs

16  of the case.

17

18  **REQUEST FOR PRODUCTION NO. 83:**

19         All agreements between you and Philip Galvanoni that were in effect at any

20  time from January 1, 2015 through the present.

21         **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

22         Responding Party objects to this request on the grounds that it is overbroad

23  as to time and scope, burdensome and oppressive, and not proportional to the needs

24  of the case.  Responding Party also objects to this request on the grounds that it

25  seeks the disclosure of materials protected by Philip Galvanoni's right to privacy

26  as protected by the United States and California constitutions.

27

28

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 84:**

All agreements between you and Gerald Hudspeth that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Gerald Hudspeth's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 85:**

All agreements between you and Westley Anderson that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Westley Anderson's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 86:**

All agreements between you and William Brooksbank that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it

1  seeks the disclosure of materials protected by William Brooksbank's right to

2  privacy as protected by the United States and California constitutions.

3

4  **REQUEST FOR PRODUCTION NO. 87:**

5      All agreements between you and Jerome Joseph that were in effect at any

6  time from January 1, 2015 through the present.

7      **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

8      Responding Party objects to this request on the grounds that it is overbroad

9  as to time and scope, burdensome and oppressive, and not proportional to the needs

10  of the case.  Responding Party also objects to this request on the grounds that it

11  seeks the disclosure of materials protected by Jerome Joseph's right to privacy as

12  protected by the United States and California constitutions.

13

14  **REQUEST FOR PRODUCTION NO. 88:**

15      All agreements between you and the Skibo Companies, and/or any owner or

16  manager of the Skibo Companies, that were in effect at any time from January 1,

17  2015 through the present.

18      **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

19      Responding Party objects to this request on the grounds that it is overbroad

20  as to time and scope, burdensome and oppressive, and not proportional to the needs

21  of the case.

22      Without waiving and subject to the foregoing objections, Responding Party

23  will produce responsive documents to the extent they exist.

24

25  **REQUEST FOR PRODUCTION NO. 89:**

26      All agreements between you and any person not heretofore specifically

27  mentioned that relate in any way to the Investments at Issue or to the DPG sub-

28

1  prime automobile loan portfolio, but exclusive of documents protected by the

2  attorney-client and/or attorney work product privileges.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

4  Responding Party objects to this request on the grounds that it is overbroad

5  as to time and scope, burdensome and oppressive, and not proportional to the needs

6  of the case.

7

8  **REQUEST FOR PRODUCTION NO. 90:**

9  All investigations, charges and/or findings by any regulator, whether state,

10 federal or self-regulatory organization, that were made against you and/or any

11 member of yours with regard to investments, loans, and/or the DPG sub-prime

12 automobile loan portfolio.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

14 Responding Party objects to this request on the grounds that it is overbroad

15 as to time and scope, burdensome and oppressive, and not proportional to the needs

16 of the case.

17

18 **REQUEST FOR PRODUCTION NO. 91:**

19 All responses to any investigations, charges and/or findings by any

20 regulator, whether state, federal or self-regulatory organization, that were made

21 against you and/or any member of yours with regard to investments, loans, and/or

22 the DPG sub-prime automobile loan portfolio.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

24 Responding Party objects to this request on the grounds that it is overbroad

25 as to time and scope, burdensome and oppressive, and not proportional to the needs

26 of the case.

27

28

**REQUEST FOR PRODUCTION NO. 92:**

All press releases written, generated and/or approved by you, and/or any person acting on your behalf which evidence, reflect, memorialize and/or discuss the Skibo Companies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 93:**

All press releases written, generated and/or approved by you, and/or any person acting on your behalf which evidence, reflect, memorialize and/or discuss the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 94:**

All press releases written, generated and/or approved by you, and/or any person acting on your behalf which evidence, reflect, memorialize and/or discuss ACA.

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 95:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to the Skibo Companies at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 96:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to any of the other DPG Entity Defendants at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

1

2  **REQUEST FOR PRODUCTION NO. 97:**

3       All documents necessary and sufficient to ascertain the amount of funds,

4  both net and gross, that you transferred, conveyed, or otherwise provided to Daniel

5  Galvanoni at any time since January 1, 2015.

6       **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

7       Responding Party objects to this request on the grounds that it is overbroad

8  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

9  proportional to the needs of the case.  Further objection is taken to this request on

10  the grounds that it seeks materials protected from disclosure under the attorney

11  work product doctrine. Responding Party also objects to this request on the

12  grounds that it seeks the disclosure of materials protected by Daniel Galvanoni's

13  right to privacy as protected by the United States and California constitutions.

14

15  **REQUEST FOR PRODUCTION NO. 98:**

16       All documents necessary and sufficient to ascertain the amount of funds,

17  both net and gross, that you transferred, conveyed, or otherwise provided to Philip

18  Galvanoni at any time since January 1, 2015.

19       **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

20       Responding Party objects to this request on the grounds that it is overbroad

21  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

22  proportional to the needs of the case.  Further objection is taken to this request on

23  the grounds that it seeks materials protected from disclosure under the attorney

24  work product doctrine. Responding Party also objects to this request on the

25  grounds that it seeks the disclosure of materials protected by Philip Galvanoni's

26  right to privacy as protected by the United States and California constitutions.

27

28

1  **REQUEST FOR PRODUCTION NO. 99:**

2      All documents necessary and sufficient to ascertain the amount of funds,

3  both net and gross, that you transferred, conveyed, or otherwise provided to ACA

4  at any time since January 1, 2015.

5          **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

6      Responding Party objects to this request on the grounds that it is overbroad

7  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

8  proportional to the needs of the case.  Further objection is taken to this request on

9  the grounds that it seeks materials protected from disclosure under the attorney

10  work product doctrine.

11

12  **REQUEST FOR PRODUCTION NO. 100:**

13      All documents necessary and sufficient to ascertain the amount of funds,

14  both net and gross, that you transferred, conveyed, or otherwise provided to Gerald

15  Hudspeth at any time since January 1, 2015.

16          **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

17      Responding Party objects to this request on the grounds that it is overbroad

18  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

19  proportional to the needs of the case.  Further objection is taken to this request on

20  the grounds that it seeks materials protected from disclosure under the attorney

21  work product doctrine. Responding Party also objects to this request on the

22  grounds that it seeks the disclosure of materials protected Gerald Hudspeth's right

23  to privacy as protected by the United States and California constitutions.

24

25  **REQUEST FOR PRODUCTION NO. 101:**

26      All documents necessary and sufficient to ascertain the amount of funds,

27  both net and gross, that you transferred, conveyed, or otherwise provided to

28  Westley Anderson at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case. Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine. Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Westley Anderson's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 102:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to William Brooksbank at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case. Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine. Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by William Brooksbank's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 103:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to Jerome Joseph at any time since January 1, 2015.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

2       Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4   proportional to the needs of the case.  Further objection is taken to this request on

5   the grounds that it seeks materials protected from disclosure under the attorney

6   work product doctrine. Responding Party also objects to this request on the

7   grounds that it seeks the disclosure of materials protected by Jerome Joseph's right

8   to privacy as protected by the United States and California constitutions.

9

10  **REQUEST FOR PRODUCTION NO. 104:**

11      All documents necessary and sufficient to ascertain the amount of funds,

12  both net and gross, that you transferred, conveyed, or otherwise provided to any

13  investor of yours at any time since January 1, 2015.

14      **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

15      Responding Party objects to this request on the grounds that it is overbroad

16  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

17  proportional to the needs of the case.  Further objection is taken to this request on

18  the grounds that it seeks materials protected from disclosure under the attorney

19  work product doctrine.

20

21  **REQUEST FOR PRODUCTION NO. 105:**

22      All documents necessary and sufficient to ascertain the amount of funds,

23  both net and gross, that you transferred, conveyed, or otherwise provided to any

24  lender of yours at any time since January 1, 2015.

25      **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

26      Responding Party objects to this request on the grounds that it is overbroad

27  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

28  proportional to the needs of the case.  Further objection is taken to this request on

1    the grounds that it seeks materials protected from disclosure under the attorney

2    work product doctrine.

3

4    **REQUEST FOR PRODUCTION NO. 106:**

5         All documents necessary and sufficient to ascertain the amount of funds,

6    both net and gross, that you received from the Skibo Companies at any time since

7    January 1, 2015.

8              **RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

9         Responding Party objects to this request on the grounds that it is overbroad

10   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

11   proportional to the needs of the case.  Further objection is taken to this request on

12   the grounds that it seeks materials protected from disclosure under the attorney

13   work product doctrine.

14

15   **REQUEST FOR PRODUCTION NO. 107:**

16        All documents necessary and sufficient to ascertain the amount of funds,

17   both net and gross, that you received from any of the other DPG Entity Defendants

18   at any time since January 1, 2015.

19             **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

20        Responding Party objects to this request on the grounds that it is overbroad

21   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

22   proportional to the needs of the case.  Further objection is taken to this request on

23   the grounds that it seeks materials protected from disclosure under the attorney

24   work product doctrine.

25

26

27

28

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 108:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from Daniel Galvanoni at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Daniel Galvanoni's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 109:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from Philip Galvanoni at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Philip Galvanoni's right to privacy as protected by the United States and California constitutions.

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 110:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from ACA at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case. Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 111:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from Gerald Hudspeth at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case. Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine. Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Gerald Hudspeth's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 112:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from Westley Anderson at any time since January 1, 2015.

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

2      Responding Party objects to this request on the grounds that it is overbroad

3  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4  proportional to the needs of the case.  Further objection is taken to this request on

5  the grounds that it seeks materials protected from disclosure under the attorney

6  work product doctrine.  Responding Party also objects to this request on the

7  grounds that it seeks the disclosure of materials protected by Westley Anderson's

8  right to privacy as protected by the United States and California constitutions.

9

10  **REQUEST FOR PRODUCTION NO. 113:**

11      All documents necessary and sufficient to ascertain the amount of funds,

12  both net and gross, that you received from William Brooksbank at any time since

13  January 1, 2015.

14      **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

15      Responding Party objects to this request on the grounds that it is overbroad

16  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

17  proportional to the needs of the case.  Further objection is taken to this request on

18  the grounds that it seeks materials protected from disclosure under the attorney

19  work product doctrine.  Responding Party also objects to this request on the

20  grounds that it seeks the disclosure of materials protected by William

21  Brooksbank's right to privacy as protected by the United States and California

22  constitutions.

23

24  **REQUEST FOR PRODUCTION NO. 114:**

25      All documents necessary and sufficient to ascertain the amount of funds,

26  both net and gross, that you received from Jerome Joseph at any time since January

27  1, 2015.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Jerome Joseph's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 115:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from any investor of yours at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 116:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from any lender of yours at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on

1 the grounds that it seeks materials protected from disclosure under the attorney

2 work product doctrine.

3

4 **REQUEST FOR PRODUCTION NO. 117:**

5      Each and all of your bank account statements for the period of January 1,

6 2015 through the present.

7      **RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

8      Responding Party objects to this request on the grounds that it is overbroad

9 as to time and scope, burdensome and oppressive, and not proportional to the needs

10 of the case.

11

12 **REQUEST FOR PRODUCTION NO. 118:**

13      Each and all of your quikbook reports for the period of January 1, 2015

14 through the present.

15      **RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

16      Responding Party objects to this request on the grounds that it is overbroad

17 as to time and scope, burdensome and oppressive, and not proportional to the needs

18 of the case.

19      Without waiving and subject to the foregoing objections, Responding Party

20 will produce responsive documents to the extent they exist.

21

22 **REQUEST FOR PRODUCTION NO. 119:**

23      Your complete general ledger for the period of January 1, 2015 through the

24 present.

25      **RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

26      Responding Party objects to this request on the grounds that it is overbroad

27 as to time and scope, burdensome and oppressive, and not proportional to the needs

28 of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 120:**

All sub-prime automobile loan contracts which you owned, purchased or serviced at any time during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 121:**

All documents which are sufficient to show the consideration which you paid for any sub-prime automobile loan contracts which you owned, purchased or serviced at any time during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 122:**

All documents which are sufficient to show the amount of monies you have received as a direct or indirect result of any sub-prime automobile loan contracts

which you owned, purchased or serviced at any time during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 123:**

All documents which are sufficient to show how the Investments At Issue were utilized.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 124:**

All docs which evidence that any or all of the Investments At Issue were used to purchase new sub-prime automobile loans.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not

proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 125:**

All documents which evidence that any or all of the Investments At Issue were used to fund the operations of any of the DPG Entity Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 126:**

All documents which evidence any and all expenses that Daniel Galvanoni advanced on your behalf during the period of January 1, 2015 through December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on

the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 127:**

Any and all of your Errors & Omissions insurance policies that were in effect and/or applicable for the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 128:**

Any and all of your business insurance policies that were in effect and/or applicable for the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 129:**

Any and all insurance policies not heretofore specifically requested which provide actual or potential coverage with respect to Plaintiffs claims in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 130:**

All leases for any offices occupied by you since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 131:**

All business licenses held by you at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 132:**

All investment proposals you provided to Plaintiff between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 133:**

All investment proposals you provided to any other prospective investor between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 134:**

All profit and loss forecasts relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 135:**

All documents which were utilized or relied upon to create the profit and loss forecasts relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 136:**

All investor return models relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 137:**

All documents which were utilized or relied upon to create the investor return models relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 138:**

All term sheets relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

1  Without waiving and subject to the foregoing objections, Responding Party
2  will produce responsive documents to the extent they exist.
3
4  **REQUEST FOR PRODUCTION NO. 139:**
5  All documents which were utilized or relied upon to create the term sheets
6  relating to the DPG sub-prime automobile loan portfolio that were generated at any
7  time between January 1, 2015 and December 31, 2017.
8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**
9  Responding Party objects to this request on the grounds that it is overbroad
10 as to time and scope, burdensome and oppressive, and not proportional to the needs
11 of the case.
12
13 **REQUEST FOR PRODUCTION NO. 140:**
14 All investor summaries relating to the DPG sub-prime automobile loan
15 portfolio that were generated at any time between January 1, 2015 and December
16 31, 2017.
17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**
18 Responding Party objects to this request on the grounds that it is overbroad
19 as to time and scope, burdensome and oppressive, and not proportional to the needs
20 of the case.
21 **REQUEST FOR PRODUCTION NO. 141:**
22 All investor summaries which were utilized or relied upon to create the term
23 sheets relating to the DPG sub-prime automobile loan portfolio that were generated
24 at any time between January 1, 2015 and December 31, 2017.
25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**
26 Responding Party objects to this request on the grounds that it is overbroad
27 as to time and scope, burdensome and oppressive, and not proportional to the needs
28 of the case.

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

1

2 **REQUEST FOR PRODUCTION NO. 142:**

3       All automobile loan models relating to the DPG sub-prime automobile loan

4 portfolio that were generated at any time between January 1, 2015 and December

5 31, 2017.

6       **RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

7       Responding Party objects to this request on the grounds that it is overbroad

8 as to time and scope, burdensome and oppressive, and not proportional to the needs

9 of the case.

10       Without waiving and subject to the foregoing objections, Responding Party

11 will produce responsive documents to the extent they exist.

12

13 **REQUEST FOR PRODUCTION NO. 143:**

14       All documents which were utilized or relied upon to create the automobile

15 loan models relating to the DPG sub-prime automobile loan portfolio that were

16 generated at any time between January 1, 2015 and December 31, 2017.

17       **RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

18       Responding Party objects to this request on the grounds that it is overbroad

19 as to time and scope, burdensome and oppressive, and not proportional to the needs

20 of the case.

21 **REQUEST FOR PRODUCTION NO. 144:**

22       All financial models relating to the DPG sub-prime automobile loan

23 portfolio that were generated at any time between January 1, 2015 and December

24 31, 2017.

25       **RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

26       Responding Party objects to this request on the grounds that it is overbroad

27 as to time and scope, burdensome and oppressive, and not proportional to the needs

28 of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 145:**

All documents which were utilized or relied upon to create the financial models relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 146:**

All estimates of returns relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 147:**

All documents which were utilized or relied upon to create the estimates of returns relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

2       Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, burdensome and oppressive, and not proportional to the needs

4   of the case.

5

6   **REQUEST FOR PRODUCTION NO. 148:**

7       All documents which evidence and/or reflect the underwriting review that

8   was done for each of the loans in the DPG sub-prime automobile loan portfolio.

9       **RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

10      Responding Party objects to this request on the grounds that it is overbroad

11  as to time and scope, burdensome and oppressive, and not proportional to the needs

12  of the case.

13

14  **REQUEST FOR PRODUCTION NO. 149:**

15      All documents which contain, reflect and/or evidence the underwriting

16  guidelines that were utilized for each of the loans in the DPG sub-prime

17  automobile loan portfolio.

18      **RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

19      Responding Party objects to this request on the grounds that it is overbroad

20  as to time and scope, burdensome and oppressive, and not proportional to the needs

21  of the case.

22  **REQUEST FOR PRODUCTION NO. 150:**

23      All documents reflecting and/or evidencing any audits that were performed

24  with respect to the Skibo Companies at any time between January 1, 2015 and

25  December 31, 2017, exclusive of documents protected by the attorney-client and/or

26  attorney work product privileges.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 151:**

All documents reflecting and/or evidencing any audits that were performed with respect to the DPG sub-prime automobile loan portfolio at any time between January 1, 2015 and December 31, 2017, exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 152:**

All documents which support the statement in the mezzanine loan proposal that was provided to Plaintiff on or about April 8, 2015 that an investment in the Skibo Companies would provide a total annual return of 28% a year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 153:**

All documents which support the statement in William Brookbank's email of April 30, 2015 that 3% warrants in the Skibo Companies would be worth $784,000 in four years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 154:**

All documents which support the statement in William Brookbank's email of April 30, 2015 that 4.25% warrants in Skibo would be worth $1,100,000.00 in four years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 155:**

All documents which support the statement in William Brookbank's email of April 30, 2015 Plaintiff's internal rate of return would be 108%.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

1    **REQUEST FOR PRODUCTION NO. 156:**

2        All notes of any meetings with Plaintiff which occurred at any time between

3    January 1, 2015 and December 31, 2017.

4        **RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

5        Responding Party objects to this request on the grounds that it is overbroad

6    as to time and scope, burdensome and oppressive, and not proportional to the needs

7    of the case.

8        Without waiving and subject to the foregoing objections, Responding Party

9    will produce responsive documents to the extent they exist.

10

11   **REQUEST FOR PRODUCTION NO. 157:**

12       All notes of any telephone calls with Plaintiff which occurred at any time

13   between January 1, 2015 and December 31, 2017.

14       **RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

15       Responding Party objects to this request on the grounds that it is overbroad

16   as to time and scope, burdensome and oppressive, and not proportional to the needs

17   of the case.

18       Without waiving and subject to the foregoing objections, Responding Party

19   will produce responsive documents to the extent they exist.

20

21   **REQUEST FOR PRODUCTION NO. 158:**

22       All notes of any meetings during which Plaintiff and/or the Investments At

23   Issue were discussed, exclusive of documents protected by the attorney-client

24   and/or attorney work product privileges.

25       **RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

26       Responding Party objects to this request on the grounds that it is overbroad

27   as to time and scope, burdensome and oppressive, and not proportional to the needs

28   of the case.

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

1   Without waiving and subject to the foregoing objections, Responding Party
2   will produce responsive documents to the extent they exist.

3

4   **REQUEST FOR PRODUCTION NO. 159:**

5   All notes of any telephone calls during which Plaintiff and/or the
6   Investments At Issue were discussed, exclusive of documents protected by the
7   attorney-client and/or attorney work product privileges.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

9   Responding Party objects to this request on the grounds that it is overbroad
10  as to time and scope, burdensome and oppressive, and not proportional to the needs
11  of the case.

12  Without waiving and subject to the foregoing objections, Responding Party
13  will produce responsive documents to the extent they exist.

14

15  **REQUEST FOR PRODUCTION NO. 160:**

16  All spreadsheets of investor loans that were created at any time during the
17  period of January 1, 2015 - December 31, 2017.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

19  Responding Party objects to this request on the grounds that it is overbroad
20  as to time and scope, burdensome and oppressive, and not proportional to the needs
21  of the case.

22

23  **REQUEST FOR PRODUCTION NO. 161:**

24  All spreadsheets of the loans in the DPG sub-prime automobile loan
25  portfolio that were created at any time during the period of January 1, 2015 -
26  December 31, 2017.

27

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

2        Responding Party objects to this request on the grounds that it is overbroad

3    as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4    proportional to the needs of the case.

5

6    **REQUEST FOR PRODUCTION NO. 162:**

7        All documents which are sufficient to show the dates of the Investments At

8    Issue.

9        **RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

10        Responding Party objects to this request on the grounds that it is overbroad

11    as to time and scope, burdensome and oppressive, and not proportional to the needs

12    of the case.

13        Without waiving and subject to the foregoing objections, Responding Party

14    will produce responsive documents to the extent they exist.

15

16    **REQUEST FOR PRODUCTION NO. 163:**

17        All documents which are sufficient to show the Amounts of the Investments

18    At Issue.

19        **RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

20        Responding Party objects to this request on the grounds that it is overbroad

21    as to time and scope, burdensome and oppressive, and not proportional to the needs

22    of the case.

23        Without waiving and subject to the foregoing objections, Responding Party

24    will produce responsive documents to the extent they exist.

25

26

27

28

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

1  **REQUEST FOR PRODUCTION NO. 164:**

2      All communications between you and/or any person acting on your behalf

3  and Plaintiff regarding the UCC-1 Financing Statements in favor of Plaintiff which

4  were filed with the Arizona Secretary of State on or about August 23, 2016.

5      **RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

6      Responding Party objects to this request on the grounds that it is overbroad

7  as to time and scope, burdensome and oppressive, and not proportional to the needs

8  of the case.

9      Without waiving and subject to the foregoing objections, Responding Party

10  will produce responsive documents to the extent they exist.

11

12  **REQUEST FOR PRODUCTION NO. 165:**

13      All communications between you and/or any person acting on your behalf

14  and any of the other DPG Entity Defendants regarding the UCC-1 Financing

15  Statements in favor of Plaintiff which were filed with the Arizona Secretary of

16  State on or about August 23, 2016.

17      **RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

18      Responding Party objects to this request on the grounds that it is overbroad

19  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

20  proportional to the needs of the case.  Further objection is taken to this request on

21  the grounds that it seeks materials protected from disclosure by the attorney client

22  privilege.

23      Without waiving and subject to the foregoing objections, Responding Party

24  will produce responsive documents to the extent they exist and do not fall within

25  any above-mentioned privilege.

26

27

28

1   **REQUEST FOR PRODUCTION NO. 166:**

2       All communications between you and/or any person acting on your behalf

3   and ACA regarding the UCC-1 Financing Statements in favor of Plaintiff which

4   were filed with the Arizona Secretary of State on or about August 23, 2016.

5       **RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

6       Responding Party objects to this request on the grounds that it is overbroad

7   as to time and scope, burdensome and oppressive, and not proportional to the needs

8   of the case.

9       Without waiving and subject to the foregoing objections, Responding Party

10  will produce responsive documents to the extent they exist.

11

12  **REQUEST FOR PRODUCTION NO. 167:**

13      All communications between you and/or any person acting on your behalf

14  and any lender or prospective lender regarding the UCC-1 Financing Statements in

15  favor of Plaintiff which were filed with the Arizona Secretary of State on or about

16  August 23, 2016.

17      **RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

18      Responding Party objects to this request on the grounds that it is overbroad

19  as to time and scope, burdensome and oppressive, and not proportional to the needs

20  of the case.

21      Without waiving and subject to the foregoing objections, Responding Party

22  will produce responsive documents to the extent they exist.

23  **REQUEST FOR PRODUCTION NO. 168:**

24      All documents which are sufficient to show the purchase price of each of the

25  loans that were held in the DPG sub-prime automobile loan portfolio at any time

26  during the period of January 1, 2015 - June 30, 2018.

27

28

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

2 Responding Party objects to this request on the grounds that it is overbroad

3 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4 proportional to the needs of the case.

5 Without waiving and subject to the foregoing objections, Responding Party

6 will produce responsive documents to the extent they exist.

7

8 **REQUEST FOR PRODUCTION NO. 169:**

9 All documents which are sufficient to show the purchase date of each of the

10 loans that were held in the DPG sub-prime automobile loan portfolio at any time

11 during the period of January 1, 2015 - June 30, 2018.

12 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

13 Responding Party objects to this request on the grounds that it is overbroad

14 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

15 proportional to the needs of the case.

16 Without waiving and subject to the foregoing objections, Responding Party

17 will produce responsive documents to the extent they exist.

18

19 **REQUEST FOR PRODUCTION NO. 170:**

20 All documents which are sufficient to show the contract amount of each of

21 the loans that were held in the DPG sub-prime automobile loan portfolio at any

22 time during the period of January 1, 2015 - June 30, 2018.

23 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

24 Responding Party objects to this request on the grounds that it is overbroad

25 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

26 proportional to the needs of the case.

27 Without waiving and subject to the foregoing objections, Responding Party

28 will produce responsive documents to the extent they exist.

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 171:**

All documents which are sufficient to identify the name of the person or entity who purchased each of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 172:**

All documents which are sufficient to show the dates of any transfer of any ownership of any of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 173:**

All documents which are sufficient to identify the person or entity to whom ownership of any of the loans that were held in the DPG sub-prime automobile

1  loan portfolio at any time during the period of January 1, 2015 - June 30, 2018 was

2  transferred at any time between January 1, 2015 and June 30, 2018.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

4  Responding Party objects to this request on the grounds that it is overbroad

5  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

6  proportional to the needs of the case.

7  Without waiving and subject to the foregoing objections, Responding Party

8  will produce responsive documents to the extent they exist.

9

10  **REQUEST FOR PRODUCTION NO. 174:**

11  All documents which are sufficient to show the amount of any consideration

12  that was paid by the acquiring person/entity for any transfer of any ownership of

13  any of the loans that were held in the DPG sub-prime automobile loan portfolio at

14  any time during the period of January 1, 2015 - June 30, 2018 for any transfers of

15  ownership which occurred at any time between January 1, 2015 and the present.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

17  Responding Party objects to this request on the grounds that it is overbroad

18  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

19  proportional to the needs of the case.

20  Without waiving and subject to the foregoing objections, Responding Party

21  will produce responsive documents to the extent they exist.

22

23  **REQUEST FOR PRODUCTION NO. 175:**

24  All documents which are sufficient to show the maturity date of each of the

25  loans that were held in the DPG sub-prime automobile loan portfolio at any time

26  during the period of January 1, 2015 - June 30, 2018.

27

28

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

2    Responding Party objects to this request on the grounds that it is overbroad

3    as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4    proportional to the needs of the case.

5    Without waiving and subject to the foregoing objections, Responding Party

6    will produce responsive documents to the extent they exist.

7

8    **REQUEST FOR PRODUCTION NO. 176:**

9    All documents which are sufficient to show the monthly payments owed by

10   each of the borrowers for each of the loans that were held in the DPG sub-prime

11   automobile loan portfolio at any time during the period of January 1, 2015 - June

12   30, 2018.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

14   Responding Party objects to this request on the grounds that it is overbroad

15   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

16   proportional to the needs of the case.

17   Without waiving and subject to the foregoing objections, Responding Party

18   will produce responsive documents to the extent they exist.

19

20   **REQUEST FOR PRODUCTION NO. 177:**

21   All documents which are sufficient to show the monthly gross income that

22   you have received since January 1, 2015 from the loans that were held in the DPG

23   sub-prime automobile loan portfolio at any time during the period of January 1,

24   2015 - June 30, 2018.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

26   Responding Party objects to this request on the grounds that it is overbroad

27   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

28   proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 178:**

All documents which are sufficient to show the dates of any defaults with respect to any of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 178:

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 179:**

All documents which are sufficient to show the amounts of any defaults with respect to any of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 179:

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 180:**

All documents which are sufficient to show the net losses attributable to any defaults with respect to any of the loans that were held in the DPG sub-prime

1  automobile loan portfolio at any time during the period of January 1, 2015 - June

2  30, 2018.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 180:**

4  Responding Party objects to this request on the grounds that it is overbroad

5  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

6  proportional to the needs of the case.

7  Without waiving and subject to the foregoing objections, Responding Party

8  will produce responsive documents to the extent they exist.

9

10  **REQUEST FOR PRODUCTION NO. 181:**

11  All overviews of the DPG sub-prime automobile loan portfolio that were

12  created at any time during the period of January 1, 2015 through the present.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

14  Responding Party objects to this request on the grounds that it is overbroad

15  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

16  proportional to the needs of the case.

17

18  **REQUEST FOR PRODUCTION NO. 182:**

19  All source documents which were utilized to prepare the overviews of the

20  DPG sub- prime automobile loan portfolio that were created at any time during the

21  period of January 1, 2015 through the present.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 182:**

23  Responding Party objects to this request on the grounds that it is overbroad

24  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

25  proportional to the needs of the case.

26  **REQUEST FOR PRODUCTION NO. 183:**

27  All automobile title documents for each of the loans in the DPG sub-prime

28  automobile loan portfolio during the period of January 1, 2015 through the present.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

2    Responding Party objects to this request on the grounds that it is overbroad

3  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4  proportional to the needs of the case.

5    Without waiving and subject to the foregoing objections, Responding Party

6  will produce responsive documents to the extent they exist.

7

8  **REQUEST FOR PRODUCTION NO. 184:**

9    All lien assignments with respect to any of the loans in the DPG sub-prime

10  automobile loan portfolio which were made at any time during the period of

11  January 1, 2015 through the present.

12    **RESPONSE TO REQUEST FOR PRODUCTION NO. 184:**

13    Responding Party objects to this request on the grounds that it is overbroad

14  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

15  proportional to the needs of the case.

16    Without waiving and subject to the foregoing objections, Responding Party

17  will produce responsive documents to the extent they exist.

18

19  **REQUEST FOR PRODUCTION NO. 185:**

20    All versions of Daniel Galvanoni's resume that were created or in effect at

21  any time during the period of January 1, 2015 through the present.

22    **RESPONSE TO REQUEST FOR PRODUCTION NO. 185:**

23    Responding Party objects to this request on the grounds that it is overbroad

24  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

25  proportional to the needs of the case.

26  **REQUEST FOR PRODUCTION NO. 186:**

27    All versions of Philip Galvanoni's resume that were created or in effect at

28  any time during the period of January 1, 2015 through the present.

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 186:**

2      Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4   proportional to the needs of the case.

5

6   **REQUEST FOR PRODUCTION NO. 187:**

7      All versions of Gerald Hudspeth's resume that were created or in effect at

8   any time during the period of January 1, 2015 through the present.

9      **RESPONSE TO REQUEST FOR PRODUCTION NO. 187:**

10      Responding Party objects to this request on the grounds that it is overbroad

11   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

12   proportional to the needs of the case.

13

14   **REQUEST FOR PRODUCTION NO. 188:**

15      All versions of Westley Anderson's resume that were created or in effect at

16   any time during the period of January 1, 2015 through the present.

17      **RESPONSE TO REQUEST FOR PRODUCTION NO. 188:**

18      Responding Party objects to this request on the grounds that it is overbroad

19   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

20   proportional to the needs of the case.

21

22   **REQUEST FOR PRODUCTION NO. 189:**

23      All versions of William Brooksbank's resume that were created or in effect

24   at any time during the period of January 1, 2015 through the present.

25      **RESPONSE TO REQUEST FOR PRODUCTION NO. 189:**

26      Responding Party objects to this request on the grounds that it is overbroad

27   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

28   proportional to the needs of the case.

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 190:**

All versions of Jerome Joseph's resume that were created or in effect at any time during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 190:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 191:**

All statements, notes, recordings, or other documents of any type, if any exist, obtained from any witness, or potential witness to this action, concerning Plaintiff and/or any of the Investments at Issue and/or the DPG sub-prime automobile loan portfolio, exclusive of documents protected by the attorney-client or attorney work product privilege.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 191:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks the premature disclosure of expert witness materials.

**REQUEST FOR PRODUCTION NO. 192:**

Any notes, memoranda, recordings, or other documents of any type, if any exist, reflecting any verbal conference, discussion, or conversation with any witness, or potential witness to this action, concerning Plaintiff and/or any of the Investments at Issue and/or the DPG sub-prime automobile loan portfolio, exclusive of documents protected by the attorney-client or attorney work product privilege.

1      **RESPONSE TO REQUEST FOR PRODUCTION NO. 192:**

2      Responding Party objects to this request on the grounds that it is overbroad

3 as to time and scope, burdensome and oppressive, and not proportional to the needs

4 of the case.  Further objection is taken to this request on the grounds that it seeks

5 the premature disclosure of expert witness materials.

6

7      **REQUEST FOR PRODUCTION NO. 193:**

8      All documents you identified in your responses to the special interrogatories

9 served herewith.

10      **RESPONSE TO REQUEST FOR PRODUCTION NO. 193:**

11 Responding Party objects to this request on the grounds that it is overbroad as to

12 time and scope, burdensome and oppressive, and not proportional to the needs of

13 the case.

14

15 Dated:  November 8, 2018          CLARK HILL LLP

16

17                  By: _____

18                       Bradford G. Hughes
                        Tiffany B. Hunter

19             Attorneys for defendants DANIEL P.

20             GALVANONI; DPG INVESTMENTS, LLC;
            DPG GOLDEN EAGLE, LLC; SPRING

21             TREE LENDING, LLC; SPRING TREE
            HOLDINGS, LLC; SPRING TREE

22             FINANCIAL, LLC; and SKIBO HOLDINGS,
            LLC

23

24

25

26

27

28

DEFENDANT SKIBO HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137629.v1-11/8/18

1  CLARK HILL LLP
   Bradford G. Hughes (SBN 247141)
2  bhughes@ClarkHill.com
   Tiffany B. Hunter (SBN 306382)
3  thunter@ClarkHill.com
   1055 West Seventh Street, Suite 2400
4  Los Angeles, CA 90017
   Telephone:  (213) 891-9100
5  Facsimile:  (213) 488-1178

6  KAUFMAN & FORMAN, P.C.
   Alex B. Kaufman (SBN GA 136097)
7  abk@kauflaw.net
   Matthew D. Treco (SBN GA 802181)
8  mdt@kauflaw.net
   8215 Roswell Rd., Building 800
9  Atlanta, Georgia 30350-6445
   Telephone: 770.390.9200
10 Facsimile: 770.395.6720

11 Attorneys for Defendants DANIEL P. GALVANONI;
   DPG INVESTMENTS, LLC; DPG GOLDEN EAGLE,
12 LLC; SPRING TREE LENDING, LLC; SPRING
   TREE HOLDINGS, LLC; SPRING TREE
13 FINANCIAL, LLC; and SKIBO HOLDINGS, LLC

14           UNITED STATES DISTRICT COURT

15          EASTERN DISTRICT OF CALIFORNIA

16 | JOHN MARSHALL, an individual,          | Case No. 2:17-CV-00820-KJM-CKD
17 |                           Plaintiff,   | **DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**
18 |       v.
19 | DANIEL P. GALVANONI, an individual; DPG INVESTMENTS, LLC,
20 | a foreign limited liability company; DPG GOLDEN EAGLE, LLC, a foreign
21 | limited liability company; SPRING TREE LENDING, LLC, a foreign
22 | limited liability company; SPRING TREE HOLDINGS, LLC, a foreign
23 | limited liability company; SPRING TREE FINANCIAL, LLC, a foreign
24 | limited liability company; SKIBO HOLDINGS, LLC, a foreign limited
25 | liability company; GERALD T. HUDSPETH, an individual; JEROME L.
26 | JOSEPH, an individual; WILLIAM J. BROOKSBANK, an individual; AND
27 | DOES 1-100, inclusive,
28 |                           Defendants. |

220137658                          1                    2:17-CV-00820-KJM-CKD

1   PROPOUNDING PARTY:      Plaintiff, JOHN MARSHALL

2   RESPONDING PARTY:       Defendant, DPG INVESTMENTS, LLC

3   SET NUMBER:             ONE

4       Defendant DPG INVESTMENTS, LLC ("Responding Party") responds as

5   follows to First Set of Requests for Production of Documents propounded to it by

6   Plaintiff JOHN MARSHALL:

7   **RESPONSES TO REQUESTS FOR PRODUCTION**

8   **REQUEST FOR PRODUCTION NO. 1:**

9       All written communications, including, but not limited to, e-mails and/or

10   text messages, between you, and/or any person acting on your behalf, and Plaintiff,

11   which relate in any way to any of the Investments At Issue, and/or to the DPG sub-

12   prime automobile loan portfolio.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

14       Responding Party objects to this request on the grounds that it is overbroad

15   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

16   proportional to the needs of the case.  Further objection is taken to this request on

17   the grounds that it seeks materials protected from disclosure by the attorney work

18   product doctrine and attorney client privilege.  Responding Party also objects to

19   this request on the grounds that it seeks the premature disclosure of expert witness

20   materials.

21       Without waiving and subject to the foregoing objections, Responding Party

22   will produce responsive documents to the extent they exist and do not fall within

23   one of the above-asserted privileges.

24

25   **REQUEST FOR PRODUCTION NO. 2:**

26       All documents evidencing verbal communications between you, and/or any

27   person acting on your behalf, and Plaintiff, which relate in any way to any of the

28

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

1   Investments At Issue, and/or to the DPG sub-prime automobile loan portfolio,

2   including, but not limited to, notes, internal memoranda and/or telephone logs.

3   <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**</u>

4       Responding Party objects to this request on the grounds that it is overbroad

5   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

6   proportional to the needs of the case.  Further objection is taken to this request on

7   the grounds that it seeks materials protected from disclosure by the attorney work

8   product doctrine and attorney client privilege.  Responding Party also objects to

9   this request on the grounds that it seeks the premature disclosure of expert witness

10   materials.

11       Without waiving and subject to the foregoing objections, Responding Party

12   will produce responsive documents to the extent they exist and do not fall within

13   one of the above-asserted privileges.

14

15   <u>**REQUEST FOR PRODUCTION NO. 3:**</u>

16       All written communications, including, but not limited to, e-mails and/or

17   text messages, between and/or among any of your agents, employees, officers,

18   managing directors, managers and/or members, which relate in any way to Plaintiff

19   and/or any of the Investments At Issue.

20   <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**</u>

21       Responding Party objects to this request on the grounds that it is overbroad

22   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

23   proportional to the needs of the case.  Further objection is taken to this request on

24   the grounds that it seeks materials protected from disclosure by the attorney work

25   product doctrine and attorney client privilege.  Responding Party also objects to

26   this request on the grounds that it seeks the premature disclosure of expert witness

27   materials.

28

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 4:**

All documents evidencing any verbal communications between and/or among any of your agents, employees, officers, managing directors, members and/or managers, which relate in any way to Plaintiff and/or any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 5:**

All written communications, including, but not limited to, e-mails and/or text messages, between you, and/or any person acting on your behalf, and American Credit Acceptance, LLC ("ACA"), and/or any agent, independent contractor, officer, manager and/or employee thereof, which relate in any way to Plaintiff, and/or any of the Investments At Issue, and/or the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 6:**

All documents evidencing any verbal communications between you, and/or any person acting on your behalf, and ACA and/or any officer, manager, agent, and/or employee thereof, which relate in any way to Plaintiff, and/or any of the Investments At Issue, and/or the DPG sub-prime automobile loan portfolio, including, but not limited to, notes, internal memoranda and/or telephone logs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 7:**

All written communications, including, but not limited to, e-mails and/or text messages, between you, and/or any person acting on your behalf, and any of the former managers, managing directors, and/or employees of the Skibo Companies, including, but not limited to, James Duryea and/or Robert Smith, which relate in any way to Plaintiff, and/or any of the Investments At Issue, and/or the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 8:**

All documents evidencing any verbal communications between you, and/or any person acting on your behalf, and any of the former managers, managing directors, and/or employees of the Skibo Companies, including, but not limited to, James Duryea and/or Robert Smith, which relate in any way to Plaintiff, and/or any of the Investments At Issue, and/or the DPG sub-prime automobile loan portfolio, including, but not limited to, notes, internal memoranda and/or telephone logs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not

proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 9:**

All written communications, including, but not limited to, e-mails and/or text messages, between you, and/or any person acting on your behalf, and any of the other DPG Entity Defendants, and/or any employee, agent, member, manager and/or managing director thereof, which relate in any way to Plaintiff and/or any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 10:**

All documents evidencing any verbal communications between you, and/or any person acting on your behalf, and any of the other DPG Entity Defendants, and/or any employee, agent, member, manager and/or managing director thereof, which relate in any way to Plaintiff and/or any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.


**REQUEST FOR PRODUCTION NO. 11:**

All written communications, including, but not limited to, e-mails and/or text messages, between you, and/or any person acting on your behalf, and any actual or prospective investor in any of the DPG Entity Defendants, which relate in any way to Plaintiff, and/or any of the Investments At Issue, and/or the DPG sub-prime automobile loan portfolio, and which were made at any time between January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on

the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 12:**

All documents evidencing any verbal communications between you, and/or any person agent acting on your behalf, and any actual or prospective investor in any of the DPG Entity Defendants, which relate in any way to Plaintiff, or to any of the Investments At Issue, and/or to the DPG sub-prime automobile loan portfolio, and which were made at any time between January 1, 2015 - June 30, 2018, including, but not limited to, notes, internal memoranda and/or telephone logs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 13:**

All written communications, including, but not limited to, e-mails and/or text messages, between you, and/or any person acting on your behalf, and any actual or prospective lender to any of the DPG Entity Defendants, which relate in any way to Plaintiff, or to any of the Investments At Issue, and/or to the DPG sub-prime automobile loan portfolio, and which were made at any time between January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 14:**

All documents evidencing any verbal communications between you, and/or any person acting on your behalf, and any actual or prospective lender to any of the DPG Entity Defendants, which relate in any way to Plaintiff, or to any of the Investments At Issue, and/or to the DPG sub-prime automobile loan portfolio, and which were made at any time between January 1, 2015 - June 30, 2018, including, but not limited to, notes, internal memoranda and/or telephone logs.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 15:**

All documents you, and/or any person acting on your behalf, received from Plaintiff at any time between January 1, 2015 - March 31, 2017, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials equally within the possession of plaintiff.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 16:**

All documents you, and/or any person acting on your behalf, provided to Plaintiff at any time between January 1, 2015 - March 31, 2017, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials equally within the possession of plaintiff.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 17:**

All documents you, and/or any person acting on your behalf, received from Plaintiff at any time between January 1, 2015 - March 31, 2017, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials equally within the possession of plaintiff.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 18:**

All documents you, and/or any person acting on your behalf, provided to Plaintiff at any time between January 1, 2015 - March 31, 2017, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials equally within the possession of plaintiff.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 19:**

All documents you, and/or any person acting on your behalf, received from any of the other DPG Entity Defendants and/or any employee or agent thereof (exclusive of attorneys), at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the  Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 20:**

All documents you, and/or any person acting on your behalf, provided to any of the other DPG Entity Defendants and/or any employee or agent thereof (exclusive of attorneys), at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 21:**

All documents you, and/or any person acting on your behalf, received from any of the other DPG Entity Defendants and/or any employee or agent thereof (exclusive of attorneys), at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 22:**

All documents you, and/or any agent acting on your behalf, provided to any of the other DPG Entity Defendants and/or any employee or agent thereof (exclusive of attorneys), at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 23:**

All documents you, and/or any person acting on your behalf, provided to any of the former managers, managing directors, and/or employees of the Skibo Companies, including, but not limited to, James Duryea and/or Robert Smith, at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.


**REQUEST FOR PRODUCTION NO. 24:**

All documents you, and/or any person acting on your behalf, received from any of the former managers, managing directors, and/or employees of the Skibo Companies, including, but not limited to, James Duryea and/or Robert Smith, at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on

the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 25:**

All documents you, and/or any person acting on your behalf, provided to any of the former managers, managing directors, and/or employees of the Skibo Companies, including, but not limited to, James Duryea and/or Robert Smith, at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 26:**

All documents you, and/or any person acting on your behalf, received from ACA, at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 27:**

All documents you, and/or any person acting on your behalf, provided to ACA, at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 28:**

All documents you, and/or any person acting on your behalf, received from ACA at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

2      Responding Party objects to this request on the grounds that it is overbroad

3  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4  proportional to the needs of the case.

5      Without waiving and subject to the foregoing objections, Responding Party

6  will produce responsive documents to the extent they exist and do not fall within

7  one of the above-asserted privileges.

8

9  **REQUEST FOR PRODUCTION NO. 29:**

10      All documents you, and/or any agent acting on your behalf, provided to

11  ACA at any time between January 1, 2015 - June 30, 2018, which relate in any

12  way to the DPG sub-prime automobile loan portfolio.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

14      Responding Party objects to this request on the grounds that it is overbroad

15  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

16  proportional to the needs of the case.

17      Without waiving and subject to the foregoing objections, Responding Party

18  will produce responsive documents to the extent they exist and do not fall within

19  one of the above-asserted privileges.

20

21  **REQUEST FOR PRODUCTION NO. 30:**

22      All documents you, and/or any person acting on your behalf, received from

23  any actual or prospective investor in any of the DPG Entity Defendants at any time

24  between January 1, 2015 ¬June 30, 2018, which relate in any way to any of the

25  Investments At Issue.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

27      Responding Party objects to this request on the grounds that it is overbroad

28  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

1  proportional to the needs of the case.  Further objection is taken to this request on

2  the grounds that it seeks materials protected from disclosure by the attorney client

3  privilege and attorney work product doctrine.  Responding Party also objects to

4  this request on the grounds that it seeks the premature disclosure of expert witness

5  materials.

6          Without waiving and subject to the foregoing objections, Responding Party

7  will produce responsive documents to the extent they exist and do not fall within

8  one of the above-asserted privileges.

9

10  **REQUEST FOR PRODUCTION NO. 31:**

11          All documents you, and/or any person acting on your behalf, provided to any

12  actual or prospective investor in any of the DPG Entity Defendants, at any time

13  between January 1, 2015 ¬June 30, 2018, which relate in any way to any of the

14  Investments At Issue.

15          **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

16          Responding Party objects to this request on the grounds that it is overbroad

17  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

18  proportional to the needs of the case.  Further objection is taken to this request on

19  the grounds that it seeks materials protected from disclosure by the attorney client

20  privilege and attorney work product doctrine.  Responding Party also objects to

21  this request on the grounds that it seeks the premature disclosure of expert witness

22  materials.

23          Without waiving and subject to the foregoing objections, Responding Party

24  will produce responsive documents to the extent they exist and do not fall within

25  one of the above-asserted privileges.

26

27

28

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

1  **REQUEST FOR PRODUCTION NO. 32:**

2      All documents you, and/or any person acting on your behalf, received from

3  any actual or prospective investor in any of the DPG Entity Defendants, at any

4  time between January 1, 2015 ¬June 30, 2018, which relate in any way to the DPG

5  sub-prime automobile loan portfolio.

6      **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

7      Responding Party objects to this request on the grounds that it is overbroad

8  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

9  proportional to the needs of the case.  Further objection is taken to this request on

10 the grounds that it seeks materials protected from disclosure by the attorney client

11 privilege and attorney work product doctrine.  Responding Party also objects to

12 this request on the grounds that it seeks the premature disclosure of expert witness

13 materials.

14     Without waiving and subject to the foregoing objections, Responding Party

15 will produce responsive documents to the extent they exist and do not fall within

16 one of the above-asserted privileges.

17

18 **REQUEST FOR PRODUCTION NO. 33:**

19     All documents you, and/or any person acting on your behalf, provided to any

20 actual or prospective investor in any of the DPG Entity Defendants, at any time

21 between January 1, 2015 -June 30, 2018, which relate in any way to the DPG sub-

22 prime automobile loan portfolio.

23     **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

24     Responding Party objects to this request on the grounds that it is overbroad

25 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

26 proportional to the needs of the case.  Further objection is taken to this request on

27 the grounds that it seeks materials protected from disclosure by the attorney client

28 privilege and attorney work product doctrine.  Responding Party also objects to

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 34:**

All documents you, and/or any person acting on your behalf, received from any actual or prospective lender to any of the DPG Entity Defendants, at any time between January 1, 2015 -June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

**REQUEST FOR PRODUCTION NO. 35:**

All documents you, and/or any person acting on your behalf, provided to any actual or prospective lender to any of the DPG Entity Defendants, at any time between January 1, 2015 ¬June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1   Without waiving and subject to the foregoing objections, Responding Party
2   will produce responsive documents to the extent they exist and do not fall within
3   one of the above-asserted privileges.

4

5   **REQUEST FOR PRODUCTION NO. 36:**

6       All documents you, and/or any person acting on your behalf, received from
7   any actual or prospective lender to any of the DPG Entity Defendants, at any time
8   between January 1, 2015 -June 30, 2018, which relate in any way to the DPG sub-
9   prime automobile loan portfolio.

10          **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

11      Responding Party objects to this request on the grounds that it is overbroad
12  as to time and scope, vague and ambiguous, burdensome and oppressive, and not
13  proportional to the needs of the case.  Further objection is taken to this request on
14  the grounds that it seeks materials protected from disclosure by the attorney client
15  privilege and attorney work product doctrine.  Responding Party also objects to
16  this request on the grounds that it seeks the premature disclosure of expert witness
17  materials.

18      Without waiving and subject to the foregoing objections, Responding Party
19  will produce responsive documents to the extent they exist and do not fall within
20  one of the above-asserted privileges.

21

22  **REQUEST FOR PRODUCTION NO. 37:**

23      All documents you, and/or any person acting on your behalf, provided to any
24  actual or prospective lender to any of the DPG Entity Defendants, at any time
25  between January 1, 2015 ¬June 30, 2018, which relate in any way to the DPG sub-
26  prime automobile loan portfolio.

27

28

220137658                                23                    2:17-CV-00820-KJM-CKD

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 38:**

All documents you, and/or any person acting on your behalf, received from any other person not heretofore specifically mentioned at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments At Issue, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 39:**

All documents you, and/or any person acting on your behalf, provided to any other person not heretofore specifically mentioned at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments At Issue, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 40:**

All documents you, and/or any person acting on your behalf, received from any other person not heretofore specifically mentioned at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

1   Without waiving and subject to the foregoing objections, Responding Party
2   will produce responsive documents to the extent they exist and do not fall within
3   one of the above-asserted privileges.

4

5   **REQUEST FOR PRODUCTION NO. 41:**

6   All documents you, and/or any person acting on your behalf, provided to any
7   other person not heretofore specifically mentioned at any time between January 1,
8   2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile
9   loan portfolio, but exclusive of documents protected by the attorney-client and/or
10   attorney work product privileges.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

12   Responding Party objects to this request on the grounds that it is overbroad
13   as to time and scope, vague and ambiguous, burdensome and oppressive, and not
14   proportional to the needs of the case.  Responding Party also objects to this request
15   on the grounds that it seeks the premature disclosure of expert witness materials.

16   Without waiving and subject to the foregoing objections, Responding Party
17   will produce responsive documents to the extent they exist and do not fall within
18   one of the above-asserted privileges.

19

20   **REQUEST FOR PRODUCTION NO. 42:**

21   All documents sufficient to identify the names of your investors during the
22   period of January 1, 2015 through the present.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

24   Responding Party objects to this request on the grounds that it is overbroad
25   as to time and scope, burdensome and oppressive, and not proportional to the needs
26   of the case.  Responding Party also objects to this request on the grounds that it
27   seeks the disclosure of materials protected by any investor's right to privacy as
28   protected by the United States and California constitutions.

1   Without waiving and subject to the foregoing objections, Responding Party

2   will produce responsive documents to the extent they exist and do not fall within

3   one of the above-asserted privileges.

4

5   **REQUEST FOR PRODUCTION NO. 43:**

6   All documents sufficient to show the amounts of each investment that was

7   made into your business during the period of January 1, 2015 through the present.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

9   Responding Party objects to this request on the grounds that it is overbroad

10  as to time and scope, burdensome and oppressive, and not proportional to the needs

11  of the case.

12  Without waiving and subject to the foregoing objections, Responding Party

13  will produce responsive documents to the extent they exist.

14

15  **REQUEST FOR PRODUCTION NO. 44:**

16  All documents sufficient to show the dates of each investment that was made

17  into your business during the period of January 1, 2015 through the present.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

19  Responding Party objects to this request on the grounds that it is overbroad

20  as to time and scope, burdensome and oppressive, and not proportional to the needs

21  of the case.

22  Without waiving and subject to the foregoing objections, Responding Party

23  will produce responsive documents to the extent they exist.

24

25  **REQUEST FOR PRODUCTION NO. 45:**

26  All documents sufficient to show the amount of interest that was paid to

27  each investor in your business during the period of January 1, 2015 through the

28  present.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

2  Responding Party objects to this request on the grounds that it is overbroad

3  as to time and scope, burdensome and oppressive, and not proportional to the needs

4  of the case.

5  Without waiving and subject to the foregoing objections, Responding Party

6  will produce responsive documents to the extent they exist.

7

8  **REQUEST FOR PRODUCTION NO. 46:**

9  All documents sufficient to show the amount of principal that was returned

10  to each investor in your business during the period of January 1, 2015 through the

11  present.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

13  Responding Party objects to this request on the grounds that it is overbroad

14  as to time and scope, burdensome and oppressive, and not proportional to the needs

15  of the case.

16  Without waiving and subject to the foregoing objections, Responding Party

17  will produce responsive documents to the extent they exist.

18

19  **REQUEST FOR PRODUCTION NO. 47:**

20  All documents sufficient to show the amount that is currently owed to each

21  person who invested in your business during the period of January 1, 2015 through

22  the present.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

24  Responding Party objects to this request on the grounds that it is overbroad

25  as to time and scope, burdensome and oppressive, and not proportional to the needs

26  of the case.

27  Without waiving and subject to the foregoing objections, Responding Party

28  will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 48:**

All documents sufficient to identify any and all persons who loaned money to you at any time during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by any investor's right to privacy as protected by the United States and California constitutions.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 49:**

All documents sufficient to show the amounts of each loan that was made into your business during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 50:**

All documents sufficient to show the dates of each loan that was made into your business during the period of January 1, 2015 through the present.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 51:**

All documents sufficient to show the amount of interest that was paid to each of your lenders during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 52:**

All documents sufficient to show the amount of principal that was returned to each of your lenders during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

1  **REQUEST FOR PRODUCTION NO. 53:**

2       All documents sufficient to show the amount that is currently owed to each

3  of your lenders who loaned money to your business during the period of January 1,

4  2015 through the present.

5       **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

6       Responding Party objects to this request on the grounds that it is overbroad

7  as to time and scope, burdensome and oppressive, and not proportional to the needs

8  of the case.

9       Without waiving and subject to the foregoing objections, Responding Party

10 will produce responsive documents to the extent they exist.

11

12 **REQUEST FOR PRODUCTION NO. 54:**

13      All documents sufficient to identify each and all of your members during the

14 period of January 1, 2015 through the present.

15      **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

16      Responding Party objects to this request on the grounds that it is overbroad

17 as to time and scope, burdensome and oppressive, and not proportional to the needs

18 of the case.

19      Without waiving and subject to the foregoing objections, Responding Party

20 will produce responsive documents to the extent they exist.

21

22 **REQUEST FOR PRODUCTION NO. 55:**

23      All documents sufficient to identify each and all of your managing members

24 during the period of January 1, 2015 through the present.

25      **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

26      Responding Party objects to this request on the grounds that it is overbroad

27 as to time and scope, burdensome and oppressive, and not proportional to the needs

28 of the case.

1   Without waiving and subject to the foregoing objections, Responding Party

2   will produce responsive documents to the extent they exist.

3

4   **REQUEST FOR PRODUCTION NO. 56:**

5   Your complete audited financial statements for fiscal years 2012 through

6   2017.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

8   Responding Party objects to this request on the grounds that it is overbroad

9   as to time and scope, burdensome and oppressive, and not proportional to the needs

10  of the case.

11  Without waiving and subject to the foregoing objections, Responding Party

12  will produce responsive documents to the extent they exist.

13

14  **REQUEST FOR PRODUCTION NO. 57:**

15  All business plans which relate to the DPG sub-prime automobile loan

16  portfolio that were generated at any time during the period of January 1, 2015

17  through the present.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

19  Responding Party objects to this request on the grounds that it is overbroad

20  as to time and scope, burdensome and oppressive, and not proportional to the needs

21  of the case.

22  Without waiving and subject to the foregoing objections, Responding Party

23  will produce responsive documents to the extent they exist.

24

25  **REQUEST FOR PRODUCTION NO. 58:**

26  All documents relating to any liens against you that were created and/or

27  perfected at any time during the period of January 1, 2015 through the present, but

28

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 59:**

All documents relating to any liens against the DPG sub-prime automobile loan portfolio that were created and/or perfected at any time during the period of January 1, 2015 through the present, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 60:**

All complaints against you filed at any time during the period of January 1, 2000 through the present which allege wrongdoing of any kind in connection with the solicitation and sale of investments and/or the solicitation of loans.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 61:**

All complaints against you filed at any time during the period of January 1, 2000 through the present which allege wrongdoing of any kind in connection with the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 62:**

All documents reflecting, evidencing and/or memorializing any and all due diligence which you, and/or any person acting on your behalf, conducted with regard to the Skibo Companies, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 63:**

All documents reflecting, evidencing and/or memorializing any and all due diligence which you, and/or any person acting on your behalf, conducted with regard to the DPG sub-prime automobile loan portfolio, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 64:**

All job descriptions for Daniel Galvanoni generated at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 65:**

All business cards used by Daniel Galvanoni at any time since January 1, 2015.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

2   Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, burdensome and oppressive, and not proportional to the needs

4   of the case.

5

6   **REQUEST FOR PRODUCTION NO. 66:**

7   All job descriptions for Gerald Hudspeth generated at any time since January

8   1, 2015.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

10   Responding Party objects to this request on the grounds that it is overbroad

11   as to time and scope, burdensome and oppressive, and not proportional to the needs

12   of the case.

13

14   **REQUEST FOR PRODUCTION NO. 67:**

15   All business cards used by Gerald Hudspeth at any time since January 1,

16   2015.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

18   Responding Party objects to this request on the grounds that it is overbroad

19   as to time and scope, burdensome and oppressive, and not proportional to the needs

20   of the case.

21

22   **REQUEST FOR PRODUCTION NO. 68:**

23   All job descriptions for Westley Anderson generated at any time since

24   January 1, 2015.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

26   Responding Party objects to this request on the grounds that it is overbroad

27   as to time and scope, burdensome and oppressive, and not proportional to the needs

28   of the case.

1  **REQUEST FOR PRODUCTION NO. 69:**

2      All business cards used by Westley Anderson at any time since January 1,

3  2015.

4      **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

5      Responding Party objects to this request on the grounds that it is overbroad

6  as to time and scope, burdensome and oppressive, and not proportional to the needs

7  of the case.

8

9  **REQUEST FOR PRODUCTION NO. 70:**

10     All job descriptions for Philip Galvanoni generated at any time since January

11  1, 2015.

12     **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

13     Responding Party objects to this request on the grounds that it is overbroad

14  as to time and scope, burdensome and oppressive, and not proportional to the needs

15  of the case.

16

17  **REQUEST FOR PRODUCTION NO. 71:**

18     All business cards used by Philip Galvanoni at any time since January 1,

19  2015.

20     **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

21     Responding Party objects to this request on the grounds that it is overbroad

22  as to time and scope, burdensome and oppressive, and not proportional to the needs

23  of the case.

24

25  **REQUEST FOR PRODUCTION NO. 72:**

26     All job descriptions for William Brooksbank generated at any time since

27  January 1, 2015.

28

220137658                          37                  2:17-CV-00820-KJM-CKD

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

2  Responding Party objects to this request on the grounds that it is overbroad

3  as to time and scope, burdensome and oppressive, and not proportional to the needs

4  of the case.

5

6  **REQUEST FOR PRODUCTION NO. 73:**

7  All business cards used by William Brooksbank at any time since January 1,

8  2015.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

10  Responding Party objects to this request on the grounds that it is overbroad

11  as to time and scope, burdensome and oppressive, and not proportional to the needs

12  of the case.

13

14  **REQUEST FOR PRODUCTION NO. 74:**

15  All job descriptions for Jerome Joseph generated at any time since January

16  1, 2015.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

18  Responding Party objects to this request on the grounds that it is overbroad

19  as to time and scope, burdensome and oppressive, and not proportional to the needs

20  of the case.

21

22  **REQUEST FOR PRODUCTION NO. 75:**

23  All business cards used by Jerome Joseph at any time since January 1, 2015.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

25  Responding Party objects to this request on the grounds that it is overbroad

26  as to time and scope, burdensome and oppressive, and not proportional to the needs

27  of the case.

28

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

1   **REQUEST FOR PRODUCTION NO. 76:**

2       All agreements between you and Plaintiff.

3       **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

4       Responding Party objects to this request on the grounds that it is overbroad

5   as to time and scope, burdensome and oppressive, and not proportional to the needs

6   of the case.

7       Without waiving and subject to the foregoing objections, Responding Party

8   will produce responsive documents to the extent they exist.

9

10  **REQUEST FOR PRODUCTION NO. 77:**

11      All documents signed by Plaintiff, including all documents you claim

12  Plaintiff signed.

13      **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

14      Responding Party objects to this request on the grounds that it is overbroad

15  as to time and scope, burdensome and oppressive, and not proportional to the needs

16  of the case.

17      Without waiving and subject to the foregoing objections, Responding Party

18  will produce responsive documents to the extent they exist.

19

20  **REQUEST FOR PRODUCTION NO. 78:**

21      All agreements between you and Daniel Galvanoni that were in effect at any

22  time from January 1, 2015 through the present.

23      **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

24      Responding Party objects to this request on the grounds that it is overbroad

25  as to time and scope, burdensome and oppressive, and not proportional to the needs

26  of the case.

27      Without waiving and subject to the foregoing objections, Responding Party

28  will produce responsive documents to the extent they exist.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

1
**REQUEST FOR PRODUCTION NO. 79:**

2
All agreements between you and any of the other DPG Entity Defendants

3
that were in effect at any time from January 1, 2015 through the present.

4
**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

5
Responding Party objects to this request on the grounds that it is overbroad

6
as to time and scope, burdensome and oppressive, and not proportional to the needs

7
of the case.

8
Without waiving and subject to the foregoing objections, Responding Party

9
will produce responsive documents to the extent they exist.

10

11
**REQUEST FOR PRODUCTION NO. 80:**

12
All agreements between you and ACA that were in effect at any time from

13
January 1, 2015 through the present.

14
**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

15
Responding Party objects to this request on the grounds that it is overbroad

16
as to time and scope, burdensome and oppressive, and not proportional to the needs

17
of the case.

18
Without waiving and subject to the foregoing objections, Responding Party

19
will produce responsive documents to the extent they exist.

20

21
**REQUEST FOR PRODUCTION NO. 81:**

22
All agreements between you and any investor of yours that were in effect at

23
any time from January 1, 2015 through the present.

24
**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

25
Responding Party objects to this request on the grounds that it is overbroad

26
as to time and scope, burdensome and oppressive, and not proportional to the needs

27
of the case.

28

**REQUEST FOR PRODUCTION NO. 82:**

All agreements between you and any lender of yours that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 83:**

All agreements between you and Philip Galvanoni that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Philip Galvanoni's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 84:**

All agreements between you and Gerald Hudspeth that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Gerald Hudspeth's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 85:**

All agreements between you and Westley Anderson that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Westley Anderson's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 86:**

All agreements between you and William Brooksbank that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by William Brooksbank's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 87:**

All agreements between you and Jerome Joseph that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it

1   seeks the disclosure of materials protected by Jerome Joseph's right to privacy as

2   protected by the United States and California constitutions.

3

4   **REQUEST FOR PRODUCTION NO. 88:**

5       All agreements between you and the Skibo Companies, and/or any owner or

6   manager of the Skibo Companies, that were in effect at any time from January 1,

7   2015 through the present.

8       **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

9       Responding Party objects to this request on the grounds that it is overbroad

10  as to time and scope, burdensome and oppressive, and not proportional to the needs

11  of the case.

12      Without waiving and subject to the foregoing objections, Responding Party

13  will produce responsive documents to the extent they exist.

14

15  **REQUEST FOR PRODUCTION NO. 89:**

16      All agreements between you and any person not heretofore specifically

17  mentioned that relate in any way to the Investments at Issue or to the DPG sub-

18  prime automobile loan portfolio, but exclusive of documents protected by the

19  attorney-client and/or attorney work product privileges.

20      **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

21      Responding Party objects to this request on the grounds that it is overbroad

22  as to time and scope, burdensome and oppressive, and not proportional to the needs

23  of the case.

24

25  **REQUEST FOR PRODUCTION NO. 90:**

26      All investigations, charges and/or findings by any regulator, whether state,

27  federal or self-regulatory organization, that were made against you and/or any

28

member of yours with regard to investments, loans, and/or the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 91:**

All responses to any investigations, charges and/or findings by any regulator, whether state, federal or self-regulatory organization, that were made against you and/or any member of yours with regard to investments, loans, and/or the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 92:**

All press releases written, generated and/or approved by you, and/or any person acting on your behalf which evidence, reflect, memorialize and/or discuss the Skibo Companies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 93:**

All press releases written, generated and/or approved by you, and/or any person acting on your behalf which evidence, reflect, memorialize and/or discuss the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 94:**

All press releases written, generated and/or approved by you, and/or any person acting on your behalf which evidence, reflect, memorialize and/or discuss ACA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 95:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to the Skibo Companies at any time since January 1, 2015.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

2      Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4   proportional to the needs of the case.  Further objection is taken to this request on

5   the grounds that it seeks materials protected from disclosure under the attorney

6   work product doctrine.

7

8   **REQUEST FOR PRODUCTION NO. 96:**

9      All documents necessary and sufficient to ascertain the amount of funds,

10   both net and gross, that you transferred, conveyed, or otherwise provided to any of

11   the other DPG Entity Defendants at any time since January 1, 2015.

12      **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

13      Responding Party objects to this request on the grounds that it is overbroad

14   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

15   proportional to the needs of the case.  Further objection is taken to this request on

16   the grounds that it seeks materials protected from disclosure under the attorney

17   work product doctrine.

18

19   **REQUEST FOR PRODUCTION NO. 97:**

20      All documents necessary and sufficient to ascertain the amount of funds,

21   both net and gross, that you transferred, conveyed, or otherwise provided to Daniel

22   Galvanoni at any time since January 1, 2015.

23      **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

24      Responding Party objects to this request on the grounds that it is overbroad

25   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

26   proportional to the needs of the case.  Further objection is taken to this request on

27   the grounds that it seeks materials protected from disclosure under the attorney

28   work product doctrine. Responding Party also objects to this request on the

1    grounds that it seeks the disclosure of materials protected by Daniel Galvanoni's

2    right to privacy as protected by the United States and California constitutions.

3

4    **REQUEST FOR PRODUCTION NO. 98:**

5         All documents necessary and sufficient to ascertain the amount of funds,

6    both net and gross, that you transferred, conveyed, or otherwise provided to Philip

7    Galvanoni at any time since January 1, 2015.

8         **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

9         Responding Party objects to this request on the grounds that it is overbroad

10   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

11   proportional to the needs of the case.  Further objection is taken to this request on

12   the grounds that it seeks materials protected from disclosure under the attorney

13   work product doctrine. Responding Party also objects to this request on the

14   grounds that it seeks the disclosure of materials protected by Philip Galvanoni's

15   right to privacy as protected by the United States and California constitutions.

16

17   **REQUEST FOR PRODUCTION NO. 99:**

18        All documents necessary and sufficient to ascertain the amount of funds,

19   both net and gross, that you transferred, conveyed, or otherwise provided to ACA

20   at any time since January 1, 2015.

21        **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

22        Responding Party objects to this request on the grounds that it is overbroad

23   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

24   proportional to the needs of the case.  Further objection is taken to this request on

25   the grounds that it seeks materials protected from disclosure under the attorney

26   work product doctrine.

27

28

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

1  **REQUEST FOR PRODUCTION NO. 100:**

2   All documents necessary and sufficient to ascertain the amount of funds,

3  both net and gross, that you transferred, conveyed, or otherwise provided to Gerald

4  Hudspeth at any time since January 1, 2015.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

6   Responding Party objects to this request on the grounds that it is overbroad

7  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

8  proportional to the needs of the case.  Further objection is taken to this request on

9  the grounds that it seeks materials protected from disclosure under the attorney

10  work product doctrine. Responding Party also objects to this request on the

11  grounds that it seeks the disclosure of materials protected Gerald Hudspeth's right

12  to privacy as protected by the United States and California constitutions.

13

14  **REQUEST FOR PRODUCTION NO. 101:**

15   All documents necessary and sufficient to ascertain the amount of funds,

16  both net and gross, that you transferred, conveyed, or otherwise provided to

17  Westley Anderson at any time since January 1, 2015.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

19   Responding Party objects to this request on the grounds that it is overbroad

20  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

21  proportional to the needs of the case.  Further objection is taken to this request on

22  the grounds that it seeks materials protected from disclosure under the attorney

23  work product doctrine. Responding Party also objects to this request on the

24  grounds that it seeks the disclosure of materials protected by Westley Anderson's

25  right to privacy as protected by the United States and California constitutions.

26

27

28

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

1  **REQUEST FOR PRODUCTION NO. 102:**

2    All documents necessary and sufficient to ascertain the amount of funds,

3  both net and gross, that you transferred, conveyed, or otherwise provided to

4  William Brooksbank at any time since January 1, 2015.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

6    Responding Party objects to this request on the grounds that it is overbroad

7  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

8  proportional to the needs of the case.  Further objection is taken to this request on

9  the grounds that it seeks materials protected from disclosure under the attorney

10 work product doctrine. Responding Party also objects to this request on the

11 grounds that it seeks the disclosure of materials protected by William

12 Brooksbank's right to privacy as protected by the United States and California

13 constitutions.

14

15 **REQUEST FOR PRODUCTION NO. 103:**

16   All documents necessary and sufficient to ascertain the amount of funds,

17 both net and gross, that you transferred, conveyed, or otherwise provided to Jerome

18 Joseph at any time since January 1, 2015.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

20   Responding Party objects to this request on the grounds that it is overbroad

21 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

22 proportional to the needs of the case.  Further objection is taken to this request on

23 the grounds that it seeks materials protected from disclosure under the attorney

24 work product doctrine. Responding Party also objects to this request on the

25 grounds that it seeks the disclosure of materials protected by Jerome Joseph's right

26 to privacy as protected by the United States and California constitutions.

27

28

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 104:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to any investor of yours at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.


**REQUEST FOR PRODUCTION NO. 105:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to any lender of yours at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.


**REQUEST FOR PRODUCTION NO. 106:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from the Skibo Companies at any time since January 1, 2015.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

2        Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4   proportional to the needs of the case.  Further objection is taken to this request on

5   the grounds that it seeks materials protected from disclosure under the attorney

6   work product doctrine.

7

8   **REQUEST FOR PRODUCTION NO. 107:**

9        All documents necessary and sufficient to ascertain the amount of funds,

10  both net and gross, that you received from any of the other DPG Entity Defendants

11  at any time since January 1, 2015.

12       **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

13       Responding Party objects to this request on the grounds that it is overbroad

14  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

15  proportional to the needs of the case.  Further objection is taken to this request on

16  the grounds that it seeks materials protected from disclosure under the attorney

17  work product doctrine.

18

19  **REQUEST FOR PRODUCTION NO. 108:**

20       All documents necessary and sufficient to ascertain the amount of funds,

21  both net and gross, that you received from Daniel Galvanoni at any time since

22  January 1, 2015.

23       **RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

24       Responding Party objects to this request on the grounds that it is overbroad

25  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

26  proportional to the needs of the case.  Further objection is taken to this request on

27  the grounds that it seeks materials protected from disclosure under the attorney

28  work product doctrine.  Responding Party also objects to this request on the

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

grounds that it seeks the disclosure of materials protected by Daniel Galvanoni's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 109:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from Philip Galvanoni at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Philip Galvanoni's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 110:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from ACA at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 111:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from Gerald Hudspeth at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Gerald Hudspeth's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 112:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from Westley Anderson at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Westley Anderson's right to privacy as protected by the United States and California constitutions.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 113:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from William Brooksbank at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by William Brooksbank's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 114:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from Jerome Joseph at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Jerome Joseph's right to privacy as protected by the United States and California constitutions.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 115:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from any investor of yours at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 116:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from any lender of yours at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 117:**

Each and all of your bank account statements for the period of January 1, 2015 through the present.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

2   Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, burdensome and oppressive, and not proportional to the needs

4   of the case.

5

6   **REQUEST FOR PRODUCTION NO. 118:**

7   Each and all of your quikbook reports for the period of January 1, 2015

8   through the present.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

10   Responding Party objects to this request on the grounds that it is overbroad

11   as to time and scope, burdensome and oppressive, and not proportional to the needs

12   of the case.

13   Without waiving and subject to the foregoing objections, Responding Party

14   will produce responsive documents to the extent they exist.

15

16   **REQUEST FOR PRODUCTION NO. 119:**

17   Your complete general ledger for the period of January 1, 2015 through the

18   present.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

20   Responding Party objects to this request on the grounds that it is overbroad

21   as to time and scope, burdensome and oppressive, and not proportional to the needs

22   of the case.

23   Without waiving and subject to the foregoing objections, Responding Party

24   will produce responsive documents to the extent they exist.

25

26   **REQUEST FOR PRODUCTION NO. 120:**

27   All sub-prime automobile loan contracts which you owned, purchased or

28   serviced at any time during the period of January 1, 2015 through the present.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

2        Responding Party objects to this request on the grounds that it is overbroad

3    as to time and scope, burdensome and oppressive, and not proportional to the needs

4    of the case.

5        Without waiving and subject to the foregoing objections, Responding Party

6    will produce responsive documents to the extent they exist.

7

8    **REQUEST FOR PRODUCTION NO. 121:**

9        All documents which are sufficient to show the consideration which you

10   paid for any sub-prime automobile loan contracts which you owned, purchased or

11   serviced at any time during the period of January 1, 2015 through the present.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

13       Responding Party objects to this request on the grounds that it is overbroad

14   as to time and scope, burdensome and oppressive, and not proportional to the needs

15   of the case.

16       Without waiving and subject to the foregoing objections, Responding Party

17   will produce responsive documents to the extent they exist.

18

19   **REQUEST FOR PRODUCTION NO. 122:**

20       All documents which are sufficient to show the amount of monies you have

21   received as a direct or indirect result of any sub-prime automobile loan contracts

22   which you owned, purchased or serviced at any time during the period of January

23   1, 2015 through the present.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

25       Responding Party objects to this request on the grounds that it is overbroad

26   as to time and scope, burdensome and oppressive, and not proportional to the needs

27   of the case.

28

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

1    Without waiving and subject to the foregoing objections, Responding Party

2  will produce responsive documents to the extent they exist.

3

4  **REQUEST FOR PRODUCTION NO. 123:**

5    All documents which are sufficient to show how the Investments At Issue

6  were utilized.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

8    Responding Party objects to this request on the grounds that it is overbroad

9  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

10  proportional to the needs of the case.  Further objection is taken to this request on

11  the grounds that it seeks materials protected from disclosure under the attorney

12  work product doctrine.

13    Without waiving and subject to the foregoing objections, Responding Party

14  will produce responsive documents to the extent they exist and do not fall within

15  one of the above-asserted privileges.

16

17  **REQUEST FOR PRODUCTION NO. 124:**

18    All docs which evidence that any or all of the Investments At Issue were

19  used to purchase new sub-prime automobile loans.

20    **RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

21    Responding Party objects to this request on the grounds that it is overbroad

22  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

23  proportional to the needs of the case.  Further objection is taken to this request on

24  the grounds that it seeks materials protected from disclosure under the attorney

25  work product doctrine.

26    Without waiving and subject to the foregoing objections, Responding Party

27  will produce responsive documents to the extent they exist and do not fall within

28  one of the above-asserted privileges.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

1

2  **REQUEST FOR PRODUCTION NO. 125:**

3      All documents which evidence that any or all of the Investments At Issue

4  were used to fund the operations of any of the DPG Entity Defendants.

5          **RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

6      Responding Party objects to this request on the grounds that it is overbroad

7  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

8  proportional to the needs of the case.  Further objection is taken to this request on

9  the grounds that it seeks materials protected from disclosure under the attorney

10  work product doctrine.

11      Without waiving and subject to the foregoing objections, Responding Party

12  will produce responsive documents to the extent they exist and do not fall within

13  one of the above-asserted privileges.

14

15  **REQUEST FOR PRODUCTION NO. 126:**

16      All documents which evidence any and all expenses that Daniel Galvanoni

17  advanced on your behalf during the period of January 1, 2015 through December

18  31, 2017.

19          **RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

20      Responding Party objects to this request on the grounds that it is overbroad

21  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

22  proportional to the needs of the case.  Further objection is taken to this request on

23  the grounds that it seeks materials protected from disclosure under the attorney

24  work product doctrine.

25      Without waiving and subject to the foregoing objections, Responding Party

26  will produce responsive documents to the extent they exist and do not fall within

27  one of the above-asserted privileges.

28

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

1  **REQUEST FOR PRODUCTION NO. 127:**

2      Any and all of your Errors & Omissions insurance policies that were in

3  effect and/or applicable for the period of January 1, 2015 through the present.

4      **RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

5      Responding Party objects to this request on the grounds that it is overbroad

6  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

7  proportional to the needs of the case.

8

9  **REQUEST FOR PRODUCTION NO. 128:**

10     Any and all of your business insurance policies that were in effect and/or

11 applicable for the period of January 1, 2015 through the present.

12     **RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

13     Responding Party objects to this request on the grounds that it is overbroad

14 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

15 proportional to the needs of the case.

16

17 **REQUEST FOR PRODUCTION NO. 129:**

18     Any and all insurance policies not heretofore specifically requested which

19 provide actual or potential coverage with respect to Plaintiffs claims in this action.

20     **RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

21     Responding Party objects to this request on the grounds that it is overbroad

22 as to time and scope, burdensome and oppressive, and not proportional to the needs

23 of the case.

24

25 **REQUEST FOR PRODUCTION NO. 130:**

26     All leases for any offices occupied by you since January 1, 2015.

27

28

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

2         Responding Party objects to this request on the grounds that it is overbroad

3    as to time and scope, burdensome and oppressive, and not proportional to the needs

4    of the case.

5

6    **REQUEST FOR PRODUCTION NO. 131:**

7         All business licenses held by you at any time since January 1, 2015.

8         **RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

9         Responding Party objects to this request on the grounds that it is overbroad

10   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

11   proportional to the needs of the case.

12

13   **REQUEST FOR PRODUCTION NO. 132:**

14        All investment proposals you provided to Plaintiff between January 1, 2015

15   and December 31, 2017.

16        **RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

17        Responding Party objects to this request on the grounds that it is overbroad

18   as to time and scope, burdensome and oppressive, and not proportional to the needs

19   of the case.

20        Without waiving and subject to the foregoing objections, Responding Party

21   will produce responsive documents to the extent they exist.

22

23   **REQUEST FOR PRODUCTION NO. 133:**

24        All investment proposals you provided to any other prospective investor

25   between January 1, 2015 and December 31, 2017.

26

27

28

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

2    Responding Party objects to this request on the grounds that it is overbroad

3 as to time and scope, burdensome and oppressive, and not proportional to the needs

4 of the case.

5

6 **REQUEST FOR PRODUCTION NO. 134:**

7    All profit and loss forecasts relating to the DPG sub-prime automobile loan

8 portfolio that were generated at any time between January 1, 2015 and December

9 31, 2017.

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

11    Responding Party objects to this request on the grounds that it is overbroad

12 as to time and scope, burdensome and oppressive, and not proportional to the needs

13 of the case.

14    Without waiving and subject to the foregoing objections, Responding Party

15 will produce responsive documents to the extent they exist.

16 **REQUEST FOR PRODUCTION NO. 135:**

17    All documents which were utilized or relied upon to create the profit and

18 loss forecasts relating to the DPG sub-prime automobile loan portfolio that were

19 generated at any time between January 1, 2015 and December 31, 2017.

20    **RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

21    Responding Party objects to this request on the grounds that it is overbroad

22 as to time and scope, burdensome and oppressive, and not proportional to the needs

23 of the case.

24

25 **REQUEST FOR PRODUCTION NO. 136:**

26    All investor return models relating to the DPG sub-prime automobile loan

27 portfolio that were generated at any time between January 1, 2015 and December

28 31, 2017.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

2         Responding Party objects to this request on the grounds that it is overbroad

3    as to time and scope, burdensome and oppressive, and not proportional to the needs

4    of the case.

5         Without waiving and subject to the foregoing objections, Responding Party

6    will produce responsive documents to the extent they exist.

7

8    **REQUEST FOR PRODUCTION NO. 137:**

9         All documents which were utilized or relied upon to create the investor

10   return models relating to the DPG sub-prime automobile loan portfolio that were

11   generated at any time between January 1, 2015 and December 31, 2017.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

13        Responding Party objects to this request on the grounds that it is overbroad

14   as to time and scope, burdensome and oppressive, and not proportional to the needs

15   of the case.

16

17   **REQUEST FOR PRODUCTION NO. 138:**

18        All term sheets relating to the DPG sub-prime automobile loan portfolio that

19   were generated at any time between January 1, 2015 and December 31, 2017.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

21        Responding Party objects to this request on the grounds that it is overbroad

22   as to time and scope, burdensome and oppressive, and not proportional to the needs

23   of the case.

24        Without waiving and subject to the foregoing objections, Responding Party

25   will produce responsive documents to the extent they exist.

26

27

28

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 139:**

All documents which were utilized or relied upon to create the term sheets relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 140:**

All investor summaries relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 141:**

All investor summaries which were utilized or relied upon to create the term sheets relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 142:**

All automobile loan models relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 143:**

All documents which were utilized or relied upon to create the automobile loan models relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 144:**

All financial models relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 145:**

All documents which were utilized or relied upon to create the financial models relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 146:**

All estimates of returns relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 147:**

All documents which were utilized or relied upon to create the estimates of returns relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

2   Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, burdensome and oppressive, and not proportional to the needs

4   of the case.

5

6   **REQUEST FOR PRODUCTION NO. 148:**

7   All documents which evidence and/or reflect the underwriting review that

8   was done for each of the loans in the DPG sub-prime automobile loan portfolio.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

10   Responding Party objects to this request on the grounds that it is overbroad

11   as to time and scope, burdensome and oppressive, and not proportional to the needs

12   of the case.

13

14   **REQUEST FOR PRODUCTION NO. 149:**

15   All documents which contain, reflect and/or evidence the underwriting

16   guidelines that were utilized for each of the loans in the DPG sub-prime

17   automobile loan portfolio.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

19   Responding Party objects to this request on the grounds that it is overbroad

20   as to time and scope, burdensome and oppressive, and not proportional to the needs

21   of the case.

22   **REQUEST FOR PRODUCTION NO. 150:**

23   All documents reflecting and/or evidencing any audits that were performed

24   with respect to the Skibo Companies at any time between January 1, 2015 and

25   December 31, 2017, exclusive of documents protected by the attorney-client and/or

26   attorney work product privileges.

27

28

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 151:**

All documents reflecting and/or evidencing any audits that were performed with respect to the DPG sub-prime automobile loan portfolio at any time between January 1, 2015 and December 31, 2017, exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 152:**

All documents which support the statement in the mezzanine loan proposal that was provided to Plaintiff on or about April 8, 2015 that an investment in the Skibo Companies would provide a total annual return of 28% a year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 153:**

All documents which support the statement in William Brookbank's email of April 30, 2015 that 3% warrants in the Skibo Companies would be worth $784,000 in four years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 154:**

All documents which support the statement in William Brookbank's email of April 30, 2015 that 4.25% warrants in Skibo would be worth $1,100,000.00 in four years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 155:**

All documents which support the statement in William Brookbank's email of April 30, 2015 Plaintiff's internal rate of return would be 108%.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

1   **REQUEST FOR PRODUCTION NO. 156:**

2      All notes of any meetings with Plaintiff which occurred at any time between

3   January 1, 2015 and December 31, 2017.

4      **RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

5      Responding Party objects to this request on the grounds that it is overbroad

6   as to time and scope, burdensome and oppressive, and not proportional to the needs

7   of the case.

8      Without waiving and subject to the foregoing objections, Responding Party

9   will produce responsive documents to the extent they exist.

10

11  **REQUEST FOR PRODUCTION NO. 157:**

12     All notes of any telephone calls with Plaintiff which occurred at any time

13  between January 1, 2015 and December 31, 2017.

14     **RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

15     Responding Party objects to this request on the grounds that it is overbroad

16  as to time and scope, burdensome and oppressive, and not proportional to the needs

17  of the case.

18     Without waiving and subject to the foregoing objections, Responding Party

19  will produce responsive documents to the extent they exist.

20

21  **REQUEST FOR PRODUCTION NO. 158:**

22     All notes of any meetings during which Plaintiff and/or the Investments At

23  Issue were discussed, exclusive of documents protected by the attorney-client

24  and/or attorney work product privileges.

25     **RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

26     Responding Party objects to this request on the grounds that it is overbroad

27  as to time and scope, burdensome and oppressive, and not proportional to the needs

28  of the case.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 159:**

All notes of any telephone calls during which Plaintiff and/or the Investments At Issue were discussed, exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 160:**

All spreadsheets of investor loans that were created at any time during the period of January 1, 2015 - December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 161:**

All spreadsheets of the loans in the DPG sub-prime automobile loan portfolio that were created at any time during the period of January 1, 2015 - December 31, 2017.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

2         Responding Party objects to this request on the grounds that it is overbroad

3    as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4    proportional to the needs of the case.

5

6    **REQUEST FOR PRODUCTION NO. 162:**

7         All documents which are sufficient to show the dates of the Investments At

8    Issue.

9         **RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

10        Responding Party objects to this request on the grounds that it is overbroad

11   as to time and scope, burdensome and oppressive, and not proportional to the needs

12   of the case.

13        Without waiving and subject to the foregoing objections, Responding Party

14   will produce responsive documents to the extent they exist.

15

16   **REQUEST FOR PRODUCTION NO. 163:**

17        All documents which are sufficient to show the Amounts of the Investments

18   At Issue.

19        **RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

20        Responding Party objects to this request on the grounds that it is overbroad

21   as to time and scope, burdensome and oppressive, and not proportional to the needs

22   of the case.

23        Without waiving and subject to the foregoing objections, Responding Party

24   will produce responsive documents to the extent they exist.

25

26

27

28

**REQUEST FOR PRODUCTION NO. 164:**

All communications between you and/or any person acting on your behalf and Plaintiff regarding the UCC-1 Financing Statements in favor of Plaintiff which were filed with the Arizona Secretary of State on or about August 23, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 165:**

All communications between you and/or any person acting on your behalf and any of the other DPG Entity Defendants regarding the UCC-1 Financing Statements in favor of Plaintiff which were filed with the Arizona Secretary of State on or about August 23, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within any above-mentioned privilege.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 166:**

All communications between you and/or any person acting on your behalf and ACA regarding the UCC-1 Financing Statements in favor of Plaintiff which were filed with the Arizona Secretary of State on or about August 23, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 167:**

All communications between you and/or any person acting on your behalf and any lender or prospective lender regarding the UCC-1 Financing Statements in favor of Plaintiff which were filed with the Arizona Secretary of State on or about August 23, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 168:**

All documents which are sufficient to show the purchase price of each of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 169:**

All documents which are sufficient to show the purchase date of each of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 170:**

All documents which are sufficient to show the contract amount of each of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 171:**

All documents which are sufficient to identify the name of the person or entity who purchased each of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 172:**

All documents which are sufficient to show the dates of any transfer of any ownership of any of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 173:**

All documents which are sufficient to identify the person or entity to whom ownership of any of the loans that were held in the DPG sub-prime automobile

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

loan portfolio at any time during the period of January 1, 2015 - June 30, 2018 was transferred at any time between January 1, 2015 and June 30, 2018.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 173:

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

## REQUEST FOR PRODUCTION NO. 174:

All documents which are sufficient to show the amount of any consideration that was paid by the acquiring person/entity for any transfer of any ownership of any of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018 for any transfers of ownership which occurred at any time between January 1, 2015 and the present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 174:

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

## REQUEST FOR PRODUCTION NO. 175:

All documents which are sufficient to show the maturity date of each of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

2      Responding Party objects to this request on the grounds that it is overbroad

3 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4 proportional to the needs of the case.

5      Without waiving and subject to the foregoing objections, Responding Party

6 will produce responsive documents to the extent they exist.

7

8 **REQUEST FOR PRODUCTION NO. 176:**

9      All documents which are sufficient to show the monthly payments owed by

10 each of the borrowers for each of the loans that were held in the DPG sub-prime

11 automobile loan portfolio at any time during the period of January 1, 2015 - June

12 30, 2018.

13      **RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

14      Responding Party objects to this request on the grounds that it is overbroad

15 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

16 proportional to the needs of the case.

17      Without waiving and subject to the foregoing objections, Responding Party

18 will produce responsive documents to the extent they exist.

19

20 **REQUEST FOR PRODUCTION NO. 177:**

21      All documents which are sufficient to show the monthly gross income that

22 you have received since January 1, 2015 from the loans that were held in the DPG

23 sub-prime automobile loan portfolio at any time during the period of January 1,

24 2015 - June 30, 2018.

25      **RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

26      Responding Party objects to this request on the grounds that it is overbroad

27 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

28 proportional to the needs of the case.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 178:**

All documents which are sufficient to show the dates of any defaults with respect to any of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 179:**

All documents which are sufficient to show the amounts of any defaults with respect to any of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 179:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 180:**

All documents which are sufficient to show the net losses attributable to any defaults with respect to any of the loans that were held in the DPG sub-prime

1   automobile loan portfolio at any time during the period of January 1, 2015 - June
2   30, 2018.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 180:**

4   Responding Party objects to this request on the grounds that it is overbroad
5   as to time and scope, vague and ambiguous, burdensome and oppressive, and not
6   proportional to the needs of the case.

7   Without waiving and subject to the foregoing objections, Responding Party
8   will produce responsive documents to the extent they exist.

9

10   **REQUEST FOR PRODUCTION NO. 181:**

11   All overviews of the DPG sub-prime automobile loan portfolio that were
12   created at any time during the period of January 1, 2015 through the present.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

14   Responding Party objects to this request on the grounds that it is overbroad
15   as to time and scope, vague and ambiguous, burdensome and oppressive, and not
16   proportional to the needs of the case.

17

18   **REQUEST FOR PRODUCTION NO. 182:**

19   All source documents which were utilized to prepare the overviews of the
20   DPG sub- prime automobile loan portfolio that were created at any time during the
21   period of January 1, 2015 through the present.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 182:**

23   Responding Party objects to this request on the grounds that it is overbroad
24   as to time and scope, vague and ambiguous, burdensome and oppressive, and not
25   proportional to the needs of the case.

26   **REQUEST FOR PRODUCTION NO. 183:**

27   All automobile title documents for each of the loans in the DPG sub-prime
28   automobile loan portfolio during the period of January 1, 2015 through the present.

1
**RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

2      Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4   proportional to the needs of the case.

5      Without waiving and subject to the foregoing objections, Responding Party

6   will produce responsive documents to the extent they exist.

7

8   **REQUEST FOR PRODUCTION NO. 184:**

9      All lien assignments with respect to any of the loans in the DPG sub-prime

10  automobile loan portfolio which were made at any time during the period of

11  January 1, 2015 through the present.

12     **RESPONSE TO REQUEST FOR PRODUCTION NO. 184:**

13     Responding Party objects to this request on the grounds that it is overbroad

14  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

15  proportional to the needs of the case.

16     Without waiving and subject to the foregoing objections, Responding Party

17  will produce responsive documents to the extent they exist.

18

19  **REQUEST FOR PRODUCTION NO. 185:**

20     All versions of Daniel Galvanoni's resume that were created or in effect at

21  any time during the period of January 1, 2015 through the present.

22     **RESPONSE TO REQUEST FOR PRODUCTION NO. 185:**

23     Responding Party objects to this request on the grounds that it is overbroad

24  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

25  proportional to the needs of the case.

26  **REQUEST FOR PRODUCTION NO. 186:**

27     All versions of Philip Galvanoni's resume that were created or in effect at

28  any time during the period of January 1, 2015 through the present.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 186:**

2      Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4   proportional to the needs of the case.

5

6   **REQUEST FOR PRODUCTION NO. 187:**

7      All versions of Gerald Hudspeth's resume that were created or in effect at

8   any time during the period of January 1, 2015 through the present.

9      **RESPONSE TO REQUEST FOR PRODUCTION NO. 187:**

10      Responding Party objects to this request on the grounds that it is overbroad

11  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

12  proportional to the needs of the case.

13

14  **REQUEST FOR PRODUCTION NO. 188:**

15      All versions of Westley Anderson's resume that were created or in effect at

16  any time during the period of January 1, 2015 through the present.

17      **RESPONSE TO REQUEST FOR PRODUCTION NO. 188:**

18      Responding Party objects to this request on the grounds that it is overbroad

19  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

20  proportional to the needs of the case.

21

22  **REQUEST FOR PRODUCTION NO. 189:**

23      All versions of William Brooksbank's resume that were created or in effect

24  at any time during the period of January 1, 2015 through the present.

25      **RESPONSE TO REQUEST FOR PRODUCTION NO. 189:**

26      Responding Party objects to this request on the grounds that it is overbroad

27  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

28  proportional to the needs of the case.

1

2    **REQUEST FOR PRODUCTION NO. 190:**

3          All versions of Jerome Joseph's resume that were created or in effect at any

4    time during the period of January 1, 2015 through the present.

5          **RESPONSE TO REQUEST FOR PRODUCTION NO. 190:**

6          Responding Party objects to this request on the grounds that it is overbroad

7    as to time and scope, vague and ambiguous, burdensome and oppressive, and not

8    proportional to the needs of the case.

9

10   **REQUEST FOR PRODUCTION NO. 191:**

11         All statements, notes, recordings, or other documents of any type, if any

12   exist, obtained from any witness, or potential witness to this action, concerning

13   Plaintiff and/or any of the Investments at Issue and/or the DPG sub-prime

14   automobile loan portfolio, exclusive of documents protected by the attorney-client

15   or attorney work product privilege.

16         **RESPONSE TO REQUEST FOR PRODUCTION NO. 191:**

17         Responding Party objects to this request on the grounds that it is overbroad

18   as to time and scope, burdensome and oppressive, and not proportional to the needs

19   of the case.  Further objection is taken to this request on the grounds that it seeks

20   the premature disclosure of expert witness materials.

21

22   **REQUEST FOR PRODUCTION NO. 192:**

23         Any notes, memoranda, recordings, or other documents of any type, if any

24   exist, reflecting any verbal conference, discussion, or conversation with any

25   witness, or potential witness to this action, concerning Plaintiff and/or any of the

26   Investments at Issue and/or the DPG sub-prime automobile loan portfolio,

27   exclusive of documents protected by the attorney-client or attorney work product

28   privilege.

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 192:**

2        Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, burdensome and oppressive, and not proportional to the needs

4   of the case.  Further objection is taken to this request on the grounds that it seeks

5   the premature disclosure of expert witness materials.

6

7   **REQUEST FOR PRODUCTION NO. 193:**

8        All documents you identified in your responses to the special interrogatories

9   served herewith.

10       **RESPONSE TO REQUEST FOR PRODUCTION NO. 193:**

11       Responding Party objects to this request on the grounds that it is overbroad

12  as to time and scope, burdensome and oppressive, and not proportional to the needs

13  of the case.

14

15  Dated:  November 8, 2018            CLARK HILL LLP

16

17

18                           By: _____
                                 Bradford G. Hughes
19                               Tiffany B. Hunter

20                           Attorneys for defendants DANIEL P.
                             GALVANONI; DPG INVESTMENTS, LLC;
21                           DPG GOLDEN EAGLE, LLC; SPRING
                             TREE LENDING, LLC; SPRING TREE
22                           HOLDINGS, LLC; SPRING TREE
                             FINANCIAL, LLC; and SKIBO HOLDINGS,
23                           LLC

24

25

26

27

28

DEFENDANT DPG INVESTMENTS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137658.v1-11/8/18

1
2
3
4
5

CLARK HILL LLP
Bradford G. Hughes (SBN 247141)
bhughes@ClarkHill.com
Tiffany B. Hunter (SBN 306382)
thunter@ClarkHill.com
1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
Telephone:  (213) 891-9100
Facsimile:  (213) 488-1178

6
7
8
9
10

KAUFMAN & FORMAN, P.C.
Alex B. Kaufman (SBN GA 136097)
abk@kauflaw.net
Matthew D. Treco (SBN GA 802181)
mdt@kauflaw.net
8215 Roswell Rd., Building 800
Atlanta, Georgia 30350-6445
Telephone: 770.390.9200
Facsimile: 770.395.6720

11
12
13

Attorneys for Defendants DANIEL P. GALVANONI;
DPG INVESTMENTS, LLC; DPG GOLDEN EAGLE,
LLC; SPRING TREE LENDING, LLC; SPRING
TREE HOLDINGS, LLC; SPRING TREE
FINANCIAL, LLC; and SKIBO HOLDINGS, LLC

14

UNITED STATES DISTRICT COURT

15

EASTERN DISTRICT OF CALIFORNIA

16

JOHN MARSHALL, an individual,

Case No. 2:17-CV-00820-KJM-CKD

17

Plaintiff,

18

v.

19

DANIEL P. GALVANONI, an
individual; DPG INVESTMENTS, LLC,
a foreign limited liability company; DPG
GOLDEN EAGLE, LLC, a foreign
limited liability company; SPRING
TREE LENDING, LLC, a foreign
limited liability company; SPRING
TREE HOLDINGS, LLC, a foreign
limited liability company; SPRING
TREE FINANCIAL, LLC, a foreign
limited liability company; SKIBO
HOLDINGS, LLC, a foreign limited
liability company; GERALD T.
HUDSPETH, an individual; JEROME L.
JOSEPH, an individual; WILLIAM J.
BROOKSBANK, an individual; AND
DOES 1-100, inclusive,

20
21
22
23
24
25
26
27

**DEFENDANT SPRING TREE
HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT**

28

Defendants.

220137547

1

2:17-CV-00820-KJM-CKD

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

ClarkHill\93764\327708\220137547.v1-11/8/18

1

2 ───────────────────────

3  PROPOUNDING PARTY:        Plaintiff, JOHN MARSHALL

4  RESPONDING PARTY:         Defendant, SPRING TREE HOLDINGS, LLC

5  SET NUMBER:               ONE

6       Defendant SPRING TREE HOLDINGS, LLC ("Responding Party")

7  responds as follows to First Set of Requests for Production of Documents

8  propounded to it by Plaintiff JOHN MARSHALL:

9            **RESPONSES TO REQUESTS FOR PRODUCTION**

10  **REQUEST FOR PRODUCTION NO. 1:**

11       All written communications, including, but not limited to, e-mails and/or

12  text messages, between you, and/or any person acting on your behalf, and Plaintiff,

13  which relate in any way to any of the Investments At Issue, and/or to the DPG sub-

14  prime automobile loan portfolio.

15       **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

16       Responding Party objects to this request on the grounds that it is overbroad

17  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

18  proportional to the needs of the case.  Further objection is taken to this request on

19  the grounds that it seeks materials protected from disclosure by the attorney work

20  product doctrine and attorney client privilege.  Responding Party also objects to

21  this request on the grounds that it seeks the premature disclosure of expert witness

22  materials.

23       Without waiving and subject to the foregoing objections, Responding Party

24  will produce responsive documents to the extent they exist and do not fall within

25  one of the above-asserted privileges.

26

27

28

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 2:**

All documents evidencing verbal communications between you, and/or any person acting on your behalf, and Plaintiff, which relate in any way to any of the Investments At Issue, and/or to the DPG sub-prime automobile loan portfolio, including, but not limited to, notes, internal memoranda and/or telephone logs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.


**REQUEST FOR PRODUCTION NO. 3:**

All written communications, including, but not limited to, e-mails and/or text messages, between and/or among any of your agents, employees, officers, managing directors, managers and/or members, which relate in any way to Plaintiff and/or any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to

1  this request on the grounds that it seeks the premature disclosure of expert witness
2  materials.

3     Without waiving and subject to the foregoing objections, Responding Party
4  will produce responsive documents to the extent they exist and do not fall within
5  one of the above-asserted privileges.

6  **REQUEST FOR PRODUCTION NO. 4:**

7     All documents evidencing any verbal communications between and/or
8  among any of your agents, employees, officers, managing directors, members
9  and/or managers, which relate in any way to Plaintiff and/or any of the Investments
10  At Issue.

11     **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

12     Responding Party objects to this request on the grounds that it is overbroad
13  as to time and scope, vague and ambiguous, burdensome and oppressive, and not
14  proportional to the needs of the case.  Further objection is taken to this request on
15  the grounds that it seeks materials protected from disclosure by the attorney work
16  product doctrine and attorney client privilege.  Responding Party also objects to
17  this request on the grounds that it seeks the premature disclosure of expert witness
18  materials.

19     Without waiving and subject to the foregoing objections, Responding Party
20  will produce responsive documents to the extent they exist and do not fall within
21  one of the above-asserted privileges.

22  **REQUEST FOR PRODUCTION NO. 5:**

23     All written communications, including, but not limited to, e-mails and/or
24  text messages, between you, and/or any person acting on your behalf, and
25  American Credit Acceptance, LLC ("ACA"), and/or any agent, independent
26  contractor, officer, manager and/or employee thereof, which relate in any way to
27  Plaintiff, and/or any of the Investments At Issue, and/or the DPG sub-prime
28  automobile loan portfolio.

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 6:**

All documents evidencing any verbal communications between you, and/or any person acting on your behalf, and ACA and/or any officer, manager, agent, and/or employee thereof, which relate in any way to Plaintiff, and/or any of the Investments At Issue, and/or the DPG sub-prime automobile loan portfolio, including, but not limited to, notes, internal memoranda and/or telephone logs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

1  **REQUEST FOR PRODUCTION NO. 7:**

2      All written communications, including, but not limited to, e-mails and/or

3  text messages, between you, and/or any person acting on your behalf, and any of

4  the former managers, managing directors, and/or employees of the Skibo

5  Companies, including, but not limited to, James Duryea and/or Robert Smith,

6  which relate in any way to Plaintiff, and/or any of the Investments At Issue, and/or

7  the DPG sub-prime automobile loan portfolio.

8      **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

9      Responding Party objects to this request on the grounds that it is overbroad

10  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

11  proportional to the needs of the case.  Further objection is taken to this request on

12  the grounds that it seeks materials protected from disclosure by the attorney work

13  product doctrine and attorney client privilege.  Responding Party also objects to

14  this request on the grounds that it seeks the premature disclosure of expert witness

15  materials.

16      Without waiving and subject to the foregoing objections, Responding Party

17  will produce responsive documents to the extent they exist and do not fall within

18  one of the above-asserted privileges.

19  **REQUEST FOR PRODUCTION NO. 8:**

20      All documents evidencing any verbal communications between you, and/or

21  any person acting on your behalf, and any of the former managers, managing

22  directors, and/or employees of the Skibo Companies, including, but not limited to,

23  James Duryea and/or Robert Smith, which relate in any way to Plaintiff, and/or any

24  of the Investments At Issue, and/or the DPG sub-prime automobile loan portfolio,

25  including, but not limited to, notes, internal memoranda and/or telephone logs.

26      **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

27      Responding Party objects to this request on the grounds that it is overbroad

28  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

1   proportional to the needs of the case.  Further objection is taken to this request on

2   the grounds that it seeks materials protected from disclosure by the attorney work

3   product doctrine and attorney client privilege.  Responding Party also objects to

4   this request on the grounds that it seeks the premature disclosure of expert witness

5   materials.

6           Without waiving and subject to the foregoing objections, Responding Party

7   will produce responsive documents to the extent they exist and do not fall within

8   one of the above-asserted privileges.

9

10   **REQUEST FOR PRODUCTION NO. 9:**

11          All written communications, including, but not limited to, e-mails and/or

12   text messages, between you, and/or any person acting on your behalf, and any of

13   the other DPG Entity Defendants, and/or any employee, agent, member, manager

14   and/or managing director thereof, which relate in any way to Plaintiff and/or any of

15   the Investments At Issue.

16          **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

17          Responding Party objects to this request on the grounds that it is overbroad

18   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

19   proportional to the needs of the case.  Further objection is taken to this request on

20   the grounds that it seeks materials protected from disclosure by the attorney work

21   product doctrine and attorney client privilege.  Responding Party also objects to

22   this request on the grounds that it seeks the premature disclosure of expert witness

23   materials.

24          Without waiving and subject to the foregoing objections, Responding Party

25   will produce responsive documents to the extent they exist and do not fall within

26   one of the above-asserted privileges.

27

28

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

1   **REQUEST FOR PRODUCTION NO. 10:**

2       All documents evidencing any verbal communications between you, and/or

3   any person acting on your behalf, and any of the other DPG Entity Defendants,

4   and/or any employee, agent, member, manager and/or managing director thereof,

5   which relate in any way to Plaintiff and/or any of the Investments At Issue.

6       **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

7       Responding Party objects to this request on the grounds that it is overbroad

8   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

9   proportional to the needs of the case.  Further objection is taken to this request on

10  the grounds that it seeks materials protected from disclosure by the attorney work

11  product doctrine and attorney client privilege.  Responding Party also objects to

12  this request on the grounds that it seeks the premature disclosure of expert witness

13  materials.

14      Without waiving and subject to the foregoing objections, Responding Party

15  will produce responsive documents to the extent they exist and do not fall within

16  one of the above-asserted privileges.

17

18  **REQUEST FOR PRODUCTION NO. 11:**

19      All written communications, including, but not limited to, e-mails and/or

20  text messages, between you, and/or any person acting on your behalf, and any

21  actual or prospective investor in any of the DPG Entity Defendants, which relate in

22  any way to Plaintiff, and/or any of the Investments At Issue, and/or the DPG sub-

23  prime automobile loan portfolio, and which were made at any time between

24  January 1, 2015 - June 30, 2018.

25      **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

26      Responding Party objects to this request on the grounds that it is overbroad

27  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

28  proportional to the needs of the case.  Further objection is taken to this request on

1  the grounds that it seeks materials protected from disclosure by the attorney work
2  product doctrine and attorney client privilege.  Responding Party also objects to
3  this request on the grounds that it seeks the premature disclosure of expert witness
4  materials.

5       Without waiving and subject to the foregoing objections, Responding Party
6  will produce responsive documents to the extent they exist and do not fall within
7  one of the above-asserted privileges.

8

9  **REQUEST FOR PRODUCTION NO. 12:**

10       All documents evidencing any verbal communications between you, and/or
11  any person agent acting on your behalf, and any actual or prospective investor in
12  any of the DPG Entity Defendants, which relate in any way to Plaintiff, or to any
13  of the Investments At Issue, and/or to the DPG sub-prime automobile loan
14  portfolio, and which were made at any time between January 1, 2015 - June 30,
15  2018, including, but not limited to, notes, internal memoranda and/or telephone
16  logs.

17       **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

18       Responding Party objects to this request on the grounds that it is overbroad
19  as to time and scope, vague and ambiguous, burdensome and oppressive, and not
20  proportional to the needs of the case.  Further objection is taken to this request on
21  the grounds that it seeks materials protected from disclosure by the attorney work
22  product doctrine and attorney client privilege.  Responding Party also objects to
23  this request on the grounds that it seeks the premature disclosure of expert witness
24  materials.

25       Without waiving and subject to the foregoing objections, Responding Party
26  will produce responsive documents to the extent they exist and do not fall within
27  one of the above-asserted privileges.

28

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 13:**

All written communications, including, but not limited to, e-mails and/or text messages, between you, and/or any person acting on your behalf, and any actual or prospective lender to any of the DPG Entity Defendants, which relate in any way to Plaintiff, or to any of the Investments At Issue, and/or to the DPG sub-prime automobile loan portfolio, and which were made at any time between January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 14:**

All documents evidencing any verbal communications between you, and/or any person acting on your behalf, and any actual or prospective lender to any of the DPG Entity Defendants, which relate in any way to Plaintiff, or to any of the Investments At Issue, and/or to the DPG sub-prime automobile loan portfolio, and which were made at any time between January 1, 2015 - June 30, 2018, including, but not limited to, notes, internal memoranda and/or telephone logs.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

2      Responding Party objects to this request on the grounds that it is overbroad

3  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4  proportional to the needs of the case.  Further objection is taken to this request on

5  the grounds that it seeks materials protected from disclosure by the attorney work

6  product doctrine and attorney client privilege.  Responding Party also objects to

7  this request on the grounds that it seeks the premature disclosure of expert witness

8  materials.

9      Without waiving and subject to the foregoing objections, Responding Party

10  will produce responsive documents to the extent they exist and do not fall within

11  one of the above-asserted privileges.

12

13  **REQUEST FOR PRODUCTION NO. 15:**

14      All documents you, and/or any person acting on your behalf, received from

15  Plaintiff at any time between January 1, 2015 - March 31, 2017, which relate in

16  any way to any of the Investments At Issue.

17      **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

18      Responding Party objects to this request on the grounds that it is overbroad

19  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

20  proportional to the needs of the case.  Further objection is taken to this request on

21  the grounds that it seeks materials equally within the possession of plaintiff.

22      Without waiving and subject to the foregoing objections, Responding Party

23  will produce responsive documents to the extent they exist and do not fall within

24  one of the above-asserted privileges.

25

26

27

28

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 16:**

All documents you, and/or any person acting on your behalf, provided to Plaintiff at any time between January 1, 2015 - March 31, 2017, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials equally within the possession of plaintiff.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 17:**

All documents you, and/or any person acting on your behalf, received from Plaintiff at any time between January 1, 2015 - March 31, 2017, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials equally within the possession of plaintiff.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 18:**

All documents you, and/or any person acting on your behalf, provided to Plaintiff at any time between January 1, 2015 - March 31, 2017, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials equally within the possession of plaintiff.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.


**REQUEST FOR PRODUCTION NO. 19:**

All documents you, and/or any person acting on your behalf, received from any of the other DPG Entity Defendants and/or any employee or agent thereof (exclusive of attorneys), at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the  Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 20:**

All documents you, and/or any person acting on your behalf, provided to any of the other DPG Entity Defendants and/or any employee or agent thereof (exclusive of attorneys), at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 21:**

All documents you, and/or any person acting on your behalf, received from any of the other DPG Entity Defendants and/or any employee or agent thereof (exclusive of attorneys), at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

2        Responding Party objects to this request on the grounds that it is overbroad

3    as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4    proportional to the needs of the case.  Further objection is taken to this request on

5    the grounds that it seeks materials protected from disclosure by the attorney client

6    privilege and attorney work product doctrine.  Responding Party also objects to

7    this request on the grounds that it seeks the premature disclosure of expert witness

8    materials.

9        Without waiving and subject to the foregoing objections, Responding Party

10   will produce responsive documents to the extent they exist and do not fall within

11   one of the above-asserted privileges.

12

13   **REQUEST FOR PRODUCTION NO. 22:**

14       All documents you, and/or any agent acting on your behalf, provided to any

15   of the other DPG Entity Defendants and/or any employee or agent thereof

16   (exclusive of attorneys), at any time between January 1, 2015 - June 30, 2018,

17   which relate in any way to the DPG sub-prime automobile loan portfolio.

18       **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

19       Responding Party objects to this request on the grounds that it is overbroad

20   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

21   proportional to the needs of the case.  Further objection is taken to this request on

22   the grounds that it seeks materials protected from disclosure by the attorney client

23   privilege and attorney work product doctrine.  Responding Party also objects to

24   this request on the grounds that it seeks the premature disclosure of expert witness

25   materials.

26       Without waiving and subject to the foregoing objections, Responding Party

27   will produce responsive documents to the extent they exist and do not fall within

28   one of the above-asserted privileges.

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 23:**

All documents you, and/or any person acting on your behalf, provided to any of the former managers, managing directors, and/or employees of the Skibo Companies, including, but not limited to, James Duryea and/or Robert Smith, at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.


**REQUEST FOR PRODUCTION NO. 24:**

All documents you, and/or any person acting on your behalf, received from any of the former managers, managing directors, and/or employees of the Skibo Companies, including, but not limited to, James Duryea and/or Robert Smith, at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on

the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 25:**

All documents you, and/or any person acting on your behalf, provided to any of the former managers, managing directors, and/or employees of the Skibo Companies, including, but not limited to, James Duryea and/or Robert Smith, at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

220137547

17

2:17-CV-00820-KJM-CKD

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 26:**

All documents you, and/or any person acting on your behalf, received from ACA, at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 27:**

All documents you, and/or any person acting on your behalf, provided to ACA, at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 28:**

All documents you, and/or any person acting on your behalf, received from ACA at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 29:**

All documents you, and/or any agent acting on your behalf, provided to ACA at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 30:**

All documents you, and/or any person acting on your behalf, received from any actual or prospective investor in any of the DPG Entity Defendants at any time between January 1, 2015 ¬June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not

proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 31:**

All documents you, and/or any person acting on your behalf, provided to any actual or prospective investor in any of the DPG Entity Defendants, at any time between January 1, 2015 ¬June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 32:**

All documents you, and/or any person acting on your behalf, received from any actual or prospective investor in any of the DPG Entity Defendants, at any time between January 1, 2015 ¬June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case. Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine. Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 33:**

All documents you, and/or any person acting on your behalf, provided to any actual or prospective investor in any of the DPG Entity Defendants, at any time between January 1, 2015 -June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case. Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine. Responding Party also objects to

this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 34:**

All documents you, and/or any person acting on your behalf, received from any actual or prospective lender to any of the DPG Entity Defendants, at any time between January 1, 2015 -June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

**REQUEST FOR PRODUCTION NO. 35:**

All documents you, and/or any person acting on your behalf, provided to any actual or prospective lender to any of the DPG Entity Defendants, at any time between January 1, 2015 ¬June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

1    Without waiving and subject to the foregoing objections, Responding Party

2    will produce responsive documents to the extent they exist and do not fall within

3    one of the above-asserted privileges.

4

5    **REQUEST FOR PRODUCTION NO. 36:**

6    All documents you, and/or any person acting on your behalf, received from

7    any actual or prospective lender to any of the DPG Entity Defendants, at any time

8    between January 1, 2015 -June 30, 2018, which relate in any way to the DPG sub-

9    prime automobile loan portfolio.

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

11    Responding Party objects to this request on the grounds that it is overbroad

12    as to time and scope, vague and ambiguous, burdensome and oppressive, and not

13    proportional to the needs of the case.  Further objection is taken to this request on

14    the grounds that it seeks materials protected from disclosure by the attorney client

15    privilege and attorney work product doctrine.  Responding Party also objects to

16    this request on the grounds that it seeks the premature disclosure of expert witness

17    materials.

18    Without waiving and subject to the foregoing objections, Responding Party

19    will produce responsive documents to the extent they exist and do not fall within

20    one of the above-asserted privileges.

21

22    **REQUEST FOR PRODUCTION NO. 37:**

23    All documents you, and/or any person acting on your behalf, provided to any

24    actual or prospective lender to any of the DPG Entity Defendants, at any time

25    between January 1, 2015 ¬June 30, 2018, which relate in any way to the DPG sub-

26    prime automobile loan portfolio.

27

28

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

2    Responding Party objects to this request on the grounds that it is overbroad

3  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4  proportional to the needs of the case.  Further objection is taken to this request on

5  the grounds that it seeks materials protected from disclosure by the attorney client

6  privilege and attorney work product doctrine.  Responding Party also objects to

7  this request on the grounds that it seeks the premature disclosure of expert witness

8  materials.

9    Without waiving and subject to the foregoing objections, Responding Party

10  will produce responsive documents to the extent they exist and do not fall within

11  one of the above-asserted privileges.

12

13  **REQUEST FOR PRODUCTION NO. 38:**

14    All documents you, and/or any person acting on your behalf, received from

15  any other person not heretofore specifically mentioned at any time between

16  January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments

17  At Issue, but exclusive of documents protected by the attorney-client and/or

18  attorney work product privileges.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

20    Responding Party objects to this request on the grounds that it is overbroad

21  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

22  proportional to the needs of the case.  Responding Party also objects to this request

23  on the grounds that it seeks the premature disclosure of expert witness materials.

24    Without waiving and subject to the foregoing objections, Responding Party

25  will produce responsive documents to the extent they exist and do not fall within

26  one of the above-asserted privileges.

27

28

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

1

**REQUEST FOR PRODUCTION NO. 39:**

2

All documents you, and/or any person acting on your behalf, provided to any

3

other person not heretofore specifically mentioned at any time between January 1,

4

2015 - June 30, 2018, which relate in any way to any of the Investments At Issue,

5

but exclusive of documents protected by the attorney-client and/or attorney work

6

product privileges.

7

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

8

Responding Party objects to this request on the grounds that it is overbroad

9

as to time and scope, vague and ambiguous, burdensome and oppressive, and not

10

proportional to the needs of the case.  Responding Party also objects to this request

11

on the grounds that it seeks the premature disclosure of expert witness materials.

12

Without waiving and subject to the foregoing objections, Responding Party

13

will produce responsive documents to the extent they exist and do not fall within

14

one of the above-asserted privileges.

15

16

**REQUEST FOR PRODUCTION NO. 40:**

17

All documents you, and/or any person acting on your behalf, received from

18

any other person not heretofore specifically mentioned at any time between

19

January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime

20

automobile loan portfolio, but exclusive of documents protected by the attorney-

21

client and/or attorney work product privileges.

22

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

23

Responding Party objects to this request on the grounds that it is overbroad

24

as to time and scope, vague and ambiguous, burdensome and oppressive, and not

25

proportional to the needs of the case.  Responding Party also objects to this request

26

on the grounds that it seeks the premature disclosure of expert witness materials.

27

28

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 41:**

All documents you, and/or any person acting on your behalf, provided to any other person not heretofore specifically mentioned at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 42:**

All documents sufficient to identify the names of your investors during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by any investor's right to privacy as protected by the United States and California constitutions.

220137547                                26                      2:17-CV-00820-KJM-CKD

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

1  Without waiving and subject to the foregoing objections, Responding Party

2  will produce responsive documents to the extent they exist and do not fall within

3  one of the above-asserted privileges.

4

5  **REQUEST FOR PRODUCTION NO. 43:**

6  All documents sufficient to show the amounts of each investment that was

7  made into your business during the period of January 1, 2015 through the present.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

9  Responding Party objects to this request on the grounds that it is overbroad

10  as to time and scope, burdensome and oppressive, and not proportional to the needs

11  of the case.

12  Without waiving and subject to the foregoing objections, Responding Party

13  will produce responsive documents to the extent they exist.

14

15  **REQUEST FOR PRODUCTION NO. 44:**

16  All documents sufficient to show the dates of each investment that was made

17  into your business during the period of January 1, 2015 through the present.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

19  Responding Party objects to this request on the grounds that it is overbroad

20  as to time and scope, burdensome and oppressive, and not proportional to the needs

21  of the case.

22  Without waiving and subject to the foregoing objections, Responding Party

23  will produce responsive documents to the extent they exist.

24

25  **REQUEST FOR PRODUCTION NO. 45:**

26  All documents sufficient to show the amount of interest that was paid to

27  each investor in your business during the period of January 1, 2015 through the

28  present.

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

2          Responding Party objects to this request on the grounds that it is overbroad

3  as to time and scope, burdensome and oppressive, and not proportional to the needs

4  of the case.

5          Without waiving and subject to the foregoing objections, Responding Party

6  will produce responsive documents to the extent they exist.

7

8  **REQUEST FOR PRODUCTION NO. 46:**

9          All documents sufficient to show the amount of principal that was returned

10 to each investor in your business during the period of January 1, 2015 through the

11 present.

12         **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

13         Responding Party objects to this request on the grounds that it is overbroad

14 as to time and scope, burdensome and oppressive, and not proportional to the needs

15 of the case.

16         Without waiving and subject to the foregoing objections, Responding Party

17 will produce responsive documents to the extent they exist.

18

19 **REQUEST FOR PRODUCTION NO. 47:**

20         All documents sufficient to show the amount that is currently owed to each

21 person who invested in your business during the period of January 1, 2015 through

22 the present.

23         **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

24         Responding Party objects to this request on the grounds that it is overbroad

25 as to time and scope, burdensome and oppressive, and not proportional to the needs

26 of the case.

27         Without waiving and subject to the foregoing objections, Responding Party

28 will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 48:**

All documents sufficient to identify any and all persons who loaned money to you at any time during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by any investor's right to privacy as protected by the United States and California constitutions.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.


**REQUEST FOR PRODUCTION NO. 49:**

All documents sufficient to show the amounts of each loan that was made into your business during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.


**REQUEST FOR PRODUCTION NO. 50:**

All documents sufficient to show the dates of each loan that was made into your business during the period of January 1, 2015 through the present.

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 51:**

All documents sufficient to show the amount of interest that was paid to each of your lenders during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 52:**

All documents sufficient to show the amount of principal that was returned to each of your lenders during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 53:**

All documents sufficient to show the amount that is currently owed to each of your lenders who loaned money to your business during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 54:**

All documents sufficient to identify each and all of your members during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 55:**

All documents sufficient to identify each and all of your managing members during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

1    Without waiving and subject to the foregoing objections, Responding Party

2  will produce responsive documents to the extent they exist.

3

4  **REQUEST FOR PRODUCTION NO. 56:**

5    Your complete audited financial statements for fiscal years 2012 through

6  2017.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

8    Responding Party objects to this request on the grounds that it is overbroad

9  as to time and scope, burdensome and oppressive, and not proportional to the needs

10  of the case.

11    Without waiving and subject to the foregoing objections, Responding Party

12  will produce responsive documents to the extent they exist.

13

14  **REQUEST FOR PRODUCTION NO. 57:**

15    All business plans which relate to the DPG sub-prime automobile loan

16  portfolio that were generated at any time during the period of January 1, 2015

17  through the present.

18    **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

19    Responding Party objects to this request on the grounds that it is overbroad

20  as to time and scope, burdensome and oppressive, and not proportional to the needs

21  of the case.

22    Without waiving and subject to the foregoing objections, Responding Party

23  will produce responsive documents to the extent they exist.

24

25  **REQUEST FOR PRODUCTION NO. 58:**

26    All documents relating to any liens against you that were created and/or

27  perfected at any time during the period of January 1, 2015 through the present, but

28

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

1  exclusive of documents protected by the attorney-client and/or attorney work

2  product privileges.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

4  Responding Party objects to this request on the grounds that it is overbroad

5  as to time and scope, burdensome and oppressive, and not proportional to the needs

6  of the case.

7  Without waiving and subject to the foregoing objections, Responding Party

8  will produce responsive documents to the extent they exist.

9

10  **REQUEST FOR PRODUCTION NO. 59:**

11  All documents relating to any liens against the DPG sub-prime automobile

12  loan portfolio that were created and/or perfected at any time during the period of

13  January 1, 2015 through the present, but exclusive of documents protected by the

14  attorney-client and/or attorney work product privileges.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

16  Responding Party objects to this request on the grounds that it is overbroad

17  as to time and scope, burdensome and oppressive, and not proportional to the needs

18  of the case.

19  Without waiving and subject to the foregoing objections, Responding Party

20  will produce responsive documents to the extent they exist.

21

22  **REQUEST FOR PRODUCTION NO. 60:**

23  All complaints against you filed at any time during the period of January 1,

24  2000 through the present which allege wrongdoing of any kind in connection with

25  the solicitation and sale of investments and/or the solicitation of loans.

26

27

28

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

2       Responding Party objects to this request on the grounds that it is overbroad

3  as to time and scope, burdensome and oppressive, and not proportional to the needs

4  of the case.

5

6  **REQUEST FOR PRODUCTION NO. 61:**

7       All complaints against you filed at any time during the period of January 1,

8  2000 through the present which allege wrongdoing of any kind in connection with

9  the DPG sub-prime automobile loan portfolio.

10       **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

11       Responding Party objects to this request on the grounds that it is overbroad

12  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

13  proportional to the needs of the case.

14

15  **REQUEST FOR PRODUCTION NO. 62:**

16       All documents reflecting, evidencing and/or memorializing any and all due

17  diligence which you, and/or any person acting on your behalf, conducted with

18  regard to the Skibo Companies, but exclusive of documents protected by the

19  attorney-client and/or attorney work product privileges.

20       **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

21       Responding Party objects to this request on the grounds that it is overbroad

22  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

23  proportional to the needs of the case.

24       Without waiving and subject to the foregoing objections, Responding Party

25  will produce responsive documents to the extent they exist and do not fall within

26  one of the above-asserted privileges.

27

28

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 63:**

All documents reflecting, evidencing and/or memorializing any and all due diligence which you, and/or any person acting on your behalf, conducted with regard to the DPG sub-prime automobile loan portfolio, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.


**REQUEST FOR PRODUCTION NO. 64:**

All job descriptions for Daniel Galvanoni generated at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.


**REQUEST FOR PRODUCTION NO. 65:**

All business cards used by Daniel Galvanoni at any time since January 1, 2015.

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

2         Responding Party objects to this request on the grounds that it is overbroad

3    as to time and scope, burdensome and oppressive, and not proportional to the needs

4    of the case.

5

6    **REQUEST FOR PRODUCTION NO. 66:**

7         All job descriptions for Gerald Hudspeth generated at any time since January

8    1, 2015.

9         **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

10        Responding Party objects to this request on the grounds that it is overbroad

11   as to time and scope, burdensome and oppressive, and not proportional to the needs

12   of the case.

13

14   **REQUEST FOR PRODUCTION NO. 67:**

15        All business cards used by Gerald Hudspeth at any time since January 1,

16   2015.

17        **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

18        Responding Party objects to this request on the grounds that it is overbroad

19   as to time and scope, burdensome and oppressive, and not proportional to the needs

20   of the case.

21

22   **REQUEST FOR PRODUCTION NO. 68:**

23        All job descriptions for Westley Anderson generated at any time since

24   January 1, 2015.

25        **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

26        Responding Party objects to this request on the grounds that it is overbroad

27   as to time and scope, burdensome and oppressive, and not proportional to the needs

28   of the case.

**REQUEST FOR PRODUCTION NO. 69:**

All business cards used by Westley Anderson at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 70:**

All job descriptions for Philip Galvanoni generated at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 71:**

All business cards used by Philip Galvanoni at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 72:**

All job descriptions for William Brooksbank generated at any time since January 1, 2015.

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

2        Responding Party objects to this request on the grounds that it is overbroad

3    as to time and scope, burdensome and oppressive, and not proportional to the needs

4    of the case.

5

6    **REQUEST FOR PRODUCTION NO. 73:**

7        All business cards used by William Brooksbank at any time since January 1,

8    2015.

9        **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

10       Responding Party objects to this request on the grounds that it is overbroad

11   as to time and scope, burdensome and oppressive, and not proportional to the needs

12   of the case.

13

14   **REQUEST FOR PRODUCTION NO. 74:**

15       All job descriptions for Jerome Joseph generated at any time since January

16   1, 2015.

17       **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

18       Responding Party objects to this request on the grounds that it is overbroad

19   as to time and scope, burdensome and oppressive, and not proportional to the needs

20   of the case.

21

22   **REQUEST FOR PRODUCTION NO. 75:**

23       All business cards used by Jerome Joseph at any time since January 1, 2015.

24       **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

25       Responding Party objects to this request on the grounds that it is overbroad

26   as to time and scope, burdensome and oppressive, and not proportional to the needs

27   of the case.

28

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

1    **REQUEST FOR PRODUCTION NO. 76:**

2        All agreements between you and Plaintiff.

3        **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

4        Responding Party objects to this request on the grounds that it is overbroad

5    as to time and scope, burdensome and oppressive, and not proportional to the needs

6    of the case.

7        Without waiving and subject to the foregoing objections, Responding Party

8    will produce responsive documents to the extent they exist.

9

10   **REQUEST FOR PRODUCTION NO. 77:**

11       All documents signed by Plaintiff, including all documents you claim

12   Plaintiff signed.

13       **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

14       Responding Party objects to this request on the grounds that it is overbroad

15   as to time and scope, burdensome and oppressive, and not proportional to the needs

16   of the case.

17       Without waiving and subject to the foregoing objections, Responding Party

18   will produce responsive documents to the extent they exist.

19

20   **REQUEST FOR PRODUCTION NO. 78:**

21       All agreements between you and Daniel Galvanoni that were in effect at any

22   time from January 1, 2015 through the present.

23       **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

24       Responding Party objects to this request on the grounds that it is overbroad

25   as to time and scope, burdensome and oppressive, and not proportional to the needs

26   of the case.

27       Without waiving and subject to the foregoing objections, Responding Party

28   will produce responsive documents to the extent they exist.

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 79:**

All agreements between you and any of the other DPG Entity Defendants that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 80:**

All agreements between you and ACA that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 81:**

All agreements between you and any investor of yours that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 82:**

All agreements between you and any lender of yours that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 83:**

All agreements between you and Philip Galvanoni that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Philip Galvanoni's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 84:**

All agreements between you and Gerald Hudspeth that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Gerald Hudspeth's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 85:**

All agreements between you and Westley Anderson that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case. Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Westley Anderson's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 86:**

All agreements between you and William Brooksbank that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case. Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by William Brooksbank's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 87:**

All agreements between you and Jerome Joseph that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case. Responding Party also objects to this request on the grounds that it

1 seeks the disclosure of materials protected by Jerome Joseph's right to privacy as

2 protected by the United States and California constitutions.

3

4 **REQUEST FOR PRODUCTION NO. 88:**

5      All agreements between you and the Skibo Companies, and/or any owner or

6 manager of the Skibo Companies, that were in effect at any time from January 1,

7 2015 through the present.

8      **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

9      Responding Party objects to this request on the grounds that it is overbroad

10 as to time and scope, burdensome and oppressive, and not proportional to the needs

11 of the case.

12      Without waiving and subject to the foregoing objections, Responding Party

13 will produce responsive documents to the extent they exist.

14

15 **REQUEST FOR PRODUCTION NO. 89:**

16      All agreements between you and any person not heretofore specifically

17 mentioned that relate in any way to the Investments at Issue or to the DPG sub-

18 prime automobile loan portfolio, but exclusive of documents protected by the

19 attorney-client and/or attorney work product privileges.

20      **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

21      Responding Party objects to this request on the grounds that it is overbroad

22 as to time and scope, burdensome and oppressive, and not proportional to the needs

23 of the case.

24

25 **REQUEST FOR PRODUCTION NO. 90:**

26      All investigations, charges and/or findings by any regulator, whether state,

27 federal or self-regulatory organization, that were made against you and/or any

28

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

member of yours with regard to investments, loans, and/or the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 91:**

All responses to any investigations, charges and/or findings by any regulator, whether state, federal or self-regulatory organization, that were made against you and/or any member of yours with regard to investments, loans, and/or the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 92:**

All press releases written, generated and/or approved by you, and/or any person acting on your behalf which evidence, reflect, memorialize and/or discuss the Skibo Companies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 93:**

All press releases written, generated and/or approved by you, and/or any person acting on your behalf which evidence, reflect, memorialize and/or discuss the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 94:**

All press releases written, generated and/or approved by you, and/or any person acting on your behalf which evidence, reflect, memorialize and/or discuss ACA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 95:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to the Skibo Companies at any time since January 1, 2015.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

2   Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4   proportional to the needs of the case.  Further objection is taken to this request on

5   the grounds that it seeks materials protected from disclosure under the attorney

6   work product doctrine.

7

8   **REQUEST FOR PRODUCTION NO. 96:**

9   All documents necessary and sufficient to ascertain the amount of funds,

10  both net and gross, that you transferred, conveyed, or otherwise provided to any of

11  the other DPG Entity Defendants at any time since January 1, 2015.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

13  Responding Party objects to this request on the grounds that it is overbroad

14  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

15  proportional to the needs of the case.  Further objection is taken to this request on

16  the grounds that it seeks materials protected from disclosure under the attorney

17  work product doctrine.

18

19  **REQUEST FOR PRODUCTION NO. 97:**

20  All documents necessary and sufficient to ascertain the amount of funds,

21  both net and gross, that you transferred, conveyed, or otherwise provided to Daniel

22  Galvanoni at any time since January 1, 2015.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

24  Responding Party objects to this request on the grounds that it is overbroad

25  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

26  proportional to the needs of the case.  Further objection is taken to this request on

27  the grounds that it seeks materials protected from disclosure under the attorney

28  work product doctrine. Responding Party also objects to this request on the

1   grounds that it seeks the disclosure of materials protected by Daniel Galvanoni's

2   right to privacy as protected by the United States and California constitutions.

3

4   **REQUEST FOR PRODUCTION NO. 98:**

5       All documents necessary and sufficient to ascertain the amount of funds,

6   both net and gross, that you transferred, conveyed, or otherwise provided to Philip

7   Galvanoni at any time since January 1, 2015.

8       **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

9       Responding Party objects to this request on the grounds that it is overbroad

10  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

11  proportional to the needs of the case.  Further objection is taken to this request on

12  the grounds that it seeks materials protected from disclosure under the attorney

13  work product doctrine. Responding Party also objects to this request on the

14  grounds that it seeks the disclosure of materials protected by Philip Galvanoni's

15  right to privacy as protected by the United States and California constitutions.

16

17  **REQUEST FOR PRODUCTION NO. 99:**

18      All documents necessary and sufficient to ascertain the amount of funds,

19  both net and gross, that you transferred, conveyed, or otherwise provided to ACA

20  at any time since January 1, 2015.

21      **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

22      Responding Party objects to this request on the grounds that it is overbroad

23  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

24  proportional to the needs of the case.  Further objection is taken to this request on

25  the grounds that it seeks materials protected from disclosure under the attorney

26  work product doctrine.

27

28

220137547                                47                        2:17-CV-00820-KJM-CKD

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 100:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to Gerald Hudspeth at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine. Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected Gerald Hudspeth's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 101:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to Westley Anderson at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine. Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Westley Anderson's right to privacy as protected by the United States and California constitutions.

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

1   **REQUEST FOR PRODUCTION NO. 102:**

2          All documents necessary and sufficient to ascertain the amount of funds,

3   both net and gross, that you transferred, conveyed, or otherwise provided to

4   William Brooksbank at any time since January 1, 2015.

5                 **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

6          Responding Party objects to this request on the grounds that it is overbroad

7   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

8   proportional to the needs of the case.  Further objection is taken to this request on

9   the grounds that it seeks materials protected from disclosure under the attorney

10  work product doctrine. Responding Party also objects to this request on the

11  grounds that it seeks the disclosure of materials protected by William

12  Brooksbank's right to privacy as protected by the United States and California

13  constitutions.

14

15  **REQUEST FOR PRODUCTION NO. 103:**

16         All documents necessary and sufficient to ascertain the amount of funds,

17  both net and gross, that you transferred, conveyed, or otherwise provided to Jerome

18  Joseph at any time since January 1, 2015.

19                **RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

20         Responding Party objects to this request on the grounds that it is overbroad

21  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

22  proportional to the needs of the case.  Further objection is taken to this request on

23  the grounds that it seeks materials protected from disclosure under the attorney

24  work product doctrine. Responding Party also objects to this request on the

25  grounds that it seeks the disclosure of materials protected by Jerome Joseph's right

26  to privacy as protected by the United States and California constitutions.

27

28

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 104:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to any investor of yours at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 105:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to any lender of yours at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 106:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from the Skibo Companies at any time since January 1, 2015.

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 107:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from any of the other DPG Entity Defendants at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 108:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from Daniel Galvanoni at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.  Responding Party also objects to this request on the

grounds that it seeks the disclosure of materials protected by Daniel Galvanoni's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 109:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from Philip Galvanoni at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Philip Galvanoni's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 110:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from ACA at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 111:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from Gerald Hudspeth at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case. Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine. Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Gerald Hudspeth's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 112:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from Westley Anderson at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case. Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine. Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Westley Anderson's right to privacy as protected by the United States and California constitutions.

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

1  **REQUEST FOR PRODUCTION NO. 113:**

2      All documents necessary and sufficient to ascertain the amount of funds,

3  both net and gross, that you received from William Brooksbank at any time since

4  January 1, 2015.

5          **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

6      Responding Party objects to this request on the grounds that it is overbroad

7  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

8  proportional to the needs of the case.  Further objection is taken to this request on

9  the grounds that it seeks materials protected from disclosure under the attorney

10  work product doctrine.  Responding Party also objects to this request on the

11  grounds that it seeks the disclosure of materials protected by William

12  Brooksbank's right to privacy as protected by the United States and California

13  constitutions.

14

15  **REQUEST FOR PRODUCTION NO. 114:**

16      All documents necessary and sufficient to ascertain the amount of funds,

17  both net and gross, that you received from Jerome Joseph at any time since January

18  1, 2015.

19          **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

20      Responding Party objects to this request on the grounds that it is overbroad

21  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

22  proportional to the needs of the case.  Further objection is taken to this request on

23  the grounds that it seeks materials protected from disclosure under the attorney

24  work product doctrine.  Responding Party also objects to this request on the

25  grounds that it seeks the disclosure of materials protected by Jerome Joseph's right

26  to privacy as protected by the United States and California constitutions.

27

28

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

1    **REQUEST FOR PRODUCTION NO. 115:**

2         All documents necessary and sufficient to ascertain the amount of funds,

3    both net and gross, that you received from any investor of yours at any time since

4    January 1, 2015.

5              **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

6         Responding Party objects to this request on the grounds that it is overbroad

7    as to time and scope, vague and ambiguous, burdensome and oppressive, and not

8    proportional to the needs of the case.  Further objection is taken to this request on

9    the grounds that it seeks materials protected from disclosure under the attorney

10   work product doctrine.

11

12   **REQUEST FOR PRODUCTION NO. 116:**

13        All documents necessary and sufficient to ascertain the amount of funds,

14   both net and gross, that you received from any lender of yours at any time since

15   January 1, 2015.

16             **RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

17        Responding Party objects to this request on the grounds that it is overbroad

18   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

19   proportional to the needs of the case.  Further objection is taken to this request on

20   the grounds that it seeks materials protected from disclosure under the attorney

21   work product doctrine.

22

23   **REQUEST FOR PRODUCTION NO. 117:**

24        Each and all of your bank account statements for the period of January 1,

25   2015 through the present.

26

27

28

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

2      Responding Party objects to this request on the grounds that it is overbroad

3  as to time and scope, burdensome and oppressive, and not proportional to the needs

4  of the case.

5

6  **REQUEST FOR PRODUCTION NO. 118:**

7      Each and all of your quikbook reports for the period of January 1, 2015

8  through the present.

9      **RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

10      Responding Party objects to this request on the grounds that it is overbroad

11  as to time and scope, burdensome and oppressive, and not proportional to the needs

12  of the case.

13      Without waiving and subject to the foregoing objections, Responding Party

14  will produce responsive documents to the extent they exist.

15

16  **REQUEST FOR PRODUCTION NO. 119:**

17      Your complete general ledger for the period of January 1, 2015 through the

18  present.

19      **RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

20      Responding Party objects to this request on the grounds that it is overbroad

21  as to time and scope, burdensome and oppressive, and not proportional to the needs

22  of the case.

23      Without waiving and subject to the foregoing objections, Responding Party

24  will produce responsive documents to the extent they exist.

25

26  **REQUEST FOR PRODUCTION NO. 120:**

27      All sub-prime automobile loan contracts which you owned, purchased or

28  serviced at any time during the period of January 1, 2015 through the present.

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

2          Responding Party objects to this request on the grounds that it is overbroad

3    as to time and scope, burdensome and oppressive, and not proportional to the needs

4    of the case.

5          Without waiving and subject to the foregoing objections, Responding Party

6    will produce responsive documents to the extent they exist.

7

8    **REQUEST FOR PRODUCTION NO. 121:**

9          All documents which are sufficient to show the consideration which you

10   paid for any sub-prime automobile loan contracts which you owned, purchased or

11   serviced at any time during the period of January 1, 2015 through the present.

12         **RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

13         Responding Party objects to this request on the grounds that it is overbroad

14   as to time and scope, burdensome and oppressive, and not proportional to the needs

15   of the case.

16         Without waiving and subject to the foregoing objections, Responding Party

17   will produce responsive documents to the extent they exist.

18

19   **REQUEST FOR PRODUCTION NO. 122:**

20         All documents which are sufficient to show the amount of monies you have

21   received as a direct or indirect result of any sub-prime automobile loan contracts

22   which you owned, purchased or serviced at any time during the period of January

23   1, 2015 through the present.

24         **RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

25         Responding Party objects to this request on the grounds that it is overbroad

26   as to time and scope, burdensome and oppressive, and not proportional to the needs

27   of the case.

28

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 123:**

All documents which are sufficient to show how the Investments At Issue were utilized.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case. Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 124:**

All docs which evidence that any or all of the Investments At Issue were used to purchase new sub-prime automobile loans.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case. Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

1

2   **REQUEST FOR PRODUCTION NO. 125:**

3        All documents which evidence that any or all of the Investments At Issue

4   were used to fund the operations of any of the DPG Entity Defendants.

5        **RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

6        Responding Party objects to this request on the grounds that it is overbroad

7   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

8   proportional to the needs of the case.  Further objection is taken to this request on

9   the grounds that it seeks materials protected from disclosure under the attorney

10  work product doctrine.

11       Without waiving and subject to the foregoing objections, Responding Party

12  will produce responsive documents to the extent they exist and do not fall within

13  one of the above-asserted privileges.

14

15  **REQUEST FOR PRODUCTION NO. 126:**

16       All documents which evidence any and all expenses that Daniel Galvanoni

17  advanced on your behalf during the period of January 1, 2015 through December

18  31, 2017.

19       **RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

20       Responding Party objects to this request on the grounds that it is overbroad

21  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

22  proportional to the needs of the case.  Further objection is taken to this request on

23  the grounds that it seeks materials protected from disclosure under the attorney

24  work product doctrine.

25       Without waiving and subject to the foregoing objections, Responding Party

26  will produce responsive documents to the extent they exist and do not fall within

27  one of the above-asserted privileges.

28

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 127:**

Any and all of your Errors & Omissions insurance policies that were in effect and/or applicable for the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 128:**

Any and all of your business insurance policies that were in effect and/or applicable for the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 129:**

Any and all insurance policies not heretofore specifically requested which provide actual or potential coverage with respect to Plaintiffs claims in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 130:**

All leases for any offices occupied by you since January 1, 2015.

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

2      Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, burdensome and oppressive, and not proportional to the needs

4   of the case.

5

6   **REQUEST FOR PRODUCTION NO. 131:**

7      All business licenses held by you at any time since January 1, 2015.

8      **RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

9      Responding Party objects to this request on the grounds that it is overbroad

10  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

11  proportional to the needs of the case.

12

13  **REQUEST FOR PRODUCTION NO. 132:**

14     All investment proposals you provided to Plaintiff between January 1, 2015

15  and December 31, 2017.

16     **RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

17     Responding Party objects to this request on the grounds that it is overbroad

18  as to time and scope, burdensome and oppressive, and not proportional to the needs

19  of the case.

20     Without waiving and subject to the foregoing objections, Responding Party

21  will produce responsive documents to the extent they exist.

22

23  **REQUEST FOR PRODUCTION NO. 133:**

24     All investment proposals you provided to any other prospective investor

25  between January 1, 2015 and December 31, 2017.

26

27

28

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

2      Responding Party objects to this request on the grounds that it is overbroad

3  as to time and scope, burdensome and oppressive, and not proportional to the needs

4  of the case.

5

6  **REQUEST FOR PRODUCTION NO. 134:**

7      All profit and loss forecasts relating to the DPG sub-prime automobile loan

8  portfolio that were generated at any time between January 1, 2015 and December

9  31, 2017.

10      **RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

11      Responding Party objects to this request on the grounds that it is overbroad

12  as to time and scope, burdensome and oppressive, and not proportional to the needs

13  of the case.

14      Without waiving and subject to the foregoing objections, Responding Party

15  will produce responsive documents to the extent they exist.

16  **REQUEST FOR PRODUCTION NO. 135:**

17      All documents which were utilized or relied upon to create the profit and

18  loss forecasts relating to the DPG sub-prime automobile loan portfolio that were

19  generated at any time between January 1, 2015 and December 31, 2017.

20      **RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

21      Responding Party objects to this request on the grounds that it is overbroad

22  as to time and scope, burdensome and oppressive, and not proportional to the needs

23  of the case.

24

25  **REQUEST FOR PRODUCTION NO. 136:**

26      All investor return models relating to the DPG sub-prime automobile loan

27  portfolio that were generated at any time between January 1, 2015 and December

28  31, 2017.

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

2      Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, burdensome and oppressive, and not proportional to the needs

4   of the case.

5      Without waiving and subject to the foregoing objections, Responding Party

6   will produce responsive documents to the extent they exist.

7

8   **REQUEST FOR PRODUCTION NO. 137:**

9      All documents which were utilized or relied upon to create the investor

10   return models relating to the DPG sub-prime automobile loan portfolio that were

11   generated at any time between January 1, 2015 and December 31, 2017.

12      **RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

13      Responding Party objects to this request on the grounds that it is overbroad

14   as to time and scope, burdensome and oppressive, and not proportional to the needs

15   of the case.

16

17   **REQUEST FOR PRODUCTION NO. 138:**

18      All term sheets relating to the DPG sub-prime automobile loan portfolio that

19   were generated at any time between January 1, 2015 and December 31, 2017.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

21      Responding Party objects to this request on the grounds that it is overbroad

22   as to time and scope, burdensome and oppressive, and not proportional to the needs

23   of the case.

24      Without waiving and subject to the foregoing objections, Responding Party

25   will produce responsive documents to the extent they exist.

26

27

28

1  **REQUEST FOR PRODUCTION NO. 139:**

2      All documents which were utilized or relied upon to create the term sheets

3  relating to the DPG sub-prime automobile loan portfolio that were generated at any

4  time between January 1, 2015 and December 31, 2017.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

6      Responding Party objects to this request on the grounds that it is overbroad

7  as to time and scope, burdensome and oppressive, and not proportional to the needs

8  of the case.

9

10  **REQUEST FOR PRODUCTION NO. 140:**

11      All investor summaries relating to the DPG sub-prime automobile loan

12  portfolio that were generated at any time between January 1, 2015 and December

13  31, 2017.

14      **RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

15      Responding Party objects to this request on the grounds that it is overbroad

16  as to time and scope, burdensome and oppressive, and not proportional to the needs

17  of the case.

18  **REQUEST FOR PRODUCTION NO. 141:**

19      All investor summaries which were utilized or relied upon to create the term

20  sheets relating to the DPG sub-prime automobile loan portfolio that were generated

21  at any time between January 1, 2015 and December 31, 2017.

22      **RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

23      Responding Party objects to this request on the grounds that it is overbroad

24  as to time and scope, burdensome and oppressive, and not proportional to the needs

25  of the case.

26

27

28

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 142:**

All automobile loan models relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 143:**

All documents which were utilized or relied upon to create the automobile loan models relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 144:**

All financial models relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

1   Without waiving and subject to the foregoing objections, Responding Party
2   will produce responsive documents to the extent they exist.

3

4   **REQUEST FOR PRODUCTION NO. 145:**

5   All documents which were utilized or relied upon to create the financial
6   models relating to the DPG sub-prime automobile loan portfolio that were
7   generated at any time between January 1, 2015 and December 31, 2017.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

9   Responding Party objects to this request on the grounds that it is overbroad
10  as to time and scope, burdensome and oppressive, and not proportional to the needs
11  of the case.

12

13  **REQUEST FOR PRODUCTION NO. 146:**

14  All estimates of returns relating to the DPG sub-prime automobile loan
15  portfolio that were generated at any time between January 1, 2015 and December
16  31, 2017.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

18  Responding Party objects to this request on the grounds that it is overbroad
19  as to time and scope, burdensome and oppressive, and not proportional to the needs
20  of the case.

21  Without waiving and subject to the foregoing objections, Responding Party
22  will produce responsive documents to the extent they exist.

23

24  **REQUEST FOR PRODUCTION NO. 147:**

25  All documents which were utilized or relied upon to create the estimates of
26  returns relating to the DPG sub-prime automobile loan portfolio that were
27  generated at any time between January 1, 2015 and December 31, 2017.

28

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 148:**

All documents which evidence and/or reflect the underwriting review that was done for each of the loans in the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 149:**

All documents which contain, reflect and/or evidence the underwriting guidelines that were utilized for each of the loans in the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 150:**

All documents reflecting and/or evidencing any audits that were performed with respect to the Skibo Companies at any time between January 1, 2015 and December 31, 2017, exclusive of documents protected by the attorney-client and/or attorney work product privileges.

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

2 Responding Party objects to this request on the grounds that it is overbroad

3 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4 proportional to the needs of the case.

5 Without waiving and subject to the foregoing objections, Responding Party

6 will produce responsive documents to the extent they exist.

7

8 | **REQUEST FOR PRODUCTION NO. 151:**

9 All documents reflecting and/or evidencing any audits that were performed

10 with respect to the DPG sub-prime automobile loan portfolio at any time between

11 January 1, 2015 and December 31, 2017, exclusive of documents protected by the

12 attorney-client and/or attorney work product privileges.

13 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

14 Responding Party objects to this request on the grounds that it is overbroad

15 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

16 proportional to the needs of the case.

17 Without waiving and subject to the foregoing objections, Responding Party

18 will produce responsive documents to the extent they exist.

19

20 | **REQUEST FOR PRODUCTION NO. 152:**

21 All documents which support the statement in the mezzanine loan proposal

22 that was provided to Plaintiff on or about April 8, 2015 that an investment in the

23 Skibo Companies would provide a total annual return of 28% a year.

24 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

25 Responding Party objects to this request on the grounds that it is overbroad

26 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

27 proportional to the needs of the case.

28

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 153:**

All documents which support the statement in William Brookbank's email of April 30, 2015 that 3% warrants in the Skibo Companies would be worth $784,000 in four years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 154:**

All documents which support the statement in William Brookbank's email of April 30, 2015 that 4.25% warrants in Skibo would be worth $1,100,000.00 in four years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 155:**

All documents which support the statement in William Brookbank's email of April 30, 2015 Plaintiff's internal rate of return would be 108%.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 156:**

All notes of any meetings with Plaintiff which occurred at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 157:**

All notes of any telephone calls with Plaintiff which occurred at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 158:**

All notes of any meetings during which Plaintiff and/or the Investments At Issue were discussed, exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 159:**

All notes of any telephone calls during which Plaintiff and/or the Investments At Issue were discussed, exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 160:**

All spreadsheets of investor loans that were created at any time during the period of January 1, 2015 - December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 161:**

All spreadsheets of the loans in the DPG sub-prime automobile loan portfolio that were created at any time during the period of January 1, 2015 - December 31, 2017.

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 162:**

All documents which are sufficient to show the dates of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 163:**

All documents which are sufficient to show the Amounts of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

1  **REQUEST FOR PRODUCTION NO. 164:**

2         All communications between you and/or any person acting on your behalf

3  and Plaintiff regarding the UCC-1 Financing Statements in favor of Plaintiff which

4  were filed with the Arizona Secretary of State on or about August 23, 2016.

5         **RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

6         Responding Party objects to this request on the grounds that it is overbroad

7  as to time and scope, burdensome and oppressive, and not proportional to the needs

8  of the case.

9         Without waiving and subject to the foregoing objections, Responding Party

10  will produce responsive documents to the extent they exist.

11

12  **REQUEST FOR PRODUCTION NO. 165:**

13         All communications between you and/or any person acting on your behalf

14  and any of the other DPG Entity Defendants regarding the UCC-1 Financing

15  Statements in favor of Plaintiff which were filed with the Arizona Secretary of

16  State on or about August 23, 2016.

17         **RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

18         Responding Party objects to this request on the grounds that it is overbroad

19  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

20  proportional to the needs of the case.  Further objection is taken to this request on

21  the grounds that it seeks materials protected from disclosure by the attorney client

22  privilege.

23         Without waiving and subject to the foregoing objections, Responding Party

24  will produce responsive documents to the extent they exist and do not fall within

25  any above-mentioned privilege.

26

27

28

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

1   **REQUEST FOR PRODUCTION NO. 166:**

2   　　　All communications between you and/or any person acting on your behalf

3   and ACA regarding the UCC-1 Financing Statements in favor of Plaintiff which

4   were filed with the Arizona Secretary of State on or about August 23, 2016.

5   　　　**RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

6   　　　Responding Party objects to this request on the grounds that it is overbroad

7   as to time and scope, burdensome and oppressive, and not proportional to the needs

8   of the case.

9   　　　Without waiving and subject to the foregoing objections, Responding Party

10   will produce responsive documents to the extent they exist.

11

12   **REQUEST FOR PRODUCTION NO. 167:**

13   　　　All communications between you and/or any person acting on your behalf

14   and any lender or prospective lender regarding the UCC-1 Financing Statements in

15   favor of Plaintiff which were filed with the Arizona Secretary of State on or about

16   August 23, 2016.

17   　　　**RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

18   　　　Responding Party objects to this request on the grounds that it is overbroad

19   as to time and scope, burdensome and oppressive, and not proportional to the needs

20   of the case.

21   　　　Without waiving and subject to the foregoing objections, Responding Party

22   will produce responsive documents to the extent they exist.

23   **REQUEST FOR PRODUCTION NO. 168:**

24   　　　All documents which are sufficient to show the purchase price of each of the

25   loans that were held in the DPG sub-prime automobile loan portfolio at any time

26   during the period of January 1, 2015 - June 30, 2018.

27

28

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

## RESPONSE TO REQUEST FOR PRODUCTION NO. 168:

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

## REQUEST FOR PRODUCTION NO. 169:

All documents which are sufficient to show the purchase date of each of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 169:

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

## REQUEST FOR PRODUCTION NO. 170:

All documents which are sufficient to show the contract amount of each of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 170:

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 171:**

All documents which are sufficient to identify the name of the person or entity who purchased each of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 172:**

All documents which are sufficient to show the dates of any transfer of any ownership of any of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 173:**

All documents which are sufficient to identify the person or entity to whom ownership of any of the loans that were held in the DPG sub-prime automobile

1   loan portfolio at any time during the period of January 1, 2015 - June 30, 2018 was

2   transferred at any time between January 1, 2015 and June 30, 2018.

3       **RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

4       Responding Party objects to this request on the grounds that it is overbroad

5   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

6   proportional to the needs of the case.

7       Without waiving and subject to the foregoing objections, Responding Party

8   will produce responsive documents to the extent they exist.

9

10  **REQUEST FOR PRODUCTION NO. 174:**

11      All documents which are sufficient to show the amount of any consideration

12  that was paid by the acquiring person/entity for any transfer of any ownership of

13  any of the loans that were held in the DPG sub-prime automobile loan portfolio at

14  any time during the period of January 1, 2015 - June 30, 2018 for any transfers of

15  ownership which occurred at any time between January 1, 2015 and the present.

16      **RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

17      Responding Party objects to this request on the grounds that it is overbroad

18  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

19  proportional to the needs of the case.

20      Without waiving and subject to the foregoing objections, Responding Party

21  will produce responsive documents to the extent they exist.

22

23  **REQUEST FOR PRODUCTION NO. 175:**

24      All documents which are sufficient to show the maturity date of each of the

25  loans that were held in the DPG sub-prime automobile loan portfolio at any time

26  during the period of January 1, 2015 - June 30, 2018.

27

28

220137547                           77                    2:17-CV-00820-KJM-CKD

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 176:**

All documents which are sufficient to show the monthly payments owed by each of the borrowers for each of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 177:**

All documents which are sufficient to show the monthly gross income that you have received since January 1, 2015 from the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 178:**

All documents which are sufficient to show the dates of any defaults with respect to any of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 179:**

All documents which are sufficient to show the amounts of any defaults with respect to any of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 179:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 180:**

All documents which are sufficient to show the net losses attributable to any defaults with respect to any of the loans that were held in the DPG sub-prime

1  automobile loan portfolio at any time during the period of January 1, 2015 - June
2  30, 2018.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 180:**

4  Responding Party objects to this request on the grounds that it is overbroad
5  as to time and scope, vague and ambiguous, burdensome and oppressive, and not
6  proportional to the needs of the case.

7  Without waiving and subject to the foregoing objections, Responding Party
8  will produce responsive documents to the extent they exist.

9

10  **REQUEST FOR PRODUCTION NO. 181:**

11  All overviews of the DPG sub-prime automobile loan portfolio that were
12  created at any time during the period of January 1, 2015 through the present.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

14  Responding Party objects to this request on the grounds that it is overbroad
15  as to time and scope, vague and ambiguous, burdensome and oppressive, and not
16  proportional to the needs of the case.

17

18  **REQUEST FOR PRODUCTION NO. 182:**

19  All source documents which were utilized to prepare the overviews of the
20  DPG sub- prime automobile loan portfolio that were created at any time during the
21  period of January 1, 2015 through the present.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 182:**

23  Responding Party objects to this request on the grounds that it is overbroad
24  as to time and scope, vague and ambiguous, burdensome and oppressive, and not
25  proportional to the needs of the case.

26  **REQUEST FOR PRODUCTION NO. 183:**

27  All automobile title documents for each of the loans in the DPG sub-prime
28  automobile loan portfolio during the period of January 1, 2015 through the present.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

2    Responding Party objects to this request on the grounds that it is overbroad

3    as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4    proportional to the needs of the case.

5    Without waiving and subject to the foregoing objections, Responding Party

6    will produce responsive documents to the extent they exist.

7

8    **REQUEST FOR PRODUCTION NO. 184:**

9    All lien assignments with respect to any of the loans in the DPG sub-prime

10   automobile loan portfolio which were made at any time during the period of

11   January 1, 2015 through the present.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 184:**

13   Responding Party objects to this request on the grounds that it is overbroad

14   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

15   proportional to the needs of the case.

16   Without waiving and subject to the foregoing objections, Responding Party

17   will produce responsive documents to the extent they exist.

18

19   **REQUEST FOR PRODUCTION NO. 185:**

20   All versions of Daniel Galvanoni's resume that were created or in effect at

21   any time during the period of January 1, 2015 through the present.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 185:**

23   Responding Party objects to this request on the grounds that it is overbroad

24   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

25   proportional to the needs of the case.

26   **REQUEST FOR PRODUCTION NO. 186:**

27   All versions of Philip Galvanoni's resume that were created or in effect at

28   any time during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 186:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 187:**

All versions of Gerald Hudspeth's resume that were created or in effect at any time during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 187:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 188:**

All versions of Westley Anderson's resume that were created or in effect at any time during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 188:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 189:**

All versions of William Brooksbank's resume that were created or in effect at any time during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 189:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 190:**

All versions of Jerome Joseph's resume that were created or in effect at any time during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 190:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 191:**

All statements, notes, recordings, or other documents of any type, if any exist, obtained from any witness, or potential witness to this action, concerning Plaintiff and/or any of the Investments at Issue and/or the DPG sub-prime automobile loan portfolio, exclusive of documents protected by the attorney-client or attorney work product privilege.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 191:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks the premature disclosure of expert witness materials.

**REQUEST FOR PRODUCTION NO. 192:**

Any notes, memoranda, recordings, or other documents of any type, if any exist, reflecting any verbal conference, discussion, or conversation with any witness, or potential witness to this action, concerning Plaintiff and/or any of the Investments at Issue and/or the DPG sub-prime automobile loan portfolio, exclusive of documents protected by the attorney-client or attorney work product privilege.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 192:**

2   Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, burdensome and oppressive, and not proportional to the needs

4   of the case.  Further objection is taken to this request on the grounds that it seeks

5   the premature disclosure of expert witness materials.

6

7   **REQUEST FOR PRODUCTION NO. 193:**

8   All documents you identified in your responses to the special interrogatories

9   served herewith.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 193:**

11   Responding Party objects to this request on the grounds that it is overbroad

12   as to time and scope, burdensome and oppressive, and not proportional to the needs

13   of the case.

14

15   Dated:  November 8, 2018          CLARK HILL LLP

16

17   By: _____

18   Bradford G. Hughes
     Tiffany B. Hunter

19   Attorneys for defendants DANIEL P.
20   GALVANONI; DPG INVESTMENTS, LLC;
     DPG GOLDEN EAGLE, LLC; SPRING
     TREE LENDING, LLC; SPRING TREE
21   HOLDINGS, LLC; SPRING TREE
     FINANCIAL, LLC; and SKIBO HOLDINGS,
22   LLC

23

24

25

26

27

28

DEFENDANT SPRING TREE HOLDINGS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137547.v1-11/8/18

1    CLARK HILL LLP
     Bradford G. Hughes (SBN 247141)
2    bhughes@ClarkHill.com
     Tiffany B. Hunter (SBN 306382)
3    thunter@ClarkHill.com
     1055 West Seventh Street, Suite 2400
4    Los Angeles, CA 90017
     Telephone:  (213) 891-9100
5    Facsimile:  (213) 488-1178

6    KAUFMAN & FORMAN, P.C.
     Alex B. Kaufman (SBN GA 136097)
7    abk@kauflaw.net
     Matthew D. Treco (SBN GA 802181)
8    mdt@kauflaw.net
     8215 Roswell Rd., Building 800
9    Atlanta, Georgia 30350-6445
     Telephone: 770.390.9200
10   Facsimile: 770.395.6720

11   Attorneys for Defendants DANIEL P. GALVANONI;
     DPG INVESTMENTS, LLC; DPG GOLDEN EAGLE,
12   LLC; SPRING TREE LENDING, LLC; SPRING
     TREE HOLDINGS, LLC; SPRING TREE
13   FINANCIAL, LLC; and SKIBO HOLDINGS, LLC

14              UNITED STATES DISTRICT COURT

15              EASTERN DISTRICT OF CALIFORNIA

16   JOHN MARSHALL, an individual,          Case No. 2:17-CV-00820-KJM-CKD

17                          Plaintiff,       **DEFENDANT DPG GOLDEN
                                             EAGLE, LLC'S RESPONSE TO**
18          v.                               **PLAINTIFF'S FIRST SET OF
                                             REQUESTS FOR PRODUCTION OF**
19   DANIEL P. GALVANONI, an                 **DOCUMENTS TO DEFENDANT**
     individual; DPG INVESTMENTS, LLC,
20   a foreign limited liability company; DPG
     GOLDEN EAGLE, LLC, a foreign
21   limited liability company; SPRING
     TREE LENDING, LLC, a foreign
22   limited liability company; SPRING
     TREE HOLDINGS, LLC, a foreign
23   limited liability company; SPRING
     TREE FINANCIAL, LLC, a foreign
24   limited liability company; SKIBO
     HOLDINGS, LLC, a foreign limited
25   liability company; GERALD T.
     HUDSPETH, an individual; JEROME L.
26   JOSEPH, an individual; WILLIAM J.
     BROOKSBANK, an individual; AND
27   DOES 1-100, inclusive,

28                          Defendants.

     DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
     PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

1  PROPOUNDING PARTY:        Plaintiff, JOHN MARSHALL

2  RESPONDING PARTY:        Defendant, DPG GOLDEN EAGLE, LLC

3  SET NUMBER:              ONE

4      Defendant DPG GOLDEN EAGLE, LLC ("Responding Party") responds as

5  follows to First Set of Requests for Production of Documents propounded to it by

6  Plaintiff JOHN MARSHALL:

7  **RESPONSES TO REQUESTS FOR PRODUCTION**

8  **REQUEST FOR PRODUCTION NO. 1:**

9      All written communications, including, but not limited to, e-mails and/or

10  text messages, between you, and/or any person acting on your behalf, and Plaintiff,

11  which relate in any way to any of the Investments At Issue, and/or to the DPG sub-

12  prime automobile loan portfolio.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

14      Responding Party objects to this request on the grounds that it is overbroad

15  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

16  proportional to the needs of the case.  Further objection is taken to this request on

17  the grounds that it seeks materials protected from disclosure by the attorney work

18  product doctrine and attorney client privilege.  Responding Party also objects to

19  this request on the grounds that it seeks the premature disclosure of expert witness

20  materials.

21      Without waiving and subject to the foregoing objections, Responding Party

22  will produce responsive documents to the extent they exist and do not fall within

23  one of the above-asserted privileges.

24  ///

25  ///

26  ///

27

28

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 2:**

All documents evidencing verbal communications between you, and/or any person acting on your behalf, and Plaintiff, which relate in any way to any of the Investments At Issue, and/or to the DPG sub-prime automobile loan portfolio, including, but not limited to, notes, internal memoranda and/or telephone logs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 3:**

All written communications, including, but not limited to, e-mails and/or text messages, between and/or among any of your agents, employees, officers, managing directors, managers and/or members, which relate in any way to Plaintiff and/or any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to

1   this request on the grounds that it seeks the premature disclosure of expert witness

2   materials.

3       Without waiving and subject to the foregoing objections, Responding Party

4   will produce responsive documents to the extent they exist and do not fall within

5   one of the above-asserted privileges.

6   **REQUEST FOR PRODUCTION NO. 4:**

7       All documents evidencing any verbal communications between and/or

8   among any of your agents, employees, officers, managing directors, members

9   and/or managers, which relate in any way to Plaintiff and/or any of the Investments

10   At Issue.

11       **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

12       Responding Party objects to this request on the grounds that it is overbroad

13   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

14   proportional to the needs of the case.  Further objection is taken to this request on

15   the grounds that it seeks materials protected from disclosure by the attorney work

16   product doctrine and attorney client privilege.  Responding Party also objects to

17   this request on the grounds that it seeks the premature disclosure of expert witness

18   materials.

19       Without waiving and subject to the foregoing objections, Responding Party

20   will produce responsive documents to the extent they exist and do not fall within

21   one of the above-asserted privileges.

22   **REQUEST FOR PRODUCTION NO. 5:**

23       All written communications, including, but not limited to, e-mails and/or

24   text messages, between you, and/or any person acting on your behalf, and

25   American Credit Acceptance, LLC ("ACA"), and/or any agent, independent

26   contractor, officer, manager and/or employee thereof, which relate in any way to

27   Plaintiff, and/or any of the Investments At Issue, and/or the DPG sub-prime

28   automobile loan portfolio.

220137695      4      2:17-CV-00820-KJM-CKD

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 6:**

All documents evidencing any verbal communications between you, and/or any person acting on your behalf, and ACA and/or any officer, manager, agent, and/or employee thereof, which relate in any way to Plaintiff, and/or any of the Investments At Issue, and/or the DPG sub-prime automobile loan portfolio, including, but not limited to, notes, internal memoranda and/or telephone logs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 7:**

All written communications, including, but not limited to, e-mails and/or text messages, between you, and/or any person acting on your behalf, and any of the former managers, managing directors, and/or employees of the Skibo Companies, including, but not limited to, James Duryea and/or Robert Smith, which relate in any way to Plaintiff, and/or any of the Investments At Issue, and/or the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 8:**

All documents evidencing any verbal communications between you, and/or any person acting on your behalf, and any of the former managers, managing directors, and/or employees of the Skibo Companies, including, but not limited to, James Duryea and/or Robert Smith, which relate in any way to Plaintiff, and/or any of the Investments At Issue, and/or the DPG sub-prime automobile loan portfolio, including, but not limited to, notes, internal memoranda and/or telephone logs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not

proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges

**REQUEST FOR PRODUCTION NO. 9:**

All written communications, including, but not limited to, e-mails and/or text messages, between you, and/or any person acting on your behalf, and any of the other DPG Entity Defendants, and/or any employee, agent, member, manager and/or managing director thereof, which relate in any way to Plaintiff and/or any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 10:**

All documents evidencing any verbal communications between you, and/or any person acting on your behalf, and any of the other DPG Entity Defendants,

1  and/or any employee, agent, member, manager and/or managing director thereof,

2  which relate in any way to Plaintiff and/or any of the Investments At Issue.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

4  Responding Party objects to this request on the grounds that it is overbroad

5  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

6  proportional to the needs of the case.  Further objection is taken to this request on

7  the grounds that it seeks materials protected from disclosure by the attorney work

8  product doctrine and attorney client privilege.  Responding Party also objects to

9  this request on the grounds that it seeks the premature disclosure of expert witness

10  materials.

11  Without waiving and subject to the foregoing objections, Responding Party

12  will produce responsive documents to the extent they exist and do not fall within

13  one of the above-asserted privileges.

14

15  **REQUEST FOR PRODUCTION NO. 11:**

16  All written communications, including, but not limited to, e-mails and/or

17  text messages, between you, and/or any person acting on your behalf, and any

18  actual or prospective investor in any of the DPG Entity Defendants, which relate in

19  any way to Plaintiff, and/or any of the Investments At Issue, and/or the DPG sub-

20  prime automobile loan portfolio, and which were made at any time between

21  January 1, 2015 - June 30, 2018.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

23  Responding Party objects to this request on the grounds that it is overbroad

24  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

25  proportional to the needs of the case.  Further objection is taken to this request on

26  the grounds that it seeks materials protected from disclosure by the attorney work

27  product doctrine and attorney client privilege.  Responding Party also objects to

28

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 12:**

All documents evidencing any verbal communications between you, and/or any person agent acting on your behalf, and any actual or prospective investor in any of the DPG Entity Defendants, which relate in any way to Plaintiff, or to any of the Investments At Issue, and/or to the DPG sub-prime automobile loan portfolio, and which were made at any time between January 1, 2015 - June 30, 2018, including, but not limited to, notes, internal memoranda and/or telephone logs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

1  **REQUEST FOR PRODUCTION NO. 13:**

2      All written communications, including, but not limited to, e-mails and/or

3  text messages, between you, and/or any person acting on your behalf, and any

4  actual or prospective lender to any of the DPG Entity Defendants, which relate in

5  any way to Plaintiff, or to any of the Investments At Issue, and/or to the DPG sub-

6  prime automobile loan portfolio, and which were made at any time between

7  January 1, 2015 - June 30, 2018.

8      **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

9      Responding Party objects to this request on the grounds that it is overbroad

10  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

11  proportional to the needs of the case.  Further objection is taken to this request on

12  the grounds that it seeks materials protected from disclosure by the attorney work

13  product doctrine and attorney client privilege.  Responding Party also objects to

14  this request on the grounds that it seeks the premature disclosure of expert witness

15  materials.

16      Without waiving and subject to the foregoing objections, Responding Party

17  will produce responsive documents to the extent they exist and do not fall within

18  one of the above-asserted privileges.

19

20  **REQUEST FOR PRODUCTION NO. 14:**

21      All documents evidencing any verbal communications between you, and/or

22  any person acting on your behalf, and any actual or prospective lender to any of the

23  DPG Entity Defendants, which relate in any way to Plaintiff, or to any of the

24  Investments At Issue, and/or to the DPG sub-prime automobile loan portfolio, and

25  which were made at any time between January 1, 2015 - June 30, 2018, including,

26  but not limited to, notes, internal memoranda and/or telephone logs.

27

28

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

2          Responding Party objects to this request on the grounds that it is overbroad

3    as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4    proportional to the needs of the case.  Further objection is taken to this request on

5    the grounds that it seeks materials protected from disclosure by the attorney work

6    product doctrine and attorney client privilege.  Responding Party also objects to

7    this request on the grounds that it seeks the premature disclosure of expert witness

8    materials.

9          Without waiving and subject to the foregoing objections, Responding Party

10   will produce responsive documents to the extent they exist and do not fall within

11   one of the above-asserted privileges.

12

13   **REQUEST FOR PRODUCTION NO. 15:**

14         All documents you, and/or any person acting on your behalf, received from

15   Plaintiff at any time between January 1, 2015 - March 31, 2017, which relate in

16   any way to any of the Investments At Issue.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

18         Responding Party objects to this request on the grounds that it is overbroad

19   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

20   proportional to the needs of the case.  Further objection is taken to this request on

21   the grounds that it seeks materials equally within the possession of plaintiff.

22         Without waiving and subject to the foregoing objections, Responding Party

23   will produce responsive documents to the extent they exist and do not fall within

24   one of the above-asserted privileges.

25

26

27

28

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 16:**

All documents you, and/or any person acting on your behalf, provided to Plaintiff at any time between January 1, 2015 - March 31, 2017, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials equally within the possession of plaintiff.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 17:**

All documents you, and/or any person acting on your behalf, received from Plaintiff at any time between January 1, 2015 - March 31, 2017, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials equally within the possession of plaintiff.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 18:**

All documents you, and/or any person acting on your behalf, provided to Plaintiff at any time between January 1, 2015 - March 31, 2017, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials equally within the possession of plaintiff.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.


**REQUEST FOR PRODUCTION NO. 19:**

All documents you, and/or any person acting on your behalf, received from any of the other DPG Entity Defendants and/or any employee or agent thereof (exclusive of attorneys), at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the  Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

1    Without waiving and subject to the foregoing objections, Responding Party

2    will produce responsive documents to the extent they exist and do not fall within

3    one of the above-asserted privileges.

4

5    **REQUEST FOR PRODUCTION NO. 20:**

6    All documents you, and/or any person acting on your behalf, provided to any

7    of the other DPG Entity Defendants and/or any employee or agent thereof

8    (exclusive of attorneys), at any time between January 1, 2015 - June 30, 2018,

9    which relate in any way to any of the Investments At Issue.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

11   Responding Party objects to this request on the grounds that it is overbroad

12   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

13   proportional to the needs of the case.  Further objection is taken to this request on

14   the grounds that it seeks materials protected from disclosure by the attorney client

15   privilege and attorney work product doctrine.  Responding Party also objects to

16   this request on the grounds that it seeks the premature disclosure of expert witness

17   materials.

18   Without waiving and subject to the foregoing objections, Responding Party

19   will produce responsive documents to the extent they exist and do not fall within

20   one of the above-asserted privileges.

21

22   **REQUEST FOR PRODUCTION NO. 21:**

23   All documents you, and/or any person acting on your behalf, received from

24   any of the other DPG Entity Defendants and/or any employee or agent thereof

25   (exclusive of attorneys), at any time between January 1, 2015 - June 30, 2018,

26   which relate in any way to the DPG sub-prime automobile loan portfolio.

27

28

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 22:**

All documents you, and/or any agent acting on your behalf, provided to any of the other DPG Entity Defendants and/or any employee or agent thereof (exclusive of attorneys), at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 23:**

All documents you, and/or any person acting on your behalf, provided to any of the former managers, managing directors, and/or employees of the Skibo Companies, including, but not limited to, James Duryea and/or Robert Smith, at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case. Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine. Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.


**REQUEST FOR PRODUCTION NO. 24:**

All documents you, and/or any person acting on your behalf, received from any of the former managers, managing directors, and/or employees of the Skibo Companies, including, but not limited to, James Duryea and/or Robert Smith, at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case. Further objection is taken to this request on

the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 25:**

All documents you, and/or any person acting on your behalf, provided to any of the former managers, managing directors, and/or employees of the Skibo Companies, including, but not limited to, James Duryea and/or Robert Smith, at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 26:**

All documents you, and/or any person acting on your behalf, received from ACA, at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 27:**

All documents you, and/or any person acting on your behalf, provided to ACA, at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 28:**

All documents you, and/or any person acting on your behalf, received from ACA at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

2        Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4   proportional to the needs of the case.

5        Without waiving and subject to the foregoing objections, Responding Party

6   will produce responsive documents to the extent they exist and do not fall within

7   one of the above-asserted privileges.

8

9   **REQUEST FOR PRODUCTION NO. 29:**

10        All documents you, and/or any agent acting on your behalf, provided to

11   ACA at any time between January 1, 2015 - June 30, 2018, which relate in any

12   way to the DPG sub-prime automobile loan portfolio.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

14        Responding Party objects to this request on the grounds that it is overbroad

15   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

16   proportional to the needs of the case.

17        Without waiving and subject to the foregoing objections, Responding Party

18   will produce responsive documents to the extent they exist and do not fall within

19   one of the above-asserted privileges.

20

21   **REQUEST FOR PRODUCTION NO. 30:**

22        All documents you, and/or any person acting on your behalf, received from

23   any actual or prospective investor in any of the DPG Entity Defendants at any time

24   between January 1, 2015 ¬June 30, 2018, which relate in any way to any of the

25   Investments At Issue.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

27        Responding Party objects to this request on the grounds that it is overbroad

28   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

1   proportional to the needs of the case.  Further objection is taken to this request on

2   the grounds that it seeks materials protected from disclosure by the attorney client

3   privilege and attorney work product doctrine.  Responding Party also objects to

4   this request on the grounds that it seeks the premature disclosure of expert witness

5   materials.

6        Without waiving and subject to the foregoing objections, Responding Party

7   will produce responsive documents to the extent they exist and do not fall within

8   one of the above-asserted privileges.

9

10  **REQUEST FOR PRODUCTION NO. 31:**

11       All documents you, and/or any person acting on your behalf, provided to any

12  actual or prospective investor in any of the DPG Entity Defendants, at any time

13  between January 1, 2015 ¬June 30, 2018, which relate in any way to any of the

14  Investments At Issue.

15       **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

16       Responding Party objects to this request on the grounds that it is overbroad

17  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

18  proportional to the needs of the case.  Further objection is taken to this request on

19  the grounds that it seeks materials protected from disclosure by the attorney client

20  privilege and attorney work product doctrine.  Responding Party also objects to

21  this request on the grounds that it seeks the premature disclosure of expert witness

22  materials.

23       Without waiving and subject to the foregoing objections, Responding Party

24  will produce responsive documents to the extent they exist and do not fall within

25  one of the above-asserted privileges.

26

27

28

**REQUEST FOR PRODUCTION NO. 32:**

All documents you, and/or any person acting on your behalf, received from any actual or prospective investor in any of the DPG Entity Defendants, at any time between January 1, 2015 ¬June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.


**REQUEST FOR PRODUCTION NO. 33:**

All documents you, and/or any person acting on your behalf, provided to any actual or prospective investor in any of the DPG Entity Defendants, at any time between January 1, 2015 -June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to

this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 34:**

All documents you, and/or any person acting on your behalf, received from any actual or prospective lender to any of the DPG Entity Defendants, at any time between January 1, 2015 -June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

**REQUEST FOR PRODUCTION NO. 35:**

All documents you, and/or any person acting on your behalf, provided to any actual or prospective lender to any of the DPG Entity Defendants, at any time between January 1, 2015 ¬June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

1    Without waiving and subject to the foregoing objections, Responding Party

2    will produce responsive documents to the extent they exist and do not fall within

3    one of the above-asserted privileges.

4

5    **REQUEST FOR PRODUCTION NO. 36:**

6    All documents you, and/or any person acting on your behalf, received from

7    any actual or prospective lender to any of the DPG Entity Defendants, at any time

8    between January 1, 2015 -June 30, 2018, which relate in any way to the DPG sub-

9    prime automobile loan portfolio.

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

11    Responding Party objects to this request on the grounds that it is overbroad

12    as to time and scope, vague and ambiguous, burdensome and oppressive, and not

13    proportional to the needs of the case.  Further objection is taken to this request on

14    the grounds that it seeks materials protected from disclosure by the attorney client

15    privilege and attorney work product doctrine.  Responding Party also objects to

16    this request on the grounds that it seeks the premature disclosure of expert witness

17    materials.

18    Without waiving and subject to the foregoing objections, Responding Party

19    will produce responsive documents to the extent they exist and do not fall within

20    one of the above-asserted privileges.

21

22    **REQUEST FOR PRODUCTION NO. 37:**

23    All documents you, and/or any person acting on your behalf, provided to any

24    actual or prospective lender to any of the DPG Entity Defendants, at any time

25    between January 1, 2015 ¬June 30, 2018, which relate in any way to the DPG sub-

26    prime automobile loan portfolio.

27

28

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 38:**

All documents you, and/or any person acting on your behalf, received from any other person not heretofore specifically mentioned at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments At Issue, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 39:**

All documents you, and/or any person acting on your behalf, provided to any other person not heretofore specifically mentioned at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments At Issue, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case. Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.


**REQUEST FOR PRODUCTION NO. 40:**

All documents you, and/or any person acting on your behalf, received from any other person not heretofore specifically mentioned at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case. Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 41:**

All documents you, and/or any person acting on your behalf, provided to any other person not heretofore specifically mentioned at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 42:**

All documents sufficient to identify the names of your investors during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by any investor's right to privacy as protected by the United States and California constitutions.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 43:**

All documents sufficient to show the amounts of each investment that was made into your business during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 44:**

All documents sufficient to show the dates of each investment that was made into your business during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 45:**

All documents sufficient to show the amount of interest that was paid to each investor in your business during the period of January 1, 2015 through the present.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

2  Responding Party objects to this request on the grounds that it is overbroad

3  as to time and scope, burdensome and oppressive, and not proportional to the needs

4  of the case.

5  Without waiving and subject to the foregoing objections, Responding Party

6  will produce responsive documents to the extent they exist.

7

8  **REQUEST FOR PRODUCTION NO. 46:**

9  All documents sufficient to show the amount of principal that was returned

10  to each investor in your business during the period of January 1, 2015 through the

11  present.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

13  Responding Party objects to this request on the grounds that it is overbroad

14  as to time and scope, burdensome and oppressive, and not proportional to the needs

15  of the case.

16  Without waiving and subject to the foregoing objections, Responding Party

17  will produce responsive documents to the extent they exist.

18

19  **REQUEST FOR PRODUCTION NO. 47:**

20  All documents sufficient to show the amount that is currently owed to each

21  person who invested in your business during the period of January 1, 2015 through

22  the present.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

24  Responding Party objects to this request on the grounds that it is overbroad

25  as to time and scope, burdensome and oppressive, and not proportional to the needs

26  of the case.

27  Without waiving and subject to the foregoing objections, Responding Party

28  will produce responsive documents to the extent they exist.

1  **REQUEST FOR PRODUCTION NO. 48:**

2       All documents sufficient to identify any and all persons who loaned money

3  to you at any time during the period of January 1, 2015 through the present.

4       **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

5       Responding Party objects to this request on the grounds that it is overbroad

6  as to time and scope, burdensome and oppressive, and not proportional to the needs

7  of the case.  Responding Party also objects to this request on the grounds that it

8  seeks the disclosure of materials protected by any investor's right to privacy as

9  protected by the United States and California constitutions.

10      Without waiving and subject to the foregoing objections, Responding Party

11 will produce responsive documents to the extent they exist.

12

13 **REQUEST FOR PRODUCTION NO. 49:**

14      All documents sufficient to show the amounts of each loan that was made

15 into your business during the period of January 1, 2015 through the present.

16      **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

17      Responding Party objects to this request on the grounds that it is overbroad

18 as to time and scope, burdensome and oppressive, and not proportional to the needs

19 of the case.

20      Without waiving and subject to the foregoing objections, Responding Party

21 will produce responsive documents to the extent they exist.

22

23 **REQUEST FOR PRODUCTION NO. 50:**

24      All documents sufficient to show the dates of each loan that was made into

25 your business during the period of January 1, 2015 through the present.

26

27

28

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 51:**

All documents sufficient to show the amount of interest that was paid to each of your lenders during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 52:**

All documents sufficient to show the amount of principal that was returned to each of your lenders during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

220137695

30

2:17-CV-00820-KJM-CKD

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 53:**

All documents sufficient to show the amount that is currently owed to each of your lenders who loaned money to your business during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 54:**

All documents sufficient to identify each and all of your members during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 55:**

All documents sufficient to identify each and all of your managing members during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

1   Without waiving and subject to the foregoing objections, Responding Party

2   will produce responsive documents to the extent they exist.

3

4   **REQUEST FOR PRODUCTION NO. 56:**

5   Your complete audited financial statements for fiscal years 2012 through

6   2017.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

8   Responding Party objects to this request on the grounds that it is overbroad

9   as to time and scope, burdensome and oppressive, and not proportional to the needs

10  of the case.

11  Without waiving and subject to the foregoing objections, Responding Party

12  will produce responsive documents to the extent they exist.

13

14  **REQUEST FOR PRODUCTION NO. 57:**

15  All business plans which relate to the DPG sub-prime automobile loan

16  portfolio that were generated at any time during the period of January 1, 2015

17  through the present.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

19  Responding Party objects to this request on the grounds that it is overbroad

20  as to time and scope, burdensome and oppressive, and not proportional to the needs

21  of the case.

22  Without waiving and subject to the foregoing objections, Responding Party

23  will produce responsive documents to the extent they exist.

24

25  **REQUEST FOR PRODUCTION NO. 58:**

26  All documents relating to any liens against you that were created and/or

27  perfected at any time during the period of January 1, 2015 through the present, but

28

exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 59:**

All documents relating to any liens against the DPG sub-prime automobile loan portfolio that were created and/or perfected at any time during the period of January 1, 2015 through the present, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 60:**

All complaints against you filed at any time during the period of January 1, 2000 through the present which allege wrongdoing of any kind in connection with the solicitation and sale of investments and/or the solicitation of loans.

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

2 | Responding Party objects to this request on the grounds that it is overbroad

3 | as to time and scope, burdensome and oppressive, and not proportional to the needs

4 | of the case.

5 |

6 | **REQUEST FOR PRODUCTION NO. 61:**

7 | All complaints against you filed at any time during the period of January 1,

8 | 2000 through the present which allege wrongdoing of any kind in connection with

9 | the DPG sub-prime automobile loan portfolio.

10 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

11 | Responding Party objects to this request on the grounds that it is overbroad

12 | as to time and scope, vague and ambiguous, burdensome and oppressive, and not

13 | proportional to the needs of the case.

14 |

15 | **REQUEST FOR PRODUCTION NO. 62:**

16 | All documents reflecting, evidencing and/or memorializing any and all due

17 | diligence which you, and/or any person acting on your behalf, conducted with

18 | regard to the Skibo Companies, but exclusive of documents protected by the

19 | attorney-client and/or attorney work product privileges.

20 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

21 | Responding Party objects to this request on the grounds that it is overbroad

22 | as to time and scope, vague and ambiguous, burdensome and oppressive, and not

23 | proportional to the needs of the case.

24 | Without waiving and subject to the foregoing objections, Responding Party

25 | will produce responsive documents to the extent they exist and do not fall within

26 | one of the above-asserted privileges.

27 |

28 |

**REQUEST FOR PRODUCTION NO. 63:**

All documents reflecting, evidencing and/or memorializing any and all due diligence which you, and/or any person acting on your behalf, conducted with regard to the DPG sub-prime automobile loan portfolio, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 64:**

All job descriptions for Daniel Galvanoni generated at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 65:**

All business cards used by Daniel Galvanoni at any time since January 1, 2015.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

2        Responding Party objects to this request on the grounds that it is overbroad

3    as to time and scope, burdensome and oppressive, and not proportional to the needs

4    of the case.

5

6    **REQUEST FOR PRODUCTION NO. 66:**

7        All job descriptions for Gerald Hudspeth generated at any time since January

8    1, 2015.

9        **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

10       Responding Party objects to this request on the grounds that it is overbroad

11   as to time and scope, burdensome and oppressive, and not proportional to the needs

12   of the case.

13

14   **REQUEST FOR PRODUCTION NO. 67:**

15       All business cards used by Gerald Hudspeth at any time since January 1,

16   2015.

17       **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

18       Responding Party objects to this request on the grounds that it is overbroad

19   as to time and scope, burdensome and oppressive, and not proportional to the needs

20   of the case.

21

22   **REQUEST FOR PRODUCTION NO. 68:**

23       All job descriptions for Westley Anderson generated at any time since

24   January 1, 2015.

25       **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

26       Responding Party objects to this request on the grounds that it is overbroad

27   as to time and scope, burdensome and oppressive, and not proportional to the needs

28   of the case.

**REQUEST FOR PRODUCTION NO. 69:**

All business cards used by Westley Anderson at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 70:**

All job descriptions for Philip Galvanoni generated at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 71:**

All business cards used by Philip Galvanoni at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 72:**

All job descriptions for William Brooksbank generated at any time since January 1, 2015.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

2      Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, burdensome and oppressive, and not proportional to the needs

4   of the case.

5

6   **REQUEST FOR PRODUCTION NO. 73:**

7      All business cards used by William Brooksbank at any time since January 1,

8   2015.

9      **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

10     Responding Party objects to this request on the grounds that it is overbroad

11  as to time and scope, burdensome and oppressive, and not proportional to the needs

12  of the case.

13

14  **REQUEST FOR PRODUCTION NO. 74:**

15     All job descriptions for Jerome Joseph generated at any time since January

16  1, 2015.

17     **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

18     Responding Party objects to this request on the grounds that it is overbroad

19  as to time and scope, burdensome and oppressive, and not proportional to the needs

20  of the case.

21

22  **REQUEST FOR PRODUCTION NO. 75:**

23     All business cards used by Jerome Joseph at any time since January 1, 2015.

24     **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

25     Responding Party objects to this request on the grounds that it is overbroad

26  as to time and scope, burdensome and oppressive, and not proportional to the needs

27  of the case.

28

**REQUEST FOR PRODUCTION NO. 76:**

All agreements between you and Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 77:**

All documents signed by Plaintiff, including all documents you claim Plaintiff signed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 78:**

All agreements between you and Daniel Galvanoni that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

1   **REQUEST FOR PRODUCTION NO. 79:**

2   All agreements between you and any of the other DPG Entity Defendants

3   that were in effect at any time from January 1, 2015 through the present.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

5   Responding Party objects to this request on the grounds that it is overbroad

6   as to time and scope, burdensome and oppressive, and not proportional to the needs

7   of the case.

8   Without waiving and subject to the foregoing objections, Responding Party

9   will produce responsive documents to the extent they exist.

10

11   **REQUEST FOR PRODUCTION NO. 80:**

12   All agreements between you and ACA that were in effect at any time from

13   January 1, 2015 through the present.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

15   Responding Party objects to this request on the grounds that it is overbroad

16   as to time and scope, burdensome and oppressive, and not proportional to the needs

17   of the case.

18   Without waiving and subject to the foregoing objections, Responding Party

19   will produce responsive documents to the extent they exist.

20

21   **REQUEST FOR PRODUCTION NO. 81:**

22   All agreements between you and any investor of yours that were in effect at

23   any time from January 1, 2015 through the present.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

25   Responding Party objects to this request on the grounds that it is overbroad

26   as to time and scope, burdensome and oppressive, and not proportional to the needs

27   of the case.

28

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 82:**

All agreements between you and any lender of yours that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 83:**

All agreements between you and Philip Galvanoni that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Philip Galvanoni's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 84:**

All agreements between you and Gerald Hudspeth that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Gerald Hudspeth's right to privacy as protected by the United States and California constitutions.

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 85:**

All agreements between you and Westley Anderson that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Westley Anderson's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 86:**

All agreements between you and William Brooksbank that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by William Brooksbank's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 87:**

All agreements between you and Jerome Joseph that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it

1   seeks the disclosure of materials protected by Jerome Joseph's right to privacy as

2   protected by the United States and California constitutions.

3

4   **REQUEST FOR PRODUCTION NO. 88:**

5       All agreements between you and the Skibo Companies, and/or any owner or

6   manager of the Skibo Companies, that were in effect at any time from January 1,

7   2015 through the present.

8       **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

9       Responding Party objects to this request on the grounds that it is overbroad

10  as to time and scope, burdensome and oppressive, and not proportional to the needs

11  of the case.

12      Without waiving and subject to the foregoing objections, Responding Party

13  will produce responsive documents to the extent they exist.

14

15  **REQUEST FOR PRODUCTION NO. 89:**

16      All agreements between you and any person not heretofore specifically

17  mentioned that relate in any way to the Investments at Issue or to the DPG sub-

18  prime automobile loan portfolio, but exclusive of documents protected by the

19  attorney-client and/or attorney work product privileges.

20      **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

21      Responding Party objects to this request on the grounds that it is overbroad

22  as to time and scope, burdensome and oppressive, and not proportional to the needs

23  of the case.

24

25  **REQUEST FOR PRODUCTION NO. 90:**

26      All investigations, charges and/or findings by any regulator, whether state,

27  federal or self-regulatory organization, that were made against you and/or any

28

1  member of yours with regard to investments, loans, and/or the DPG sub-prime

2  automobile loan portfolio.

3      **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

4      Responding Party objects to this request on the grounds that it is overbroad

5  as to time and scope, burdensome and oppressive, and not proportional to the needs

6  of the case.

7

8  **REQUEST FOR PRODUCTION NO. 91:**

9      All responses to any investigations, charges and/or findings by any

10  regulator, whether state, federal or self-regulatory organization, that were made

11  against you and/or any member of yours with regard to investments, loans, and/or

12  the DPG sub-prime automobile loan portfolio.

13      **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

14      Responding Party objects to this request on the grounds that it is overbroad

15  as to time and scope, burdensome and oppressive, and not proportional to the needs

16  of the case.

17

18  **REQUEST FOR PRODUCTION NO. 92:**

19      All press releases written, generated and/or approved by you, and/or any

20  person acting on your behalf which evidence, reflect, memorialize and/or discuss

21  the Skibo Companies.

22      **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

23      Responding Party objects to this request on the grounds that it is overbroad

24  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

25  proportional to the needs of the case.

26      Without waiving and subject to the foregoing objections, Responding Party

27  will produce responsive documents to the extent they exist.

28

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 93:**

All press releases written, generated and/or approved by you, and/or any person acting on your behalf which evidence, reflect, memorialize and/or discuss the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 94:**

All press releases written, generated and/or approved by you, and/or any person acting on your behalf which evidence, reflect, memorialize and/or discuss ACA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 95:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to the Skibo Companies at any time since January 1, 2015.

220137695

45

2:17-CV-00820-KJM-CKD

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 96:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to any of the other DPG Entity Defendants at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 97:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to Daniel Galvanoni at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine. Responding Party also objects to this request on the

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

1    grounds that it seeks the disclosure of materials protected by Daniel Galvanoni's

2    right to privacy as protected by the United States and California constitutions.

3

4    **REQUEST FOR PRODUCTION NO. 98:**

5           All documents necessary and sufficient to ascertain the amount of funds,

6    both net and gross, that you transferred, conveyed, or otherwise provided to Philip

7    Galvanoni at any time since January 1, 2015.

8           **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

9           Responding Party objects to this request on the grounds that it is overbroad

10   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

11   proportional to the needs of the case.  Further objection is taken to this request on

12   the grounds that it seeks materials protected from disclosure under the attorney

13   work product doctrine. Responding Party also objects to this request on the

14   grounds that it seeks the disclosure of materials protected by Philip Galvanoni's

15   right to privacy as protected by the United States and California constitutions.

16

17   **REQUEST FOR PRODUCTION NO. 99:**

18          All documents necessary and sufficient to ascertain the amount of funds,

19   both net and gross, that you transferred, conveyed, or otherwise provided to ACA

20   at any time since January 1, 2015.

21          **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

22          Responding Party objects to this request on the grounds that it is overbroad

23   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

24   proportional to the needs of the case.  Further objection is taken to this request on

25   the grounds that it seeks materials protected from disclosure under the attorney

26   work product doctrine.

27

28

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 100:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to Gerald Hudspeth at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine. Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected Gerald Hudspeth's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 101:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to Westley Anderson at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine. Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Westley Anderson's right to privacy as protected by the United States and California constitutions.

220137695

48

2:17-CV-00820-KJM-CKD

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

1  **REQUEST FOR PRODUCTION NO. 102:**

2      All documents necessary and sufficient to ascertain the amount of funds,

3  both net and gross, that you transferred, conveyed, or otherwise provided to

4  William Brooksbank at any time since January 1, 2015.

5      **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

6      Responding Party objects to this request on the grounds that it is overbroad

7  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

8  proportional to the needs of the case.  Further objection is taken to this request on

9  the grounds that it seeks materials protected from disclosure under the attorney

10  work product doctrine. Responding Party also objects to this request on the

11  grounds that it seeks the disclosure of materials protected by William

12  Brooksbank's right to privacy as protected by the United States and California

13  constitutions.

14

15  **REQUEST FOR PRODUCTION NO. 103:**

16      All documents necessary and sufficient to ascertain the amount of funds,

17  both net and gross, that you transferred, conveyed, or otherwise provided to Jerome

18  Joseph at any time since January 1, 2015.

19      **RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

20      Responding Party objects to this request on the grounds that it is overbroad

21  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

22  proportional to the needs of the case.  Further objection is taken to this request on

23  the grounds that it seeks materials protected from disclosure under the attorney

24  work product doctrine. Responding Party also objects to this request on the

25  grounds that it seeks the disclosure of materials protected by Jerome Joseph's right

26  to privacy as protected by the United States and California constitutions.

27

28

**REQUEST FOR PRODUCTION NO. 104:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to any investor of yours at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.


**REQUEST FOR PRODUCTION NO. 105:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to any lender of yours at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.


**REQUEST FOR PRODUCTION NO. 106:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from the Skibo Companies at any time since January 1, 2015.

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

2          Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4   proportional to the needs of the case.  Further objection is taken to this request on

5   the grounds that it seeks materials protected from disclosure under the attorney

6   work product doctrine.

7

8   **REQUEST FOR PRODUCTION NO. 107:**

9          All documents necessary and sufficient to ascertain the amount of funds,

10  both net and gross, that you received from any of the other DPG Entity Defendants

11  at any time since January 1, 2015.

12         **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

13         Responding Party objects to this request on the grounds that it is overbroad

14  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

15  proportional to the needs of the case.  Further objection is taken to this request on

16  the grounds that it seeks materials protected from disclosure under the attorney

17  work product doctrine.

18

19  **REQUEST FOR PRODUCTION NO. 108:**

20         All documents necessary and sufficient to ascertain the amount of funds,

21  both net and gross, that you received from Daniel Galvanoni at any time since

22  January 1, 2015.

23         **RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

24         Responding Party objects to this request on the grounds that it is overbroad

25  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

26  proportional to the needs of the case.  Further objection is taken to this request on

27  the grounds that it seeks materials protected from disclosure under the attorney

28  work product doctrine.  Responding Party also objects to this request on the

1   grounds that it seeks the disclosure of materials protected by Daniel Galvanoni's

2   right to privacy as protected by the United States and California constitutions.

3

4   **REQUEST FOR PRODUCTION NO. 109:**

5       All documents necessary and sufficient to ascertain the amount of funds,

6   both net and gross, that you received from Philip Galvanoni at any time since

7   January 1, 2015.

8           **RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

9       Responding Party objects to this request on the grounds that it is overbroad

10  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

11  proportional to the needs of the case.  Further objection is taken to this request on

12  the grounds that it seeks materials protected from disclosure under the attorney

13  work product doctrine.  Responding Party also objects to this request on the

14  grounds that it seeks the disclosure of materials protected by Philip Galvanoni's

15  right to privacy as protected by the United States and California constitutions.

16

17  **REQUEST FOR PRODUCTION NO. 110:**

18      All documents necessary and sufficient to ascertain the amount of funds,

19  both net and gross, that you received from ACA at any time since January 1, 2015.

20          **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

21      Responding Party objects to this request on the grounds that it is overbroad

22  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

23  proportional to the needs of the case.  Further objection is taken to this request on

24  the grounds that it seeks materials protected from disclosure under the attorney

25  work product doctrine.

26

27

28

**REQUEST FOR PRODUCTION NO. 111:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from Gerald Hudspeth at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Gerald Hudspeth's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 112:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from Westley Anderson at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Westley Anderson's right to privacy as protected by the United States and California constitutions.

1 **REQUEST FOR PRODUCTION NO. 113:**

2       All documents necessary and sufficient to ascertain the amount of funds,

3 both net and gross, that you received from William Brooksbank at any time since

4 January 1, 2015.

5       **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

6       Responding Party objects to this request on the grounds that it is overbroad

7 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

8 proportional to the needs of the case.  Further objection is taken to this request on

9 the grounds that it seeks materials protected from disclosure under the attorney

10 work product doctrine.  Responding Party also objects to this request on the

11 grounds that it seeks the disclosure of materials protected by William

12 Brooksbank's right to privacy as protected by the United States and California

13 constitutions.

14

15 **REQUEST FOR PRODUCTION NO. 114:**

16       All documents necessary and sufficient to ascertain the amount of funds,

17 both net and gross, that you received from Jerome Joseph at any time since January

18 1, 2015.

19       **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

20       Responding Party objects to this request on the grounds that it is overbroad

21 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

22 proportional to the needs of the case.  Further objection is taken to this request on

23 the grounds that it seeks materials protected from disclosure under the attorney

24 work product doctrine.  Responding Party also objects to this request on the

25 grounds that it seeks the disclosure of materials protected by Jerome Joseph's right

26 to privacy as protected by the United States and California constitutions.

27

28

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

1  **REQUEST FOR PRODUCTION NO. 115:**

2       All documents necessary and sufficient to ascertain the amount of funds,

3  both net and gross, that you received from any investor of yours at any time since

4  January 1, 2015.

5          **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

6       Responding Party objects to this request on the grounds that it is overbroad

7  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

8  proportional to the needs of the case.  Further objection is taken to this request on

9  the grounds that it seeks materials protected from disclosure under the attorney

10  work product doctrine.

11

12  **REQUEST FOR PRODUCTION NO. 116:**

13       All documents necessary and sufficient to ascertain the amount of funds,

14  both net and gross, that you received from any lender of yours at any time since

15  January 1, 2015.

16          **RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

17       Responding Party objects to this request on the grounds that it is overbroad

18  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

19  proportional to the needs of the case.  Further objection is taken to this request on

20  the grounds that it seeks materials protected from disclosure under the attorney

21  work product doctrine.

22

23  **REQUEST FOR PRODUCTION NO. 117:**

24       Each and all of your bank account statements for the period of January 1,

25  2015 through the present.

26

27

28

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

2      Responding Party objects to this request on the grounds that it is overbroad

3  as to time and scope, burdensome and oppressive, and not proportional to the needs

4  of the case.

5

6  **REQUEST FOR PRODUCTION NO. 118:**

7      Each and all of your quikbook reports for the period of January 1, 2015

8  through the present.

9      **RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

10      Responding Party objects to this request on the grounds that it is overbroad

11  as to time and scope, burdensome and oppressive, and not proportional to the needs

12  of the case.

13      Without waiving and subject to the foregoing objections, Responding Party

14  will produce responsive documents to the extent they exist.

15

16  **REQUEST FOR PRODUCTION NO. 119:**

17      Your complete general ledger for the period of January 1, 2015 through the

18  present.

19      **RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

20      Responding Party objects to this request on the grounds that it is overbroad

21  as to time and scope, burdensome and oppressive, and not proportional to the needs

22  of the case.

23      Without waiving and subject to the foregoing objections, Responding Party

24  will produce responsive documents to the extent they exist.

25

26  **REQUEST FOR PRODUCTION NO. 120:**

27      All sub-prime automobile loan contracts which you owned, purchased or

28  serviced at any time during the period of January 1, 2015 through the present.

1     **RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

2     Responding Party objects to this request on the grounds that it is overbroad

3 as to time and scope, burdensome and oppressive, and not proportional to the needs

4 of the case.

5     Without waiving and subject to the foregoing objections, Responding Party

6 will produce responsive documents to the extent they exist.

7

8 **REQUEST FOR PRODUCTION NO. 121:**

9     All documents which are sufficient to show the consideration which you

10 paid for any sub-prime automobile loan contracts which you owned, purchased or

11 serviced at any time during the period of January 1, 2015 through the present.

12     **RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

13     Responding Party objects to this request on the grounds that it is overbroad

14 as to time and scope, burdensome and oppressive, and not proportional to the needs

15 of the case.

16     Without waiving and subject to the foregoing objections, Responding Party

17 will produce responsive documents to the extent they exist.

18

19 **REQUEST FOR PRODUCTION NO. 122:**

20     All documents which are sufficient to show the amount of monies you have

21 received as a direct or indirect result of any sub-prime automobile loan contracts

22 which you owned, purchased or serviced at any time during the period of January

23 1, 2015 through the present.

24     **RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

25     Responding Party objects to this request on the grounds that it is overbroad

26 as to time and scope, burdensome and oppressive, and not proportional to the needs

27 of the case.

28

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

1   Without waiving and subject to the foregoing objections, Responding Party

2   will produce responsive documents to the extent they exist.

3

4   **REQUEST FOR PRODUCTION NO. 123:**

5   All documents which are sufficient to show how the Investments At Issue

6   were utilized.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

8   Responding Party objects to this request on the grounds that it is overbroad

9   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

10  proportional to the needs of the case.  Further objection is taken to this request on

11  the grounds that it seeks materials protected from disclosure under the attorney

12  work product doctrine.

13  Without waiving and subject to the foregoing objections, Responding Party

14  will produce responsive documents to the extent they exist and do not fall within

15  one of the above-asserted privileges.

16

17  **REQUEST FOR PRODUCTION NO. 124:**

18  All docs which evidence that any or all of the Investments At Issue were

19  used to purchase new sub-prime automobile loans.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

21  Responding Party objects to this request on the grounds that it is overbroad

22  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

23  proportional to the needs of the case.  Further objection is taken to this request on

24  the grounds that it seeks materials protected from disclosure under the attorney

25  work product doctrine.

26  Without waiving and subject to the foregoing objections, Responding Party

27  will produce responsive documents to the extent they exist and do not fall within

28  one of the above-asserted privileges.

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

1

2   **REQUEST FOR PRODUCTION NO. 125:**

3       All documents which evidence that any or all of the Investments At Issue

4   were used to fund the operations of any of the DPG Entity Defendants.

5       **RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

6       Responding Party objects to this request on the grounds that it is overbroad

7   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

8   proportional to the needs of the case.  Further objection is taken to this request on

9   the grounds that it seeks materials protected from disclosure under the attorney

10  work product doctrine.

11      Without waiving and subject to the foregoing objections, Responding Party

12  will produce responsive documents to the extent they exist and do not fall within

13  one of the above-asserted privileges.

14

15  **REQUEST FOR PRODUCTION NO. 126:**

16      All documents which evidence any and all expenses that Daniel Galvanoni

17  advanced on your behalf during the period of January 1, 2015 through December

18  31, 2017.

19      **RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

20      Responding Party objects to this request on the grounds that it is overbroad

21  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

22  proportional to the needs of the case.  Further objection is taken to this request on

23  the grounds that it seeks materials protected from disclosure under the attorney

24  work product doctrine.

25      Without waiving and subject to the foregoing objections, Responding Party

26  will produce responsive documents to the extent they exist and do not fall within

27  one of the above-asserted privileges.

28

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 127:**

Any and all of your Errors & Omissions insurance policies that were in effect and/or applicable for the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 128:**

Any and all of your business insurance policies that were in effect and/or applicable for the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 129:**

Any and all insurance policies not heretofore specifically requested which provide actual or potential coverage with respect to Plaintiffs claims in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 130:**

All leases for any offices occupied by you since January 1, 2015.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

2       Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, burdensome and oppressive, and not proportional to the needs

4   of the case.

5

6   **REQUEST FOR PRODUCTION NO. 131:**

7       All business licenses held by you at any time since January 1, 2015.

8       **RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

9       Responding Party objects to this request on the grounds that it is overbroad

10  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

11  proportional to the needs of the case.

12

13  **REQUEST FOR PRODUCTION NO. 132:**

14      All investment proposals you provided to Plaintiff between January 1, 2015

15  and December 31, 2017.

16      **RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

17      Responding Party objects to this request on the grounds that it is overbroad

18  as to time and scope, burdensome and oppressive, and not proportional to the needs

19  of the case.

20      Without waiving and subject to the foregoing objections, Responding Party

21  will produce responsive documents to the extent they exist.

22

23  **REQUEST FOR PRODUCTION NO. 133:**

24      All investment proposals you provided to any other prospective investor

25  between January 1, 2015 and December 31, 2017.

26

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 134:**

All profit and loss forecasts relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 135:**

All documents which were utilized or relied upon to create the profit and loss forecasts relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 136:**

All investor return models relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

1

## RESPONSE TO REQUEST FOR PRODUCTION NO. 136:

2        Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, burdensome and oppressive, and not proportional to the needs

4   of the case.

5        Without waiving and subject to the foregoing objections, Responding Party

6   will produce responsive documents to the extent they exist.

7

8   ## REQUEST FOR PRODUCTION NO. 137:

9        All documents which were utilized or relied upon to create the investor

10  return models relating to the DPG sub-prime automobile loan portfolio that were

11  generated at any time between January 1, 2015 and December 31, 2017.

12       ## RESPONSE TO REQUEST FOR PRODUCTION NO. 137:

13       Responding Party objects to this request on the grounds that it is overbroad

14  as to time and scope, burdensome and oppressive, and not proportional to the needs

15  of the case.

16

17  ## REQUEST FOR PRODUCTION NO. 138:

18       All term sheets relating to the DPG sub-prime automobile loan portfolio that

19  were generated at any time between January 1, 2015 and December 31, 2017.

20  ## RESPONSE TO REQUEST FOR PRODUCTION NO. 138:

21       Responding Party objects to this request on the grounds that it is overbroad

22  as to time and scope, burdensome and oppressive, and not proportional to the needs

23  of the case.

24       Without waiving and subject to the foregoing objections, Responding Party

25  will produce responsive documents to the extent they exist.

26

27

28

**REQUEST FOR PRODUCTION NO. 139:**

All documents which were utilized or relied upon to create the term sheets relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 140:**

All investor summaries relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 141:**

All investor summaries which were utilized or relied upon to create the term sheets relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 142:**

All automobile loan models relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 143:**

All documents which were utilized or relied upon to create the automobile loan models relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 144:**

All financial models relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

1    Without waiving and subject to the foregoing objections, Responding Party

2  will produce responsive documents to the extent they exist.

3

4  **REQUEST FOR PRODUCTION NO. 145:**

5    All documents which were utilized or relied upon to create the financial

6  models relating to the DPG sub-prime automobile loan portfolio that were

7  generated at any time between January 1, 2015 and December 31, 2017.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

9    Responding Party objects to this request on the grounds that it is overbroad

10  as to time and scope, burdensome and oppressive, and not proportional to the needs

11  of the case.

12

13  **REQUEST FOR PRODUCTION NO. 146:**

14    All estimates of returns relating to the DPG sub-prime automobile loan

15  portfolio that were generated at any time between January 1, 2015 and December

16  31, 2017.

17    **RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

18    Responding Party objects to this request on the grounds that it is overbroad

19  as to time and scope, burdensome and oppressive, and not proportional to the needs

20  of the case.

21    Without waiving and subject to the foregoing objections, Responding Party

22  will produce responsive documents to the extent they exist.

23

24  **REQUEST FOR PRODUCTION NO. 147:**

25    All documents which were utilized or relied upon to create the estimates of

26  returns relating to the DPG sub-prime automobile loan portfolio that were

27  generated at any time between January 1, 2015 and December 31, 2017.

28

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

2     Responding Party objects to this request on the grounds that it is overbroad

3  as to time and scope, burdensome and oppressive, and not proportional to the needs

4  of the case.

5

6  **REQUEST FOR PRODUCTION NO. 148:**

7     All documents which evidence and/or reflect the underwriting review that

8  was done for each of the loans in the DPG sub-prime automobile loan portfolio.

9     **RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

10    Responding Party objects to this request on the grounds that it is overbroad

11  as to time and scope, burdensome and oppressive, and not proportional to the needs

12  of the case.

13

14  **REQUEST FOR PRODUCTION NO. 149:**

15    All documents which contain, reflect and/or evidence the underwriting

16  guidelines that were utilized for each of the loans in the DPG sub-prime

17  automobile loan portfolio.

18    **RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

19    Responding Party objects to this request on the grounds that it is overbroad

20  as to time and scope, burdensome and oppressive, and not proportional to the needs

21  of the case.

22  **REQUEST FOR PRODUCTION NO. 150:**

23    All documents reflecting and/or evidencing any audits that were performed

24  with respect to the Skibo Companies at any time between January 1, 2015 and

25  December 31, 2017, exclusive of documents protected by the attorney-client and/or

26  attorney work product privileges.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 151:**

All documents reflecting and/or evidencing any audits that were performed with respect to the DPG sub-prime automobile loan portfolio at any time between January 1, 2015 and December 31, 2017, exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 152:**

All documents which support the statement in the mezzanine loan proposal that was provided to Plaintiff on or about April 8, 2015 that an investment in the Skibo Companies would provide a total annual return of 28% a year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 153:**

All documents which support the statement in William Brookbank's email of April 30, 2015 that 3% warrants in the Skibo Companies would be worth $784,000 in four years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 154:**

All documents which support the statement in William Brookbank's email of April 30, 2015 that 4.25% warrants in Skibo would be worth $1,100,000.00 in four years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 155:**

All documents which support the statement in William Brookbank's email of April 30, 2015 Plaintiff's internal rate of return would be 108%.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

1    **REQUEST FOR PRODUCTION NO. 156:**

2        All notes of any meetings with Plaintiff which occurred at any time between

3    January 1, 2015 and December 31, 2017.

4        **RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

5        Responding Party objects to this request on the grounds that it is overbroad

6    as to time and scope, burdensome and oppressive, and not proportional to the needs

7    of the case.

8        Without waiving and subject to the foregoing objections, Responding Party

9    will produce responsive documents to the extent they exist.

10

11    **REQUEST FOR PRODUCTION NO. 157:**

12        All notes of any telephone calls with Plaintiff which occurred at any time

13    between January 1, 2015 and December 31, 2017.

14        **RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

15        Responding Party objects to this request on the grounds that it is overbroad

16    as to time and scope, burdensome and oppressive, and not proportional to the needs

17    of the case.

18        Without waiving and subject to the foregoing objections, Responding Party

19    will produce responsive documents to the extent they exist.

20

21    **REQUEST FOR PRODUCTION NO. 158:**

22        All notes of any meetings during which Plaintiff and/or the Investments At

23    Issue were discussed, exclusive of documents protected by the attorney-client

24    and/or attorney work product privileges.

25        **RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

26        Responding Party objects to this request on the grounds that it is overbroad

27    as to time and scope, burdensome and oppressive, and not proportional to the needs

28    of the case.

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 159:**

All notes of any telephone calls during which Plaintiff and/or the Investments At Issue were discussed, exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 160:**

All spreadsheets of investor loans that were created at any time during the period of January 1, 2015 - December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 161:**

All spreadsheets of the loans in the DPG sub-prime automobile loan portfolio that were created at any time during the period of January 1, 2015 - December 31, 2017.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

2    Responding Party objects to this request on the grounds that it is overbroad

3    as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4    proportional to the needs of the case.

5

6    **REQUEST FOR PRODUCTION NO. 162:**

7    All documents which are sufficient to show the dates of the Investments At

8    Issue.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

10   Responding Party objects to this request on the grounds that it is overbroad

11   as to time and scope, burdensome and oppressive, and not proportional to the needs

12   of the case.

13   Without waiving and subject to the foregoing objections, Responding Party

14   will produce responsive documents to the extent they exist.

15

16   **REQUEST FOR PRODUCTION NO. 163:**

17   All documents which are sufficient to show the Amounts of the Investments

18   At Issue.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

20   Responding Party objects to this request on the grounds that it is overbroad

21   as to time and scope, burdensome and oppressive, and not proportional to the needs

22   of the case.

23   Without waiving and subject to the foregoing objections, Responding Party

24   will produce responsive documents to the extent they exist.

25

26

27

28

1  **REQUEST FOR PRODUCTION NO. 164:**

2      All communications between you and/or any person acting on your behalf

3  and Plaintiff regarding the UCC-1 Financing Statements in favor of Plaintiff which

4  were filed with the Arizona Secretary of State on or about August 23, 2016.

5      **RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

6      Responding Party objects to this request on the grounds that it is overbroad

7  as to time and scope, burdensome and oppressive, and not proportional to the needs

8  of the case.

9      Without waiving and subject to the foregoing objections, Responding Party

10  will produce responsive documents to the extent they exist.

11

12  **REQUEST FOR PRODUCTION NO. 165:**

13      All communications between you and/or any person acting on your behalf

14  and any of the other DPG Entity Defendants regarding the UCC-1 Financing

15  Statements in favor of Plaintiff which were filed with the Arizona Secretary of

16  State on or about August 23, 2016.

17      **RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

18      Responding Party objects to this request on the grounds that it is overbroad

19  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

20  proportional to the needs of the case.  Further objection is taken to this request on

21  the grounds that it seeks materials protected from disclosure by the attorney client

22  privilege.

23      Without waiving and subject to the foregoing objections, Responding Party

24  will produce responsive documents to the extent they exist and do not fall within

25  any above-mentioned privilege.

26

27

28

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 166:**

All communications between you and/or any person acting on your behalf and ACA regarding the UCC-1 Financing Statements in favor of Plaintiff which were filed with the Arizona Secretary of State on or about August 23, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 167:**

All communications between you and/or any person acting on your behalf and any lender or prospective lender regarding the UCC-1 Financing Statements in favor of Plaintiff which were filed with the Arizona Secretary of State on or about August 23, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 168:**

All documents which are sufficient to show the purchase price of each of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

2       Responding Party objects to this request on the grounds that it is overbroad

3 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4 proportional to the needs of the case.

5       Without waiving and subject to the foregoing objections, Responding Party

6 will produce responsive documents to the extent they exist.

7

8 **REQUEST FOR PRODUCTION NO. 169:**

9       All documents which are sufficient to show the purchase date of each of the

10 loans that were held in the DPG sub-prime automobile loan portfolio at any time

11 during the period of January 1, 2015 - June 30, 2018.

12       **RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

13       Responding Party objects to this request on the grounds that it is overbroad

14 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

15 proportional to the needs of the case.

16       Without waiving and subject to the foregoing objections, Responding Party

17 will produce responsive documents to the extent they exist.

18

19 **REQUEST FOR PRODUCTION NO. 170:**

20       All documents which are sufficient to show the contract amount of each of

21 the loans that were held in the DPG sub-prime automobile loan portfolio at any

22 time during the period of January 1, 2015 - June 30, 2018.

23       **RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

24       Responding Party objects to this request on the grounds that it is overbroad

25 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

26 proportional to the needs of the case.

27       Without waiving and subject to the foregoing objections, Responding Party

28 will produce responsive documents to the extent they exist.

220137695            75            2:17-CV-00820-KJM-CKD

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 171:**

All documents which are sufficient to identify the name of the person or entity who purchased each of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 172:**

All documents which are sufficient to show the dates of any transfer of any ownership of any of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 173:**

All documents which are sufficient to identify the person or entity to whom ownership of any of the loans that were held in the DPG sub-prime automobile

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

loan portfolio at any time during the period of January 1, 2015 - June 30, 2018 was transferred at any time between January 1, 2015 and June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 174:**

All documents which are sufficient to show the amount of any consideration that was paid by the acquiring person/entity for any transfer of any ownership of any of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018 for any transfers of ownership which occurred at any time between January 1, 2015 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 175:**

All documents which are sufficient to show the maturity date of each of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 176:**

All documents which are sufficient to show the monthly payments owed by each of the borrowers for each of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 177:**

All documents which are sufficient to show the monthly gross income that you have received since January 1, 2015 from the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 178:**

All documents which are sufficient to show the dates of any defaults with respect to any of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 179:**

All documents which are sufficient to show the amounts of any defaults with respect to any of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 179:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 180:**

All documents which are sufficient to show the net losses attributable to any defaults with respect to any of the loans that were held in the DPG sub-prime

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

1   automobile loan portfolio at any time during the period of January 1, 2015 - June

2   30, 2018.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 180:**

4   Responding Party objects to this request on the grounds that it is overbroad

5   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

6   proportional to the needs of the case.

7   Without waiving and subject to the foregoing objections, Responding Party

8   will produce responsive documents to the extent they exist.

9

10  **REQUEST FOR PRODUCTION NO. 181:**

11  All overviews of the DPG sub-prime automobile loan portfolio that were

12  created at any time during the period of January 1, 2015 through the present.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

14  Responding Party objects to this request on the grounds that it is overbroad

15  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

16  proportional to the needs of the case.

17

18  **REQUEST FOR PRODUCTION NO. 182:**

19  All source documents which were utilized to prepare the overviews of the

20  DPG sub- prime automobile loan portfolio that were created at any time during the

21  period of January 1, 2015 through the present.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 182:**

23  Responding Party objects to this request on the grounds that it is overbroad

24  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

25  proportional to the needs of the case.

26  **REQUEST FOR PRODUCTION NO. 183:**

27  All automobile title documents for each of the loans in the DPG sub-prime

28  automobile loan portfolio during the period of January 1, 2015 through the present.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

2      Responding Party objects to this request on the grounds that it is overbroad

3  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4  proportional to the needs of the case.

5      Without waiving and subject to the foregoing objections, Responding Party

6  will produce responsive documents to the extent they exist.

7

8  **REQUEST FOR PRODUCTION NO. 184:**

9      All lien assignments with respect to any of the loans in the DPG sub-prime

10 automobile loan portfolio which were made at any time during the period of

11 January 1, 2015 through the present.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 184:**

13     Responding Party objects to this request on the grounds that it is overbroad

14 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

15 proportional to the needs of the case.

16     Without waiving and subject to the foregoing objections, Responding Party

17 will produce responsive documents to the extent they exist.

18

19 **REQUEST FOR PRODUCTION NO. 185:**

20     All versions of Daniel Galvanoni's resume that were created or in effect at

21 any time during the period of January 1, 2015 through the present.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 185:**

23     Responding Party objects to this request on the grounds that it is overbroad

24 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

25 proportional to the needs of the case.

26 **REQUEST FOR PRODUCTION NO. 186:**

27     All versions of Philip Galvanoni's resume that were created or in effect at

28 any time during the period of January 1, 2015 through the present.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 186:**

2         Responding Party objects to this request on the grounds that it is overbroad

3    as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4    proportional to the needs of the case.

5

6    **REQUEST FOR PRODUCTION NO. 187:**

7         All versions of Gerald Hudspeth's resume that were created or in effect at

8    any time during the period of January 1, 2015 through the present.

9         **RESPONSE TO REQUEST FOR PRODUCTION NO. 187:**

10        Responding Party objects to this request on the grounds that it is overbroad

11   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

12   proportional to the needs of the case.

13

14   **REQUEST FOR PRODUCTION NO. 188:**

15        All versions of Westley Anderson's resume that were created or in effect at

16   any time during the period of January 1, 2015 through the present.

17        **RESPONSE TO REQUEST FOR PRODUCTION NO. 188:**

18        Responding Party objects to this request on the grounds that it is overbroad

19   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

20   proportional to the needs of the case.

21

22   **REQUEST FOR PRODUCTION NO. 189:**

23        All versions of William Brooksbank's resume that were created or in effect

24   at any time during the period of January 1, 2015 through the present.

25        **RESPONSE TO REQUEST FOR PRODUCTION NO. 189:**

26        Responding Party objects to this request on the grounds that it is overbroad

27   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

28   proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 190:**

All versions of Jerome Joseph's resume that were created or in effect at any time during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 190:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 191:**

All statements, notes, recordings, or other documents of any type, if any exist, obtained from any witness, or potential witness to this action, concerning Plaintiff and/or any of the Investments at Issue and/or the DPG sub-prime automobile loan portfolio, exclusive of documents protected by the attorney-client or attorney work product privilege.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 191:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks the premature disclosure of expert witness materials.

**REQUEST FOR PRODUCTION NO. 192:**

Any notes, memoranda, recordings, or other documents of any type, if any exist, reflecting any verbal conference, discussion, or conversation with any witness, or potential witness to this action, concerning Plaintiff and/or any of the Investments at Issue and/or the DPG sub-prime automobile loan portfolio, exclusive of documents protected by the attorney-client or attorney work product privilege.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 192:**

2      Responding Party objects to this request on the grounds that it is overbroad

3  as to time and scope, burdensome and oppressive, and not proportional to the needs

4  of the case.  Further objection is taken to this request on the grounds that it seeks

5  the premature disclosure of expert witness materials.

6

7  **REQUEST FOR PRODUCTION NO. 193:**

8      All documents you identified in your responses to the special interrogatories

9  served herewith.

10      **RESPONSE TO REQUEST FOR PRODUCTION NO. 193:**

11  Responding Party objects to this request on the grounds that it is overbroad as to

12  time and scope, burdensome and oppressive, and not proportional to the needs of

13  the case.

14

15  Dated:  November 8, 2018            CLARK HILL LLP

16

17                          By: _____

18                              Bradford G. Hughes
                               Tiffany B. Hunter

19                          Attorneys for defendants DANIEL P.
                           GALVANONI; DPG INVESTMENTS, LLC;
20                          DPG GOLDEN EAGLE, LLC; SPRING
                           TREE LENDING, LLC; SPRING TREE
21                          HOLDINGS, LLC; SPRING TREE
                           FINANCIAL, LLC; and SKIBO HOLDINGS,
22                          LLC

23

24

25

26

27

28

DEFENDANT DPG GOLDEN EAGLE, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137695.v1-11/8/18

1  CLARK HILL LLP
   Bradford G. Hughes (SBN 247141)
2  bhughes@ClarkHill.com
   Tiffany B. Hunter (SBN 306382)
3  thunter@ClarkHill.com
   1055 West Seventh Street, Suite 2400
4  Los Angeles, CA 90017
   Telephone:  (213) 891-9100
5  Facsimile:  (213) 488-1178

6  KAUFMAN & FORMAN, P.C.
   Alex B. Kaufman (SBN GA 136097)
7  abk@kauflaw.net
   Matthew D. Treco (SBN GA 802181)
8  mdt@kauflaw.net
   8215 Roswell Rd., Building 800
9  Atlanta, Georgia 30350-6445
   Telephone: 770.390.9200
10 Facsimile: 770.395.6720

11 Attorneys for Defendants DANIEL P. GALVANONI;
   DPG INVESTMENTS, LLC; DPG GOLDEN EAGLE,
12 LLC; SPRING TREE LENDING, LLC; SPRING
   TREE HOLDINGS, LLC; SPRING TREE
13 FINANCIAL, LLC; and SKIBO HOLDINGS, LLC

14            UNITED STATES DISTRICT COURT

15            EASTERN DISTRICT OF CALIFORNIA

16 JOHN MARSHALL, an individual,          Case No. 2:17-CV-00820-KJM-CKD

17                        Plaintiff,      **DEFENDANT SPRING TREE
                                          FINANCIAL, LLC'S RESPONSE TO**
18     v.                                 **PLAINTIFF'S FIRST SET OF
                                          REQUESTS FOR PRODUCTION OF**
19 DANIEL P. GALVANONI, an                **DOCUMENTS TO DEFENDANT**
   individual; DPG INVESTMENTS, LLC,
20 a foreign limited liability company; DPG
   GOLDEN EAGLE, LLC, a foreign
21 limited liability company; SPRING
   TREE LENDING, LLC, a foreign
22 limited liability company; SPRING
   TREE HOLDINGS, LLC, a foreign
23 limited liability company; SPRING
   TREE FINANCIAL, LLC, a foreign
24 limited liability company; SKIBO
   HOLDINGS, LLC, a foreign limited
25 liability company; GERALD T.
   HUDSPETH, an individual; JEROME L.
26 JOSEPH, an individual; WILLIAM J.
   BROOKSBANK, an individual; AND
27 DOES 1-100, inclusive,

28                        Defendants.

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

1  PROPOUNDING PARTY:        Plaintiff, JOHN MARSHALL

2  RESPONDING PARTY:         Defendant, SPRING TREE FINANCIAL, LLC

3  SET NUMBER:               ONE

4      Defendant SPRING TREE FINANCIAL, LLC ("Responding Party")

5  responds as follows to First Set of Requests for Production of Documents

6  propounded to it by Plaintiff JOHN MARSHALL:

7                **RESPONSES TO REQUESTS FOR PRODUCTION**

8  **REQUEST FOR PRODUCTION NO. 1:**

9      All written communications, including, but not limited to, e-mails and/or

10  text messages, between you, and/or any person acting on your behalf, and Plaintiff,

11  which relate in any way to any of the Investments At Issue, and/or to the DPG sub-

12  prime automobile loan portfolio.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

14      Responding Party objects to this request on the grounds that it is overbroad

15  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

16  proportional to the needs of the case.  Further objection is taken to this request on

17  the grounds that it seeks materials protected from disclosure by the attorney work

18  product doctrine and attorney client privilege.  Responding Party also objects to

19  this request on the grounds that it seeks the premature disclosure of expert witness

20  materials.

21      Without waiving and subject to the foregoing objections, Responding Party

22  will produce responsive documents to the extent they exist and do not fall within

23  one of the above-asserted privileges.

24

25  **REQUEST FOR PRODUCTION NO. 2:**

26      All documents evidencing verbal communications between you, and/or any

27  person acting on your behalf, and Plaintiff, which relate in any way to any of the

28

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

Investments At Issue, and/or to the DPG sub-prime automobile loan portfolio, including, but not limited to, notes, internal memoranda and/or telephone logs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 3:**

All written communications, including, but not limited to, e-mails and/or text messages, between and/or among any of your agents, employees, officers, managing directors, managers and/or members, which relate in any way to Plaintiff and/or any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 4:**

All documents evidencing any verbal communications between and/or among any of your agents, employees, officers, managing directors, members and/or managers, which relate in any way to Plaintiff and/or any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 5:**

All written communications, including, but not limited to, e-mails and/or text messages, between you, and/or any person acting on your behalf, and American Credit Acceptance, LLC ("ACA"), and/or any agent, independent contractor, officer, manager and/or employee thereof, which relate in any way to Plaintiff, and/or any of the Investments At Issue, and/or the DPG sub-prime automobile loan portfolio.

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

2     Responding Party objects to this request on the grounds that it is overbroad

3  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4  proportional to the needs of the case.  Further objection is taken to this request on

5  the grounds that it seeks materials protected from disclosure by the attorney work

6  product doctrine and attorney client privilege.  Responding Party also objects to

7  this request on the grounds that it seeks the premature disclosure of expert witness

8  materials.

9     Without waiving and subject to the foregoing objections, Responding Party

10 will produce responsive documents to the extent they exist and do not fall within

11 one of the above-asserted privileges.

12 **REQUEST FOR PRODUCTION NO. 6:**

13    All documents evidencing any verbal communications between you, and/or

14 any person acting on your behalf, and ACA and/or any officer, manager, agent,

15 and/or employee thereof, which relate in any way to Plaintiff, and/or any of the

16 Investments At Issue, and/or the DPG sub-prime automobile loan portfolio,

17 including, but not limited to, notes, internal memoranda and/or telephone logs.

18    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

19    Responding Party objects to this request on the grounds that it is overbroad

20 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

21 proportional to the needs of the case.  Further objection is taken to this request on

22 the grounds that it seeks materials protected from disclosure by the attorney work

23 product doctrine and attorney client privilege.  Responding Party also objects to

24 this request on the grounds that it seeks the premature disclosure of expert witness

25 materials.

26    Without waiving and subject to the foregoing objections, Responding Party

27 will produce responsive documents to the extent they exist and do not fall within

28 one of the above-asserted privileges.

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 7:**

All written communications, including, but not limited to, e-mails and/or text messages, between you, and/or any person acting on your behalf, and any of the former managers, managing directors, and/or employees of the Skibo Companies, including, but not limited to, James Duryea and/or Robert Smith, which relate in any way to Plaintiff, and/or any of the Investments At Issue, and/or the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 8:**

All documents evidencing any verbal communications between you, and/or any person acting on your behalf, and any of the former managers, managing directors, and/or employees of the Skibo Companies, including, but not limited to, James Duryea and/or Robert Smith, which relate in any way to Plaintiff, and/or any of the Investments At Issue, and/or the DPG sub-prime automobile loan portfolio, including, but not limited to, notes, internal memoranda and/or telephone logs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not

proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 9:**

All written communications, including, but not limited to, e-mails and/or text messages, between you, and/or any person acting on your behalf, and any of the other DPG Entity Defendants, and/or any employee, agent, member, manager and/or managing director thereof, which relate in any way to Plaintiff and/or any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 10:**

All documents evidencing any verbal communications between you, and/or any person acting on your behalf, and any of the other DPG Entity Defendants, and/or any employee, agent, member, manager and/or managing director thereof, which relate in any way to Plaintiff and/or any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 11:**

All written communications, including, but not limited to, e-mails and/or text messages, between you, and/or any person acting on your behalf, and any actual or prospective investor in any of the DPG Entity Defendants, which relate in any way to Plaintiff, and/or any of the Investments At Issue, and/or the DPG sub-prime automobile loan portfolio, and which were made at any time between January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

1  the grounds that it seeks materials protected from disclosure by the attorney work

2  product doctrine and attorney client privilege.  Responding Party also objects to

3  this request on the grounds that it seeks the premature disclosure of expert witness

4  materials.

5      Without waiving and subject to the foregoing objections, Responding Party

6  will produce responsive documents to the extent they exist and do not fall within

7  one of the above-asserted privileges.

8

9  **REQUEST FOR PRODUCTION NO. 12:**

10     All documents evidencing any verbal communications between you, and/or

11  any person agent acting on your behalf, and any actual or prospective investor in

12  any of the DPG Entity Defendants, which relate in any way to Plaintiff, or to any

13  of the Investments At Issue, and/or to the DPG sub-prime automobile loan

14  portfolio, and which were made at any time between January 1, 2015 - June 30,

15  2018, including, but not limited to, notes, internal memoranda and/or telephone

16  logs.

17     **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

18     Responding Party objects to this request on the grounds that it is overbroad

19  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

20  proportional to the needs of the case.  Further objection is taken to this request on

21  the grounds that it seeks materials protected from disclosure by the attorney work

22  product doctrine and attorney client privilege.  Responding Party also objects to

23  this request on the grounds that it seeks the premature disclosure of expert witness

24  materials.

25     Without waiving and subject to the foregoing objections, Responding Party

26  will produce responsive documents to the extent they exist and do not fall within

27  one of the above-asserted privileges.

28

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 13:**

All written communications, including, but not limited to, e-mails and/or text messages, between you, and/or any person acting on your behalf, and any actual or prospective lender to any of the DPG Entity Defendants, which relate in any way to Plaintiff, or to any of the Investments At Issue, and/or to the DPG sub-prime automobile loan portfolio, and which were made at any time between January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case. Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege. Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 14:**

All documents evidencing any verbal communications between you, and/or any person acting on your behalf, and any actual or prospective lender to any of the DPG Entity Defendants, which relate in any way to Plaintiff, or to any of the Investments At Issue, and/or to the DPG sub-prime automobile loan portfolio, and which were made at any time between January 1, 2015 - June 30, 2018, including, but not limited to, notes, internal memoranda and/or telephone logs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney work product doctrine and attorney client privilege.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.


**REQUEST FOR PRODUCTION NO. 15:**

All documents you, and/or any person acting on your behalf, received from Plaintiff at any time between January 1, 2015 - March 31, 2017, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials equally within the possession of plaintiff.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 16:**

All documents you, and/or any person acting on your behalf, provided to Plaintiff at any time between January 1, 2015 - March 31, 2017, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials equally within the possession of plaintiff.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 17:**

All documents you, and/or any person acting on your behalf, received from Plaintiff at any time between January 1, 2015 - March 31, 2017, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials equally within the possession of plaintiff.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 18:**

All documents you, and/or any person acting on your behalf, provided to Plaintiff at any time between January 1, 2015 - March 31, 2017, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials equally within the possession of plaintiff.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 19:**

All documents you, and/or any person acting on your behalf, received from any of the other DPG Entity Defendants and/or any employee or agent thereof (exclusive of attorneys), at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the  Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

1    Without waiving and subject to the foregoing objections, Responding Party

2    will produce responsive documents to the extent they exist and do not fall within

3    one of the above-asserted privileges.

4

5    **REQUEST FOR PRODUCTION NO. 20:**

6    All documents you, and/or any person acting on your behalf, provided to any

7    of the other DPG Entity Defendants and/or any employee or agent thereof

8    (exclusive of attorneys), at any time between January 1, 2015 - June 30, 2018,

9    which relate in any way to any of the Investments At Issue.

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

11    Responding Party objects to this request on the grounds that it is overbroad

12    as to time and scope, vague and ambiguous, burdensome and oppressive, and not

13    proportional to the needs of the case.  Further objection is taken to this request on

14    the grounds that it seeks materials protected from disclosure by the attorney client

15    privilege and attorney work product doctrine.  Responding Party also objects to

16    this request on the grounds that it seeks the premature disclosure of expert witness

17    materials.

18    Without waiving and subject to the foregoing objections, Responding Party

19    will produce responsive documents to the extent they exist and do not fall within

20    one of the above-asserted privileges.

21

22    **REQUEST FOR PRODUCTION NO. 21:**

23    All documents you, and/or any person acting on your behalf, received from

24    any of the other DPG Entity Defendants and/or any employee or agent thereof

25    (exclusive of attorneys), at any time between January 1, 2015 - June 30, 2018,

26    which relate in any way to the DPG sub-prime automobile loan portfolio.

27

28

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 22:**

All documents you, and/or any agent acting on your behalf, provided to any of the other DPG Entity Defendants and/or any employee or agent thereof (exclusive of attorneys), at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 23:**

All documents you, and/or any person acting on your behalf, provided to any of the former managers, managing directors, and/or employees of the Skibo Companies, including, but not limited to, James Duryea and/or Robert Smith, at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments At Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure by the attorney client privilege and attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.


**REQUEST FOR PRODUCTION NO. 24:**

All documents you, and/or any person acting on your behalf, received from any of the former managers, managing directors, and/or employees of the Skibo Companies, including, but not limited to, James Duryea and/or Robert Smith, at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on

1  the grounds that it seeks materials protected from disclosure by the attorney client

2  privilege and attorney work product doctrine.  Responding Party also objects to

3  this request on the grounds that it seeks the premature disclosure of expert witness

4  materials.

5      Without waiving and subject to the foregoing objections, Responding Party

6  will produce responsive documents to the extent they exist and do not fall within

7  one of the above-asserted privileges.

8

9  **REQUEST FOR PRODUCTION NO. 25:**

10      All documents you, and/or any person acting on your behalf, provided to any

11  of the former managers, managing directors, and/or employees of the Skibo

12  Companies, including, but not limited to, James Duryea and/or Robert Smith, at

13  any time between January 1, 2015 - June 30, 2018, which relate in any way to the

14  DPG sub-prime automobile loan portfolio.

15      **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

16      Responding Party objects to this request on the grounds that it is overbroad

17  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

18  proportional to the needs of the case.  Further objection is taken to this request on

19  the grounds that it seeks materials protected from disclosure by the attorney client

20  privilege and attorney work product doctrine.  Responding Party also objects to

21  this request on the grounds that it seeks the premature disclosure of expert witness

22  materials.

23      Without waiving and subject to the foregoing objections, Responding Party

24  will produce responsive documents to the extent they exist and do not fall within

25  one of the above-asserted privileges.

26

27

28

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 26:**

All documents you, and/or any person acting on your behalf, received from ACA, at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments At Issue.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 27:**

All documents you, and/or any person acting on your behalf, provided to ACA, at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments At Issue.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 28:**

All documents you, and/or any person acting on your behalf, received from ACA at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio.

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

2   Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4   proportional to the needs of the case.

5   Without waiving and subject to the foregoing objections, Responding Party

6   will produce responsive documents to the extent they exist and do not fall within

7   one of the above-asserted privileges.

8

9   **REQUEST FOR PRODUCTION NO. 29:**

10   All documents you, and/or any agent acting on your behalf, provided to

11   ACA at any time between January 1, 2015 - June 30, 2018, which relate in any

12   way to the DPG sub-prime automobile loan portfolio.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

14   Responding Party objects to this request on the grounds that it is overbroad

15   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

16   proportional to the needs of the case.

17   Without waiving and subject to the foregoing objections, Responding Party

18   will produce responsive documents to the extent they exist and do not fall within

19   one of the above-asserted privileges.

20

21   **REQUEST FOR PRODUCTION NO. 30:**

22   All documents you, and/or any person acting on your behalf, received from

23   any actual or prospective investor in any of the DPG Entity Defendants at any time

24   between January 1, 2015 ¬June 30, 2018, which relate in any way to any of the

25   Investments At Issue.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

27   Responding Party objects to this request on the grounds that it is overbroad

28   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

1  proportional to the needs of the case.  Further objection is taken to this request on

2  the grounds that it seeks materials protected from disclosure by the attorney client

3  privilege and attorney work product doctrine.  Responding Party also objects to

4  this request on the grounds that it seeks the premature disclosure of expert witness

5  materials.

6         Without waiving and subject to the foregoing objections, Responding Party

7  will produce responsive documents to the extent they exist and do not fall within

8  one of the above-asserted privileges.

9

10  **REQUEST FOR PRODUCTION NO. 31:**

11         All documents you, and/or any person acting on your behalf, provided to any

12  actual or prospective investor in any of the DPG Entity Defendants, at any time

13  between January 1, 2015 ¬June 30, 2018, which relate in any way to any of the

14  Investments At Issue.

15         **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

16         Responding Party objects to this request on the grounds that it is overbroad

17  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

18  proportional to the needs of the case.  Further objection is taken to this request on

19  the grounds that it seeks materials protected from disclosure by the attorney client

20  privilege and attorney work product doctrine.  Responding Party also objects to

21  this request on the grounds that it seeks the premature disclosure of expert witness

22  materials.

23         Without waiving and subject to the foregoing objections, Responding Party

24  will produce responsive documents to the extent they exist and do not fall within

25  one of the above-asserted privileges.

26

27

28

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

1  **REQUEST FOR PRODUCTION NO. 32:**

2      All documents you, and/or any person acting on your behalf, received from

3  any actual or prospective investor in any of the DPG Entity Defendants, at any

4  time between January 1, 2015 ¬June 30, 2018, which relate in any way to the DPG

5  sub-prime automobile loan portfolio.

6      **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

7      Responding Party objects to this request on the grounds that it is overbroad

8  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

9  proportional to the needs of the case.  Further objection is taken to this request on

10 the grounds that it seeks materials protected from disclosure by the attorney client

11 privilege and attorney work product doctrine.  Responding Party also objects to

12 this request on the grounds that it seeks the premature disclosure of expert witness

13 materials.

14      Without waiving and subject to the foregoing objections, Responding Party

15 will produce responsive documents to the extent they exist and do not fall within

16 one of the above-asserted privileges.

17

18 **REQUEST FOR PRODUCTION NO. 33:**

19      All documents you, and/or any person acting on your behalf, provided to any

20 actual or prospective investor in any of the DPG Entity Defendants, at any time

21 between January 1, 2015 -June 30, 2018, which relate in any way to the DPG sub-

22 prime automobile loan portfolio.

23      **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

24      Responding Party objects to this request on the grounds that it is overbroad

25 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

26 proportional to the needs of the case.  Further objection is taken to this request on

27 the grounds that it seeks materials protected from disclosure by the attorney client

28 privilege and attorney work product doctrine.  Responding Party also objects to

1  this request on the grounds that it seeks the premature disclosure of expert witness
2  materials.

3       Without waiving and subject to the foregoing objections, Responding Party
4  will produce responsive documents to the extent they exist and do not fall within
5  one of the above-asserted privileges.

6

7  **REQUEST FOR PRODUCTION NO. 34:**

8       All documents you, and/or any person acting on your behalf, received from
9  any actual or prospective lender to any of the DPG Entity Defendants, at any time
10 between January 1, 2015 -June 30, 2018, which relate in any way to any of the
11 Investments At Issue.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

13

14 **REQUEST FOR PRODUCTION NO. 35:**

15      All documents you, and/or any person acting on your behalf, provided to any
16 actual or prospective lender to any of the DPG Entity Defendants, at any time
17 between January 1, 2015 ¬June 30, 2018, which relate in any way to any of the
18 Investments At Issue.

19      **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

20      Responding Party objects to this request on the grounds that it is overbroad
21 as to time and scope, vague and ambiguous, burdensome and oppressive, and not
22 proportional to the needs of the case.  Further objection is taken to this request on
23 the grounds that it seeks materials protected from disclosure by the attorney client
24 privilege and attorney work product doctrine.  Responding Party also objects to
25 this request on the grounds that it seeks the premature disclosure of expert witness
26 materials.

27

28

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

1   Without waiving and subject to the foregoing objections, Responding Party
2   will produce responsive documents to the extent they exist and do not fall within
3   one of the above-asserted privileges.

4

5   **REQUEST FOR PRODUCTION NO. 36:**

6   All documents you, and/or any person acting on your behalf, received from
7   any actual or prospective lender to any of the DPG Entity Defendants, at any time
8   between January 1, 2015 -June 30, 2018, which relate in any way to the DPG sub-
9   prime automobile loan portfolio.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

11   Responding Party objects to this request on the grounds that it is overbroad
12   as to time and scope, vague and ambiguous, burdensome and oppressive, and not
13   proportional to the needs of the case.  Further objection is taken to this request on
14   the grounds that it seeks materials protected from disclosure by the attorney client
15   privilege and attorney work product doctrine.  Responding Party also objects to
16   this request on the grounds that it seeks the premature disclosure of expert witness
17   materials.

18   Without waiving and subject to the foregoing objections, Responding Party
19   will produce responsive documents to the extent they exist and do not fall within
20   one of the above-asserted privileges.

21

22   **REQUEST FOR PRODUCTION NO. 37:**

23   All documents you, and/or any person acting on your behalf, provided to any
24   actual or prospective lender to any of the DPG Entity Defendants, at any time
25   between January 1, 2015 ¬June 30, 2018, which relate in any way to the DPG sub-
26   prime automobile loan portfolio.

27

28

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

2       Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4   proportional to the needs of the case.  Further objection is taken to this request on

5   the grounds that it seeks materials protected from disclosure by the attorney client

6   privilege and attorney work product doctrine.  Responding Party also objects to

7   this request on the grounds that it seeks the premature disclosure of expert witness

8   materials.

9       Without waiving and subject to the foregoing objections, Responding Party

10  will produce responsive documents to the extent they exist and do not fall within

11  one of the above-asserted privileges.

12

13  **REQUEST FOR PRODUCTION NO. 38:**

14      All documents you, and/or any person acting on your behalf, received from

15  any other person not heretofore specifically mentioned at any time between

16  January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments

17  At Issue, but exclusive of documents protected by the attorney-client and/or

18  attorney work product privileges.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

20      Responding Party objects to this request on the grounds that it is overbroad

21  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

22  proportional to the needs of the case.  Responding Party also objects to this request

23  on the grounds that it seeks the premature disclosure of expert witness materials.

24      Without waiving and subject to the foregoing objections, Responding Party

25  will produce responsive documents to the extent they exist and do not fall within

26  one of the above-asserted privileges.

27

28

**REQUEST FOR PRODUCTION NO. 39:**

All documents you, and/or any person acting on your behalf, provided to any other person not heretofore specifically mentioned at any time between January 1, 2015 - June 30, 2018, which relate in any way to any of the Investments At Issue, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.


**REQUEST FOR PRODUCTION NO. 40:**

All documents you, and/or any person acting on your behalf, received from any other person not heretofore specifically mentioned at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 41:**

All documents you, and/or any person acting on your behalf, provided to any other person not heretofore specifically mentioned at any time between January 1, 2015 - June 30, 2018, which relate in any way to the DPG sub-prime automobile loan portfolio, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the premature disclosure of expert witness materials.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 42:**

All documents sufficient to identify the names of your investors during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by any investor's right to privacy as protected by the United States and California constitutions.

1  Without waiving and subject to the foregoing objections, Responding Party
2  will produce responsive documents to the extent they exist and do not fall within
3  one of the above-asserted privileges.

4

5  **REQUEST FOR PRODUCTION NO. 43:**

6  All documents sufficient to show the amounts of each investment that was
7  made into your business during the period of January 1, 2015 through the present.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

9  Responding Party objects to this request on the grounds that it is overbroad
10  as to time and scope, burdensome and oppressive, and not proportional to the needs
11  of the case.

12  Without waiving and subject to the foregoing objections, Responding Party
13  will produce responsive documents to the extent they exist.

14

15  **REQUEST FOR PRODUCTION NO. 44:**

16  All documents sufficient to show the dates of each investment that was made
17  into your business during the period of January 1, 2015 through the present.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

19  Responding Party objects to this request on the grounds that it is overbroad
20  as to time and scope, burdensome and oppressive, and not proportional to the needs
21  of the case.

22  Without waiving and subject to the foregoing objections, Responding Party
23  will produce responsive documents to the extent they exist.

24

25  **REQUEST FOR PRODUCTION NO. 45:**

26  All documents sufficient to show the amount of interest that was paid to
27  each investor in your business during the period of January 1, 2015 through the
28  present.

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

2          Responding Party objects to this request on the grounds that it is overbroad

3    as to time and scope, burdensome and oppressive, and not proportional to the needs

4    of the case.

5          Without waiving and subject to the foregoing objections, Responding Party

6    will produce responsive documents to the extent they exist.

7

8    **REQUEST FOR PRODUCTION NO. 46:**

9          All documents sufficient to show the amount of principal that was returned

10   to each investor in your business during the period of January 1, 2015 through the

11   present.

12         **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

13         Responding Party objects to this request on the grounds that it is overbroad

14   as to time and scope, burdensome and oppressive, and not proportional to the needs

15   of the case.

16         Without waiving and subject to the foregoing objections, Responding Party

17   will produce responsive documents to the extent they exist.

18

19   **REQUEST FOR PRODUCTION NO. 47:**

20         All documents sufficient to show the amount that is currently owed to each

21   person who invested in your business during the period of January 1, 2015 through

22   the present.

23         **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

24         Responding Party objects to this request on the grounds that it is overbroad

25   as to time and scope, burdensome and oppressive, and not proportional to the needs

26   of the case.

27         Without waiving and subject to the foregoing objections, Responding Party

28   will produce responsive documents to the extent they exist.

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 48:**

All documents sufficient to identify any and all persons who loaned money to you at any time during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by any investor's right to privacy as protected by the United States and California constitutions.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.


**REQUEST FOR PRODUCTION NO. 49:**

All documents sufficient to show the amounts of each loan that was made into your business during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.


**REQUEST FOR PRODUCTION NO. 50:**

All documents sufficient to show the dates of each loan that was made into your business during the period of January 1, 2015 through the present.

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 51:**

All documents sufficient to show the amount of interest that was paid to each of your lenders during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 52:**

All documents sufficient to show the amount of principal that was returned to each of your lenders during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 53:**

All documents sufficient to show the amount that is currently owed to each of your lenders who loaned money to your business during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 54:**

All documents sufficient to identify each and all of your members during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 55:**

All documents sufficient to identify each and all of your managing members during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

1  Without waiving and subject to the foregoing objections, Responding Party
2  will produce responsive documents to the extent they exist.

3

4  **REQUEST FOR PRODUCTION NO. 56:**

5  Your complete audited financial statements for fiscal years 2012 through
6  2017.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

8  Responding Party objects to this request on the grounds that it is overbroad
9  as to time and scope, burdensome and oppressive, and not proportional to the needs
10  of the case.

11  Without waiving and subject to the foregoing objections, Responding Party
12  will produce responsive documents to the extent they exist.

13

14  **REQUEST FOR PRODUCTION NO. 57:**

15  All business plans which relate to the DPG sub-prime automobile loan
16  portfolio that were generated at any time during the period of January 1, 2015
17  through the present.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

19  Responding Party objects to this request on the grounds that it is overbroad
20  as to time and scope, burdensome and oppressive, and not proportional to the needs
21  of the case.

22  Without waiving and subject to the foregoing objections, Responding Party
23  will produce responsive documents to the extent they exist.

24

25  **REQUEST FOR PRODUCTION NO. 58:**

26  All documents relating to any liens against you that were created and/or
27  perfected at any time during the period of January 1, 2015 through the present, but

28

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1  exclusive of documents protected by the attorney-client and/or attorney work

2  product privileges.

3      **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

4      Responding Party objects to this request on the grounds that it is overbroad

5  as to time and scope, burdensome and oppressive, and not proportional to the needs

6  of the case.

7      Without waiving and subject to the foregoing objections, Responding Party

8  will produce responsive documents to the extent they exist.

9

10 **REQUEST FOR PRODUCTION NO. 59:**

11     All documents relating to any liens against the DPG sub-prime automobile

12 loan portfolio that were created and/or perfected at any time during the period of

13 January 1, 2015 through the present, but exclusive of documents protected by the

14 attorney-client and/or attorney work product privileges.

15     **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

16     Responding Party objects to this request on the grounds that it is overbroad

17 as to time and scope, burdensome and oppressive, and not proportional to the needs

18 of the case.

19     Without waiving and subject to the foregoing objections, Responding Party

20 will produce responsive documents to the extent they exist.

21

22 **REQUEST FOR PRODUCTION NO. 60:**

23     All complaints against you filed at any time during the period of January 1,

24 2000 through the present which allege wrongdoing of any kind in connection with

25 the solicitation and sale of investments and/or the solicitation of loans.

26

27

28

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 61:**

All complaints against you filed at any time during the period of January 1, 2000 through the present which allege wrongdoing of any kind in connection with the DPG sub-prime automobile loan portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 62:**

All documents reflecting, evidencing and/or memorializing any and all due diligence which you, and/or any person acting on your behalf, conducted with regard to the Skibo Companies, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 63:**

All documents reflecting, evidencing and/or memorializing any and all due diligence which you, and/or any person acting on your behalf, conducted with regard to the DPG sub-prime automobile loan portfolio, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist and do not fall within one of the above-asserted privileges.

**REQUEST FOR PRODUCTION NO. 64:**

All job descriptions for Daniel Galvanoni generated at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 65:**

All business cards used by Daniel Galvanoni at any time since January 1, 2015.

1      **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

2           Responding Party objects to this request on the grounds that it is overbroad

3  as to time and scope, burdensome and oppressive, and not proportional to the needs

4  of the case.

5

6  **REQUEST FOR PRODUCTION NO. 66:**

7           All job descriptions for Gerald Hudspeth generated at any time since January

8  1, 2015.

9      **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

10          Responding Party objects to this request on the grounds that it is overbroad

11 as to time and scope, burdensome and oppressive, and not proportional to the needs

12 of the case.

13

14 **REQUEST FOR PRODUCTION NO. 67:**

15          All business cards used by Gerald Hudspeth at any time since January 1,

16 2015.

17     **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

18          Responding Party objects to this request on the grounds that it is overbroad

19 as to time and scope, burdensome and oppressive, and not proportional to the needs

20 of the case.

21

22 **REQUEST FOR PRODUCTION NO. 68:**

23          All job descriptions for Westley Anderson generated at any time since

24 January 1, 2015.

25     **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

26          Responding Party objects to this request on the grounds that it is overbroad

27 as to time and scope, burdensome and oppressive, and not proportional to the needs

28 of the case.

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

1   **REQUEST FOR PRODUCTION NO. 69:**

2       All business cards used by Westley Anderson at any time since January 1,

3   2015.

4       **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

5       Responding Party objects to this request on the grounds that it is overbroad

6   as to time and scope, burdensome and oppressive, and not proportional to the needs

7   of the case.

8

9   **REQUEST FOR PRODUCTION NO. 70:**

10      All job descriptions for Philip Galvanoni generated at any time since January

11  1, 2015.

12      **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

13      Responding Party objects to this request on the grounds that it is overbroad

14  as to time and scope, burdensome and oppressive, and not proportional to the needs

15  of the case.

16

17  **REQUEST FOR PRODUCTION NO. 71:**

18      All business cards used by Philip Galvanoni at any time since January 1,

19  2015.

20      **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

21      Responding Party objects to this request on the grounds that it is overbroad

22  as to time and scope, burdensome and oppressive, and not proportional to the needs

23  of the case.

24

25  **REQUEST FOR PRODUCTION NO. 72:**

26      All job descriptions for William Brooksbank generated at any time since

27  January 1, 2015.

28

220137574                                37                    2:17-CV-00820-KJM-CKD

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

2        Responding Party objects to this request on the grounds that it is overbroad

3    as to time and scope, burdensome and oppressive, and not proportional to the needs

4    of the case.

5

6    **REQUEST FOR PRODUCTION NO. 73:**

7        All business cards used by William Brooksbank at any time since January 1,

8    2015.

9        **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

10       Responding Party objects to this request on the grounds that it is overbroad

11   as to time and scope, burdensome and oppressive, and not proportional to the needs

12   of the case.

13

14   **REQUEST FOR PRODUCTION NO. 74:**

15       All job descriptions for Jerome Joseph generated at any time since January

16   1, 2015.

17       **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

18       Responding Party objects to this request on the grounds that it is overbroad

19   as to time and scope, burdensome and oppressive, and not proportional to the needs

20   of the case.

21

22   **REQUEST FOR PRODUCTION NO. 75:**

23       All business cards used by Jerome Joseph at any time since January 1, 2015.

24       **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

25       Responding Party objects to this request on the grounds that it is overbroad

26   as to time and scope, burdensome and oppressive, and not proportional to the needs

27   of the case.

28

**REQUEST FOR PRODUCTION NO. 76:**

All agreements between you and Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 77:**

All documents signed by Plaintiff, including all documents you claim Plaintiff signed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 78:**

All agreements between you and Daniel Galvanoni that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 79:**

All agreements between you and any of the other DPG Entity Defendants that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 80:**

All agreements between you and ACA that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 81:**

All agreements between you and any investor of yours that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 82:**

All agreements between you and any lender of yours that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 83:**

All agreements between you and Philip Galvanoni that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Philip Galvanoni's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 84:**

All agreements between you and Gerald Hudspeth that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Gerald Hudspeth's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 85:**

All agreements between you and Westley Anderson that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case. Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Westley Anderson's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 86:**

All agreements between you and William Brooksbank that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case. Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by William Brooksbank's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 87:**

All agreements between you and Jerome Joseph that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case. Responding Party also objects to this request on the grounds that it

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

seeks the disclosure of materials protected by Jerome Joseph's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 88:**

All agreements between you and the Skibo Companies, and/or any owner or manager of the Skibo Companies, that were in effect at any time from January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 89:**

All agreements between you and any person not heretofore specifically mentioned that relate in any way to the Investments at Issue or to the DPG sub-prime automobile loan portfolio, but exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 90:**

All investigations, charges and/or findings by any regulator, whether state, federal or self-regulatory organization, that were made against you and/or any

1  member of yours with regard to investments, loans, and/or the DPG sub-prime

2  automobile loan portfolio.

3       **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

4       Responding Party objects to this request on the grounds that it is overbroad

5  as to time and scope, burdensome and oppressive, and not proportional to the needs

6  of the case.

7

8  **REQUEST FOR PRODUCTION NO. 91:**

9       All responses to any investigations, charges and/or findings by any

10  regulator, whether state, federal or self-regulatory organization, that were made

11  against you and/or any member of yours with regard to investments, loans, and/or

12  the DPG sub-prime automobile loan portfolio.

13       **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

14       Responding Party objects to this request on the grounds that it is overbroad

15  as to time and scope, burdensome and oppressive, and not proportional to the needs

16  of the case.

17

18  **REQUEST FOR PRODUCTION NO. 92:**

19       All press releases written, generated and/or approved by you, and/or any

20  person acting on your behalf which evidence, reflect, memorialize and/or discuss

21  the Skibo Companies.

22       **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

23       Responding Party objects to this request on the grounds that it is overbroad

24  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

25  proportional to the needs of the case.

26       Without waiving and subject to the foregoing objections, Responding Party

27  will produce responsive documents to the extent they exist.

28

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

1

**REQUEST FOR PRODUCTION NO. 93:**

2

     All press releases written, generated and/or approved by you, and/or any

3

person acting on your behalf which evidence, reflect, memorialize and/or discuss

4

the DPG sub-prime automobile loan portfolio.

5

     **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

6

     Responding Party objects to this request on the grounds that it is overbroad

7

as to time and scope, vague and ambiguous, burdensome and oppressive, and not

8

proportional to the needs of the case.

9

     Without waiving and subject to the foregoing objections, Responding Party

10

will produce responsive documents to the extent they exist.

11

12

**REQUEST FOR PRODUCTION NO. 94:**

13

     All press releases written, generated and/or approved by you, and/or any

14

person acting on your behalf which evidence, reflect, memorialize and/or discuss

15

ACA.

16

     **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

17

     Responding Party objects to this request on the grounds that it is overbroad

18

as to time and scope, vague and ambiguous, burdensome and oppressive, and not

19

proportional to the needs of the case.

20

     Without waiving and subject to the foregoing objections, Responding Party

21

will produce responsive documents to the extent they exist.

22

23

**REQUEST FOR PRODUCTION NO. 95:**

24

     All documents necessary and sufficient to ascertain the amount of funds,

25

both net and gross, that you transferred, conveyed, or otherwise provided to the

26

Skibo Companies at any time since January 1, 2015.

27

28

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

ClarkHill\93764\327708\220137574.v1-11/8/18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 96:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to any of the other DPG Entity Defendants at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 97:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to Daniel Galvanoni at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine. Responding Party also objects to this request on the

grounds that it seeks the disclosure of materials protected by Daniel Galvanoni's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 98:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to Philip Galvanoni at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine. Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Philip Galvanoni's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 99:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to ACA at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

1 | **REQUEST FOR PRODUCTION NO. 100:**

2     All documents necessary and sufficient to ascertain the amount of funds,

3 both net and gross, that you transferred, conveyed, or otherwise provided to Gerald

4 Hudspeth at any time since January 1, 2015.

5     **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

6     Responding Party objects to this request on the grounds that it is overbroad

7 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

8 proportional to the needs of the case.  Further objection is taken to this request on

9 the grounds that it seeks materials protected from disclosure under the attorney

10 work product doctrine. Responding Party also objects to this request on the

11 grounds that it seeks the disclosure of materials protected Gerald Hudspeth's right

12 to privacy as protected by the United States and California constitutions.

13

14 | **REQUEST FOR PRODUCTION NO. 101:**

15     All documents necessary and sufficient to ascertain the amount of funds,

16 both net and gross, that you transferred, conveyed, or otherwise provided to

17 Westley Anderson at any time since January 1, 2015.

18     **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

19     Responding Party objects to this request on the grounds that it is overbroad

20 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

21 proportional to the needs of the case.  Further objection is taken to this request on

22 the grounds that it seeks materials protected from disclosure under the attorney

23 work product doctrine. Responding Party also objects to this request on the

24 grounds that it seeks the disclosure of materials protected by Westley Anderson's

25 right to privacy as protected by the United States and California constitutions.

26

27

28

**REQUEST FOR PRODUCTION NO. 102:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to William Brooksbank at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine. Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by William Brooksbank's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 103:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to Jerome Joseph at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine. Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Jerome Joseph's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 104:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to any investor of yours at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 105:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you transferred, conveyed, or otherwise provided to any lender of yours at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 106:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from the Skibo Companies at any time since January 1, 2015.

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

2    Responding Party objects to this request on the grounds that it is overbroad

3 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4 proportional to the needs of the case.  Further objection is taken to this request on

5 the grounds that it seeks materials protected from disclosure under the attorney

6 work product doctrine.

7

8 **REQUEST FOR PRODUCTION NO. 107:**

9    All documents necessary and sufficient to ascertain the amount of funds,

10 both net and gross, that you received from any of the other DPG Entity Defendants

11 at any time since January 1, 2015.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

13    Responding Party objects to this request on the grounds that it is overbroad

14 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

15 proportional to the needs of the case.  Further objection is taken to this request on

16 the grounds that it seeks materials protected from disclosure under the attorney

17 work product doctrine.

18

19 **REQUEST FOR PRODUCTION NO. 108:**

20    All documents necessary and sufficient to ascertain the amount of funds,

21 both net and gross, that you received from Daniel Galvanoni at any time since

22 January 1, 2015.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

24    Responding Party objects to this request on the grounds that it is overbroad

25 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

26 proportional to the needs of the case.  Further objection is taken to this request on

27 the grounds that it seeks materials protected from disclosure under the attorney

28 work product doctrine.  Responding Party also objects to this request on the

220137574       51      2:17-CV-00820-KJM-CKD

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

1  grounds that it seeks the disclosure of materials protected by Daniel Galvanoni's
2  right to privacy as protected by the United States and California constitutions.
3
4  **REQUEST FOR PRODUCTION NO. 109:**
5      All documents necessary and sufficient to ascertain the amount of funds,
6  both net and gross, that you received from Philip Galvanoni at any time since
7  January 1, 2015.
8      **RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**
9      Responding Party objects to this request on the grounds that it is overbroad
10 as to time and scope, vague and ambiguous, burdensome and oppressive, and not
11 proportional to the needs of the case.  Further objection is taken to this request on
12 the grounds that it seeks materials protected from disclosure under the attorney
13 work product doctrine.  Responding Party also objects to this request on the
14 grounds that it seeks the disclosure of materials protected by Philip Galvanoni's
15 right to privacy as protected by the United States and California constitutions.
16
17 **REQUEST FOR PRODUCTION NO. 110:**
18     All documents necessary and sufficient to ascertain the amount of funds,
19 both net and gross, that you received from ACA at any time since January 1, 2015.
20     **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**
21     Responding Party objects to this request on the grounds that it is overbroad
22 as to time and scope, vague and ambiguous, burdensome and oppressive, and not
23 proportional to the needs of the case.  Further objection is taken to this request on
24 the grounds that it seeks materials protected from disclosure under the attorney
25 work product doctrine.
26
27
28

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 111:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from Gerald Hudspeth at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Gerald Hudspeth's right to privacy as protected by the United States and California constitutions.

**REQUEST FOR PRODUCTION NO. 112:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from Westley Anderson at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.  Responding Party also objects to this request on the grounds that it seeks the disclosure of materials protected by Westley Anderson's right to privacy as protected by the United States and California constitutions.

1    **REQUEST FOR PRODUCTION NO. 113:**

2        All documents necessary and sufficient to ascertain the amount of funds,

3    both net and gross, that you received from William Brooksbank at any time since

4    January 1, 2015.

5        **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

6        Responding Party objects to this request on the grounds that it is overbroad

7    as to time and scope, vague and ambiguous, burdensome and oppressive, and not

8    proportional to the needs of the case.  Further objection is taken to this request on

9    the grounds that it seeks materials protected from disclosure under the attorney

10   work product doctrine.  Responding Party also objects to this request on the

11   grounds that it seeks the disclosure of materials protected by William

12   Brooksbank's right to privacy as protected by the United States and California

13   constitutions.

14

15   **REQUEST FOR PRODUCTION NO. 114:**

16       All documents necessary and sufficient to ascertain the amount of funds,

17   both net and gross, that you received from Jerome Joseph at any time since January

18   1, 2015.

19       **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

20       Responding Party objects to this request on the grounds that it is overbroad

21   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

22   proportional to the needs of the case.  Further objection is taken to this request on

23   the grounds that it seeks materials protected from disclosure under the attorney

24   work product doctrine.  Responding Party also objects to this request on the

25   grounds that it seeks the disclosure of materials protected by Jerome Joseph's right

26   to privacy as protected by the United States and California constitutions.

27

28

**REQUEST FOR PRODUCTION NO. 115:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from any investor of yours at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 116:**

All documents necessary and sufficient to ascertain the amount of funds, both net and gross, that you received from any lender of yours at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks materials protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 117:**

Each and all of your bank account statements for the period of January 1, 2015 through the present.

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

2         Responding Party objects to this request on the grounds that it is overbroad

3    as to time and scope, burdensome and oppressive, and not proportional to the needs

4    of the case.

5

6    **REQUEST FOR PRODUCTION NO. 118:**

7         Each and all of your quikbook reports for the period of January 1, 2015

8    through the present.

9         **RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

10        Responding Party objects to this request on the grounds that it is overbroad

11   as to time and scope, burdensome and oppressive, and not proportional to the needs

12   of the case.

13        Without waiving and subject to the foregoing objections, Responding Party

14   will produce responsive documents to the extent they exist.

15

16   **REQUEST FOR PRODUCTION NO. 119:**

17        Your complete general ledger for the period of January 1, 2015 through the

18   present.

19        **RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

20        Responding Party objects to this request on the grounds that it is overbroad

21   as to time and scope, burdensome and oppressive, and not proportional to the needs

22   of the case.

23        Without waiving and subject to the foregoing objections, Responding Party

24   will produce responsive documents to the extent they exist.

25

26   **REQUEST FOR PRODUCTION NO. 120:**

27        All sub-prime automobile loan contracts which you owned, purchased or

28   serviced at any time during the period of January 1, 2015 through the present.

220137574                          56                 2:17-CV-00820-KJM-CKD

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

2       Responding Party objects to this request on the grounds that it is overbroad

3   as to time and scope, burdensome and oppressive, and not proportional to the needs

4   of the case.

5       Without waiving and subject to the foregoing objections, Responding Party

6   will produce responsive documents to the extent they exist.

7

8   **REQUEST FOR PRODUCTION NO. 121:**

9       All documents which are sufficient to show the consideration which you

10  paid for any sub-prime automobile loan contracts which you owned, purchased or

11  serviced at any time during the period of January 1, 2015 through the present.

12      **RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

13      Responding Party objects to this request on the grounds that it is overbroad

14  as to time and scope, burdensome and oppressive, and not proportional to the needs

15  of the case.

16      Without waiving and subject to the foregoing objections, Responding Party

17  will produce responsive documents to the extent they exist.

18

19  **REQUEST FOR PRODUCTION NO. 122:**

20      All documents which are sufficient to show the amount of monies you have

21  received as a direct or indirect result of any sub-prime automobile loan contracts

22  which you owned, purchased or serviced at any time during the period of January

23  1, 2015 through the present.

24      **RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

25      Responding Party objects to this request on the grounds that it is overbroad

26  as to time and scope, burdensome and oppressive, and not proportional to the needs

27  of the case.

28

1  Without waiving and subject to the foregoing objections, Responding Party

2  will produce responsive documents to the extent they exist.

3

4  **REQUEST FOR PRODUCTION NO. 123:**

5  All documents which are sufficient to show how the Investments At Issue

6  were utilized.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

8  Responding Party objects to this request on the grounds that it is overbroad

9  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

10  proportional to the needs of the case.  Further objection is taken to this request on

11  the grounds that it seeks materials protected from disclosure under the attorney

12  work product doctrine.

13  Without waiving and subject to the foregoing objections, Responding Party

14  will produce responsive documents to the extent they exist and do not fall within

15  one of the above-asserted privileges.

16

17  **REQUEST FOR PRODUCTION NO. 124:**

18  All docs which evidence that any or all of the Investments At Issue were

19  used to purchase new sub-prime automobile loans.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

21  Responding Party objects to this request on the grounds that it is overbroad

22  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

23  proportional to the needs of the case.  Further objection is taken to this request on

24  the grounds that it seeks materials protected from disclosure under the attorney

25  work product doctrine.

26  Without waiving and subject to the foregoing objections, Responding Party

27  will produce responsive documents to the extent they exist and do not fall within

28  one of the above-asserted privileges.

1

2 **REQUEST FOR PRODUCTION NO. 125:**

3      All documents which evidence that any or all of the Investments At Issue

4 were used to fund the operations of any of the DPG Entity Defendants.

5      **RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

6      Responding Party objects to this request on the grounds that it is overbroad

7 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

8 proportional to the needs of the case.  Further objection is taken to this request on

9 the grounds that it seeks materials protected from disclosure under the attorney

10 work product doctrine.

11      Without waiving and subject to the foregoing objections, Responding Party

12 will produce responsive documents to the extent they exist and do not fall within

13 one of the above-asserted privileges.

14

15 **REQUEST FOR PRODUCTION NO. 126:**

16      All documents which evidence any and all expenses that Daniel Galvanoni

17 advanced on your behalf during the period of January 1, 2015 through December

18 31, 2017.

19      **RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

20      Responding Party objects to this request on the grounds that it is overbroad

21 as to time and scope, vague and ambiguous, burdensome and oppressive, and not

22 proportional to the needs of the case.  Further objection is taken to this request on

23 the grounds that it seeks materials protected from disclosure under the attorney

24 work product doctrine.

25      Without waiving and subject to the foregoing objections, Responding Party

26 will produce responsive documents to the extent they exist and do not fall within

27 one of the above-asserted privileges.

28

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 127:**

Any and all of your Errors & Omissions insurance policies that were in effect and/or applicable for the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 128:**

Any and all of your business insurance policies that were in effect and/or applicable for the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 129:**

Any and all insurance policies not heretofore specifically requested which provide actual or potential coverage with respect to Plaintiffs claims in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 130:**

All leases for any offices occupied by you since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 131:**

All business licenses held by you at any time since January 1, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 132:**

All investment proposals you provided to Plaintiff between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 133:**

All investment proposals you provided to any other prospective investor between January 1, 2015 and December 31, 2017.

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

2        Responding Party objects to this request on the grounds that it is overbroad

3    as to time and scope, burdensome and oppressive, and not proportional to the needs

4    of the case.

5

6    **REQUEST FOR PRODUCTION NO. 134:**

7        All profit and loss forecasts relating to the DPG sub-prime automobile loan

8    portfolio that were generated at any time between January 1, 2015 and December

9    31, 2017.

10       **RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

11       Responding Party objects to this request on the grounds that it is overbroad

12   as to time and scope, burdensome and oppressive, and not proportional to the needs

13   of the case.

14       Without waiving and subject to the foregoing objections, Responding Party

15   will produce responsive documents to the extent they exist.

16   **REQUEST FOR PRODUCTION NO. 135:**

17       All documents which were utilized or relied upon to create the profit and

18   loss forecasts relating to the DPG sub-prime automobile loan portfolio that were

19   generated at any time between January 1, 2015 and December 31, 2017.

20       **RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

21       Responding Party objects to this request on the grounds that it is overbroad

22   as to time and scope, burdensome and oppressive, and not proportional to the needs

23   of the case.

24

25   **REQUEST FOR PRODUCTION NO. 136:**

26       All investor return models relating to the DPG sub-prime automobile loan

27   portfolio that were generated at any time between January 1, 2015 and December

28   31, 2017.

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

2       Responding Party objects to this request on the grounds that it is overbroad

3  as to time and scope, burdensome and oppressive, and not proportional to the needs

4  of the case.

5       Without waiving and subject to the foregoing objections, Responding Party

6  will produce responsive documents to the extent they exist.

7

8  **REQUEST FOR PRODUCTION NO. 137:**

9       All documents which were utilized or relied upon to create the investor

10  return models relating to the DPG sub-prime automobile loan portfolio that were

11  generated at any time between January 1, 2015 and December 31, 2017.

12       **RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

13       Responding Party objects to this request on the grounds that it is overbroad

14  as to time and scope, burdensome and oppressive, and not proportional to the needs

15  of the case.

16

17  **REQUEST FOR PRODUCTION NO. 138:**

18       All term sheets relating to the DPG sub-prime automobile loan portfolio that

19  were generated at any time between January 1, 2015 and December 31, 2017.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

21       Responding Party objects to this request on the grounds that it is overbroad

22  as to time and scope, burdensome and oppressive, and not proportional to the needs

23  of the case.

24       Without waiving and subject to the foregoing objections, Responding Party

25  will produce responsive documents to the extent they exist.

26

27

28

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 139:**

All documents which were utilized or relied upon to create the term sheets relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 140:**

All investor summaries relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 141:**

All investor summaries which were utilized or relied upon to create the term sheets relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

**REQUEST FOR PRODUCTION NO. 142:**

All automobile loan models relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 143:**

All documents which were utilized or relied upon to create the automobile loan models relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 144:**

All financial models relating to the DPG sub-prime automobile loan portfolio that were generated at any time between January 1, 2015 and December 31, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

1  Without waiving and subject to the foregoing objections, Responding Party

2  will produce responsive documents to the extent they exist.

3

4  **REQUEST FOR PRODUCTION NO. 145:**

5  All documents which were utilized or relied upon to create the financial

6  models relating to the DPG sub-prime automobile loan portfolio that were

7  generated at any time between January 1, 2015 and December 31, 2017.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

9  Responding Party objects to this request on the grounds that it is overbroad

10  as to time and scope, burdensome and oppressive, and not proportional to the needs

11  of the case.

12

13  **REQUEST FOR PRODUCTION NO. 146:**

14  All estimates of returns relating to the DPG sub-prime automobile loan

15  portfolio that were generated at any time between January 1, 2015 and December

16  31, 2017.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

18  Responding Party objects to this request on the grounds that it is overbroad

19  as to time and scope, burdensome and oppressive, and not proportional to the needs

20  of the case.

21  Without waiving and subject to the foregoing objections, Responding Party

22  will produce responsive documents to the extent they exist.

23

24  **REQUEST FOR PRODUCTION NO. 147:**

25  All documents which were utilized or relied upon to create the estimates of

26  returns relating to the DPG sub-prime automobile loan portfolio that were

27  generated at any time between January 1, 2015 and December 31, 2017.

28

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

2        Responding Party objects to this request on the grounds that it is overbroad

3    as to time and scope, burdensome and oppressive, and not proportional to the needs

4    of the case.

5

6    **REQUEST FOR PRODUCTION NO. 148:**

7        All documents which evidence and/or reflect the underwriting review that

8    was done for each of the loans in the DPG sub-prime automobile loan portfolio.

9        **RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

10        Responding Party objects to this request on the grounds that it is overbroad

11   as to time and scope, burdensome and oppressive, and not proportional to the needs

12   of the case.

13

14   **REQUEST FOR PRODUCTION NO. 149:**

15        All documents which contain, reflect and/or evidence the underwriting

16   guidelines that were utilized for each of the loans in the DPG sub-prime

17   automobile loan portfolio.

18        **RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

19        Responding Party objects to this request on the grounds that it is overbroad

20   as to time and scope, burdensome and oppressive, and not proportional to the needs

21   of the case.

22   **REQUEST FOR PRODUCTION NO. 150:**

23        All documents reflecting and/or evidencing any audits that were performed

24   with respect to the Skibo Companies at any time between January 1, 2015 and

25   December 31, 2017, exclusive of documents protected by the attorney-client and/or

26   attorney work product privileges.

27

28

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 151:**

All documents reflecting and/or evidencing any audits that were performed with respect to the DPG sub-prime automobile loan portfolio at any time between January 1, 2015 and December 31, 2017, exclusive of documents protected by the attorney-client and/or attorney work product privileges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 152:**

All documents which support the statement in the mezzanine loan proposal that was provided to Plaintiff on or about April 8, 2015 that an investment in the Skibo Companies would provide a total annual return of 28% a year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 153:**

All documents which support the statement in William Brookbank's email of April 30, 2015 that 3% warrants in the Skibo Companies would be worth $784,000 in four years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 154:**

All documents which support the statement in William Brookbank's email of April 30, 2015 that 4.25% warrants in Skibo would be worth $1,100,000.00 in four years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 155:**

All documents which support the statement in William Brookbank's email of April 30, 2015 Plaintiff's internal rate of return would be 108%.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

1  **REQUEST FOR PRODUCTION NO. 156:**

2     All notes of any meetings with Plaintiff which occurred at any time between

3  January 1, 2015 and December 31, 2017.

4     **RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

5     Responding Party objects to this request on the grounds that it is overbroad

6  as to time and scope, burdensome and oppressive, and not proportional to the needs

7  of the case.

8     Without waiving and subject to the foregoing objections, Responding Party

9  will produce responsive documents to the extent they exist.

10

11  **REQUEST FOR PRODUCTION NO. 157:**

12     All notes of any telephone calls with Plaintiff which occurred at any time

13  between January 1, 2015 and December 31, 2017.

14     **RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

15     Responding Party objects to this request on the grounds that it is overbroad

16  as to time and scope, burdensome and oppressive, and not proportional to the needs

17  of the case.

18     Without waiving and subject to the foregoing objections, Responding Party

19  will produce responsive documents to the extent they exist.

20

21  **REQUEST FOR PRODUCTION NO. 158:**

22     All notes of any meetings during which Plaintiff and/or the Investments At

23  Issue were discussed, exclusive of documents protected by the attorney-client

24  and/or attorney work product privileges.

25     **RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

26     Responding Party objects to this request on the grounds that it is overbroad

27  as to time and scope, burdensome and oppressive, and not proportional to the needs

28  of the case.

1    Without waiving and subject to the foregoing objections, Responding Party

2 will produce responsive documents to the extent they exist.

3

4 **REQUEST FOR PRODUCTION NO. 159:**

5    All notes of any telephone calls during which Plaintiff and/or the

6 Investments At Issue were discussed, exclusive of documents protected by the

7 attorney-client and/or attorney work product privileges.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

9    Responding Party objects to this request on the grounds that it is overbroad

10 as to time and scope, burdensome and oppressive, and not proportional to the needs

11 of the case.

12    Without waiving and subject to the foregoing objections, Responding Party

13 will produce responsive documents to the extent they exist.

14

15 **REQUEST FOR PRODUCTION NO. 160:**

16    All spreadsheets of investor loans that were created at any time during the

17 period of January 1, 2015 - December 31, 2017.

18    **RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

19    Responding Party objects to this request on the grounds that it is overbroad

20 as to time and scope, burdensome and oppressive, and not proportional to the needs

21 of the case.

22

23 **REQUEST FOR PRODUCTION NO. 161:**

24    All spreadsheets of the loans in the DPG sub-prime automobile loan

25 portfolio that were created at any time during the period of January 1, 2015 -

26 December 31, 2017.

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

2      Responding Party objects to this request on the grounds that it is overbroad

3  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4  proportional to the needs of the case.

5

6  **REQUEST FOR PRODUCTION NO. 162:**

7      All documents which are sufficient to show the dates of the Investments At

8  Issue.

9      **RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

10     Responding Party objects to this request on the grounds that it is overbroad

11  as to time and scope, burdensome and oppressive, and not proportional to the needs

12  of the case.

13     Without waiving and subject to the foregoing objections, Responding Party

14  will produce responsive documents to the extent they exist.

15

16  **REQUEST FOR PRODUCTION NO. 163:**

17     All documents which are sufficient to show the Amounts of the Investments

18  At Issue.

19     **RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

20     Responding Party objects to this request on the grounds that it is overbroad

21  as to time and scope, burdensome and oppressive, and not proportional to the needs

22  of the case.

23     Without waiving and subject to the foregoing objections, Responding Party

24  will produce responsive documents to the extent they exist.

25

26

27

28

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

1  **REQUEST FOR PRODUCTION NO. 164:**

2      All communications between you and/or any person acting on your behalf

3  and Plaintiff regarding the UCC-1 Financing Statements in favor of Plaintiff which

4  were filed with the Arizona Secretary of State on or about August 23, 2016.

5          **RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

6      Responding Party objects to this request on the grounds that it is overbroad

7  as to time and scope, burdensome and oppressive, and not proportional to the needs

8  of the case.

9      Without waiving and subject to the foregoing objections, Responding Party

10  will produce responsive documents to the extent they exist.

11

12  **REQUEST FOR PRODUCTION NO. 165:**

13      All communications between you and/or any person acting on your behalf

14  and any of the other DPG Entity Defendants regarding the UCC-1 Financing

15  Statements in favor of Plaintiff which were filed with the Arizona Secretary of

16  State on or about August 23, 2016.

17          **RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

18      Responding Party objects to this request on the grounds that it is overbroad

19  as to time and scope, vague and ambiguous, burdensome and oppressive, and not

20  proportional to the needs of the case.  Further objection is taken to this request on

21  the grounds that it seeks materials protected from disclosure by the attorney client

22  privilege.

23      Without waiving and subject to the foregoing objections, Responding Party

24  will produce responsive documents to the extent they exist and do not fall within

25  any above-mentioned privilege.

26

27

28

**REQUEST FOR PRODUCTION NO. 166:**

All communications between you and/or any person acting on your behalf and ACA regarding the UCC-1 Financing Statements in favor of Plaintiff which were filed with the Arizona Secretary of State on or about August 23, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 167:**

All communications between you and/or any person acting on your behalf and any lender or prospective lender regarding the UCC-1 Financing Statements in favor of Plaintiff which were filed with the Arizona Secretary of State on or about August 23, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 168:**

All documents which are sufficient to show the purchase price of each of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 169:**

All documents which are sufficient to show the purchase date of each of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 170:**

All documents which are sufficient to show the contract amount of each of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 171:**

All documents which are sufficient to identify the name of the person or entity who purchased each of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 172:**

All documents which are sufficient to show the dates of any transfer of any ownership of any of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 173:**

All documents which are sufficient to identify the person or entity to whom ownership of any of the loans that were held in the DPG sub-prime automobile

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

loan portfolio at any time during the period of January 1, 2015 - June 30, 2018 was transferred at any time between January 1, 2015 and June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 174:**

All documents which are sufficient to show the amount of any consideration that was paid by the acquiring person/entity for any transfer of any ownership of any of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018 for any transfers of ownership which occurred at any time between January 1, 2015 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 175:**

All documents which are sufficient to show the maturity date of each of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 176:**

All documents which are sufficient to show the monthly payments owed by each of the borrowers for each of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 177:**

All documents which are sufficient to show the monthly gross income that you have received since January 1, 2015 from the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 178:**

All documents which are sufficient to show the dates of any defaults with respect to any of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 179:**

All documents which are sufficient to show the amounts of any defaults with respect to any of the loans that were held in the DPG sub-prime automobile loan portfolio at any time during the period of January 1, 2015 - June 30, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 179:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

Without waiving and subject to the foregoing objections, Responding Party will produce responsive documents to the extent they exist.

**REQUEST FOR PRODUCTION NO. 180:**

All documents which are sufficient to show the net losses attributable to any defaults with respect to any of the loans that were held in the DPG sub-prime

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

1  automobile loan portfolio at any time during the period of January 1, 2015 - June
2  30, 2018.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 180:**

4  Responding Party objects to this request on the grounds that it is overbroad
5  as to time and scope, vague and ambiguous, burdensome and oppressive, and not
6  proportional to the needs of the case.

7  Without waiving and subject to the foregoing objections, Responding Party
8  will produce responsive documents to the extent they exist.

9

10 **REQUEST FOR PRODUCTION NO. 181:**

11 All overviews of the DPG sub-prime automobile loan portfolio that were
12 created at any time during the period of January 1, 2015 through the present.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

14 Responding Party objects to this request on the grounds that it is overbroad
15 as to time and scope, vague and ambiguous, burdensome and oppressive, and not
16 proportional to the needs of the case.

17

18 **REQUEST FOR PRODUCTION NO. 182:**

19 All source documents which were utilized to prepare the overviews of the
20 DPG sub- prime automobile loan portfolio that were created at any time during the
21 period of January 1, 2015 through the present.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 182:**

23 Responding Party objects to this request on the grounds that it is overbroad
24 as to time and scope, vague and ambiguous, burdensome and oppressive, and not
25 proportional to the needs of the case.

26 **REQUEST FOR PRODUCTION NO. 183:**

27 All automobile title documents for each of the loans in the DPG sub-prime
28 automobile loan portfolio during the period of January 1, 2015 through the present.

220137574                                80                      2:17-CV-00820-KJM-CKD

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

2    Responding Party objects to this request on the grounds that it is overbroad

3    as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4    proportional to the needs of the case.

5    Without waiving and subject to the foregoing objections, Responding Party

6    will produce responsive documents to the extent they exist.

7

8    **REQUEST FOR PRODUCTION NO. 184:**

9    All lien assignments with respect to any of the loans in the DPG sub-prime

10   automobile loan portfolio which were made at any time during the period of

11   January 1, 2015 through the present.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 184:**

13   Responding Party objects to this request on the grounds that it is overbroad

14   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

15   proportional to the needs of the case.

16   Without waiving and subject to the foregoing objections, Responding Party

17   will produce responsive documents to the extent they exist.

18

19   **REQUEST FOR PRODUCTION NO. 185:**

20   All versions of Daniel Galvanoni's resume that were created or in effect at

21   any time during the period of January 1, 2015 through the present.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 185:**

23   Responding Party objects to this request on the grounds that it is overbroad

24   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

25   proportional to the needs of the case.

26   **REQUEST FOR PRODUCTION NO. 186:**

27   All versions of Philip Galvanoni's resume that were created or in effect at

28   any time during the period of January 1, 2015 through the present.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 186:**

2    Responding Party objects to this request on the grounds that it is overbroad

3    as to time and scope, vague and ambiguous, burdensome and oppressive, and not

4    proportional to the needs of the case.

5

6    **REQUEST FOR PRODUCTION NO. 187:**

7    All versions of Gerald Hudspeth's resume that were created or in effect at

8    any time during the period of January 1, 2015 through the present.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 187:**

10   Responding Party objects to this request on the grounds that it is overbroad

11   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

12   proportional to the needs of the case.

13

14   **REQUEST FOR PRODUCTION NO. 188:**

15   All versions of Westley Anderson's resume that were created or in effect at

16   any time during the period of January 1, 2015 through the present.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 188:**

18   Responding Party objects to this request on the grounds that it is overbroad

19   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

20   proportional to the needs of the case.

21

22   **REQUEST FOR PRODUCTION NO. 189:**

23   All versions of William Brooksbank's resume that were created or in effect

24   at any time during the period of January 1, 2015 through the present.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 189:**

26   Responding Party objects to this request on the grounds that it is overbroad

27   as to time and scope, vague and ambiguous, burdensome and oppressive, and not

28   proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 190:**

All versions of Jerome Joseph's resume that were created or in effect at any time during the period of January 1, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 190:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, vague and ambiguous, burdensome and oppressive, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 191:**

All statements, notes, recordings, or other documents of any type, if any exist, obtained from any witness, or potential witness to this action, concerning Plaintiff and/or any of the Investments at Issue and/or the DPG sub-prime automobile loan portfolio, exclusive of documents protected by the attorney-client or attorney work product privilege.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 191:**

Responding Party objects to this request on the grounds that it is overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case.  Further objection is taken to this request on the grounds that it seeks the premature disclosure of expert witness materials.

**REQUEST FOR PRODUCTION NO. 192:**

Any notes, memoranda, recordings, or other documents of any type, if any exist, reflecting any verbal conference, discussion, or conversation with any witness, or potential witness to this action, concerning Plaintiff and/or any of the Investments at Issue and/or the DPG sub-prime automobile loan portfolio, exclusive of documents protected by the attorney-client or attorney work product privilege.

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18

1     **RESPONSE TO REQUEST FOR PRODUCTION NO. 192:**

2     Responding Party objects to this request on the grounds that it is overbroad

3 as to time and scope, burdensome and oppressive, and not proportional to the needs

4 of the case.  Further objection is taken to this request on the grounds that it seeks

5 the premature disclosure of expert witness materials.

6

7     **REQUEST FOR PRODUCTION NO. 193:**

8     All documents you identified in your responses to the special interrogatories

9 served herewith.

10     **RESPONSE TO REQUEST FOR PRODUCTION NO. 193:**

11     Responding Party objects to this request on the grounds that it is overbroad

12 as to time and scope, burdensome and oppressive, and not proportional to the needs

13 of the case.

    Dated:  November 8, 2018           CLARK HILL LLP

14

15

16                            By: _____

17                                Bradford G. Hughes
                               Tiffany B. Hunter

18                          Attorneys for defendants DANIEL P.

19                          GALVANONI; DPG INVESTMENTS, LLC;
                         DPG GOLDEN EAGLE, LLC; SPRING

20                          TREE LENDING, LLC; SPRING TREE
                         HOLDINGS, LLC; SPRING TREE

21                          FINANCIAL, LLC; and SKIBO HOLDINGS,
                         LLC

22

23

24

25

26

27

28

DEFENDANT SPRING TREE FINANCIAL, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
ClarkHill\93764\327708\220137574.v1-11/8/18