CLARK HILL LLP
Bradford G. Hughes (SBN 247141)
bhughes@ClarkHill.com
Tiffany B. Hunter (SBGooN 306382)
thunter@ClarkHill.com
1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
Telephone:   (213) 891-9100
Facsimile:   (213) 488-1178

KAUFMAN & FORMAN, P.C.
Alex B. Kaufman (SBN GA 136097)
abk@kauflaw.net
Matthew D. Treco (SBN GA 802181)
mdt@kauflaw.net
8215 Roswell Rd., Building 800
Atlanta, Georgia 30350-6445
Telephone: 770.390.9200
Facsimile: 770.395.6720

Attorneys for Defendants DANIEL P. GALVANONI; DPG INVESTMENTS, LLC; DPG GOLDEN EAGLE, LLC; SPRING TREE LENDING, LLC; SPRING TREE HOLDINGS, LLC; SPRING TREE FINANCIAL, LLC; and SKIBO HOLDINGS, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARSHALL, an individual,<br><br>           Plaintiff,<br><br>v.<br><br>DANIEL P. GALVANONI, an individual; DPG INVESTMENTS, LLC, a foreign limited liability company; DPG GOLDEN EAGLE, LLC, a foreign limited liability company; SPRING TREE LENDING, LLC, a foreign limited liability company; SPRING TREE HOLDINGS, LLC, a foreign limited liability company; SPRING TREE FINANCIAL, LLC, a foreign limited liability company; SKIBO HOLDINGS, LLC, a foreign limited liability company; GERALD T. HUDSPETH, an individual; JEROME L. JOSEPH, an individual; WILLIAM J. BROOKSBANK, an individual; AND DOES 1-100, inclusive,<br><br>           Defendants. | Case No. 2:17-CV-00820-KJM-CKD<br><br>**DECLARATION OF BRADFORD HUGHES IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER PERTAINING TO SUBPOENAS OF WELLS FARGO BANK AND BBVA COMPASS**<br><br>Date:        June 26, 2019<br>Time:       10:00 a.m.<br>Courtroom:  Courtroom 24, 8th Floor<br><br>Judge:      Hon. Carolyn K. Delaney |

# DECLARATION OF BRADFORD G. HUGHES

I, Bradford G. Hughes, declare as follows:

1. I am an attorney at law, duly licensed to practice before the courts of the State of California. I am a Partner with the law firm of Clark Hill LLP, attorneys of record for defendants Daniel P. Galvanoni, DPG Investments, LLC, DPG Golden Eagle, LLC, Spring Tree Lending, LLC, Spring Tree Holdings, LLC, Spring Tree Financial, LLC, and SkiBo Holdings, LLC ("Defendants") in the above referenced matter.

2. I submit this Declaration in support of Defendants' Motion for Protective Order regarding subpoenas issued by Plaintiff John Marshall to Wells Fargo Bank and BBVA Compass Bancshares, Inc.

3. I have personal knowledge of the facts set forth herein and if called to testify could and would competently testify thereto.

4. This case arises from an investment agreement between Plaintiff and Defendants. Plaintiff's Second Amended Complaint alleges that Defendants breached various duties owed to Plaintiff arising out of his investments with Defendants.

5. Plaintiff and Defendants have engaged in extensive discovery to date, consisting of written interrogatories, requests for production of documents, depositions, and the issuance of subpoenas. The fact discovery cutoff is set for June 14, 2019.

6. On May 8, 2019, my office received a subpoena *duces tecum* issued by Plaintiff to Wells Fargo Bank, National Association ("Wells Fargo"). The subpoena seeks "all bank statements for all accounts" and "all checked of $1,000.00 or more written on any accounts" of defendants Spring Tree Lending, LLC; Spring Tree Holdings, LLC; Spring Tree Financial, LLC; Skibo Holdings, LLC; and Golden Eagle Lending, LLC from June 1, 2015 through July 31, 2016. The subpoena requires production by June 7, 2019. (Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff's Subpoena Duces Tecum to Wells Fargo Bank, National Association, dated May 8, 2019.)

7. On May 8, 2019, my office also received a subpoena *duces tecum* issued by Plaintiff to BBVA Compass Bancshares, Inc. ("BBVA"). The subpoena seeks "[c]opies of all checks issues from the account of DPG Golden Eagle, LLC" on eleven (11) dates. Production is set for June 7, 2019. (Attached hereto as Exhibit "B" is a true and correct copy of Plaintiff's Subpoena Duces Tecum to BBVA Compass Bancshares, Inc., dated May 8, 2019.)

    a. Plaintiff had not previously requested the information sought by these subpoenas. Rather, Plaintiff requested from Defendants "[e]ach and all of [Defendants'] bank account statements for the period of January 1, 2015 through the present." Plaintiff made no requests for checks written from Defendant's bank accounts. (Attached hereto as Exhibit "C" are true and correct copies of Plaintiff's Requests for Production of Documents, Set One, to all Defendants, dated August 15, 2018.)

    b. On November 8, 2018, Defendants served responses to Plaintiff's first set of discovery, objecting to this request as overbroad as to time and scope, burdensome and oppressive, and not proportional to the needs of the case. (Attached hereto as Exhibit "D" are true and correct copies of Defendant's Responses to Plaintiff's Requests for Production of Documents, Set One, dated November 8, 2018.)

    c. Plaintiff did not respond to Defendants' objections until May 8, 2019—the same date the subpoenas to Wells Fargo and BBVA were issued—at which time Plaintiff provided a meet and confer letter refusing to narrow the scope of the request. (Attached hereto as Exhibit "E" is a true and correct copy of Plaintiff's meet an confer letter dated May 8, 2019.)

8. On May 22, 2019, my office served objections on behalf of Defendants to both subpoenas, based primarily on the grounds of privilege and relevance. Specifically, Defendants argued that the subpoenas seek information unrelated to the claims and defenses at issue in this case and that the requested information is protected by the doctrine of financial privilege. (Attached hereto as Exhibit "F" are true and correct copies of Defendants' Objections to Plaintiff's Subpoenas to Produce Documents,

Information, or Objects, Served Upon Wells Fargo Bank and BBVA Compass Bancshares, Inc., dated May 22, 2019.)

9. On May 28, 2019, my office delivered a meet and confer letter to counsel for Plaintiff, requesting that the subpoenas be withdrawn or, in the alternative, narrowed in scope to include only Plaintiff's financial transactions with the defendant-entities referenced in the subpoenas. (Attached hereto as Exhibit "G" is a true and correct copy of Defendants' May 28, 2019 meet and confer letter.)

10. On June 5, 2019, my office received a letter from Plaintiff's counsel, withdrawing the subpoena to BBVA on the ground that it was issued to the wrong entity, but stating that he would re-issue the subpoena to the proper entity, BBVA Compass and would not be withdrawing or narrowing the scope of the subpoena once issued. Plaintiff further refused to withdraw the subpoena to Well Fargo. (Attached hereto as Exhibit "H" is a true and correct copy of Plaintiff's June 5, 2019 meet and confer letter.)

I declare under the penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed on this 19th day of June, 2019 in Los Angeles, California.

*[signature]*

Bradford G. Hughes