# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARSHALL, | No. 2:17-cv-00820-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| DANIEL P. GALVANONI, et al., | |
| Defendants. | |

Defendants Daniel Galvanoni, DPG Investments, LLC, DPG Golden Eagle, LLC, Spring Tree Lending, LLC, Spring Tree Holdings, LLC, Spring Tree Financial, LLC and SKIBO Holdings, LLC (collectively "defendants") move to stay this civil action pending investigation by the United States Securities and Exchange Commission ("SEC") of defendants' involvement in the investments at the heart of this action. Mot., ECF No. 78. Plaintiff opposes the motion, Opp'n, ECF No. 84, and defendants have replied, Reply, ECF No. 86. The court submitted the matter without oral argument and, after careful consideration, DENIES defendants' motion.

I.  BACKGROUND

This case involves alleged securities fraud and materially false representations by defendants related to investments made by plaintiff John Marshall. Second Am. Compl. ("SAC"), ECF No. 47. Plaintiff initiated this action in Sacramento County Superior Court on

March 9, 2017, *see* Not. of Removal at 14–73,[1] ECF No. 2, and on April 18, 2017, defendants timely removed the matter to this court, *id.* at 1–10. After an initial round of motions to dismiss the complaint, *see generally* Dismissal Order, ECF No. 27, plaintiff amended his complaint, First Am. Compl., ECF No. 28, and, upon court approval, later filed a Second Amended Complaint, which serves as the operative complaint here.

On March 5, 2019, defendants filed a motion to stay this action in light of a parallel investigation being conducted by the SEC regarding the same financial investments at issue in this civil suit. *See generally* Mot. Specifically, defendants contend the SEC investigation is quasi-criminal in nature, involves the same defendants named in this suit, both the individual and the entities, and implicates defendants' Fifth Amendment rights. *Id.* at 6. Defendants ask the court to stay this action to allow the SEC investigation to run its course; they say failure to do so would render continued discovery efforts fruitless because defendants intend to assert their Fifth Amendment privilege regarding any information subject to investigation by the SEC. *Id.* at 1–4. Plaintiff opposes the motion because, *inter alia*, the SEC investigation has not produced a criminal indictment; therefore, they argue, defendants' Fifth Amendment concerns are unfounded. *See generally* Opp'n. On April 9, 2019, the court submitted the matter without oral argument, ECF No. 85, and resolves it here.

II.     LEGAL STANDARD

A party has no constitutional right to a stay of civil proceedings during the pendency of a criminal investigation or prosecution, nor does the Constitution protect a party from being forced to choose between the consequences of asserting or waiving his Fifth Amendment rights in the civil proceedings. *Baxter v. Palmigiano*, 425 U.S. 308, 318–19 (1976); *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). Even so, after considering "the particular circumstances and competing interests involved in the case," a court has discretion either to stay the entire proceeding or fashion some other, less drastic way to protect a party's Fifth Amendment rights. *Keating v. Office of Thrift Supervision*, 45 F.3d 322,

---

[1] All page numbers refer to ECF document pagination, not internal document pagination.

324 (9th Cir. 1995); *see also eBay, Inc. v. Digital Point Solutions, Inc.*, No. C 08-4052 JF (PVT), 2010 WL 702463, at *5 (N.D. Cal. Feb. 10, 2010) (considering plaintiff's proposed alternatives to a stay, but ultimately denying stay). "The case for staying civil proceedings is 'a far weaker one' when '[n]o indictment has been returned[, and] no Fifth Amendment privilege is threatened." *Molinaro*, 889 F.2d at 903 (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980) (en banc)). As one court has observed, there do not appear to be any cases granting a stay "in the absence of any hint of criminal proceedings . . . ." *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895, 902 (N.D. Cal. 2010) (rejecting request for stay until expiration of statute of limitations).

In considering whether to stay proceedings, the court "should consider 'the extent to which the defendant's [F]ifth [A]mendment rights are implicated.'" *Keating*, 45 F.3d at 324 (quoting *Molinaro*, 889 F.2d at 902). In addition, the court should consider the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to the plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 325. It is defendants' burden to persuade the court a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

III. ANALYSIS

    A. Defendants' Fifth Amendment Privilege

"While the extent to which a defendant's Fifth Amendment rights are implicated is a significant factor, it is only one consideration to be weighed against the other five factors." *ESG Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1045 (C.D. Cal. 2014) (citing *Keating*, 45 F.3d at 326). And though the invocation of a defendant's Fifth Amendment privilege demands serious consideration, it is still nonetheless permissible to allow a parallel civil case to proceed, even if the trier of fact draws adverse inferences from a defendant's invocation of his Fifth

3

Amendment rights. *Keating*, 45 F.3d at 326 (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)).

Here, defendants contend protection of their Fifth Amendment rights outweighs any prejudice to plaintiff because the factual and legal issues in the SEC investigation overlap with the subject matter of this civil action, both individual and entity defendants are targets of the SEC investigation and conducting further discovery would be futile in light of defendants' intention to assert their Fifth Amendment privilege regarding any question regarding a fact subject to the SEC investigation. Mot. 4–5. Defendants believe a stay is appropriate as to all defendants because Daniel Galvanoni, although sued in his individual capacity, acts primarily through his role as a corporate officer;[2] thus, by responding to discovery regarding his involvement in the underlying investments, Galvanoni will necessarily implicate the corporate defendants for whom he served. *Id.* at 9 ("The SEC investigation goes beyond just Mr. Galvanoni and therefore a stay is appropriate as to this entire action.").

Defendants' arguments premised on the Fifth Amendment are unavailing. Even if the SEC investigation causes Galvanoni, in his individual capacity, to assert his Fifth Amendment privilege given the factual and legal overlap between the investigation and the civil case here, corporate defendants are entitled to no such privilege. *Braswell v. United States*, 487 U.S. 99, 102 (1988). Nor does the privilege extend to corporate records. *Bellis v. United States*, 417 U.S. 85, 88 (1974). Moreover, a custodian of corporate records "has no privilege to refuse production [even if] their contents tend to incriminate him." *Wilson v. United States*, 221 U.S. 361, 382 (1911); *but see Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Fin., Inc.*, No. 2:09-CV-0954 FCD EFB, 2009 WL 2136986, at *3 (E.D. Cal. July 15, 2009) (staying action involving corporate defendant where "Fifth Amendment rights of every director or officer who may speak on behalf of the [corporation] are implicated, and thus, [the corporation] is likely to be greatly prejudiced"). Here, Galvanoni is the sole individually named defendant in this action. *See* SAC

---

[2] The Second Amended Complaint lists Galvanoni as Chairman of the Board and Chief Executive Officer ("CEO") of DPG Investments, LLC and Chairman of the Board of DPG Golden Eagle, LLC, Spring Tree Lending, LLC, Spring Tree Holdings, LLC, Spring Tree Financial, LLC, and SKIBO Holdings. SAC ¶ 17.

4

¶ 2. All remaining defendants are corporate entities.[3] That Galvanoni serves as the CEO and/or Chairman of the corporate entities named in both this action and the SEC investigation does not warrant a stay of this entire litigation, given the totality of the record before the court. Plaintiff may still elicit valuable testimony from unnamed corporate representatives and compel production of relevant records given the inapplicability of the Fifth Amendment privilege to the corporate entities.

    Two principles further inform the court's decision: (1) the Constitution does not require a stay when parallel proceedings exist, and (2) the need for a stay is weaker when no indictment has been returned. *Molinaro*, 889 F.2d at 902–03. First, because there is no Constitutional mandate, the court has great discretion when considering whether to grant a stay. *Keating*, 45 F.3d at 324. Second, the fact that no criminal charges have been filed against any defendant is not without weight. It is true, as defendants assert, SEC investigations generally are conducted "with a view to both civil and criminal enforcement," *see Dresser*, 628 F.2d at 1376, thus the threat of possible criminal action may give rise to a defendant's invocation of his Fifth Amendment rights, Reply at 3–6. At the same, a criminal referral is merely one route an SEC investigation may take. As the *Dresser* court explained, "the SEC may bring a[] [civil] action in federal district court to enjoin such [violative] acts or practices" or it may "transmit such evidence as may be available concerning such acts or practices . . . to the Attorney General, who may . . . institute the necessary criminal proceedings." 628 F.2d at 1376. In the civil context, the SEC may also pursue imposition of monetary penalties. *See* 15 U.S.C. § 78u(d)(3)(A) ("[T]he Commission may bring an action in a United States district court to seek . . . a civil penalty to be paid by the person who committed such violation."). But if every civil case that runs parallel to an SEC investigation were entitled to a stay in federal court, litigants' ability to fairly and expeditiously advance their matters toward completion would be significantly impeded on a regular basis.

---

[3] Defendant American Credit Acceptance, LLC was dismissed from this action on March 28, 2019, pursuant to the parties' joint stipulation. *See* ECF Nos. 82, 83.

Moreover, although defendants argue "formal investigation is likely to result in criminal prosecution of Mr. Galvanoni and relevant witnesses," they provide no evidence to suggest any prosecution is imminent. Mot. at 4. As explained in this court's prior order denying defendants' sealing request, *see* ECF No. 77 (analyzing 17 C.F.R. § 203.5), SEC investigations are non-public proceedings; therefore, there is no publicly available information from which the court can infer in which direction the SEC intends to advance its investigation, if at all. Defendants concede as much: "The SEC investigation, which is ongoing, can and *may* lead to a criminal indictment. . . . How would the Plaintiff, or his counsel, possibly be aware of the decision-making process of the SEC Enforcement Division?" Reply at 3 (emphasis added).

At this stage, the most the court can conclude is that there is a possible threat of criminal action. That threat alone, weighed against the other *Keating* factors discussed below, does not tip the scale in defendants' favor. The extent to which defendants' Fifth Amendment rights are implicated does not warrant a stay of this action.

   B.   Other *Keating* Factors

The other *Keating* factors also weigh in plaintiff's favor and against granting a stay.

      1.   Plaintiff's Interest in Proceeding

"Courts have recognized that a civil plaintiff has an interest in having her case resolved quickly." *ESG Capital*, 22 F. Supp. 3d at 1046. Plaintiff notes this case has been pending for over two years and argues defendants have used dilatory tactics to avoid conducting discovery, are dissipating assets and are preventing plaintiff from identifying other potential defendants. Opp'n at 5–6. Without reaching the question of defendants' dilatory tactics or alleged dissipation of assets, the fact this case has lingered in this court since April 18, 2017 with only written discovery having been conducted thus far is reason to forge ahead. *See* Stip. and Order at 2, ECF No. 81. Plaintiff has a strong interest in pursuing the merits of his case. This factor weighs in his favor.

### 2. Burden on Defendants

As for the burden on defendants, "[c]ourts have found that even when a defendant's Fifth Amendment rights are implicated, this factor does not support granting a stay unless the defendant can show other 'compelling factors as described in *Keating*.'" *ESG Capital*, 22 F. Supp. 3d at 1046 (quoting *Gen. Elec. Co. v. Liang*, No. CV 13-08670 DDP (VBKx), 2014 WL 1089264, at *5 (C.D. Cal. Mar. 19, 2014)). Defendants identify no such compelling factors, but merely reiterate the catch-22 in which Galvanoni would find himself in having to "choose between defending this matter and asserting Fifth Amendment rights." Mot. at 10. If Galvanoni does invoke his right to silence, the entity defendants assert they will be unduly burdened "because Mr. Galvanoni is the person most knowledgeable and the authorized representative for purposes of verifying discovery." Reply at 8. But, as explained above, a custodian of corporate records cannot invoke a Fifth Amendment privilege over those records simply because the contents of the records are potentially incriminating to him in his individual capacity. *See Sanrio, Inc. v. Ronnie Home Textile Inc.*, No. 2:14-CV-06369-RSWL, 2015 WL 1062035, at *2 (C.D. Cal. Mar. 10, 2015). "[T]he custodian of corporate or entity records holds those documents in a representative rather than a personal capacity." *Id.* (citing *Braswell*, 487 U.S. at 109–10). Any burden imposed on the entity defendants in litigating this action does not outweigh other factors favoring continuation of these proceedings.

### 3. Judicial Efficiency

Because "the court has an interest in clearing its docket," this factor weighs in favor of denying defendants' motion. *Molinaro*, 889 F.2d at 903. Although defendants argue the five-year statute of limitations within which they calculate the SEC must conclude its investigation is set to expire in 2020, Reply at 9, defendants do not account for the additional time likely associated with any prosecution the SEC might pursue by seeking or filing formal charges. During any criminal proceeding, Galvanoni would presumably continue to assert his Fifth Amendment rights, while this civil matter would continue to languish. This factor weighs in plaintiff's favor.

####  4. Public and Non-Party Interests

In support of this factor, defendants cite *Douglas v. United States*, No. C 03-04518 JW, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006), for the proposition the public has a great interest in "ensuring that the criminal process is not subverted by ongoing civil cases." Here, however, defendants do not argue any criminal case would be undermined by the continuation of this civil action. If anything, their argument suggests the opposite: continuation of this civil case might lead to the disclosure of potentially incriminating evidence supporting a criminal case. Defendants also contend the public interest would be promoted by staying this action because it would allow defendants to effectively defend both civil and criminal actions against them. Reply at 9. Given the court's strong interest in resolving cases on the merits, there is some heft to this argument. On the slim record here, however, this consideration is offset by the public interest in relatively speedy resolution of civil matters. *See Keating*, 45 F.3d at 326. Viewed against the other *Keating* factors, any increase in the defendants' ability to effectively respond to multiple cases against them does not tip the scale in favor of a stay.

In sum, after considering each of the *Keating* factors and the extent to which defendants' Fifth Amendment rights may be implicated by discovery in this action, the court finds a stay of this action is unwarranted.

### IV. CONCLUSION

Defendants' motion to stay is DENIED. This order resolves ECF No. 78.

IT IS SO ORDERED.

DATED: June 19, 2019.

_____
UNITED STATES DISTRICT JUDGE

8