UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARSHALL,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL P. GALVANONI, et al.,<br><br>Defendants. | Case No. 2:17-cv-00820-KJM-CKD<br><br><br>ORDER |

Plaintiff moves to vacate the discovery and pretrial deadlines in the court's pretrial scheduling order, citing defendants' refusal to participate in discovery while a motion to stay has been pending before the court. Mot., ECF No. 96. The court has now denied defendants' motion to stay. ECF No. 103. Defendants did not oppose or file a statement of non-opposition to plaintiff's motion to vacate and the court finds the motion is appropriate for resolution without hearing. E.D. Cal. R. 230(g). Accordingly, as explained below, GRANTS plaintiff's motion to vacate discovery and pretrial deadlines.

The court will modify dates set forth in a scheduling order only upon the moving party's showing of good cause. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The moving party must show it was diligent in its attempts to complete discovery in a timely manner. *Johnson*, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny

/////

1

a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end." *Id.* (citations omitted).

Here, plaintiff has established good cause for modifying the scheduling order. Plaintiff's counsel describes her efforts to pursue discovery in this matter and defendants' "steadfast[] refus[al] to produce any of their agents for deposition . . . . [or] answer any of Plaintiff's requests for admissions or interrogatories" while their motion to stay is pending before the court. Mot. at 3−5. She further explains that although defendants have agreed to extend fact discovery, expert discovery and the dispositive motion deadline, defendants demand new deadlines that "do[] not take into account the uncertainty of when the court will rule on Defendant's motion for a stay and what that ruling will be, and do[] not allow a reasonable amount of time for Plaintiff to conduct discovery." *Id.* at 5. Plaintiff's counsel's representations are supported by a declaration, ECF No. 96-1, and are unrebutted in light of defendants' non-opposition.

The court GRANTS the motion to vacate the fact discovery, expert discovery and dispositive motion hearing deadlines in the pretrial scheduling order, ECF No. 52, as amended in ECF No. 63. Further, because the court has denied defendants' motion to stay, the court ORDERS the parties to meet and confer and file either a stipulation proposing new pretrial deadlines or a joint status report reflecting their independent positions on new deadlines within fourteen (14) days. The June 28, 2019 hearing on the motion to vacate is VACATED.

IT IS SO ORDERED.

DATED: June 20, 2019.

_____
UNITED STATES DISTRICT JUDGE