Melinda Jane Steuer (SBN: 216105)
THE LAW OFFICES OF MELINDA JANE STEUER
928 Second Street, Suite 302
Sacramento, CA 95814
Telephone: (916) 930-0045
Facsimile: (916) 314-4100

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARSHALL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL P. GALVANONI, an individual; DPG Investments, LLC, a foreign limited liability company; DPG GOLDEN EAGLE, LLC, a foreign limited liability company; SPRING TREE LENDING, LLC, a limited liability company; SPRING TREE HOLDINGS, LLC; SPRING TREE FINANCIAL, LLC; SKIBO HOLDINGS, LLC, a foreign limited liability company; and DOES 1-100, inclusive,<br><br>Defendants. | **CASE NO.: 2:17-CV-00820-KJM-CKD**<br><br>**MUTUAL NON-DISCLOSURE STIPULATION AND PROTECTIVE ORDER** |

## A.    INTRODUCTION AND PURPOSE

Litigation and discovery in this matter will likely involve disclosure of confidential information, trade secrets, proprietary, and private information. The parties to this litigation are John Marshall, an individual, and defendants Daniel P. Galvanoni; DPG Investments, LLC; DPG Golden Eagle, LLC; Spring Tree Lending, LLC; Spring Tree Holdings, LLC; Spring Tree Financial, LLC; and Skibo Holdings, LLC ("Defendants"). The parties to this Protective Order understand that they may have access to information and materials concerning the other's business, financial information, third party financial information, financial transactions, plans,

1

products, technical data and other confidential and private information. The parties to this Protective Order understand that the information may have value that would be substantially impaired if the information were disclosed to third parties. The purpose of this Protective Order is to allow the Parties to evaluate confidential information and protected documents and information, without compromising the confidentiality of those documents. Accordingly, the parties stipulate as follows:

**B.  DEFINITIONS**

B(1)  Party: any party to this action, including all of its officers, directors, employees, consultants, agents, retained experts, and outside counsel and their staff.

B(2)  Confidential Information: for purposes of this Protective Order, Confidential Information means, without limitations, any trade secrets, technical, business, financial, contractual terms and conditions furnished by one party to the other. It also includes information, documents, or tangible things that qualify for protection under standards developed under the California Civil Discovery Act and other pertinent statutes and regulations under California and Federal law pertaining to trade secrets, patents, copyrights, and privacy rights to afford the parties the maximum protection for their documents and information allowable under the law.

B(3)  Disclosure or Discovery Material: all information, documents and tangible things, regardless how they are generated, that are produced or generated in disclosures or responses to discovery in this matter.

B(4)  Receiving Party: any Party that receives Disclosure or Discovery Material from a producing party.

B(5)  Producing Party: A Party or non-party that produces Disclosure or Discovery Material in this action.

B(6)  Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

B(7)  Counsel: this includes the Party's counsel, Outside Counsel, and In-House Counsel, and their support staff.

B(8) <u>Expert</u>: a person with specialized knowledge, experience or skill in a matter pertinent to the litigation who has been retained by a Party or their counsel to serve as an expert witness or consultant in this action.

B(9) <u>Professional Vendors</u>: persons or entities that provide litigation support services and their employees and subcontractors.

B(10) <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in response to discovery as "Confidential."

**C. SCOPE**

The protections conferred by this Protective Order cover not only Protected Material, but also any information extracted therefrom, inclusive of, without limitation: excerpts, copies, summaries, compilations, testimony, conversations, or presentations, or anything else that might reveal Protected Material.

**D. DURATION**

The obligations imposed by this Protective Order remain in effect in perpetuity until a Designating Party/Producing Party agrees otherwise in writing or there is a contrary court order, with the exception that information subject to this Protective Order may be used in future litigation arising from the same transaction(s) or occurrence(s) underlying this action.

**E. DESIGNATING PROTECTED MATERIAL**

E(1) <u>Exercise of Restraint by Designating Party:</u>

Each Designating Party that designates items for protection as CONFIDENTIAL must exercise restraint in the designations to ensure that material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order or beyond the scope of protection allowed by California and Federal law. This designation should be used sparingly only for extremely sensitive material.

E(2) <u>Manner and Timing of Designations:</u>

Designation in Conformity with this Protective Order requires the following:

a) <u>for information in documentary form</u>: prior to Disclosure, the Producing Party must affix a legend "CONFIDENTIAL INFORMATION," or alternatively "CONFIDENTIAL," on

each page that contains protected material (or some reasonably similar variation thereof).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which materials it would like copied and produced. During the inspection and before the designation, all of the material made available shall be deemed CONFIDENTIAL INFORMATION.

b) <u>for testimony in deposition or other pretrial or trial proceedings</u>: In the case of depositions or other testimony, designation of the portions of the transcript that contain information deemed "CONFIDENTIAL" shall be made by a statement to such effect on the record in the course of the deposition. Alternatively, within thirty (30) days of receipt of the transcript, Counsel shall list on a separate sheet of paper the numbers of the pages and lines of the transcript containing any information that are CONFIDENTIAL. Pending such designation by counsel, the entire transcript is presumed CONFIDENTIAL.

c) <u>for other produced materials</u>: for other materials besides testimony or documents, the designation of CONFIDENTIAL must be prominently displayed such that any recipient of the information can clearly understand the designation.

E(3) <u>Accidental Failure to Designate:</u>

An accidental failure to designate an item as CONFIDENTIAL does not waive the Designating Party's right to secure protection under this Protective Order, provided it is timely remedied.

**F.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

Within thirty (30) days of Receiving Party's receipt of documents, information, or tangible things designated as "CONFIDENTIAL," the Receiving Party may challenge such a designation. A party that elects to challenge a designation must first make a diligent and good faith attempt to meet and confer over the designation and the identify with particularity the basis for their challenge. A challenging party cannot proceed to court intervention without meeting and conferring first in good faith.

If the meet and confer process fails, any Party or non-party may seek judicial intervention by filing a timely motion with the Court. Until the Court rules on the challenge, all

4

parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

### G. ACCESS AND USE OF PROTECTED MATERIAL

G(1) Basic Principles:

A Receiving Party may only use Protected Material that is disclosed or produced by another Party or by a on-party for prosecuting, defending, or attempting to settle this litigation, as well as any future litigation arising from the same transaction(s) or occurrence(s) underlying the instant action. The Protected Material and information cannot be used for any purpose and it cannot be disclosed to any other person or entity, other than any Party or non-party in related future litigation. The information cannot be used for the commercial benefit of the Parties in any way. The Protected Material must be stored and maintained in a manner that ensures that access to this information, documents, and tangible things is limited to persons authorized under this Order.

G(2) Disclosure of "CONFIDENTIAL" Information or Items:

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

a) a Receiving Party and its counsel, provided they have signed this Protective Order or an agreement to be bound by this Protective Order;

b) it may only be provided to a Receiving Party's officers, directors, employees, consultants, agents, retained experts, and outside counsel and their staff if it is reasonably necessary to disclose the information to them for the purposes of this litigation and any future litigation arising from the same transaction(s) or occurrence(s), provided they have signed an agreement to be bound by this Protective Order;

c) Persons who are retained or sought to be retained by a party to assist on this case, such as independent accounts, economists, statisticians or other consultants or experts (whether or not such persons are retained or sought to be retained to testify), provided that the disclosure is reasonably necessary for this litigation or any future litigation arising from the same transaction(s) or occurrence(s), and only after they have signed an agreement to be bound

5

by this Protective Order;

   d) Any person whose testimony is taken by deposition, provided that such person may be shown copies of CONFIDENTIAL material only during his or her testimony at deposition (and may be shown the transcript of such person's deposition, including any exhibits thereto, for purposes of review and correction of the transcript following the deposition notwithstanding the fact that such transcript or exhibits may contain CONFIDENTIAL material) and only after such person is advised on this Protective Order;

   e) the court and its personnel;

   f) court reporters, Professional Venders, their staffs and other persons who have signed an agreement to be bound by this Protective Order;

   g) witnesses to this action to whom disclosure is reasonably necessary provided they have signed an agreement to be bound by this Protective Order;

   h) the author of the document or the original source of the information.

The agreement to be bound by this Protective Order is attached as <u>Exhibit 1</u>.

**H.** **<u>EXTENSIONS OF TIME</u>**

The parties may mutually in writing or on the record in any deposition or Court proceeding agree to extend any period of time or any limitation period in this Protective Order.

**I.** **<u>SAVINGS CLAUSE</u>**

If any provision of this Protective Order is deemed unenforceable for any reason, the remainder of the Protective Order will still be in full force and effect.

**J.** **<u>SUBPOENA OF PROTECTED MATERIAL OR ORDERED PRODUCED IN</u>**

   **<u>OTHER LITIGATION</u>**

If any Party or person bound by this Protective Order is requested or ordered in any legal proceeding to disclose any Protected Material, to the extent practical they shall not make any such disclosure without the prior written authorization of the Producing and Designating Party, with the exception that Protected Material may be used in any future litigation by the Parties to

6

this action arising from the same transaction(s) or occurrence(s). They shall cooperate with Producing and Designating Party in an attempt to resist or narrow such requests or orders.

### K. UNAUTHORIZED DISCLOSURE

If any Party or person subject to this Protective Order learns that they have made an unauthorized disclosure they shall use their best efforts to retrieve all copies of the Protected Material. They shall advise anyone who receives Confidential Information of the existence and scope of these restrictions and request that they sign an agreement to be bound by this Protective Order.

### L. FILING PROTECTED MATERIAL

All filings of documents designated as "Protected Material" or "Confidential" shall comply with local court rules for filing documents under seal. All papers designated "Protected Material" or "Confidential" pleadings and other materials, or any copies, summaries, pleadings or transcripts containing quotations therefrom or references thereto filed with the Court shall be filed under seal, to the extent permitted by court rules.

### M. FINAL DISPOSITION

Within forty-five days of the termination of this action (including all appeals), all materials designated as "Protected Material" or "Confidential" must be returned to the Producing Party or be destroyed, unless the Parties intend to use the Protected Material in future litigation arising from the transaction(s) or occurrence(s) underlying this action. A certificate must be provided by each Party and their Counsel stating that all Protected Information has been returned or destroyed. However, Counsel for the receiving party may keep one copy of the documents for counsel's records, subject to the terms of this agreement.

### N. DAMAGES FOR VIOLATION OF THIS PROTECTIVE ORDER

In the event of breach or threatened breach of any provision of this Protective Order, the Designating Party and Producing Party may have no adequate remedy at law and shall therefore be entitled to seek enforcement by temporary or permanent injunctive relief in any court having jurisdiction without the necessity of proving damages, posting any bond or other security, and without prejudice or diminution of any other rights or remedies, which

7

may be available at law or in equity.

Further, nothing in this agreement shall prevent any person harmed by a violation of this agreement from bringing an action for consequential, special, general, and/or incidental damages against any person who violates this agreement.

### O.     **PRIVILEGE AND OBJECTIONS**

The signing of this Protective Order shall not be construed as a waiver of any objections to any request based on any applicable privilege or objection allowable under California law.

### P.     **CALIFORNIA LAW**

This Protective Order shall be construed in accordance with the laws of the State of California.

### Q.     **ENTIRE PROTECTIVE ORDER**

This Protective Order constitutes the entire agreement between the Parties and persons subject to this Protective Order.

IT IS SO STIPULATED.

Dated:  May 30, 2019                             CLARK HILL, LLP

                                                                 _____
                                                                 Bradford G. Hughes
                                                                 Attorneys for Defendants

Dated: May 30, 2019                              Law Offices of Melinda Jane Steuer


                                                                 ___/s/ Melinda Jane Steuer_____
                                                                 Melinda Jane Steuer
                                                                 Attorneys for Plaintiff

8

ClarkHill\93764\327708\221688252.v1-5/30/19

# **EXHIBIT 1**

I,_____, [print or type name], of

_____[print or type address], declare under penalty of perjury that I have read in its entirety and understand the Mutual Non-Disclosure Protective Order in this action, *Marshall v. Galvononi, et. al.,* Court Case No. 2:17-cv-00820-KJM-CKD.

    I agree to be bound by and comply with all of the terms of the Mutual Non-Disclosure Protective Order and Protective Order and I understand that failure to comply may expose me to penalties, damages, punishment and injunctive actions, without limitation. I solemnly promise not to disclose in any manner any information or item, except in strict compliance with the Mutual Non-Disclosure Protective Order and Protective Order. I further agree to be bound by the laws of the State of California and agree to the jurisdiction and venue of the U.S. District Court, Eastern District of California.

    I hereby appoint _____ [print or type full name] of _____[print or type full name] as my California agent for service of process in connection with this action or any proceedings to enforce the-above-referenced Protective Order.

BY:_____

SIGNATURE

Dated: _____ City and State where signed: _____

Melinda Jane Steuer (SBN: 216105)
THE LAW OFFICES OF MELINDA JANE STEUER
928 Second Street, Suite 302
Sacramento, CA 95814
Telephone: (916) 930-0045
Facsimile: (916) 314-4100

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARSHALL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL P. GALVANONI, an individual; DPG Investments, LLC, a foreign limited liability company; DPG GOLDEN EAGLE, LLC, a foreign limited liability company; SPRING TREE LENDING, LLC, a limited liability company; SPRING TREE HOLDINGS, LLC; SPRING TREE FINANCIAL, LLC; SKIBO HOLDINGS, LLC, a foreign limited liability company; and DOES 1-100, inclusive,<br><br>Defendants. | **CASE NO.: 2:17-CV-00820-KJM-CKD**<br><br><br>**MUTUAL NON-DISCLOSURE PROTECTIVE ORDER** |

Due to the nature of the allegations and the pleadings filed herein, litigation and discovery in this matter will likely involve disclosure of confidential information, financial information, third party financial information, financial transactions, trade secrets, proprietary and private information, which are protected from public disclosure by California law, inclusive, without limitation, of trade secrets, proprietary information, financial information, copyrights, patents, trademarks, and private information. Due to the sensitivity of the Protected Material, there exists an overriding interest in protecting this

10

information from public access. The overriding interest supports the issuance of a protective order, otherwise there is a substantial probability that overriding interest will be prejudiced if a protective order is not issued.

**ORDER**:

The Court having read the Mutual Non-Disclosure Stipulation entered into by the Parties, IT IS HEREBY ORDERED that the stipulated protective order shall be entered as set forth herein with the following amendments and clarifications:

1. The parties shall comply with the provisions and procedures of Local Rules 140 and 141 with respect to sealing or redaction requests. To the extent that the parties' stipulation conflicts with the Local Rules, the Local Rules shall govern.

2. Prior to filing any motion related to this stipulated protective order or other discovery motion, the parties shall first exhaust informal meet-and-confer efforts and otherwise comply with Local Rule 251.

3. Nothing in this order limits the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

4. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this stipulated protective order after the action is terminated.

Dated: August 20, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 marshall820.po